1301 S Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Main: 512.647.6100
Fax: 512.647.6129
www.rctlegal.com

Barbara Whiten Balliette | Partner
Direct: 512.647.6103
BBalliette@rctlegal.com

**REID | COLLINS | TSAI** LLP

October 1, 2015

The Honorable Mary Lou Robinson
United States District Court
Northern District of Texas
205 E. Fifth Street, Room 226
Box F-13248
Amarillo, Texas 79101-1559

      Re:    Cause No. 2:15-cv-236-J, *Terra Partners, et al. v. Ag Acceptance Corporation*, In the United States District Court, Northern District of Texas, Amarillo Division

Dear Judge Robinson:

By email to the Court today, Plaintiffs seek permission to file a Motion for Leave to Amend their lawsuit. As the Court is aware, because of Plaintiffs' repeated assertions that the prior court rulings are "void ab initio" and Plaintiffs' constant re-litigation of previously-resolved issues, the Fifth Circuit has sanctioned Steve Veigel and issued an injunction enjoining future litigation. *See* Ex. A, "**Injunction**" dated December 21, 2012. The Fifth Circuit ordered:

> No pleading, lawsuit, or other document in any federal court shall be filed by, or on behalf of Steve Veigel, his affiliates or related entities, including Terra Partners, without first presenting the filing to the district court below to determine whether the issues contained in the filing have been previously decided.

*Id.* at p. 4.

To avoid the federal Injunction, Plaintiffs originally filed the present lawsuit in New Mexico state court, but Defendant removed the suit to federal court on diversity grounds and immediately sought transfer to this Court. Plaintiffs sought permission from this Court to file a response to the motion to transfer. This Court granted permission for Defendants to file a response "directed solely to the issues of removal of the New Mexico state court suit and/or transfer of that suit to this Court." Ex. B, Order dated December 15, 2014. At that time, the Court specifically stated that it was not making any conclusion as to whether the matters raised were a "collateral attack on this Court's judgments." *Id.* at p. 2.

The New Mexico federal court transferred this case this Court in July. Thereafter, Defendant's counsel notified Plaintiffs' counsel that the issues raised in the lawsuit had already been litigated and requested amendment of the lawsuit to eliminate the resolved issues. *See* Exs. C, D, and E, Email correspondence between counsel. After several weeks, Plaintiffs made only minor, inconsequential changes to the lawsuit and now seek permission to file their Motion for Leave to Amend with only minor changes. The changes are insufficient.

Defendant respectfully submits that the Court should not permit the current filing because the claims in the amended lawsuit have already been litigated and Plaintiffs have made no effort to address the prior litigation. Although Defendant has discussed these issues with Plaintiffs' counsel, the minor proposed amendments completely fail to resolve the re-litigation issues.

If the Court wishes, Defendant is prepared to fully brief the re-litigation issues at this time. Defendant respectfully requests guidance from the Court as to whether Defendant should address the re-litigation issues now in response to Plaintiffs' correspondence or wait to respond to a filed Motion for Leave to Amend.

Sincerely,

Barbara Whiten Balliette, Partner
REID COLLINS & TSAI LLP

cc: All Counsel