EXHIBIT A

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2012

No. 11-11166

Lyle W. Cayce
Clerk

TERRA PARTNERS,

Plaintiff - Appellant

v.

RABO AGRIFINANCE, INCORPORATED; AG ACCEPTANCE
CORPORATION,

Defendants - Appellees

---

Appeal from the United States District Court
for the Northern District of Texas, Amarillo
USDC No. 2:08-CV-194

---

Before JOLLY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

After reviewing the briefs, the relevant portions of the record, and the applicable law, we find no reversible error in the district court's three opinions granting summary judgment in favor of Defendants-Appellees Rabo Agrifinance, Inc. and Ag Acceptance Corporation. Summary judgment is AFFIRMED, essentially for the reasons given by the district court in its well-considered opinions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11166

In addition, Rabo Agrifinance, Inc. and Ag Acceptance Corporation's motion for monetary sanctions against would-be amicus Steve Veigel is GRANTED, and an injunction is GRANTED enjoining future litigation by Steve Veigel, Robert Veigel, Ella Marie Veigel, and their affiliates or related entities, including Terra Partners.

## I.

On September 20, 2012, Steve Veigel sought to file a *pro se* amicus brief in support of Terra Partners.[1] Steve Veigel has an obvious interest in this case. He is an authorized managing agent for Terra Partners, is a corporate officer for all four of the corporate partners that form Terra Partners, owns all shares in one of the corporate partners, and half of the shares in another. In his amicus brief, Steve Veigel asserts that prior decisions of this court "are legal nullities that are void *ab initio*." We have previously rejected his argument. *See Rabo Agrifinance, Inc. v. Veigel Farm Partners*, 328 F. App'x 942, 943 (5th Cir. May 15, 2009). The brief thus is frivolous.

## II.

### A.

Rabo Agrifinance, Inc. and Ag Acceptance Corporation moved for sanctions against both Steve Veigel and Terra Partners. Although we do not impose monetary sanctions against Terra Partners,[2] we find that Steve Veigel acted in bad faith and impose sanctions. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) ("We may impose sanctions on appeal . . . if necessary.").

---

[1] His motion for leave to file an out of time motion to file an amicus brief, an opposed motion to file an amicus brief, and an opposed motion to file an amicus brief in excess of the page limit were all denied. The amicus brief was filed months late and was 18,515 words, far exceeding the 7,000-word limit.

[2] Rabo Agrifinance, Inc. and Ag Acceptance Corporation's motion for sanctions thus is DENIED with respect to monetary sanctions against Terra Partners.

No. 11-11166

Federal courts have an inherent power "to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) ("A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."). The threshold for using our inherent powers is high, and we "must make a specific finding that the sanctioned party acted in 'bad faith,'" before imposing sanctions. *Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 209 (5th Cir. 1998) (quoting *Matta v. May*, 118 F.3d 410, 413 (5th Cir. 1997)) (emphasis omitted). Steve Veigel's void ab initio argument was affirmatively rejected by this court, and his brief threatens future litigation premised on the same argument. *See Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002) ("[F]ederal courts also have the inherent power to impose sanctions against vexatious litigants."). Raising a patently frivolous legal argument and threatening continued meritless litigation is the definition of bad faith. Steve Veigel, therefore, is sanctioned in the amount of $3,000.

## B.

In order to prevent Steve Veigel from continuing to raise the frivolous void ab initio argument, Rabo Agrifinance, Inc. and Ag Acceptance Corporation requested an injunction to prevent the filing of future litigation collaterally attacking this court's judgments.[3] We agree that an injunction is appropriate in this instance.

As previously stated, we have the inherent power to impose sanctions, including an injunction, against litigants who use the legal system to harass their opponents through vexatious litigation. *See Newby*, 302 F.3d at 302; *see*

---

[3] Steve Veigel has apparently already raised the argument again in an October 9, 2012 letter submitted to a New Mexico state court, claiming that the case of *Rabo Agrifinance v. Terra XXI,* 257 F. App'x 732 (5th Cir. Dec. 7, 2007), was a legal nullity, void ab initio.

No. 11-11166

*also Farguson*, 808 F.2d at 359 ("That his filings are *pro se* offers . . . no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). We recognize, however, that "injunction[s] against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360.

In this case, Steve Veigel stated that he intends to raise the same void ab initio argument in future Rule 60(b) motions; petitions for writs of mandamus in state or federal court; motions to reopen bankruptcy cases for consideration of motions for contempt; bills of review in state court; and other collateral attacks on the prior judgments of this court. His position is not supported in existing law and is not a reasonable argument to extend or modify the law, given that this court has already ruled on his argument. The future litigation he threatens would be repetitive, vexatious, previously resolved, and meritless. A narrowly-tailored injunction is an appropriate sanction to protect this court's judgments and to prevent the continued filing of vexatious litigation.

It is therefore ORDERED:

No pleading, lawsuit, or other document in any federal court shall be filed by, or on behalf of, Steve Veigel, his affiliates or related entities, including Terra Partners, without first presenting the filing to the district court below to determine whether the issues contained in the filing have been previously decided. Furthermore, it is ORDERED that said Steve Veigel shall pay into the registry of this court the sum of three thousand dollars ($3,000) by and no later than January 4, 2012.

JUDGMENT AFFIRMED.

SANCTIONS AND INJUNCTION ORDERED.

EXHIBIT B



## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION CAUSE NUMBER |
| vs. | § | |
| | § | 2:08-CV-194-J |
| RABO AGRIFINANCE, INC. and AG | § | |
| ACCEPTANCE CORPORATION, | § | |
| | § | |
| DEFENDANTS. | § | |

### ORDER

The Court has received the attached December 11, 2014, letter from counsel for Plaintiff Terra Partners, and other Veigel-related entities, stating that Defendant Ag Acceptance Corporation removed Plaintiffs' New Mexico state court lawsuit to federal court in New Mexico, and that Defendant Ag Acceptance Corp. intends to file a motion to transfer that removed federal suit to this Court. Pursuant to a sanctions order entered by the Fifth Circuit Court of Appeals, Plaintiff Terra Partners, *et al.* seek permission from this Court to file in the New Mexico federal court responses to the removal and the anticipated transfer motion. Counsel's letter further informs this Court that because the times for responses to the removal and the anticipated transfer motion is short, if counsel does not hear from this Court otherwise before responses become due, they may have to presume that this Court has concluded that the matters of removal and potential transfer have not been previously decided and that his clients may freely respond in federal court. The lack of an order granting or denying requested relief does not create a presumption that the Court has reached any decision regarding any of whether any matter has, or has not, been decided or addressed in earlier lawsuits. No such presumption is warranted.

**EXHIBIT**

B

This Court has not concluded that the matters raised in the New Mexico litigation are not a collateral attack on this Court's judgments. Further, this Court has not concluded that the current New Mexico litigation filed by Terra Partners, Steve Veigel, and other Veigel-related entities or affiliates, do or do not raised the same void *ab initio* arguments, petitions for bills of review, or other collateral attacks on the judgments of this Court.

However, in the interests of justice this Court does not object to the Plaintiffs in the New Mexico litigation filing pleadings or other documents in federal court there, filed on behalf of Steve Veigel, his affiliates or related entities, including Terra Partners, that are directed solely to the issues of removal of the New Mexico state court suit and/or transfer of that suit to this Court.

The Clerk of this Court is to send copies of this Order to counsel for Plaintiffs and for Defendant Ag Acceptance Corporation in the New Mexico lawsuit.

It is SO ORDERED.

Signed this the _____ 15 _____ day of December, 2014.

_____
**Mary Lou Robinson**
United States District Judge

EXHIBIT C

**From:** Barbara Balliette
**Sent:** Wednesday, September 02, 2015 9:09 AM
**To:** Jeffrey A. Dahl <jad@keleher-law.com>
**Cc:** Justin B. Breen <jbb@keleher-law.com>; Cliff@WalstonLawFirm.com; R2@RowleyLawFirm.com;
triney@rineymayfield.com; Rick Rowley <rick@rowleylawfirm.com>
**Subject:** Re: Veigel matter

Jeff: I appreciate the update.

In addition to the second lien issues, we believe the first lien issues have already been resolved.

I am going to forward you the settlement all of the parties reached in the Friemel matter. That settlement was intended to put to rest any and all disputes about the Texas property, other than disputes in then-existing lawsuits, one of which was your New Mexico case. All of the other suits have been resolved in my clients' favor and against the Veigels.

The Friemel settlement states that, except for the then-existing lawsuits, none of the Veigels or their entities will ever again challenge the title or possession of the Texas property. This suit is a direct violation of that settlement agreement, which entitles my client to recover its attorney's fees incurred in defending this lawsuit.


Barbara Balliette

On Sep 2, 2015, at 8:59 AM, Jeffrey A. Dahl <jad@keleher-law.com> wrote:

> Barbara:
> I'm not ignoring you.  We are working on revising the lawsuit (as well as working through these matters with the client).  I hope to have a motion to amend and an amended complaint to you shortly.  Thank you.
>
>
> Jeffrey A. Dahl
> KELEHER & MCLEOD
> P.O. Drawer AA
> Albuquerque NM 87103
>
> jad@keleher-law.com.
>
> 505-346-4646 phone
> 505-346-1370 fax
> 505-346-9118 direct
>
> NOTE: This message is intended only for the use of the individual or entity to which it is addressed. The information contained herein is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510, et. seq. , attorney-client privilege and/or attorney work product doctrines.  It is intended for the use of the individual and/or entity named above and the privileges are not waived by virtue of this message having been sent electronically.  If

the person receiving this message or any other reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this E-Mail or by telephone. **Please do not open any attached files, and please destroy all copies of the email and any attachments.** Thank you.
<image001.gif>

---

**From:** Barbara Balliette [mailto:bballiette@rctlegal.com]
**Sent:** Monday, August 31, 2015 3:42 PM
**To:** Jeffrey A. Dahl; Justin B. Breen
**Cc:** Cliff@WalstonLawFirm.com; R2@RowleyLawFirm.com; triney@rineymayfield.com; Rick Rowley
**Subject:** RE: Veigel matter

Jeff: Just following up on the issues raised below regarding relitigation of previously-resolved issues and whether you will revise your lawsuit to eliminate any further litigation of these matters.  Please let me know your position.  We do intend to file a motion asking the Court to determine that the issue has already been litigated.
I also anticipate providing you documentation showing that all matters regarding the Deaf Smith County land have been settled and/or litigated. We do not believe there is any valid basis to proceed with the claims in this lawsuit.
Thank you,
Barbara

**Barbara Whiten Balliette | *Partner***
512.647.6103 (Direct)
**REID COLLINS & TSAI LLP**
**AUSTIN | NEW YORK**

---

**From:** Jeffrey A. Dahl [mailto:jad@keleher-law.com]
**Sent:** Thursday, August 20, 2015 12:30 PM
**To:** Barbara Balliette <bballiette@rctlegal.com>; Justin B. Breen <jbb@keleher-law.com>
**Cc:** Cliff@WalstonLawFirm.com; R2@RowleyLawFirm.com; triney@rineymayfield.com; Rick Rowley <rick@rowleylawfirm.com>
**Subject:** RE: Veigel matter

Barbara:
We are still working through some things with the client regarding the second / third lien issue.  Hopefully we will have that resolved before Monday.  I apologize for not getting the draft discovery plan; I had an emergency matter arise which waylaid me.  My secretary is out today, so I will try and get that to you tomorrow.


Jeffrey A. Dahl
KELEHER & MCLEOD
P.O. Drawer AA
Albuquerque NM 87103

jad@keleher-law.com.

505-346-4646 phone
505-346-1370 fax
505-346-9118 direct

NOTE: This message is intended only for the use of the individual or entity to which it is addressed. The information contained herein is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510, et. seq. , attorney-client privilege and/or attorney work product doctrines.  It is intended for the use of the individual and/or entity named above and the privileges are not waived by virtue of this message having been sent electronically.  If the person receiving this message or any other reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this E-Mail or by telephone. **Please do not open any attached files, and please destroy all copies of the email and any attachments.** Thank you.
<image001.gif>

**From:** Barbara Balliette [mailto:bballiette@rctlegal.com]
**Sent:** Thursday, August 20, 2015 11:27 AM
**To:** Jeffrey A. Dahl; Justin B. Breen
**Cc:** Cliff@WalstonLawFirm.com; R2@RowleyLawFirm.com; triney@rineymayfield.com; Rick Rowley
**Subject:** RE: Veigel matter

Jeff and Justin: Just following up on this. Jeff told me he thought he would be able to respond to this by now.
Also, I haven't seen a draft discovery plan, but I was traveling, so I might have missed it.
Please let me know the status.
Thanks,
Barbara

**Barbara Whiten Balliette** | *Partner*
512.647.6103 (Direct)
**REID COLLINS & TSAI LLP**
**AUSTIN** | **NEW YORK**

**From:** Barbara Balliette
**Sent:** Friday, August 14, 2015 2:17 PM
**To:** 'Jeffrey A. Dahl' <jad@keleher-law.com>; Justin B. Breen <jbb@keleher-law.com>
**Cc:** Cliff@WalstonLawFirm.com; R2@RowleyLawFirm.com; triney@rineymayfield.com; Rick Rowley <rick@rowleylawfirm.com>
**Subject:** Veigel matter

Jeff and Justin:

As you know, it is our opinion that the issues in the current lawsuit have already been litigated. Among other issues, we are particularly concerned with the relitigation of the second lien issues, which the current lawsuit wrongly calls a "third lien." This is a gross mischaracterization of the facts, the bankruptcy proceedings, and the prior lawsuits.  These issues have been conclusively resolved and there is no basis to relitigate them. We ask you to review the attached opinions.  In these opinions, you will see that the courts have already determined that the second and third positions were consolidated in the bankruptcy proceedings and were properly foreclosed more than a decade ago.  The state court upheld the propriety of the foreclosure and the federal courts granted the deficiency judgments.  This issue of lien priority has been raised many times, most recently in the last federal suit in Amarillo, five years ago.  The attached opinion dated August 18, 2010 (at page 20) summarizes the other cases and conclusively states "the Court concludes that Ag Acceptance's September 2, 2003 foreclosure was made pursuant to the second lien it was granted under Terra XXI's bankruptcy plan."  This summary judgment opinion (and the 2 others issued in that lawsuit) were upheld on appeal to the 5th Circuit.

There is no basis to continue litigation about the second lien; indeed, this relitigation is exactly why the 5th Circuit issued sanctions and the litigation bar against the Veigels.

Please review these opinions and let's discuss on Monday whether you will revise your lawsuit to eliminate any further litigation regarding these matters.  Please understand that by raising this point, we are not saying there is not other improper re-litigation in this lawsuit. This is just an issue that seems very easy to resolve.

Sincerely,
Barbara

EXHIBIT D

**From:** Jeffrey A. Dahl [mailto:jad@keleher-law.com]
**Sent:** Tuesday, September 15, 2015 2:17 PM
**To:** Barbara Balliette <bballiette@rctlegal.com>
**Subject:** RE: Veigel matter

Barbara:
We are still dealing with the client on this issue.  Hopefully I will have a response to you in the next couple of days.  Thank you.


Jeffrey A. Dahl
KELEHER & MCLEOD
P.O. Drawer AA
Albuquerque NM 87103

jad@keleher-law.com.

505-346-4646 phone
505-346-1370 fax
505-346-9118 direct

NOTE: This message is intended only for the use of the individual or entity to which it is addressed. The information contained herein is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510, et. seq. , attorney-client privilege and/or attorney work product doctrines.  It is intended for the use of the individual and/or entity named above and the privileges are not waived by virtue of this message having been sent electronically.  If the person receiving this message or any other reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this E-Mail or by telephone. **Please do not open any attached files, and please destroy all copies of the email and any attachments.** Thank you.



**From:** Barbara Balliette [mailto:bballiette@rctlegal.com]
**Sent:** Tuesday, September 15, 2015 1:11 PM
**To:** Jeffrey A. Dahl; Justin B. Breen
**Cc:** Cliff@WalstonLawFirm.com; R2@RowleyLawFirm.com; triney@rineymayfield.com; Rick Rowley
**Subject:** RE: Veigel matter

Jeff:  What is the status of the amended lawsuit? Given the court's deadlines, we need to move this case along. By Tuesday of next week, we intend to ask the court to address the previously-litigated and resolved issues in the current complaint. If you are going to seek leave to file an amended complaint, we can just deal with it that way, which could shortcut some of the issues.
Thank you,

Barbara

**Barbara Whiten Balliette | *Partner***
512.647.6103 (Direct)
**REID COLLINS & TSAI LLP**
AUSTIN | NEW YORK

---

**From:** Jeffrey A. Dahl [mailto:jad@keleher-law.com]
**Sent:** Wednesday, September 02, 2015 9:00 AM
**To:** Barbara Balliette <bballiette@rctlegal.com>; Justin B. Breen <jbb@keleher-law.com>
**Cc:** Cliff@WalstonLawFirm.com; R2@RowleyLawFirm.com; triney@rineymayfield.com; Rick Rowley <rick@rowleylawfirm.com>
**Subject:** RE: Veigel matter

Barbara:
I'm not ignoring you. We are working on revising the lawsuit (as well as working through these matters with the client). I hope to have a motion to amend and an amended complaint to you shortly. Thank you.


Jeffrey A. Dahl
KELEHER & MCLEOD
P.O. Drawer AA
Albuquerque NM 87103

jad@keleher-law.com.

505-346-4646 phone
505-346-1370 fax
505-346-9118 direct


NOTE: This message is intended only for the use of the individual or entity to which it is addressed. The information contained herein is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510, et. seq. , attorney-client privilege and/or attorney work product doctrines. It is intended for the use of the individual and/or entity named above and the privileges are not waived by virtue of this message having been sent electronically. If the person receiving this message or any other reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this E-Mail or by telephone. **Please do not open any attached files, and please destroy all copies of the email and any attachments.** Thank you.



---

**From:** Barbara Balliette [mailto:bballiette@rctlegal.com]
**Sent:** Monday, August 31, 2015 3:42 PM
**To:** Jeffrey A. Dahl; Justin B. Breen
**Cc:** Cliff@WalstonLawFirm.com; R2@RowleyLawFirm.com; triney@rineymayfield.com; Rick Rowley
**Subject:** RE: Veigel matter

Jeff: Just following up on the issues raised below regarding relitigation of previously-resolved issues and whether you will revise your lawsuit to eliminate any further litigation of these matters. Please let me know your position. We do intend to file a motion asking the Court to determine that the issue has already been litigated.
I also anticipate providing you documentation showing that all matters regarding the Deaf Smith County land have been settled and/or litigated. We do not believe there is any valid basis to proceed with the claims in this lawsuit.

Thank you,
Barbara

**Barbara Whiten Balliette | *Partner***
512.647.6103 (Direct)
**REID COLLINS & TSAI LLP**
AUSTIN | NEW YORK

**From:** Jeffrey A. Dahl [mailto:jad@keleher-law.com]
**Sent:** Thursday, August 20, 2015 12:30 PM
**To:** Barbara Balliette <bballiette@rctlegal.com>; Justin B. Breen <jbb@keleher-law.com>
**Cc:** Cliff@WalstonLawFirm.com; R2@RowleyLawFirm.com; triney@rineymayfield.com; Rick Rowley
<rick@rowleylawfirm.com>
**Subject:** RE: Veigel matter

Barbara:
We are still working through some things with the client regarding the second / third lien issue. Hopefully we will have
that resolved before Monday. I apologize for not getting the draft discovery plan; I had an emergency matter arise
which waylaid me. My secretary is out today, so I will try and get that to you tomorrow.


Jeffrey A. Dahl
KELEHER & MCLEOD
P.O. Drawer AA
Albuquerque NM 87103

jad@keleher-law.com.

505-346-4646 phone
505-346-1370 fax
505-346-9118 direct


NOTE: This message is intended only for the use of the individual or entity to which it is addressed. The information contained herein
is protected by the Electronic Communications Privacy Act, 18 U.S.C. 2510, et. seq. , attorney-client privilege and/or attorney work
product doctrines. It is intended for the use of the individual and/or entity named above and the privileges are not waived by virtue
of this message having been sent electronically. If the person receiving this message or any other reader of this message is
not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you
are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have
received this communication in error, please notify us immediately by replying to the sender of this E-Mail or by telephone.
**Please do not open any attached files, and please destroy all copies of the email and any attachments.** Thank you.



**From:** Barbara Balliette [mailto:bballiette@rctlegal.com]
**Sent:** Thursday, August 20, 2015 11:27 AM
**To:** Jeffrey A. Dahl; Justin B. Breen
**Cc:** Cliff@WalstonLawFirm.com; R2@RowleyLawFirm.com; triney@rineymayfield.com; Rick Rowley
**Subject:** RE: Veigel matter

Jeff and Justin: Just following up on this. Jeff told me he thought he would be able to respond to this by now.
Also, I haven't seen a draft discovery plan, but I was traveling, so I might have missed it.
Please let me know the status.

Thanks,
Barbara

**Barbara Whiten Balliette | *Partner***
512.647.6103 (Direct)
**REID COLLINS & TSAI LLP**
**AUSTIN | NEW YORK**

---

**From:** Barbara Balliette
**Sent:** Friday, August 14, 2015 2:17 PM
**To:** 'Jeffrey A. Dahl' <jad@keleher-law.com>; Justin B. Breen <jbb@keleher-law.com>
**Cc:** Cliff@WalstonLawFirm.com; R2@RowleyLawFirm.com; triney@rineymayfield.com; Rick Rowley
<rick@rowleylawfirm.com>
**Subject:** Veigel matter

Jeff and Justin:

As you know, it is our opinion that the issues in the current lawsuit have already been litigated. Among other issues, we are particularly concerned with the relitigation of the second lien issues, which the current lawsuit wrongly calls a "third lien." This is a gross mischaracterization of the facts, the bankruptcy proceedings, and the prior lawsuits. These issues have been conclusively resolved and there is no basis to relitigate them. We ask you to review the attached opinions. In these opinions, you will see that the courts have already determined that the second and third positions were consolidated in the bankruptcy proceedings and were properly foreclosed more than a decade ago. The state court upheld the propriety of the foreclosure and the federal courts granted the deficiency judgments. This issue of lien priority has been raised many times, most recently in the last federal suit in Amarillo, five years ago. The attached opinion dated August 18, 2010 (at page 20) summarizes the other cases and conclusively states "the Court concludes that Ag Acceptance's September 2, 2003 foreclosure was made pursuant to the second lien it was granted under Terra XXI's bankruptcy plan." This summary judgment opinion (and the 2 others issued in that lawsuit) were upheld on appeal to the 5th Circuit.

There is no basis to continue litigation about the second lien; indeed, this relitigation is exactly why the 5th Circuit issued sanctions and the litigation bar against the Veigels.

Please review these opinions and let's discuss on Monday whether you will revise your lawsuit to eliminate any further litigation regarding these matters. Please understand that by raising this point, we are not saying there is not other improper re-litigation in this lawsuit. This is just an issue that seems very easy to resolve.

Sincerely,
Barbara

EXHIBIT E

**From:** Barbara Balliette
**Sent:** Wednesday, September 02, 2015 10:06 AM
**To:** Jeffrey A. Dahl <jad@keleher-law.com>; Justin B. Breen <jbb@keleher-law.com>
**Cc:** Tom Riney <triney@rineymayfield.com>; Cliff@WalstonLawFirm.com; R2@RowleyLawFirm.com; Rick Rowley <rick@rowleylawfirm.com>
**Subject:** Friemel settlement

Jeff and Justin:
The Friemel settlement agreement is attached.
-Barbara

IN THE 222ND JUDICIAL DISTRICT COURT
DEAF SMITH COUNTY, TEXAS

JAMES FRIEMEL and )
MELANIE FRIEMEL, )
)
Plaintiffs, )
)
VS, )
)
AG ACCEPTANCE CORPORATION )    NO. CI-07C-024
and TERRA PARTNERS, )
)
Defendants, )
)
and )
)
RABO AGRIFINANCE, INC., )
)
Intervenor. )

Dated: November 6, 2008

SETTLEMENT AGREEMENT

1.    This agreement binds all Rabo Entities, including but not limited to Rabo
Agrifinance, Inc. and Ag Acceptance Corporation ("Rabo Entities"). Rabo Entities shall
also include its representatives, employees, agents, and/or attorneys.

2.    In addition, this agreement binds Terra Partners and all Veigel Entities, including
but not limited to Terra XXI, Ltd., Veigel Farm Partners, Veigel Grain Company, Grain
Central Station, Steven Veigel, Robert Veigel, Ella Marie Veigel and any entity that
either Steven Veigel, Robert Veigel, and/or Ella Marie Veigel own an interest in, whether
directly or indirectly (the "Veigel Entities"). The signatures of Steven Veigel, Robert
Veigel, and/or Ella Marie Veigel below bind any and all entities in which Steven Veigel,
Robert Veigel and/or Ella Marie Veigel own an interest in, whether directly or indirectly.

3.    Terra Partners and Clark Ashworth Milby, RLLP, counsel for Terra Partners,
collectively receive $125,000 from the Court's registry related to the 2006/2007 wheat
crop ("2006/2007 Wheat Crop").

4.    The Rabo Entities receive the remainder of all funds in the Court's registry related
to the 2006/2007 Wheat Crop.

5.    From the date of this agreement forward, Terra Partners and the Veigel Entities
agree that neither Terra Partners nor any Veigel Entity will contest the Rabo Parties',



0134



and/or the Rabo Parties' assigns', lessees', and/or the future purchasers' of the Deaf Smith County (property defined below) right of title, ownership, possession, and/or lease of the Deaf Smith County property, known in this matter as Tracts 1, 2, and 3 including the property foreclosed upon on September 2, 2003 and the 960 Acres (being all of Section 59 and the East ½ of Section 60). Terra Partners and the Veigel Entities expressly acknowledge that any and all leases of the Deaf Smith County property in which they claim or may claim an interest are void as of the date of this agreement forward. Terra Partners and the Veigel Entities agree, represent, and warrant that they will not enter the Deaf Smith County property defined above without an order of a court or without written permission of the Rabo Entities, so long as the Rabo Entities own the Deaf Smith County property.

This agreement does not preclude Terra Partners or any Veigel Entity from pursuing any issues in the following appeals or cases; however, prevailing on any of the following cases and/or appeals shall not entitle Terra Partners or any Veigel Entity to any additional funds from the 20006/2007 Wheat Crop. The Rabo Entities reserve all rights to fully defend and prosecute any and all claims asserted or that will be asserted in the following appeals or cases:

a.      All currently pending appeals in the Fifth Circuit Court of Appeals, including the appeals from the Equipment Suit (Cause No. 2:06-CV-153-J), the Partition Suit (Cause No. 2:06-CV-272-J), and the Deficiency Suit (Cause No. 2:05-CV-243-J);

b.      All currently pending appeals in either the Amarillo Court of Appeals or the Texas Supreme Court, including but not limited to, the appeal from the summary judgment motions/trial on the merits in Cause No. 04-011B litigated in the 222nd District Court for Deaf Smith County and any challenge to the decision rendered by the Amarillo Court of Appeals on October 31, 2008 in Cause No. 07-06-0419-CV;

c.      Any challenge to the denial of the USDA program payments for 2007 only. Any decision related to this challenge will not be used by any Veigel Entity to argue that it possesses any valid lease on the Deaf Smith County property identified above in any other context in the future in connection with any litigation, contest, or challenge with any Rabo Entity and/or assigns, lessees, and/or future purchasers of the Deaf Smith County property identified above;

d.      Cause No. 08-CV-00194-J pending in the United States District Court for the Northern District of Texas;

e.      Litigation, including cross claims, in New Mexico related to the foreclosure of the New Mexico property.

6.      Terra Partners and the Veigel Entities agree to open a new bank account in Terra Partners' name to deposit these funds to keep them segregated from any other Terra Partners' funds and to inform the Rabo Entities of the identity of the account. The Rabo Entities agree not to execute any judgment it currently possesses against the funds paid to

2

0135

Terra Partners and deposited in this account as a result of this agreement. The Veigel Entities agree that no other funds will be deposited into this account and that this agreement does not preclude the Rabo Entities from executing their judgments against any other Terra Partners' assets.

7.     In exchange, Terra Partners and the Veigel Entities agree not to challenge the validity or propriety of the Rabo Entities' execution against and the subsequent sale of Terra Partners' equipment and/or garnishment efforts prior to the date of this agreement, the proceeds of which, if any, were subsequently credited to judgments currently held by the Rabo Entities against Terra Partners. To the extent that any such claim is asserted in Cause No. 08-CV-00194-J pending in the United States District Court for the Northern District of Texas, Terra Partners and the Veigel Entities agree to dismiss that claim only WITH PREJUDICE.

8.     This agreement reflects the entire agreement between the parties. There are no other side agreements, oral or written, that affect any terms of this agreement.

9.     The Rabo Entities and Terra Partners and the Veigel Entities acknowledge that no one is relying on any statement, claim, or assertion of any other person/entity. The Rabo Entities and Terra Partners and the Veigel Entities agree that this is a final resolution of the claims asserted in this lawsuit. However, the Rabo Entities and Terra Partners and the Veigel Entities agree that this resolution does not affect the claims asserted in the litigation and appeals referenced in Paragraph 5(a)-(e) above. The Rabo Entities and Terra Partners and the Veigel Entities acknowledge that they have had the opportunity to confer with their counsel and are entering into this agreement voluntarily and of their own free will. The Rabo Entities and Terra Partners and the Veigel Entities acknowledge that they cannot and will not seek to set aside this agreement on any grounds, including but not limited to, any claim that the agreement was fraudulently induced.

10.     Notwithstanding anything else in this agreement, Terra Partners and the Veigel Entities and the Rabo Entities agree to an entry of a FINAL JUDGMENT dismissing all claims raised in this case WITH PREJUDICE effective November 6, 2008, and agree not to assert these claims in any other litigation. However, the Rabo Entities and Terra Partners and the Veigel Entities agree that this resolution does not affect the claims asserted in the litigation and appeals referenced in Paragraph 5(a)-(e) above. Terra Partners and the Veigel Entities and the Rabo Entities agree to waive all appellate rights related to this matter. Immediately after entry of the FINAL JUDGMENT, the District Clerk is authorized to release funds specified in this agreement, consistent with the District Clerk's ordinary custom.

11.     This agreement shall bind the Rabo Entities' and Terra Partners' and the Veigel Entities' heirs, successors, and assigns.

12.     The Rabo Entities and Terra Partners and the Veigel Entities each represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Agreement, except as otherwise set

3

0136

forth herein; that each has the sole right and exclusive authority to execute this Agreement and receive the considerations specified in it; and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action in this litigation, other than any assignment of attorneys' fees.

APPROVED AS TO FORM:

_____
Clifford W. Walston, counsel for Rabo Agrifinance, Inc.
And Ag Acceptance Corporation

_____
Steven E. Clark, counsel for Terra Partners

APPROVED AND AGREED TO:

_____
Linda Kobliska on behalf of Rabo Agrifinance, Inc.

_____
Linda Kobliska on behalf of Ag Acceptance Corporation

_____
Steven Veigel, as Authorized Agent, on behalf of Terra Partners

_____
Robert Veigel, as Authorized Agent, on behalf of Terra Partners

_____
Steven Veigel, individually, and on behalf of all
entities in which he has an ownership in, either
directly or indirectly, including but not limited to
Terra XXI, Ltd., Veigel Farm Partners,
Veigel Grain Company, Grain Central Station

4

0137

*Robert Weigel*
Robert Veigel, individually, on behalf of all entities in which
he has an ownership in, either directly or
indirectly, including but not limited to
Terra XXI, Ltd., Veigel Farm Partners,
Veigel Grain Company, Grain Central Station

*Ella Marie Veigel*
Ella Marie Veigel, individually, and on behalf of all
entities in which she has an ownership in, either
directly or indirectly, including but not limited to
Terra XXI, Ltd., Veigel Farm Partners,
Veigel Grain Company, Grain Central Station