THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL;
ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.; VEIGEL CATTLE
COMPANY; and VEIGEL FARM PARTNERS,

      Plaintiffs,

v.                                                                  No.  2:15-cv-236-J

AG ACCEPTANCE CORPORATION,

      Defendant.

AMENDED PETITION FOR ACCOUNTING, CLAIM FOR UNJUST ENRICHMENT,
IMPOSITION OF CONSTRUCTIVE TRUST,
AND REQUEST FOR DECLARATORY RELIEF

Terra Partners, Terra XXI, Ltd., Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel

Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners ("Plaintiffs"), by and through

their attorneys Keleher & McLeod, P.A. (Jeffrey Dahl and Justin Breen), for their Amended

Petition For Accounting, Claim For Unjust Enrichment, Imposition Of Constructive Trust, And

Request For Declaratory Relief ("Petition"), state as follows:

Jurisdiction and Venue

1.      Plaintiff Terra Partners is a Texas partnership, owning real property in Quay and

Guadalupe Counties, New Mexico, subject to Defendant Ag Acceptance Corporation's ("AAC")

lien(s) of record.

2.      Plaintiff Terra XXI, LTD is a Texas limited partnership, owning real property in

Quay and Guadalupe Counties, New Mexico, subject to AAC's lien(s) of record.

3.      Plaintiff Robert Wayne Veigel is a resident of Texas.

4.      Plaintiff Ella Marie Williams Veigel is a resident of Texas.

5.      Plaintiff Veigel Farms, Inc., is a Texas corporation.

6.      Plaintiff Veigel Cattle Company is a Texas corporation.

7.      Plaintiff Veigel Farm Partners is a Texas partnership.

8.      Upon information and belief, AAC is a Delaware corporation, registered and doing business in the State of New Mexico with an agent for service of process located in Santa Fe County, New Mexico, and which holds a lien(s) of record on Terra Partners' and Terra XXI Ltd.'s real property in Quay and Guadalupe Counties, New Mexico.

9.      The Court has jurisdiction over the subject matter of, and the parties to, this action, and is the proper venue for the resolution of this action  by operation of a Memorandum Opinion and Order issued by Judge Judith C. Herrera in the New Mexico Federal District Court, Case No. Case 1:14-cv-01112-JCH-KK. (Doc. 23 therein).

Background

I.      *Rabo Agrifinance, Inc.*

10.     On November 9, 1994, Terra XXI, Ltd., Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners executed and delivered to Farm Credit Bank of Texas ("FCBT") a Promissory Note in the original principal amount of $1,962,100.00.

11.     On November 9, 1994 Terra XXI, Ltd., Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners executed and delivered to FCBT, a second promissory note in the original principal amount of

$1,037,900.00.  The promissory note described in the preceding paragraph number 10 and the promissory note described in this paragraph number 11 are collectively referred to in this Petition as the "1994 Notes".

12.     The 1994 Notes and the First Position (as defined below) ultimately came to be held by Rabo Agrifinance, Inc. ("Rabo") based on the following events:

      a.     FCBT assigned the 1994 Notes to First Ag Credit, FCS on February 1, 2000;

      b.     First Ag Credit, FCS then assigned the 1994 Notes to Rabo Ag Services, Inc. on February 13, 2004;

      c.     Rabo Ag Services, Inc. merged into Rabo on December 31, 2005.

13.     The 1994 Notes were secured by a first position lien ("First Position") on Terra XXI's 5,662.88 acres located in Deaf Smith County, Texas ("Texas Property").

14.     The 1994 Notes were also secured by first lien mortgages on Terra XXI's interest in real property in Quay and Guadalupe counties in New Mexico ("New Mexico Properties").

15.     Rabo obtained an *in personam* judgment on the 1994 Notes in Texas federal court on December 12, 2006 ("Texas Judgment").

16.     Rabo then domesticated the Texas Judgment in New Mexico on January 18, 2007.

17.     Rabo is the plaintiff in a foreclosure proceeding pending in New Mexico's Tenth Judicial District Court, County of Quay, Case No. CV-07-00111 ("Foreclosure Proceeding").

18.     In the Foreclosure Proceeding, Rabo seeks to have the Texas Judgment confirmed (less a $200,000 credit for the execution sale on certain of Robert Wayne Veigel's real property) and seeks to foreclose the mortgages on the New Mexico Property to satisfy the Texas Judgment.

Rabo held a foreclosure sale on May 18, 2015 and was the successful bidder with a $4,000,000 credit bid but the confirmation of such sale is currently stayed pending appeal.

## II. Ag Acceptance Corporation

19.    For sums advanced by AgServices of America, Inc. ("AgServices"), certain of the Plaintiffs executed and delivered a series of promissory notes to AgServices between 1997 and 1999 which AgServices assigned to AAC ("AAC Notes").

20.    To secure the AAC Notes and future debts, on May 22, 1998, Terra XXI executed a third lien deed of trust in favor of AAC on the Texas Property.

21.    Terra XXI also executed a third lien Real Estate Mortgage in favor of AAC on the New Mexico Properties.

22.    The AAC mortgage on the Guadalupe County property was recorded on June 12, 1998. [**Exhibit A** attached hereto.]

23.    The AAC mortgage on the Quay County property was recorded on June 18, 1998. [**Exhibit B** attached hereto.]

24.    At the time (please see paragraph 27 below), AAC's lien on the Texas Property and New Mexico Property was junior to at least two other liens.  The two liens senior to AAC's position, in their order of priority, were held at the time by:

      a.    Farm Credit Bank of Texas (the First Position, as detailed above); and

      b.    AgServices[1] (referred to as "AgServices Position" in this Petition);

25.    Plaintiffs defaulted on the AAC Notes in 2003.

---

[1] The Plaintiffs' obligation to AgServices ultimately came to be held by Rabo based on the following events:   AgServices merged with Utrecht-America Acquisition Corp II, effective

26.   26.   On September 2, 2003, as a result of Plaintiffs' default, AAC purchased the Texas Property at a non-judicial foreclosure sale.

27.   On August 18, 2010, this Court entered an order that AAC's "...September 2, 2003 foreclosure was made pursuant to the second lien..." held by AAC.  [Memorandum Opinion and Order, Case 2:08-cv-00194-J, Doc.97.]

28.   Regardless, AAC purchased the Texas Property subject to the senior lien held by First Ag Credit at the time.

29.   AAC bid only $20,000 at the non-judicial foreclosure sale on the Texas Property.

30.   AAC has judicially admitted that it purchased the Texas Property for $20,000 because of the senior liens including the First Position and AgServices Position to which the Texas Property was subject.

31.   AAC is a wholly owned subsidiary of AgServices and its successor Rabo.

32.   On March 28, 2006, Attorney Linda Kobliska (at the time Deputy General Counsel for AAC and Rabo) represented in a letter to the United States Department of Agriculture that  it was AAC and Rabo's intent ". . . to sell the [Texas Property] and use the proceeds to satisfy [Plaintiffs'] obligations to our company."  [**Exhibit C** attached hereto.]

### III.   *Sale of Texas Property to Champion Feeders, LLC*

33.   Effective November 15, 2012, AAC and Rabo executed and delivered a Special Warranty Deed to Champion Feeders, LLC ("Champion") conveying all of the Texas Property

---

December 31, 2003; AgServices' name was changed to Rabo Ag Services, Inc. on January 1, 2004; and Rabo Ag Services, Inc. merged into Rabo effective December 31, 2005.

among other property.[2]  Said Special Warranty Deed was recorded on November 15, 2012 in the records of Deaf Smith County.  [**Exhibit D** attached hereto.]

34.     For Champion to purchase the Texas Property free and clear of the First Position, Rabo released the First Position by Release Of Deed Of Trust recorded November 15, 2012. [**Exhibit E** attached hereto.]

35.     For Champion to purchase the Texas Property free and clear of the AgServices Position, Rabo released the AgServices Position by Release Of Deed Of Trust recorded November 15, 2012.  [**Exhibit F** attached hereto.]

36.     Upon information and belief, AAC received at least $6,154,660 from Champion for the sale of the Texas Property.  [**Exhibit G** attached hereto.]

37.     The amount paid by Champion to AAC was sufficient to satisfy the Texas Judgment debt in addition to any balance due on the AAC Notes secured by AgServices and AAC's mortgages on the New Mexico Property.

38.     However, neither AAC's mortgage, AgServices Position, nor Rabo's first lien mortgage (nor any related judgment liens) on the New Mexico Property have been released

39.     Although AAC represented that it would apply the proceeds of any sale of the Texas Property to satisfy all Plaintiffs' obligations to Rabo and AAC, upon information and belief, AAC has failed to apply any of the $6,154,660 sale proceeds to the Texas Judgment and the AAC Notes.

---

[2] In that deed, Rabo and AAC also conveyed other property they had obtained.

## IV.   *Additional Funds Which Should Be Accounted For*

40.     On November 16, 2012, after the AAC Notes and 1994 Notes should have been satisfied from the Champion sale proceeds, AAC and Rabo jointly received a check in the amount of $224,346.35 which had been held in a Texas court registry as additional collateral for the AAC Notes awaiting judicial determination of "ownership" of such funds.

41.     The sale to Champion should have satisfied the Texas Judgment and any other obligation owed to Defendant and Rabo including the AAC Notes.  As such, the funds held in the Texas court registry as additional collateral should have been paid to certain Plaintiffs as the debt owed to AAC and Rabo should have been previously satisfied by the Champion sale.

42.     Two additional checks, one for $12,348.10 and one for $25,321.31, should also have been applied to satisfy the Plaintiffs' obligations to AAC and Rabo, or turned over to certain of the Plaintiffs after the satisfaction of those obligations.

43.     Upon information and belief, none of the funds referenced in paragraphs 40 and 42 were applied as they should have been to the obligations concerned herein.

44.     Or, given the Champion sale, there was no remaining obligation to which the funds could have been applied.  Regardless, the funds have not been properly accounted for.

### Count I - Accounting

45.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

46.     Plaintiffs have a right to, and demand, an accurate accounting by AAC concerning the transaction with Champion and the application of the funds concerned in paragraphs 39 and 41 of this Petition.

47.     The funds received from Champion should have been applied to satisfy the First Position/Texas Judgment and to satisfy any obligation on the AgServices Position including the AAC Notes.

48.     The funds concerned in paragraphs 40 and 42 of this Petition should have been turned over to Plaintiffs after the Champion sale as there was no longer any obligation owed.

49.     Based on the Kobliska Letter and the sale to Champion, the obligations secured by the First Position and AgServices Position have been satisfied and AAC's records should reflect same.

50.     Based on the release of the AgServices Position, the obligations secured thereby has been satisfied.

51.     Plaintiffs are entitled to the issuance of an order compelling AAC to provide it with such accounting to avoid the inequity that may result from allowing AAC to retain the proceeds from the Champion sale and the funds concerned in paragraphs 40 and 42 of this Petition and to allow its parent company (Rabo) to proceed to foreclose on the additional New Mexico Property.

52.     No adequate remedy exists at law to address the inequity resulting from the foregoing.

Count II - Unjust Enrichment

53.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

54.     Upon information and belief, AAC received a substantial sum of money from Champion from the sale of the Texas Property.

55.     The reason AAC bid only $20,000 for the Texas Property was because it was purchasing the property subject to at least the First Position.

56.     When AAC conveyed the Texas Property to Champion, the funds received by AAC should have first been applied to the obligation secured by the Texas Judgment/First Position, then to satisfy the AAC Notes/AgServices Position with only the remainder (if any) retained by AAC.

57.     If the proceeds received from the Champion Sale were sufficient to satisfy the First Position and AgServices Position, then there is no obligation owed for the funds described in paragraphs 40 and 42 to serve as collateral and as such those funds should not be retained by AAC.

58.     The obligations secured by the First Position should have been satisfied by the sale of the Texas Property, based on the application of the primary fund doctrine. Retention by AAC of the consideration paid by Champion, as well as the funds referenced in paragraph 40 and 42, without application of those funds to the obligation secured by the First Position and AgServices Position, coupled with AAC's nominal bid at its non-judicial foreclosure sale, results in AAC being unjustly enriched at the expense of Plaintiffs.

## Count III - Constructive Trust

59.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

60.     The Texas Property, sold subject to the First Position, should have been the primary source of payment to satisfy the obligations secured by both of the First Position..

61.     Refusal to apply the proceeds from the Champion sale to satisfy those obligations is wrongful.

62.     The Court should impose a constructive trust on those sale proceeds and the registry funds paid to avoid the unjust enrichment of AAC.

<u>Count IV - Request For Declaratory Relief</u>

63.     Plaintiffs incorporate the foregoing paragraphs herein by reference.

64.     The AAC Notes have been satisfied.

65.     An actual controversy exists as to the validity of AAC's mortgage and any judgment liens on the New Mexico Property.

66.     This Court has jurisdiction to determine the rights and status of the AAC Notes and its relation to the aforementioned mortgages.

WHEREFORE, Plaintiffs respectfully request that:  1) the Court order AAC to provide an accounting concerning the handling of the proceeds from the sale to Champion and the funds concerned in paragraphs 40 and 42; 2) that the Court enter a judgment in favor of Plaintiffs in the amount of any sums unjustly retained by AAC as a result of the sale to Champion and the retention of the funds concerned in paragraphs 40 and 42, including consequential damages resulting from said retention, as well as pre and post judgment interest; 3) that the Court enter a judgment imposing a constructive trust as to those funds; and 4) that the Court enter a judgment declaring that the AAC Notes have been satisfied in full and that AAC's continuing liens on the New Mexico property are therefore improper and should be released.

Respectfully submitted,

KELEHER & MCLEOD, P.A.

By: /s/ Justin B. Breen
     Filed Electronically on October 5, 2015
     Jeffrey A. Dahl
     Justin B. Breen
     Post Office Box AA
     Albuquerque, New Mexico  87103
     Telephone:  (505) 346-4646
     Facsimile:  (505) 346-1370
     E-Mail:  jad@keleher-law.com
     E-Mail:  jbb@keleher-law.com
     *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

THIS HEREBY CERTIFIES that on October 5, 2015, I electronically filed the foregoing document with the Clerk of the Court for the Northern District Of Texas by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**Local Counsel for Plaintiffs:**
Philip Roland Russ
Law Offices of Philip R. Russ
2700 S. Western St., Suite 1200
Amarillo, Texas  79109
Telephone:  (806) 358-9293
Facsimile:  (806) 358-9296
E-Mail:  PhilipRRuss@RussLawFirm.com

**Lead Counsel for Ag Acceptance Corporation:**
Barbara Whiten Balliette
Reid Collins & Tsai LLP
1301 S. Captial of Texas Hwy., C-300
Austin, Texas  78746
Telephone:  (512) 647-6100
Facsimile:  (512) 647-6129
E-Mail:  BBalliette@RCTLegal.com

**Local Counsel for Ag Acceptance Corporation:**
Thomas C. Riney
Riney & Mayfield LLP
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas  79101
Telephone:  (806) 468-3200
Facsimile:  (806) 376-4509
E-Mail:  TRiney@RineyMayfield.com

**Lead Counsel for Ag Acceptance Corporation [District of New Mexico]:**
Richard F. Rowley II
Rowley Law Firm, L.L.C.
P.O. Box 790
Clovis, New Mexico  88102-0790
Telephone:  (575) 763-4457
Facsimile:  (575) 763-4450
E-Mail:  R2@RowleyLawFirm.com

/s/ Justin B. Breen
Justin B. Breen

4843-9364-3048, v. 5