

Office Address  Linda E. Kobliska
Deputy General Counsel
1309 Technology Parkway
Cedar Falls, IA 50613
Postal Address  P.O. Box 668
Cedar Falls, IA 50613
Tel  319-277-4444
Fax  319-277-0144
Linda.Kobliska@raboag.com

March 28, 2006

Patricia Blevins
USDA-FSA-EPAS-NRAG-STOP 0531
Room 2741-S
1400 Independence Ave SW
Washington, DC 20250

RE: Agricultural Foreign Investment Disclosure Act Filings

Dear Ms. Blevins:

Thank you for our call this morning in which you discussed with John Manning, General Counsel for Rabo Agrifinance, Inc. and myself whether the Agricultural Foreign Investment Disclosure Act applies to properties held by Rabo Agrifinance, Inc. Your guidance has been most helpful and is greatly appreciated.

Our call to you was the result of your contact with Norman Fiddelke of our Cedar Falls, Iowa office last week. After Norm spoke with you, he promptly contacted his supervisor and me about potential AFIDA compliance issues related to property in Deaf Smith County, Texas. While ignorance of the law is no excuse, the portion of our company that dealt with that property was simply unaware of the existence of AFIDA. Now that this oversight has been brought to our attention, Rabo Agrifinance, Inc. is undertaking to get into compliance as soon as reasonably possible.

COMPANY HISTORY: As we discussed this morning, reviewing the history of our company aids in understanding the issues we currently face.

Prior to December 31, 2003, Ag Services of America, Inc. ("Ag Services") was a publicly traded Iowa corporation with its headquarters in Cedar Falls, Iowa. Ag Services, among other lines of business, made agricultural loans for its own account and occasionally would acquire real property collateral in full or partial satisfaction of debt. AFIDA did not apply to Ag Services of America, Inc. because it had no known foreign investment.

As of December 31, 2003, Ag Services was purchased by Utrecht America Holding Company and its name changed to Rabo AgServices, Inc. ("RAS") Utrecht America Holdings, Inc. is in turn indirectly wholly owned by COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., "Rabobank Nederland", acting through its New York Branch, a foreign banking organization organized as a cooperative bank under the laws of The Netherlands. Therefore, as of the purchase date of December 31, 2003, the

*Part of the Rabobank Group*



company was owned by an entity that would meet the definition of foreign person. Unfortunately, RAS was still unaware of the existence of AFIDA.

An additional entity change took place when, as of December 31, 2005, Rabo AgServices, Inc. merged with Rabo Agrifinance, Inc., a sister company owned by the same parent and headquartered in St. Louis, Missouri. The surviving entity is called "Rabo Agrifinance, Inc.," which a Delaware corporation and which is also owned by Utrecht America Holdings, Inc. The company's headquarters is now in St. Louis, Missouri with a regional office in Cedar Falls, Iowa.

Rabo Agrifinance, Inc. (formerly known as "Equitable Agri-Business, Inc." and also formerly known as Lend Lease Agri-Business, Inc.) is and was a servicer of agricultural mortgage loans, including foreign persons under AFIDA. In such capacity our third party business services had been filing AFIDA filings since 1992 on behalf of and in the name of the company's foreign third party clients. Unfortunately, this is still a segregated line of business that did not work on or with real property acquired by the company for its own account.

RECENT HISTORY:
My understanding is that you received a call through the agency's hotline regarding property in Deaf Smith County, Texas in which Rabo Agrifinance, Inc. ("RAF") and/or its wholly owned subsidiary, Ag Acceptance Corporation ("AAC") held a deed of trust on the property as collateral for a loan to Terra XXI and Veigel Farm Partners (jointly the "Vegiels"). When the Veigels' loans were not paid in accordance with their terms, we sought to obtain title and possession of the property through non-judicial foreclosure. A non-judicial foreclosure sale was held and a deed was issued to RAS. After the sheriff's sale, the Veigels refused to leave the property. We then filed a forcible detainer action in an attempt to obtain possession. Veigels then alleged that the foreclosure action was invalid. Protracted litigation ensued. We sought a summary judgment ruling from the court which would uphold the foreclosure and sixteen months after filing the motion, the court granted our request for summary judgment in February of 2006. The court's order held, in part, that the foreclosure was proper. The time for Veigels to appeal the summary judgment has not yet expired and we fully expect them to appeal. The court's order is not yet final.

To date, we do not have possession of the Deaf Smith County property nor are we receiving any income from the property. Should the foreclosure continue to be upheld, it is our intent to sell the property and use the proceeds to satisfy the Veigels' obligations to our company. This is in keeping with our intent to be a holder of agricultural real estate only when prudent to do so in the process of collecting loans. We are undertaking to promptly make an AFIDA filing with this factual history on it.

The Deaf Smith County property is not the only property we need to address, however. The company does hold title to other properties, both through business conducted through its Cedar Falls office as well as through its headquarters in St. Louis. As represented by John Manning during our call, the "pre-merger" Rabo Agrifinance, Inc. has been complying with AFIDA. The office in Cedar Falls, Iowa (the former Rabo AgServices, Inc.) was not aware of the need to complete such filings and hence, needs to research what properties it held on and subsequent to December 31, 2003 and promptly complete filings for any identified properties.

We intend to identify and complete filings for such properties by the date of the extension you have extended to us, April 28, 2006. You have indicated that you will date any filings filed by that date as if they were filed today. Additionally, if we find we cannot complete the filings by April 28, 2006, we are to contact you prior to that date and request an additional extension. Because of the complexity of this situation, you have asked that we provide you with the filings and you will in turn notify the local state offices of such filings. Pursuant to your instructions, we will provide you with an original and two copies of each filing.

We appreciate your willingness to discuss these issues today and in providing direction in how to best rectify the situation. As outlined above, we will conduct research to identify those properties for which reports need to be filed and work to complete the filings with all deliberate speed. Again, thank you for your cooperation as we work to rectify this situation.

There was no intention to violate AFIDA or the USDA regulations and we very much want to work to get into compliance. Thank you.

Sincerely,

Linda Kobliska
Deputy General Counsel