
**SPECIAL WARRANTY DEED
WITH VENDOR'S LIEN
(Deaf Smith County, TX)**

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

Effective Date:     November 15, 2012

Grantor:     RABO AGRIFINANCE, INC., a Delaware corporation and AG ACCEPTANCE CORPORATION, a Delaware corporation

Grantor's Mailing Address:     6919 Chancellor Drive
Cedar Falls, Iowa 50613

Grantee:     CHAMPION FEEDERS, LLC, a Texas limited liability company

Grantee's Mailing Address:     3750 S FM 2943
Hereford, Texas 79045

Consideration:     TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration, and a note of even date executed by the Grantee and payable to the order of Great Plains Ag Credit, PCA, in the principal amount of $5,960,000.00. The note is secured by a first and superior vendor's lien and superior title retained in this deed in favor of Great Plains Ag Credit, PCA, and by a first-lien deed of trust of even date from the Grantee to Tim McDonald, Trustee.

Property: All the Grantor's right, title, and interest in those tracts of real property located in Deaf Smith County, Texas, and more particularly described in Exhibit "A" attached to this Special Warranty Deed and made a part hereof for all purposes, together with all buildings and improvements on the Property, and all rights and appurtenances pertaining to the Property, including, but not limited to, all rights on and to roads, streets, rights-of-way, easements, rights of ingress and egress, water rights, and all of the Grantor's mineral interests of any kind of character.

DOCS/1133981.2

Page 1 of 3

**EXHIBIT D**
A CERTIFIED COPY ATTEST THIS 2/6/13 IMELDA DeLaCERDA, COUNTY CLERK/REGISTRAR, DEPUTY BY Ruby Flores 1 of 2

Exceptions to Conveyance and Warranty: Liens described as part of the Consideration; all presently recorded easements, rights-of-way, restrictions, covenants, conditions, ordinances, oil and gas leases, mineral interests, and other instruments, other than conveyances of the surface fee estate, that affect the Property; validly existing rights of adjoining owners in any walls and fences situated on a common boundary; any discrepancies, conflicts, or shortages in area or boundary lines; any encroachments or overlapping of improvements; and the Permitted Title Exceptions listed on Exhibit "B" attached to this Special Warranty Deed and made a part hereof for all purposes.

## CONVEYANCE

The Grantor, for the Consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to the Exceptions to Conveyance and Warranty, grants, sells and conveys to the Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold the Property unto the Grantee and the Grantee's heirs, successors and assigns, forever, and the Grantor and the Grantor's successors warrant and shall defend the Property to the Grantee and the Grantee's heirs, successors and assigns against every person lawfully claiming or that may claim all or any part of the Property, if the claim is by, through, or under the Grantor but not otherwise, but not as to the Exceptions to Conveyance and Warranty.

The vendor's lien against and superior title to the Property is retained until the note described is fully paid according to its terms, at which time this deed will become absolute.

Great Plains Ag Credit, PCA, at the Grantee's request, has paid in cash to the Grantor that portion of the purchase price of the Property that is evidenced by the note. The first and superior vendor's lien against and superior title to the Property are retained for the benefit of Great Plains Ag Credit and are transferred to Great Plains Ag Credit without recourse against the Grantor.

The Grantor warrants and represents that all ad valorem taxes and any other general real estate taxes and installments of special assessments for the year 2011 and all years before 2011 have been fully paid.

When the context requires, singular nouns and pronouns include the plural.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Page 2 of 3

[SIGNATURE PAGE TO DEED]

This deed is executed on the date set forth in the acknowledgement below, but effective for all purposes as of the Effective Date.

RABO AGRIFINANCE, INC., a Delaware corporation

_____
Mark A. Fischels, Vice President

AG ACCEPTANCE CORPORATION, a Delaware corporation

_____
Mark A. Fischels, President

STATE OF IOWA
COUNTY OF BLACK HAWK

This instrument was acknowledged before me on the 9th day of November 2012, by Mark A. Fischels, Vice President of RABO AGRIFINANCE, INC., a Delaware corporation, on behalf of said corporation.


LEIA A. SHIRK
COMMISSION NO. 762223
MY COMMISSION EXPIRES

_____
Notary Public, State of Iowa

STATE OF IOWA
COUNTY OF BLACK HAWK

This instrument was acknowledged before me on the 9th day of November 2012, by Mark A. Fischels, President of AG ACCEPTANCE CORPORATION, a Delaware corporation, on behalf of said corporation.

_____
Notary Public, State of Iowa

After recording return to:

Sprouse Shrader Smith P.C.
Attn: Brandon Wing
PO Box 15008
Amarillo, TX 79105-5008


LEIA A. SHIRK
COMMISSION NO. 762223
MY COMMISSION EXPIRES

DOCS/1335515                              Page 3 of 3





3




---

# EXHIBIT A

## PROPERTY DESCRIPTION

**Tract One:** All of Section 21, Block K-4, SAVE AND EXCEPT the Northwest 1/4 of said Section 21, Block K-4, Deaf Smith County, Texas.

**Tract Two:** All of Section 32, Block K-4, Deaf Smith County, Texas.

**Tract Three:** All of Section 39, Block K-4, Deaf Smith County, Texas.

**Tract Four:** All of Section 40, Block K-4, Deaf Smith County, Texas.

**Tract Five:** All of Section 42, Block K-4, Certificate No. 1299, Patent No. 336, Volume 52, Deaf Smith County, Texas. SAVE AND EXCEPT 5 acres, more or less, out of the Northwest quarter thereof, as described by metes and bounds in Warranty Deed to Taxco Co-Op, a corporation, dated January 6, 1962, and recorded in Volume 207, at Page 71, of the Deed Records of Deaf Smith County, Texas; and SAVE AND EXCEPT the balance of said Northwest quarter of said Section 42 and the North 42.48 acres, more or less, of the Southwest quarter of said Section 42, as described by metes and bounds in Warranty Deed dated June 10, 1966, recorded in Volume 241, at Page 501, of the Deed Records of Deaf Smith County, Texas.

**Tract Six:** The West half of Section 60, BS&F Block K-4, C.H. Holton, Original Grantee, Certificate No. 1304, Abstract No. 803, Patent No. 500, Volume 33, dated March 23, 1907, Deaf Smith County, Texas.

**Tract Seven:** All of Section 64, Block K-4, BS&F Survey, Certificate No. 1305, Abstract No. 172, Patent No. 95, Volume 30, dated December 11, 1877, Deaf Smith County, Texas.

**Tract Eight:** All of Section 62, BS&F Block K-4, N.K. Holton, Original Grantee, Certificate No. 1306, Abstract No. 802, Patent No. 499, Volume 33, dated March 23, 1907, Deaf Smith County, Texas.

**Tract Nine:** All of Section No. 78, Block K-4, BS&F Surveys, Certificate No. 1308, Abstract No. 175, Patent No. 96, Volume 30, dated December 11, 1877, in Deaf Smith County, Texas.
SAVE AND EXCEPT the South 200 acres, more or less, of Section 78, Block K-4, Deaf Smith County, Texas, and SAVE AND EXCEPT a triangular tract containing 1.64 acres, more or less, of Section 78, Block K-4. Said 1.64 acre tract being more fully described by metes and bounds as follows:
BEGINNING at a 1/2 inch iron rod set for the Southwest corner of Section No. 78, Block K-4;
THENCE North 0 degrees 27 minutes East at 64.10 feet pass a 1/2 inch iron rod in the North line of Farm Road 1412 and at 1639.80 feet a 1/2 inch iron rod for the Westerly and actual Beginning corner of this tract;
THENCE South 89 degrees 01 minutes 36 seconds East at 5254.39 feet pass the West line of U.S. Highway 385 and at 5314.39 feet a point in the East line of said Section;
THENCE North 0 degrees 20 minutes 50 seconds East along the East line of said Section, 20.0 feet to a point;
THENCE North 89 degrees 10 minutes West at 60 feet pass a 1/2 inch iron rod in the West line of U.S. Highway 385 and at 5314.25 feet the place of beginning.

**Tract Ten:** The South half of Section 26, Township 3 North, Range 1 East, Capitol Syndicate Subdivision, out of League No. 515, Abner Taylor, Original Grantee, Certificate No. 32, Abstract No. 453, Patent No. 387, Volume 1, dated August 22, 1887 and out of League No. 433, Abner Taylor, Original Grantee, Certificate No. 30, Abstract No. 496, Patent No. 376, Volume 1, dated August 22, 1887, Deaf Smith County, Texas.

**Tract Eleven:** The North half of Section 26, Township 3 North, Range 1 East, Capitol Syndicate Subdivision, out of League No. 454, Abner Taylor, Original Grantee, Certificate No. 30, Abstract No. 496, Patent No. 376, Volume 1, dated August 22, 1887, Deaf Smith County, Texas.

**Tract Twelve:** NW/4 of Section 42, Block K-4 and the North 42.48 acres, more or less of the SW/4 of Section 42, BS&F Block K-4, C.H. Chapin, Original Grantee, Certificate No. 1299, Abstract No. 922, Patent No. 336, Volume 52, dated March 9, 1912, as described by metes and bounds in Warranty deed dated June 10, 1966, recorded in Volume 241, Page 501, of the Deed Records of Deaf Smith County, Texas.

SAVE AND EXCEPT 5 acres, more or less, out of the NW/4 of said Section 42, as described by metes and bounds in Warranty Deed dated January 6, 1962, recorded in Volume 207, Page 71 of the Deed Records of Deaf Smith County, Texas.

Page 1 of 2

DOC#1833812



Tract Thirteen: All of Section 59, Block K-4, Deaf Smith County, Texas.

Tract Fourteen: All of the East one-half (E/2) of Section 60, Block K-4, Deaf Smith County, Texas.

Return
AOT
20128878

Page 2 of 2