IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; § | | |
| ROBERT WAYNE VEIGEL; § | | |
| ELLA MARIE WILLIAMS VEIGEL; § | | |
| VEIGEL FARMS, INC.; § | | |
| VEIGEL CATTLE COMPANY; and § | | |
| VEIGEL FARM PARTNERS, § | | |
| § | | |
| Plaintiffs, § | No. 2:15-cv-236-J | |
| § | Judge Robinson | |
| v. § | | |
| § | | |
| AG ACCEPTANCE CORPORATION, § | | |
| § | | |
| Defendant. § | | |

## DEFENDANT'S RULE 12(b)(6)
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Ag Acceptance Corporation ("**Defendant**" or "**Ag Acceptance**") files this Rule 12(b)(6) Motion to Dismiss all of the claims of Plaintiffs Terra Partners, Terra XXI, Ltd., Robert Wayne Veigel, Ella Marie Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners (collectively "**Plaintiffs**" or the "**Veigels**") asserted in their October 5, 2015 Amended Petition for Accounting, Claim for Unjust Enrichment, Imposition of Constructive Trust, and Request for Declaratory Relief (the "**Amended Petition**").

## INTRODUCTION

In an attempt to keep litigation going forever, the latest Veigel lawsuit (filed by their fifth set of lawyers) tries to gin up new causes of action from previously-resolved disputes. This lawsuit demands that Ag Acceptance hand over proceeds from the sale of the Deaf Smith County property that it has owned outright for more than a decade. Putting aside the factual misrepresentations and the relitigation problems in this lawsuit, the Veigels' current claims fail on a purely legal basis; therefore, they should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

On a Rule 12(b)(6) Motion to Dismiss, the court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 376 (5th Cir. 2004). The Court may grant a motion to dismiss where the complaint does not include "enough facts to state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Because this lawsuit does not assert claims that are recognized under Texas law and/or because it does not plead facts sufficient to support the asserted causes of action, it must be dismissed in its entirety.

## ARGUMENT

### A.  No Legal Right to Accounting

#### 1.  No right to an accounting for sale of Ag Acceptance's land

In their first cause of action, the Veigels demand that Ag Acceptance provide them an accounting of the proceeds from Ag Acceptance's sale of the Deaf Smith County land. As the Veigels concede, Ag Acceptance has owned the Deaf Smith County land for more than a decade, since it was properly foreclosed upon in 2003. Amended Petition ¶ 26.[1] The Veigels do not refer to any statute or other legal authority that gives them the right to demand such an accounting, and indeed, none exists. Further, although they intentionally skirt the issue, the Amended Petition never alleges, and the Veigels absolutely would never concede, that at the time of the 2012 sale, they owed Ag Acceptance any money for any of the debts they (misleadingly) describe in their

---

[1] *See Terra XXI, Ltd., et al., v. Ag Acceptance Corp., et al,* 2009 WL 2168741 (Tex.App.-Amarillo 2009, rev. denied), *cert. denied Terra XXI, Ltd. v. Ag Acceptance Corp.*, 562 U.S. 982 (2010) (hereinafter, "**State Court Suit**") (affirming jury verdict and rejecting multiple legal challenges to foreclosure); *Rabo Agrifinance, Inc. v. Veigel Farm Partners, et al.,* No. 2-05-CV-243, 2008 WL 341425 *3 (N.D.Tex. Feb. 7, 2008) (hereinafter, "***Deficiency Suit Ruling***," attached as Exhibit A) (accepting State Court Suit's findings that "the foreclosure was not wrongful … [and] the jury found that the foreclosure was not wrongful.").

Amended Petition.[2] In the absence of either a debtor-creditor relationship or another valid legal basis to demand an accounting, the cause of action fails as a matter of law.

### 2. No right to an accounting for checks

The same reasoning applies to the checks described in paragraphs 40 and 42. The Veigels do not assert any legal basis for claiming that Ag Acceptance should account to them for the application of the checks described in paragraphs 40 and 42. With no valid legal basis to demand an accounting, the cause of action fails as a matter of law.

### B. Unjust Enrichment Is Not an Independent Claim

In Count II of the Amended Petition, the Veigels assert a cause of action for unjust enrichment. Unjust enrichment is a remedy, not an independent cause of action under Texas law. *See, e.g., Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 560-61 (N.D. Tex. 2009) (dismissing cause of action for unjust enrichment); *Fisher v. Blue Cross & Blue Shield of Texas, Inc.*, No. 3:10-CV-2652-L, 2015 WL 5603711, at *12 (N.D. Tex. Sept. 23, 2015) (unjust enrichment is not an independent cause of action); *Roach v. Berland*, No. 3:13-CV-4640-D, 2015 WL 5097987, at *3 (N.D. Tex. Aug. 31, 2015) (same); *Chapman v. Commonwealth Land Title*

---

[2] As this Court is aware from several prior cases, Defendant Ag Acceptance does not own any of the Veigels' debt; instead, Rabo Agrifinance, Inc. owns it. The ownership of the debts was directly contested in both the Deficiency Suit and the First Lien Suit. In both cases, this court found that Rabo Agrifinance owns the debt. *See* Ex. A, *Deficiency Suit Ruling*, 2008 WL 341425 *3 (p. 3) (ruling that Rabo Agrifinance owns the Second Lien debt and was entitled to deficiency judgment); *Rabo Agrifinance v. Terra XXI, Ltd.*, 257 Fed. Appx. 732, 733 (5th Cir. 2007) (hereinafter, "**First Lien Suit**") (confirming that Rabo Agrifinance owns the First Lien debt);

Rabo Agrifinance, however, is not a defendant in this case, which is absolutely intentional. Rabo Agrifinance could not be included as a defendant in this lawsuit because in the New Mexico lawsuit, ***the Veigels have already argued that the sale of the Deaf Smith County property satisfied their debt owed to Rabo Agrifinance***. *See* Ex. B, Defendants' Motion for Relief from Judgment, p. 1 and 7 (arguing that the sale to Champion Feeders extinguished the debt and any right to execute on the New Mexico property). The New Mexico trial court and appellate court considered the Veigels' argument and rejected it. *See* Ex. C, *Rabo Agrifinance, Inc. v. Terra XXI, Ltd,* 2014-NMCA-106 (336 P.3d 972, 976 (N.M. Ct. App) (rejecting Terra's argument that "any payment Plaintiff [Rabo Agrifinance] received from Ag Acceptance to release liens on the [Deaf Smith] property should have been credited against the judgment.")

*Ins. Co.*, 814 F. Supp. 2d 716, 725 (N.D. Tex. 2011) (same). Because there is no independent cause of action for unjust enrichment, the claim must be dismissed.

C. **In the Absence of a Fiduciary Relationship or Fraud, Constructive Trust Claim Fails**

The Veigels' claim for imposition of a constructive trust also fails. Amended Petition, Count III, p. 9-10. To maintain a cause of action for constructive trust, the proponent must plead either a breach of a pre-existing fiduciary duty or actual fraud. *See Show Servs., LLC v. Amber Trading Co. LLC*, No. 3:09-CV-2385-D, 2010 WL 4392544, at *3 (N.D. Tex. Oct. 29, 2010) (dismissing constructive trust claim under Rule 12(b)(6) because claimant did not plead breach of a fiduciary duty or fraud); *Hubbard v. Shankle*, 138 S.W.3d 474 (Tex. App.—Ft.Worth, 2004, rev. denied) ("[T]o establish that a constructive trust exists, the proponent must prove (1) breach of a special trust, fiduciary relationship, or actual fraud . . . ).

Here, the Veigels have not alleged that Ag Acceptance owes them any fiduciary duty, nor have they alleged any facts sufficient to support such a duty. At best, about fifteen years ago, before the cascade of litigation, there was a business relationship between Ag Acceptance and the Veigels. Amended Petition, ¶ 19. However, a business transaction does not create a fiduciary relationship, and any business relationship ended long ago. Instead, the fiduciary relationship must exist prior to, and apart from the transaction. *Willis v. Donnelly*, 199 S.W.3d 262, 277 (Tex. 2006). The Veigels have not alleged such a relationship existed, nor could they ever do so.

Further, the Veigels have not pleaded any facts of fraud or alleged actual fraud in the Amended Petition. Thus, in the absence of well-pleaded allegations sufficient to support a fiduciary relationship or actual fraud, the constructive trust claim fails as a matter of law and must be dismissed.

**D. No Right to Declaratory Relief**

The Veigels' final cause of action for declaratory relief seeks a ruling that judgment liens on property in New Mexico are improper and that "continuing liens on the New Mexico property are therefore improper and should be released." Amended Petition, p. 10. The Court should decline to consider this claim because the issues have already been addressed in the long-running New Mexico state court case and recent rulings there make this issue moot. Pursuant to Court order, the New Mexico property was foreclosed by Rabo Agrifinance, thereby extinguishing all inferior liens. As a result, disputes about other liens on the property are moot.[3]

When considering a declaratory judgment action, a district court must engage in a three-step inquiry. "First, the court must determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an "actual controversy" exists between the parties to the action. . . . Second, if it has jurisdiction, then the district court must resolve whether it has the "authority" to grant declaratory relief in the case presented. . . .Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)

Here, especially given the sale of the New Mexico property, there is no justiciable controversy regarding the New Mexico property between these parties; therefore, the cause of action cannot satisfy the first part of the inquiry. The claim also fails on the second step, because when a state court suit is pending, a federal declaratory judgment request is simply an attempt to

---

[3] *See* Ex. D, Notice of Filing Report of Special Master (reflecting sale of property on May 19, 2015). Although the Veigels tried to stay the actual sale, it proceeded. Ex. E, Emergency Motion … for Stay. The trial court heard the Veigels' motion for relief from judgment (similar to a motion pursuant to Fed. R. Civ. P. 60(b)) and rejected it, but stayed confirmation of the sale pending appeal of the ruling on the motion for relief. Ex. F, Order on Defendants' Emergency Motion. The appeal is still pending, but the appellate court has issued a Notice of Proposed Summary Disposition that would reject the Veigels' motion. Ex. G, Notice of Proposed Summary Disposition.

make an end-run around the requirements of the Anti-Injunction Act. *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988). Finally, given the eight-plus years of litigation in New Mexico and the final resolution and sale of the New Mexico property, the Court should decline to hear further claims about that property.[4] Thus, the court should dismiss the declaratory judgment cause of action.

WHEREFORE, Defendant Ag Acceptance requests that the Court dismiss all of Plaintiffs' causes of action with prejudice and dismiss this lawsuit in its entirety. Defendant requests all other relief to which it may be entitled.

---

[4] The Fifth Circuit has identified seven nonexclusive factors for a district court to consider in deciding whether to decide or dismiss a declaratory action. These factors are:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 (5th Cir. 2003), *citing, St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994).

Dated: October 16, 2015                             Respectfully submitted,

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette
State Bar No. 00788660
bballiette@rctlegal.com
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy, C-300
Austin, Texas 78746
T: 512-647-6100
F: 512-647-6129

Thomas C. Riney
State Bar No. 16935100
triney@rineymayfield.com
W. Heath Hendricks
State Bar No. 24055651
hhendricks@rineymayfield.com
**RINEY & MAYFIELD LLP**
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas 79101
T: 806-468-3200
F: 806-376-4509

Richard F. Rowley, II
r2@rowleylawfirm.com
**ROWLEY LAW FIRM LLC**
P.O. Box 790
Clovis, New Mexico 88102
T: 575-763-4457
F: 575-763-4450

*Counsel for Defendant*
*Ag Acceptance Corporation*

## CERTIFICATE OF SERVICE

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court on October 16, 2015 using the CM/ECF system, which sent notification of such filing to the following:

Philip Roland Russ
philiprruss@russlawfirm.com
LAW OFFICES OF PHILIP R. RUSS
2700 S. Western St., Suite 1200
Amarillo, TX 79109
*Local Counsel for Plaintiffs*

Jeffrey A. Dahl
jad@keleher-law.com
Justin B. Breen
jbb@keleher-law.com
KELEHER & MCLEOD, P.A.
P.O. Box AA
Albuquerque, NM 87103
*Lead Counsel for Plaintiffs*

                /s/ *Barbara Whiten Balliette*
                Barbara Whiten Balliette