# EXHIBIT A


Not Reported in F.Supp.2d, 2008 WL 341425 (N.D.Tex.)
**(Cite as: 2008 WL 341425 (N.D.Tex.))**

**H**Only the Westlaw citation is currently available.

United States District Court,
N.D. Texas,
Amarillo Division.
**RABO AGRIFINANCE**, INC., an Iowa Corpora-
tion, Plaintiff,
v.
VEIGEL FARM PARTNERS, a general partnership
d/b/a Veigel Partners, Veigel Farms, Inc., Terra XXI,
Ltd., Grain Central Station, Inc., a corporation d/b/a
Veigel Grain Company, Veigel-Kirk, Inc., Bob
Veigel, Inc., Steve Veigel Individually, Vicki Veigel,
Inc., and Veigel Cattle Company, Defendants.
**No. 2:05-CV-243.**

Feb. 7, 2008.

William T. Reid, IV, Barbara Whiten Balliette, Dia-
mond, McCarthy, Taylor, Finley, Bryant & Lee, Aus-
tin, TX, Thomas C. Riney, Riney & Mayfield, LLP,
Amarillo, TX, W. Christopher Boyer, Crenshaw,
Dupree & Milam, Lubbock, TX, for Plaintiff.

Van W. Northern, Northern Law Firm, Amarillo, TX,
for Defendants.

### *MEMORANDUM OPINION*

MARY LOU ROBINSON, District Judge.

**\*1** Plaintiff Rabo Agrifinance, Inc. filed suit against
the above-named Defendants seeking monetary relief
pursuant to Texas Property Code § 51.003 for the
deficiency resulting from foreclosure on a deed of
trust lien. The Plaintiff alleges this deed of trust lien
served as security for a series of notes made and
owned by Defendants, and that Defendants defaulted
on these notes. On December 21, 2007, Plaintiff filed
a motion for summary judgment. On January 4, 2008,
Defendants filed their response. With leave of the
Court, Plaintiff supplemented the summary judgment
record on January 22, 2008. Plaintiff filed a reply on
January 24, 2008. Plaintiff's motion for summary
judgment is GRANTED.

### BACKGROUND

From 1997-1999, the Defendants in this case obtained
loans from Rabo Agservices, Inc. (ASA) as either
debtors or guarantors. These loans allowed the De-
fendants to conduct farming operations on approxi-
mately ten sections of land in Deaf Smith County,
Texas. The loans were secured by liens upon and
security interests in the assets of Veigel Farm Partners
and Terra XXI, Ltd. This included a deed of trust lien
on the land in Deaf Smith County. In total, there were
four loans made.

• March 20, 1997: ASA agreed to advance up to
$450,000 and Defendants executed a promissory
note that was to be payable on or before January 31,
1998. This note was supplemented on May 19,
2005, increasing the maximum advance amount to
$525,000.

• May 8, 1998: ASA agreed to advance up to
$700,000 and Defendants executed a promissory
note that was to be payable on or before January 31,
1999.

• May 20, 1998: ASA agreed to advance funds up to
$150,000 and Defendants executed a promissory
note that was to be payable on or before January 31,
1999. This note was amended on November 12,
1998, increasing the maximum advance amount to
$797,468.40.

• May 18, 1999: ASA agreed to advance funds up to
$785,000 and Defendants executed a promissory
note that was to be payable on or before January 31,
2000.

In connection with these four notes, the Defendants
executed and delivered deeds of trust for the benefit of
Ag Acceptance Corporation ("AAC"), an entity re-
lated to ASA. These deeds of trust were recorded in
Deaf Smith County, and provided that in the event of a
default on the notes, the Plaintiff can request that the
trustee foreclose on the lien and sell the property at
public auction.

Veigel Farm Partners filed for bankruptcy in August
2000. Terra XXI, Ltd. filed for bankruptcy shortly

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 341425 (N.D.Tex.)
**(Cite as: 2008 WL 341425 (N.D.Tex.))**

thereafter. Agreed orders were entered on December 10, 2001 in both bankruptcy cases. The amounts owed to ASA were fully secured by the various liens and security interests, which included a second lien on the Deaf Smith County land. The bankruptcies led both VFP and Terra XXI to file a complaint against ASA, which was resolved before trial. The memorandum settlement agreement was executed on October 20, 2002, and the bankruptcy court dismissed all causes of action against ASA the next day. After clarification by the bankruptcy court, a more detailed settlement agreement was executed. The principal sum of the liens was restated to $1,500,000 plus interest as of October 21, 2002. At that time, Terra XXI executed and delivered to ASA a lien extension agreement, which was recorded.

**\*2** VFP and Terra XXI defaulted on their obligations under these agreements. Veigel Farm Partners and Terra XXI were sent notices of default and acceleration. Notice of foreclosure of AAC's deed of trust lien upon the Deaf Smith County property was also given. A foreclosure sale was held on September 2, 2003. AAC was the sole bidder, and foreclosed on ASA's second lien position for $20,000. This position was subject to prior encumbrances and unpaid *ad valorem* taxes. A substitute trustee's deed was issued in favor of AAC.

Plaintiff now claims that Defendants owe in deficiency the balance of the various notes, accrued interest, the *ad valorem* taxes that ASA paid, and the additional costs that were associated with the sale; minus the $20,000 credit from the proceeds of the Trustee's Sale and other credits. Plaintiff now requests a deficiency judgment for the amount of $1,964,355.06, minus the credits they will give Defendants when the equipment foreclosed on in case 2:06-cv-153 is sold.

Plaintiff seeks summary judgment on the issues of recovery on a promissory note and recovery for a deficiency judgment. Defendants claim that the affirmative defense of *res judicata,* the affirmative defense of statute of limitations, and factual disputes surrounding Plaintiff's ownership of the right to recover a deficiency prevent summary judgment.

## DISCUSSION

This Court may grant summary judgment on a claim if

the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(c).* A party who moves for summary judgment has the burden to identify the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).* If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id. at 324-25.* The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).* The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir.1993).* The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto. Ins. Co., 784 F.2d 577, 578 (5th Cir.1986).*

### Recovery on a Promissory Note

Recovery on promissory notes requires proof that (1) the Defendant signed the notes; (2) the Plaintiff is the present owner or holder of the notes; and (3) the notes are in default. *U.S. v. Lawrence, 276 F.3d 193, 197 (5th Cir.2001), citing FDIC v. Selaiden Builders, Inc., 973 F.2d 1249, 1254 (5th Cir.1993).* On each of these three elements, there is no genuine issue of material fact.

First, the Defendants signed the notes. The $450,000 note was signed by all Defendants except Terra XXI Ltd., as shown in pages 25-35 of the Appendix to Plaintiff's Motion for Summary Judgment ("Plaintiff's Appendix"). The $700,000 note was signed by all Defendants (*Plaintiff's Appendix,* pg. 36-47); the $150,000 note was signed by all Defendants (*Plaintiff's Appendix,* pg. *48-54* ); and the $785,000 note was signed by all Defendants except Vicki Veigel Inc. (*Plaintiff's Appendix,* pg. 55-64). When Defendants Veigel Farm Partners and Terra XXI filed for bankruptcy protection in August and September of 2000, the second lien debt was preserved in the December 2001 bankruptcy plans. *Plaintiff's Appendix,* pg. 103, 116. As a result of a bankruptcy-related lawsuit being settled, the Second Lien Debt obligation was reduced to $1,500,000. That settlement agreement was signed

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 341425 (N.D.Tex.)
**(Cite as: 2008 WL 341425 (N.D.Tex.))**

by all of the Defendants. *Plaintiff's Appendix,* pg. 70-86. All Defendants except Veigel Farm Partners then signed a ratification of unlimited guaranty. *Plaintiff's Appendix,* pg. 87-91. In their response, Defendants provide no facts to challenge the signatures on the notes. There is no genuine issue of material fact that the Defendants signed the notes in question.

**\*3** Second, the Plaintiff is the present owner of the notes. Ag Services of America (ASA) was the original lender on the 1997 and 1998 notes. *Plaintiff's Appendix,* exhibits 2A-2D. These notes were endorsed from ASA to Ag Acceptance Corporation, resulting in Ag Acceptance Corporation holding the debt and ASA servicing the notes. *Affidavit of John Roth ("Roth affidavit"), ¶ 7.* In September 2003, Ag Acceptance Corporation foreclosed on property in Deaf Smith County while they still owned the debt. *Id.* at ¶ 10. In October 2003, the debt was transferred back to ASA from Ag Acceptance Corporation. *Id.* at ¶ 11. Rabo Agrifinance, Inc., the Plaintiff in this case, is the successor entity to ASA. *Id.*

To challenge this summary judgment evidence of ownership, Defendants make two arguments. They allege that there are inconsistent ownership statements in other evidence before the Court and that the affidavit evidence is insufficient for summary judgment purposes. Defendants claim the ownership information is contradicted by prior testimony from John Roth, testimony before the Court by Ms. Kobliska, and the deposition testimony of Robert Stevens. The prior affidavit of John Roth was made in September of 2006. *Defendant's Appendix, Exhibit 4.* The affidavit was therefore made prior to ASA changing its name to Rabo AgServices Inc. and merging with Rabo Agrifinance Inc., resulting in the company that is the plaintiff in the present case. *Plaintiff's Appendix, Roth Affidavit, ¶ 3.* The other testimony also describes the status of the debt prior to the merger. There is no contradiction, and Defendants have brought forth no evidence to dispute the present ownership of the debt. Additionally, the affidavit testimony here is sufficient. With no "controverting evidence, affidavit testimony together with a true and correct copy of a note proves ownership for summary judgment purposes." *Bean v. Bluebonnet Sav. Bank FSB,* 884 S.W.2d 520, 522 (Tex.App.-Dallas 1984, no writ); *see also Zarges v. Bevan,* 652 S.W.2d 368,369 (Tex.1983) (per curium). There is no genuine issue of material fact that Plaintiff

owns the notes in question.

Third, the notes are in default. In fact, there has already been a foreclosure because of the default. In the related state court action, Cause No. CI-04B-011, the court ruled on summary judgment that the foreclosure was not wrongful. *22nd District Court Opinion,* ¶ 14. Additionally, the jury found that the foreclosure was not wrongful. *Plaintiff's Appendix,* pg. 150. The Defendants have offered no evidence to show that they were not in default, and there is no genuine issue of material fact.

### Recovery for a Deficiency Judgment

Recovery for a deficiency judgment after foreclosure requires proof of: (1) the amount due on the note at the time of the foreclosure; (2) proper notice of acceleration having been given; (3) a valid foreclosure sale having taken place; and (4) credit given for the amount received at the foreclosure sale and any other legitimate credits. *Thompson v. Chrysler First Business Credit Corp.,* 840 S.W.2d 25, 28 (Tex.App.-Dallas, 1992, no writ), *citing Caruth Mortgage Corp. v. Ford,* 630 S.W.2d 897, 899 (Tex.App.-Houston [1st Dist.] 1982, no writ) and *Williams v. Henderson,* 580 S.W.2d 37, 39-40 (Tex.Civ.App.-Houston [1st Dist.] 1979, no writ).

**\*4** First, Plaintiff has submitted proof of the amount due on the note at the time of the foreclosure. The spreadsheet attached to John Roth's affidavit shows the amount due at the time of foreclosure was $1,610,042.86. *Plaintiff's Appendix, Exhibit 2J.* Defendants have introduced no evidence to contradict this figure. There is no genuine issue of material fact as to this amount being owed at the time of foreclosure.

Second, proper notice of acceleration was given. This issue was resolved in the state court case, Cause No. CI-04B-011, and is therefore *res judicata.* The principle of *res judicata* is that "an existing final judgment rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit." *Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 642 (Tex.1971), *citing Permian Oil Co. v. Smith,* 129 Tex. 413 (1937), 2 Freeman on Judgments (5th ed.) 1322. If a particular issue is resolved in a prior suit,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 341425 (N.D.Tex.)
**(Cite as: 2008 WL 341425 (N.D.Tex.))**

collateral estoppel prevents its relitigation later in another suit. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992). The court ruled that the Plaintiff in this case was entitled to summary judgment on the issue of having given proper notice of acceleration. *22nd District Court Opinion,* ¶ 15. There is no genuine issue of material fact that proper notice of acceleration was given.

Third, a valid foreclosure sale took place. This issue is also *res judicata,* as the state court found that the foreclosure sale was valid. The court ruled against the present Defendants' claims of wrongful foreclosure at the summary judgment stage of the state court litigation. *22nd District Court Opinion,* ¶ 14. The jury also found that the foreclosure was not wrongful. *Plaintiff's Appendix, pg. 150.* Defendants have brought forth no evidence that the foreclosure sale was invalid, and there is no genuine issue of material fact.

Finally, credit has been given for the amount received at the foreclosure sale and other legitimate credits. John Roth's affidavit and attached spreadsheet show a credit given for the $20,000 received at the foreclosure sale. *Roth Affidavit,* ¶ 10. Other credits were made for an overpayment received from three CRP checks applied to the debt, excess funds generated by a foreclosure sale on October 7, 2003, rent received, and receipt of additional CRP checks. *Id.* at ¶ 13. Defendants are also entitled to a credit for the value of the equipment foreclosed on in case No. 2:06-cv-153, judgment in which is now final. [FN1] Defendants have produced no evidence to dispute the legitimacy of these credits, and there is no genuine issue of material fact that credit was given.

> FN1. Final judgment in case 2:06-cv-153 was entered on January 15, 2008.

Plaintiff has provided evidence showing its entitlement to recovery on a promissory note and on the deficiency. The Defendants have not created any genuine issues of material fact to prevent summary judgment on these issues.

### Defendants' Affirmative Defenses

#### Res Judicata

**\*5** Defendants argue that summary judgment is inap-

propriate because they have an affirmative *res judicata* defense against the Plaintiff. Defendants claim that Plaintiff's cause of action in this case is barred by a final judgment in the related state court case. They argue that the Plaintiff's present claim qualifies as a compulsory counter-claim in the related state-court action. Defendants argue that since the claim was compulsory and was not filed, it is barred. This argument fails for two reasons.

First, the deficiency claim that is the basis for this lawsuit was not a compulsory counterclaim in the state court action. Texas law provides that if "a borrower files an action challenging the validity of a secured debt ...," the secured party is not required to "counterclaim to collect on the debt if the creditor has a contractual right to pursue a nonjudicial foreclosure." *Douglas v. FNCNB Tex. Nat. Bank,* 979 F.2d 1128, 1130 (5th Cir.1992), *citing Kaspar v. Keller,* 466 S.W.2d 326, 329 (Tex.Civ.App.-Waco 1971, writ ref'd n.r.e.); *see also Thurman v. Federal Deposit Ins. Corp.,* 889 F.2d 1441, 1444 (5th Cir.1989). This rule allows what would ordinarily be a compulsory counterclaim to be filed in a separate suit to prevent the "borrower from depriving its lender of a choice of remedies." *Id.* The Plaintiff in this case had a contractual right to pursue nonjudicial foreclosure, had a secured debt, and faced an action challenging that debt's validity. The deficiency claim was therefore not a compulsory counterclaim.

The cases that Defendants cite for their opposite conclusion deal with various situations that are dissimilar to the present case and do not support their argument that the deficiency action was a compulsory counterclaim in the state court action. *See, e.g., Landry v. Cross Country Bank,* 431 F.Supp.2d 682, 687 (S.D.Tex.2003) (Counterclaim was an underlying debt collection claim); *Phillips v. FDIC,* 124 B.R. 712, 717-18 (Bankr.W.D.Tex.1991) (Filing suit attacking the collectability of a debt does not force the lender to pursue judicial foreclosure); *Howe v. Vaughn,* 913 F.2d 1138, 1144 (5th Cir.1990) (Dealing with the res judicata affect of a confirmation order).

Second, the Court has already ruled on this issue in Case 2:06-cv-153. The Court noted in that case that the Defendants were contending that "claims for a deficiency and judicial foreclosure were compulsory counterclaims in a prior case." *Opinion in 2:06-cv-153,* p. 4. Citing *Douglas,* the Court made the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 341425 (N.D.Tex.)
**(Cite as: 2008 WL 341425 (N.D.Tex.))**

following conclusion of law, "If a debtor sues a creditor to challenge a secured debt's validity, counterclaims to recover the debt or to foreclose on the collateral are not compulsory as long as the creditor has a contractual right to pursue a nonjudicial foreclosure." *Id.,* page 13, ¶ 9. Since the issue was already adjudicated in a prior case, the Defendants are collaterally estopped from raising it and it cannot be relitigated in this case.

**\*6** This affirmative defense therefore fails to prevent a grant of summary judgment for the Plaintiff.

### *Statute of Limitations*

Defendants also argue that the affirmative statute of limitations defense should prevent a grant of summary judgment. Defendants point out that although this lawsuit was filed within the statute of limitations, citation was not issued and service not made until after the limitations period had run. Defendants also pled and argued this affirmative defense in case 2:06-cv-153, judgment in which is now final. In that case, the Court concluded, "Because Plaintiffs filed a claim for deficiency 2:05-cv-243-J within two years of the foreclosure sale and used diligence in serving the defendants, the statute of limitations does not bar their claim for a deficiency." *Opinion in 2:06-cv-153-J,* page 13, ¶ 7. Since this issue was already resolved in a prior suit, collateral estoppel prevents its relitigation now. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992).

Defendants are correct that Plaintiff bore the burden at trial of explaining the reasonableness of the delay in issuing and serving citation on the Defendants. *Zimmerman v. Massoni,* 32 S.W.3d 254, 256 (Tex.App.-Austin 2000, pet. denied). The Court heard testimony on the issue, and ruled that the Plaintiff's actions were reasonable. However, Defendants cite no authority regarding the applicable standard when the Court has already ruled on the issue after a trial on the merits. The cases Defendants cite deal with other standards for various situations. *See, e.g., Saenz v. Keller Industries of Texas, Inc.,* 951 F.2d 665, 667-68 (5th Cir.1992) (Grant of summary judgment based on reasonableness determination overruled by appellate court); *Bilsing v. State Industries, Inc.,* 173 F.Supp.2d 593, 596 (S.D.Tex.2001) (Grant of summary judgment based on reasonableness determination appropriately denied); *Buie v. Couch,* 126 S.W.2d 565

(Tex.Civ.App.-Waco 1939, writ ref'd) (Jury verdict for plaintiff overturned on direct appeal based on statute of limitations defense); *Perkins v. Groff,* 936 S.W.2d 661, 668 (Tex.App.-Dallas 1996, writ denied) (Summary judgment appropriately granted because plaintiff offered no explanation for delay in issuing citation); *Rodriguez v. Tinsman & Houser, Inc.,* 13 S.W.3d 804 (Tex.App.-San Antonio, 1999, pet. denied) (Summary judgment appropriately granted because plaintiff's explanation for delay in issuing citation was inadequate).

These cases do not deal with the appropriate standard in the present case. Here, because the Court has already ruled on the issue following a full trial, a different standard applies. *Federal Rule of Civil Procedure 52(a)* states, "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witness." The Defendants have introduced no new evidence to show that the Court's ruling was clearly erroneous. The ruling should therefore not be disturbed, and the Defendants' affirmative statute of limitations defense fails.

### Conclusion

**\*7** The Plaintiff has provided evidence showing that there is no genuine issue of material fact regarding Plaintiff's entitlement to recover on the promissory note and deficiency. The Defendants' affirmative defenses of *res judicata* and statute of limitations fail. The Court grants the Plaintiff's motion for summary judgment on entitlement to monetary relief on the basis of the promissory notes and deficiency.

However, the Court cannot determine the exact dollar figure that Plaintiff is entitled to until the equipment at issue in case 2:06-cv-153 is foreclosed upon and credit is given to the Defendants for the value of the equipment. Plaintiff is entitled to $1,964,355.06, less the credits that will be given for the foreclosed upon equipment. Plaintiff has 60 days from the date of this memorandum opinion to submit competent summary judgment evidence detailing the credits given as a result of the equipment being foreclosed upon.

IT IS SO ORDERED.

N.D.Tex.,2008.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 341425 (N.D.Tex.)
**(Cite as: 2008 WL 341425 (N.D.Tex.))**

Rabo Agrifinance, Inc. v. Veigel Farm Partners
Not Reported in F.Supp.2d, 2008 WL 341425
(N.D.Tex.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT B

STATE OF NEW MEXICO
COUNTY OF QUAY
IN THE TENTH JUDICIAL DISTRICT COURT

RABO AGRINFINANCE, INC.,
Successor in Interest to Farm Credit Bank of Texas,

      Plaintiff,

vs.

                                         No. D-1010-CV-200700111
                                         Judge Hon. Drew D. Tatum

TERRA XXI, LTD., a Texas limited partnership,
Composed of Veigel Cattle Company,
as General Partner; et al.,

      Defendants.

## DEFENDANTS' MOTION FOR RELIEF OF JUDGMENT

COME NOW Defendants, by and through their attorney Garrett Law Firm, P.A.,

Michael T. Garrett, Esq., and pursuant to RULE 1-060(b)(5) NMRA request an order for

relief from prior orders of this Court granting Plaintiff's motion for summary judgment to

foreclose on the basis that Plaintiff's judgment debt has recently been satisfied and/or it is

no longer equitable the judgment debt should have prospective application, and as

grounds  therefore, state:

      1.      In November 1994, Terra XXI Ltd. obtained mortgage financing from the

Farm Credit Bank of Texas secured by a first lien deed of trust on 5,662.88 acres in Deaf

Smith County, Texas [1] and a first lien mortgages on Terra XXI Ltd.'s undivided interest

in Quay [2] and Guadalupe [3] Counties, New Mexico referencing each other and securing

---

[1]  See the Deaf Smith County Deed of Trust attached hereto as Exhibit 1.
[2]  See the Quay Mortgage attached hereto as Exhibit 2.
[3]  See the Guadalupe Mortgage attached hereto as Exhibit 3.

1

two promissory notes.[4] These instruments were subsequently modified in March 1999 [5] and then assigned to First Ag Credit, FCS on February 1, 2000 [6] which held the instruments when Terra XXI Ltd. filed Chapter 11 bankruptcy on September 1, 2000.

2.      Terra XXI Ltd.'s confirmed Chapter 11 plan of reorganization [7] ("XXI's Plan") was confirmed on January 11, 2002.  In a failed attempt to comply with §§ 3.04 and 8.07 of XXI's Plan, First Ag Credit, FCS's subsidiary First Ag Credit, FLBA submitted new loan and security documents for execution by letter dated January 8, 2002.[8] The documents did not comply with the terms or specified form of XXI's Plan (and attempted to reaffirmed Veigel Farm Partners' liability on the debts which had been discharged by its confirmed Chapter 11 plan of reorganization) and as a result were never executed.  First Ag Credit, FLBA took no action to request further relief from the bankruptcy court.

3.      Subsequently upon default of XXI's Plan, First Ag Credit, FCS's subsidiary First Ag Credit, FLBA initially posted the 5,662.88 acres in Deaf Smith County for non-judicial foreclosure to be held on August 5, 2003, but subsequently entered into a forbearance agreement with Ag Services of America, Inc. (which held the second lien deed of trust to the property) to pull down the sale.[9] First Ag Credit, FLBA then reposted the 5,662.88 acres in Deaf Smith County for non-judicial foreclosure to be

---

[4]   See the Promissory Note for $1,962,100 attached hereto as Exhibit 4 and the Promissory Note for $1,037,900 attached hereto as Exhibit 5.

[5]   See for example the modification agreements filed in Quay County for each note attached hereto as Exhibit 6 and 7 respectively.

[6]   See Exhibit B to Plaintiff's First Amended Complaint in this Case.

[7]   See XXI's Plan attached hereto as Exhibit 8 and order confirming XXI's Plan attached hereto as Exhibit 9.

[8]   See letter with documents attached hereto as Exhibit 10.

[9]   See Forbearance Agreement attaché hereto as Exhibit 11

held on September 2, 2003, [10] but again pulled down its sale when Ag Acceptance Corporation was the successfully bidder at its foreclosure sale on its third lien deed of trust also on September 2, 2003.

4.     Subsequently, First Ag Credit, FLBA assigned its notes and security instruments, but not expressly including First Ag Credits' rights and allowed secured claim under Terra XXI Ltd.'s confirmed Chapter 11 plan of organization, to Plaintiff's predecessor by merger Rabo AgServices, Inc. on February 13, 2004.[11]

5.     In May, 1998, Terra XXI Ltd. granted a second lien on all of its properties including a deed of trust on the same 5,662.88 acres in Deaf Smith County, Texas to Plaintiff's predecessor by merger Ag Services of America, Inc. (recorded as instrument 98-1253) expressly made subject to the prior deed of trust given to the Farm Credit Bank of Texas.[12] Ag Services of America, Inc. also posted its second lien deed of trust for non-judicial foreclosure set for September 2, 2003,[13] but similarly pulled its sale down when Ag Acceptance Corporation was the successfully bidder at its foreclosure sale on its third lien deed of trust also on September 2, 2003.

6.     In May, 1998, Terra XXI Ltd. also granted a third lien on all of its properties including a deed of trust on the same 5,662.88 acres in Deaf Smith County, Texas to Ag Acceptance Corporation (recorded as instrument 98-1254) expressly made subject to the prior deed of trust given to the Farm Credit Bank of Texas.[14] Ag Acceptance Corporation also posted its third lien deed of trust for non-judicial

---

[10]   See First Ag Credit, FLBA's second foreclosure notice attached hereto as Exhibit 12.
[11]   See Exhibit C-1 to Plaintiff's First Amended Complaint in this Case.
[12]   See Ag Services of America's second lien Deed of Trust No. 98-1253 attached hereto as Exhibit 13.
[13]   See Ag Services of America's foreclosure notice attached hereto as Exhibit 14.
[14]   See Ag Acceptance Corporation third lien Deed of Trust No. 98-1254 attached hereto as Exhibit 15.

foreclosure set for September 2, 2003 [15] Ag Acceptance Corporation acquired title to the 5,662.88 acres in Deaf Smith County with a credit bid of only $20,000 subject to the superior debts and encumbrances.[16]

7.     Subsequently, Plaintiff recovered deficiency judgments on the notes originally given to Ag Services of America, Inc. resulting from Ag Acceptance Corporation's foreclosure on the 5,662.88 acres which was abstracted in Deaf Smith County and was until recently secured by the second lien deed of trust No. 98-1253 originally given to Ag Services of America, Inc..[17] Plaintiff also recovered a judgment on the two promissory notes originally given to the Farm Credit Bank of Texas, which it seeks to collect in this Case, which was also abstracted in Deaf Smith County and was until recently secured by the first lien deed of trust originally given to the Farm Credit Bank of Texas.[18]

8.     Ag Acceptance Corporation, not Plaintiff or any of if predecessor by merger, continued as holder of record title to the 5,662.88 acres until is recent sale of the property subject to the debts secured by the first lien deed of trust originally given to the Farm Credit Bank of Texas and secured by the second lien deed of trust No. 98-1253 originally given Ag Services of America, Inc. now held by Plaintiff shown by title insurance policy and tax records.[19]

9.     Ag Acceptance Corporation has recently sold the 5,662.88 acres along with adjoining Section 59 and E/2 of Section 60 in which Plaintiff owns an undivided 25% interest and Ag Acceptance Corporation owns an undivided 75% interest (which

---

[15] See Ag Acceptance Corporations foreclosure notice attached hereto as Exhibit 16..
[16] See Substitute Trustees Deed to Ag Acceptance Corporation attached hereto as Exhibit 17.
[17] See Exhibits 18 - 21 attached hereto.
[18] See Exhibits 22 – 23 attached hereto.
[19] See Exhibits 24 – 25 attached hereto.

was never encumbered by any deed of trust) in Deaf Smith County to Champion Feeders, LLC free and clear of Plaintiff's first and second lien deeds of trust and abstracted judgments for at least $5,960,000 borrowed from Great Plains Ag Credit and paid to Plaintiff as partial payment.[20]

10.    On information and belief, Defendants believe the total consideration paid by Champion Feeders is approximately $2,000 per acre or $11,325,760 for just the 5,662.88 acres. Such amount is almost 2.5 times more that the amount of the estimated judgment debt of $4.7 million Plaintiff is seeking to collect by foreclosing on the Property at issue in this Case. However, not only as Plaintiff not shown what the current amount of the judgment debt it is seeking to collect in this Case, but Plaintiff continues to refuse to disclose the total consideration it received from Champion Feeders LLC, has not given any credit on the judgments, and has asserted to this Court that no credit from the proceeds should be given because in was Plaintiff instead of Ag Acceptance Corporation who owned the 5,662.88 acres free and clear of Plaintiff's lien.

11.    However, Plaintiff is judicially estopped and barred by *res judicata* from denying that Ag Acceptance Corporation consideration paid for the 5,662.88 acres includes Ag Acceptance Corporations implied or "virtual assumption" of the debts secured by the superior liens on the 5,662.88 including the judgment debt at issue in this Case. For example, Plaintiff and Ag Acceptance Corporation filed a motion for summary judgment in Cause No. CI-04B-011 in the 222nd District Court in Texas citing *Graham & Locke Investments, Inc. v. Madison,* 295 S.W.2d 234 (Tex.Civ.App.-Dallas 1956) for support,[21] which together with trial testimony of Plaintiff's representative,[22] resulted in

---

[20]   See Exhibits 26 – 28 attached hereto.
[21]   See Exhibit 29 at page 13attached hereto.

5

summary judgment that Ag Acceptance Corporation's foreclosure consideration included the implicit or "virtual" assumption of the superior debts including judgment debt at issue in this Case.[23]

12.    When Ag Acceptance Corporation foreclosed on the 5,662.88 acres for $20,000 plus the implicit or "virtual" assumption of the superior secured debts including the judgment debt at issue in this Case, not only did the 5,662.88 acres remain principally liable for the debts with Terra XXI Ltd. becoming a surety to the land, [24] but under *Graham & Locke* it also became personally liable.  See Grant S. Nelson & Dale A. Whitman, *Real Estate Finance Law* (5th ed. 2007) "*... it may be implied from the transaction of the parties, or it may be shown by circumstances under which the purchase was made, as well as by the language used in the agreement.  If it is not written, however, it must be established by clear and unequivocal proof.*" *id*. 277; and "*Alternatively, it may contain a statement that the conveyance is "subject to" the mortgage. In such cases an assumption of the mortgage can be established only by reference to evidence extrinsic to the deed. That evidence may consist of either a separate written or oral express agreement, or it may consist of the circumstances accompanying the transaction, the most important of which is the amount paid by the grantee for the property.*" *id*. 279-280.

13.    In any event, as if there had been surplus funds from Plaintiff's foreclosure of its first lien deed of trust on the 5,662.88 acres, the first proceeds are paid

---

[22]  See Exhibit 30 attached hereto.

[23]  See Exhibit 31 at pages 6 – 7 attached hereto.

[24]  See 55 Am. Jur. 2d Mortgages § 1021 "When a conveyance subject to an existing mortgage is made, a principal-and-surety relationship is deemed to arise between the land and the seller/mortgagor, with the mortgagor being surety and the land itself taking on the characteristic of principal debtor.  When a seller/mortgagor of land is deemed surety due to a sale subject to an existing mortgage, the seller is entitled to all protection which law gives to sureties"; and 5 Tiffany Real Prop. § 1435 (1939).

to satisfy the first lien debts, proceeds are next used to satisfy inferior liens in order of priority with any remaining balance paid to the holder of the equity of redemption.

14.     In this Case, it is now apparent that Plaintiff has received at least $5,960,000 from the sale of the 5,662.88 acres to Champion Feeders LLC which far exceeds the amount currently owing on the judgment debt that Plaintiff seeks to foreclose.  As such, under Rule 1-060(b)(5) NMRA, Defendants are entitle to an order that Plaintiff's judgment debt has been satisfied and thus Plaintiff is not entitled to foreclosure as has been previously award by this Court prior to the sale of the 5,662.88 acres to Champion.

WHEREFORE, Defendants request the Court enter an order granting Defendants relief from the Court's prior summary judgments pursuant to Rule 1-060(b)(5) and deny Plaintiff's request for a Special Master to be appoint to sale the Property at issue in this Case.  Alternatively, Defendants request the Court stay any order appointing such Special Master until such time Plaintiff can show there is an amount still owing on its judgment debt secured by its mortgage on the Property after the sale of the 5,662.88 acres free and clear of Plaintiff's first lien and payment of proceeds to Plaintiff and for such other and further relief as the Court deems just and proper.

GARRETT LAW FIRM, P.A.

CERT__ __VICE.
I hereby c__ __ have
(Mailed)(Delivered)(Faxed) a copy
of the foregoing pleading to
opposing counsel of record

this 5th day of Feb 20 13

Michael P. Garrett, Esq.
NMBA 922 CAID 66/047
Attorney for Defendants
920 North Main Street
Clovis, New Mexico 88101-5931
(575) 762-4545 FAX (575) 762-7663

7

EXHIBIT C

336 P.3d 972
Court of Appeals of New Mexico.

RABO AGRIFINANCE, INC., Successor in Interest
to Farm Credit Bank of Texas, Plaintiff–Appellee,
v.
TERRA XXI, LTD., a Texas Limited Partnership,
composed of Veigel Cattle Company, as General
Partner; Robert Wayne Veigel, a/k/a Bob W.
Veigel; Ella Marie Williams Vogel, a/k/a Ella
Marie Veigel; Veigel Cattle Company, a Texas
corporation; Veigel Farm Partners, a Texas general
partnership d/b/a Veigel Partners; Bob Veigel, Inc.,
a Texas corporation; Steve Veigel, Inc., a Texas
corporation; Veigel–Kirk, Inc., a Texas corporation;
Vicki Veigel, Inc., a Texas corporation; Veigel
Farms, Inc., a Texas corporation; Terra Partners, a
Texas general partnership; Burnett & Veigel, Inc.,
a Texas corporation, as general partner of Terra
Partnership, a Texas general partnership; and, All
Unknown Claimants of Interest in the Premises
Adverse to the Plaintiff, Defendants–Appellants.

No. 32,697.   |   June 25, 2014.   |
Certiorari Denied, Oct. 8, 2014, No. 34,891.

**Synopsis**
**Background:** Mortgagee brought foreclosure action seeking
to confirm Texas judgment in the amount of $3,958.577.97,
less a $200,000 credit, and foreclosure of the mortgage
covering the property, and mortgagor counterclaimed for
failure to act in good faith, prima facie tort, mortgages
extinguished, civil conspiracy, and quiet title and foreclosure.
The District Court, Quay County, Drew D. Tatum, D.J.,
granted summary judgment confirming the judgment amount,
and in favor of mortgagee on its first mortgage lien interest
as to an undivided 50% interest in the subject property,
and dismissed mortgagor's counterclaims. Mortgagee and
mortgagor cross-appealed, and the Court of Appeals, 274
P.3d 127, affirmed in part, reversed in part, and remanded.
On remand, the District Court, Quay County, Drew D.
Tatum, D.J., granted mortgagee summary judgment and
subsequently denied mortgagor's motion for relief from
judgment. Mortgagor appealed.

[**Holding:**] The Court of Appeals, Fry, J., held that pursuant
to the after-acquired title doctrine mortgagor's subsequently
acquired 100 percent interest in the property inured to the
benefit of mortgagee.

Affirmed.

West Headnotes (7)

[1]    **Estoppel**
        👉 Estoppel as to title subsequently acquired in
        general

        The common law doctrine of "after-acquired
        title" is one under which title to land
        subsequently acquired by a grantor who
        previously attempted to convey title to the
        same land, which he then did not own, completely
        and automatically inures to the benefit of his prior
        grantee.

        Cases that cite this headnote

[2]    **Estoppel**
        👉 Estoppel as to title subsequently acquired in
        general

        Application of the after-acquired title doctrine is
        limited by the extent of the grantor's conveyance.

        Cases that cite this headnote

[3]    **Estoppel**
        👉 Estoppel as to title subsequently acquired in
        general

        A grantor who executes a deed purporting to
        convey land to which he has no title or to
        which he has a defective title at the time of
        the conveyance will not be permitted, when he
        afterward acquires good title to the land, to claim
        in opposition to his deed as against the grantee.

        Cases that cite this headnote

[4]    **Mortgages**
        👉 After-acquired property or title

Mortgagor's grant of the mortgage "with mortgage covenants" purported to convey a 100 percent interest in the property to mortgagee, even though mortgagor only held a 50 percent interest in the property at the time of the mortgage, and thus, pursuant to the after-acquired title doctrine mortgagor's subsequently acquired 100 percent interest in the property inured to the benefit of mortgagee.

Cases that cite this headnote

[5] **Deeds**
👉 Quitclaim

An essential characteristic of a quitclaim deed is that it contains no warranties or covenants by the grantor.

Cases that cite this headnote

[6] **Appeal and Error**
👉 Vacating Judgment or Order

Appellate court generally reviews the trial court's ruling on a motion for relief from judgment based on satisfaction of the judgment for an abuse of discretion except where the issue is one of pure law. NMRA, Rule 1–060(B)(5).

Cases that cite this headnote

[7] **Mortgages**
👉 Presentation and reservation in lower court of grounds of review

Mortgagor did not preserve on appeal its claim that primary fund doctrine required that foreclosure judgment be satisfied first from Texas property, where mortgagor did not raise the argument in its motion for relief from judgment. NMRA, Rule 1–060(B)(5).

1 Cases that cite this headnote

**Attorneys and Law Firms**

**\*973** Rowley Law Firm, L.L.C., Richard F. Rowley, II, Richard F. Rowley, III, Clovis, NM, for Appellee.

Keleher & McLeod, P.A., Thomas C. Bird, James L. Rasmussen, Justin B. Breen, Albuquerque, NM, for Appellants.

**OPINION**

FRY, Judge.

{1} Defendants, collectively referred to as Terra throughout this Opinion, appeal the district court's orders granting summary judgment in favor of Plaintiff [1] in a mortgage foreclosure proceeding and denying their motion under Rule 1–060(B)(5) NMRA for relief from the judgment. Terra argues that the district court erred in applying the after-acquired title doctrine and in denying their post-judgment motion under Rule 1–060(B)(5), arguing that the judgment has been satisfied. Because we disagree with Terra, we affirm.

**BACKGROUND**

[1] {2} This is the second time this case has been before this Court, and we reiterate the basic facts underlying this suit from the first opinion. *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.,* 2012–NMCA–038, 274 P.3d 127. Plaintiff is the holder of two promissory notes secured by a mortgage covering property located in Quay and Guadalupe Counties, New Mexico (the New Mexico property) and a deed of trust covering land in Deaf Smith County, Texas. *Id.* ¶ 2. At the time Terra granted the mortgage, it owned an undivided fifty percent interest in the New Mexico property. *Id.* Five years later, Terra received a warranty deed to the New Mexico property that effectively gave it a 100 percent ownership interest in the property. *Id.* In 2005, Plaintiff successfully sued in federal court to collect on the amounts due on the promissory notes. *Id.* ¶ 3. Plaintiff subsequently brought suit in New Mexico to confirm the judgment entered against Terra and sought to foreclose the mortgage on the New Mexico property to the full extent of Terra's 100 percent interest on the basis of the after-acquired title doctrine. *Id.* ¶ 4. "The common law doctrine of after-acquired title is one under which title to land subsequently acquired by a grantor who previously attempted to convey title to the same land, which he then did not own, completely and automatically inures to the benefit of his prior grantee." *Hays v. King,* 1989–NMSC–078, ¶ 8, 109 N.M. 202, 784 P.2d 21.

{3} In the first appeal, we reversed the district court's ruling in favor of Terra that the doctrine of after-acquired title

did not apply in this case. We held that "as a general matter, the after-acquired title doctrine can be applied in New Mexico in favor of a mortgagee of property based on mortgage covenants unless particular circumstances warrant non-application." *Rabo Agrifinance, Inc., 2012–NMCA–038, ¶ 18, 274 P.3d 127.* Because the mortgage purported to convey Terra's interest in the New Mexico property "with mortgage covenants," *id.* ¶ 7 (internal quotation marks omitted), we remanded to the district court for further proceedings regarding the application of the after-acquired title doctrine to the facts of this case. *Id.* ¶ 18.

**\*974** {4} On remand, the district court applied the after-acquired title doctrine and concluded that because Terra granted the mortgage at issue "with mortgage covenants," it is estopped from claiming that the mortgage did not attach to the entire property when Terra subsequently obtained a 100 percent interest. Because Terra was estopped to claim that the mortgage did not attach to the entire New Mexico property, the district court granted summary judgment in favor of Plaintiff.

{5} Following the entry of summary judgment, Terra sought to conduct further discovery on the issue of whether land in Texas that was also used to secure the mortgage had been sold, and, if so, whether the proceeds of the alleged sale satisfied the judgment. Terra ultimately filed a motion for relief from the judgment under Rule 1–060(B)(5), arguing that the judgment had indeed been satisfied because Plaintiff allegedly received sufficient funds in the sale of the Texas property to satisfy its judgment against Terra. The district court denied Terra's motion, and Terra now appeals.

## DISCUSSION

### I. After–Acquired Title Doctrine

{6} In arguing that the district court erred in applying the after-acquired title doctrine, Terra makes three main contentions. Terra argues that (1) the after-acquired title doctrine is limited by the extent of the grantor's conveyance, (2) the mortgage covenants did not expand the interest Terra purported to convey, and (3) the district court mistakenly focused on Plaintiff's intent in its application of the after-acquired title doctrine. We address these contentions in two parts. First, we group Terra's first two arguments into the basic determination of what Terra purported to convey in the mortgage. Second, we determine whether the district court improperly considered the Plaintiff's intent in applying the doctrine.

### A. Terra Purported to Convey a 100 Percent Interest in the Property

**[2]** **[3]** {7} As a general matter, we take no issue with Terra's argument that application of the after-acquired title doctrine is limited by the extent of the grantor's conveyance. As noted above, the doctrine "estops a grantor who obtains title to land after already granting the land from claiming the land as against the grantee." *Rendleman v. Heinley, 2007–NMCA–009, ¶ 3, 140 N.M. 912, 149 P.3d 1009.* "A grantor who executes a deed purporting to convey land to which he has no title or to which he has a defective title at the time of the conveyance will not be permitted, when he afterward acquires good title to the land, to claim in opposition to his deed as against the grantee [.]" *Hays, 1989–NMSC–078, ¶ 9, 109 N.M. 202, 784 P.2d 21* (internal quotation marks and citation omitted). Terra's argument is therefore correct to the extent that if it did not purport to convey a 100 percent interest in the property, the after-acquired title doctrine could not benefit Plaintiff. *See Rendleman, 2007–NMCA–009, ¶ 18, 140 N.M. 912, 149 P.3d 1009* (explaining that the after-acquired title doctrine did not apply in another case "because there had been no attempt by the grantor to convey the property in question to one of the parties"). Thus, the threshold issue before us is what Terra purported to convey in the mortgage documents. We review this issue de novo. *Id.* ¶ 14 ("Whether the doctrine of after-acquired title applies is a question of law, which we review de novo.").

**[4]** {8} Terra argues that it did not purport to convey a 100 percent interest in the property because it only purported to convey its "interest in and to" the New Mexico property in the mortgage. Terra likens this language to a quitclaim deed, to which the after-acquired title doctrine is likely inapplicable. *See Hays, 1989–NMSC–078, ¶ 5, 109 N.M. 202, 784 P.2d 21* ("[The plaintiff cites] as authority ... cases supporting the propositions that a quitclaim deed vests only the title held by the grantor at the time of the conveyance, and that the after-acquired title doctrine does not apply to one claiming title under a quitclaim deed.... [W]e have no quarrel with the substance of these cited authorities[.]"). Terra further argues that language in the mortgage stating that Terra granted, mortgaged, and conveyed its interest in and to the New Mexico property "with mortgage covenants" does not operate to enlarge **\*975** the interest purportedly conveyed by the mortgage. For the reasons stated below, we conclude that the grant of the mortgage "with mortgage covenants" purported to convey a 100 percent interest in the property and that

the district court therefore properly applied the after-acquired title doctrine.

 **[5]**  {¶9} As an initial matter, we reject Defendants' invitation to view language in the mortgage as analogous to a quitclaim deed so as to preclude application of the after-acquired title doctrine. "[A]n essential characteristic of a quitclaim deed is that it contains no warranties or covenants by the grantor." *R & R Land Dev., L.L.C. v. Am. Freightways, Inc.,* 389 S.W.3d 234, 242 (Mo.Ct.App.2012); *see* 23 Am.Jur.2d *Deeds* § 10 (2014). The mortgage in this case was explicitly granted "with mortgage covenants" as well as with a litany of further "representations, warranties, and covenants." We thus conclude that any similarity between the "my interest in and to" language in this mortgage and language often found in quitclaim deeds ends at a purely semantic level.

{¶10} Furthermore, the phrase "mortgage covenants" has a specific, statutorily defined meaning in New Mexico. NMSA 1978, Section 47–1–40 (1947) states that the use of "mortgage covenants" in a mortgage is construed to mean that "the mortgagor ... covenants with the mortgagee ... that he is lawfully seized in fee simple *of the granted premises;* that they are free from all encumbrances; that the mortgagor has good right to sell and convey the same; and that he will ... warrant and defend the same to the mortgagee ... forever against the lawful claims and demands of all persons." (emphasis added) (internal quotation marks omitted). We therefore construe "with mortgage covenants" as covenanting the entirety of the premises listed in the mortgage. We do not deny that this presumption can be overcome by an express statement to the contrary; however, we find no such language in the mortgage at issue. In particular, the mortgage makes no mention that the granted premises are limited to a fifty percent interest, and we would be required to read such language into the mortgage to determine that the statement "my interest in and to" referred to only a fifty percent interest. *Cf. Sharpe v. Smith,* 1961–NMSC–038, ¶ 18, 68 N.M. 253, 360 P.2d 917 ("It is the intent which is expressed in the deed and not a secret intention of the party ... existing at the time of execution that is controlling." (internal quotation marks omitted)).

{¶11} Thus, when we construe the language "with mortgage covenants" in accordance with Section 47–1–40, the mortgage purports to convey the entirety of the granted premises—the property listed in the mortgage—and not only the fifty percent interest Terra possessed at the time it executed the mortgage. This is not an "expansion"

of the interest Terra conveyed, as Terra argues. Instead, when construed in accordance with Section 47–1–40, "with mortgage covenants" clarifies what "interest in and to" the property Terra purported to convey: fee simple absolute. This Court's opinion in the first appeal concluded as much in the general sense, and we see no reason to fully reiterate this Court's analysis on this point. *Rabo Agrifinance, Inc., 2012–NMCA–038, ¶ 12, 274 P.3d 127* (stating that it is well settled that when one purports to convey land in fee simple through a mortgage, any title to the property acquired afterwards will inure to the benefit of the mortgagee). In sum, because Terra purported to convey the entire property listed in the mortgage, the district court properly applied the after-acquired doctrine to conclude that the subsequently acquired fifty percent interest inured to the benefit of Plaintiff. [2]

## B. The District Court Did Not Rely on the Grantee's Intent

{¶12} Terra also argues that the district court inappropriately focused on the intent of the grantee—Plaintiff—in applying the after-acquired title doctrine. While we are uncertain **\*976** which portion of the district court's decision evinces a reliance on Plaintiff's intent since Terra does not provide citation to the record to support this assertion, we assume that the basis of Terra's contention is the district court's statement in its decision letter that Plaintiff "believed the mortgage to cover 100 [percent] of the real property at issue herein, but [Terra] only owned an undivided 50 [percent] interest in the real property." Our reading of the district court's decision on the after-acquired title doctrine issue, however, does not show any reliance by the district court on Plaintiff's intent. Similar to what we concluded above, the district court determined that Terra "granted the mortgage 'with mortgage covenants' [and is] now estopped by the after-acquired title doctrine from claiming the mortgage did not attach to the entire real property at the time [Terra] obtained [a 100 percent interest] in the real property."

## II. Rule 1–060(B)(5)

 **[6]**  {¶13} Terra argues that the district court erred in denying its motion under Rule 1–060(B)(5) that the judgment in this case has been satisfied. Rule 1–060(B)(5) provides that "the court may relieve a party or his legal representative from a final judgment ... [when] the judgment has been satisfied, released, or discharged[.]" "We generally review the trial court's ruling under Rule 1–060(B) [ (5) ] for an abuse of discretion except ... where the issue is one of pure law." *Edens*

*v. Edens,* 2005–NMCA–033, ¶ 13, 137 N.M. 207, 109 P.3d 295 (internal quotation marks and citation omitted).

{14} We briefly set out a simplified version of the alleged facts pertinent to Terra's argument. In addition to securing the underlying notes in this case with the mortgage covering the New Mexico property, Terra also secured the notes with a deed of trust covering a large portion of land in Texas. Terra subsequently granted second and third lien interests on the properties. Following default and non-judicial foreclosure of the Texas property, Ag Acceptance Corporation (AAC), the third lienholder and entity seeking foreclosure, was the successful bidder and took the Texas property subject to Plaintiff's first and second liens. Terra alleges that AAC then sold the Texas property to Champion Feeders, LLC some ten years later, free and clear of Plaintiff's first and second liens and the related judgment lien. Terra argues that any payment Plaintiff received from AAC to release its liens on the property should have been credited against the judgment.

{15} Terra raises two points. Terra first argues that the debt and judgment in the present case has been satisfied by "necessary implication" as a result of the conveyance of the Texas property free and clear of Plaintiff's liens. Second, Terra argues that if Plaintiff denies receiving compensation for the release of its liens on the Texas property, the primary fund doctrine requires that the judgment be satisfied first from the Texas property, not the New Mexico property.

{16} Terra cites no authority to support its first argument —that monies paid by a successful bidder in a foreclosure sale to a senior lienholder in order to extinguish the senior lienholder's liens should be credited toward the judgment debtor's debt. Instead, Terra cites NMSA 1978, § 48–7–4(A) (1991), which states that "[w]hen any debt ... secured by a mortgage or deed of trust upon any real estate in the state has been fully satisfied, it is the duty of the mortgagee ... to cause the full satisfaction of it to be entered of record in the office of the county clerk." We fail to see how this statute supports Terra's assertion. If Terra had satisfied its debt to Plaintiff then Plaintiff would have a duty to record it in the office of the county clerk. *See* § 48–7–4(A). That is not what happened here. Terra defaulted on its obligations,

and the property securing such obligations was foreclosed on. Therefore, because Terra cites no authority to support its proposition, we conclude that the district court did not abuse its discretion in denying the Rule 1–60(B)(5) motion on this point. *In re Adoption of Doe,* 1984–NMSC–024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists).

[7] {17} As for Terra's argument regarding the primary fund doctrine, we decline to review this contention because Terra did not **\*977** preserve the error below. Terra acknowledges that it did not refer to the primary fund doctrine in its Rule 1–060(B)(5) motion, nor did it cite to the case it primarily relies on to support its argument. However, Terra contends that its argument below embodies the principles of the primary fund doctrine and that therefore the issue was preserved. We disagree. We will not conclude that the district court abused its discretion in failing to apply a doctrine of law when that doctrine was not presented to the district court. *See Woolwine v. Furr's, Inc.,* 1987–NMCA–133, ¶ 20, 106 N.M. 492, 745 P.2d 717 (stating that to preserve an issue for review on appeal, it must appear that the plaintiff fairly invoked a ruling on the same grounds argued in the appellate court). Accordingly, we conclude that the district court did not abuse its discretion in denying Terra's motion under Rule 1–060(B) (5).

**CONCLUSION**

{18} For the foregoing reasons, we affirm the district court's grant of summary judgment and its denial of Terra's Rule 1–060(B)(5) motion.

{19} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and MICHAEL E. VIGIL, Judges.

**All Citations**

336 P.3d 972, 2014 -NMCA- 106

Footnotes

1    In this Opinion, the term "Plaintiff" includes Rabo Agrifinance, Inc. and its predecessor in interest, Farm Credit Bank of Texas.

2    Terra requested that if this Court affirms the judgment, the judgment be modified to exclude the "Snipes Property," which was excluded from the judgment in the first appeal but was not excluded from the judgment we are reviewing in the

present appeal. We believe such a determination—whether the property was inadvertently included in the judgment—is best handled by the district court on remand.

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT D

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT

RABO AGRIFINANCE, INC., Successor
in Interest to the Farm Credit Bank of Texas,

        Plaintiff,

v.

                                 No. D-1010-CV-2007-00111

TERRA XXI, LTD., a Texas Limited Partnership,
composed of Veigel Cattle Company, as General
Partner, et al.,

        Defendants.

## NOTICE OF FILING REPORT OF SPECIAL MASTER

You are hereby notified of the filing of the attached Report of Special Master,

Exhibit "A" attached hereto. If you object to the Report, you must file your written

objection thereto within 13-days. If no objections are filed, a proposed Order, Exhibit

"B" attached hereto, will be presented to the Court without further notice to you.

                ROWLEY LAW FIRM, LLC

                By: _____
                    Richard F. Rowley II
                    Post Office Box 790
                    305 Pile
                    Clovis, New Mexico 88102-0790
                    Telephone: (575) 763-4457
                    Facsimile: (575) 763-4450
                    E-mail: r2@rowleylawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21 day of May, 2015 a true and correct copy of the foregoing pleading was served via electronic service through the Odyssey Case Management File & Serve System to all opposing counsel of record.

ROWLEY LAW FIRM, LLC

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/21/2015 10:41:28 AM
DIANE ULIBARRI
Hallie Ferguson

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT

RABO AGRIFINANCE, INC., Successor
in Interest to the Farm Credit Bank of Texas,

Plaintiff,

v.                                          No. D-1010-CV-2007-00111

TERRA XXI, LTD., a Texas Limited Partnership,
composed of Veigel Cattle Company, as General
Partner, et al.,

Defendants.

## REPORT OF SPECIAL MASTER SALE

COMES NOW Antoinette L. Linder, Special Master herein, and reports that

pursuant to the decree of foreclosure and order of sale heretofore entered in this cause,

she did advertise the hereinafter described real estate, and improvements located

thereon, for sale at public auction to the highest bidder for cash at the front door of the

Quay County Courthouse, Clovis, New Mexico at 11:00 o'clock a.m. on Tuesday, May

19, 2015 by four (4) consecutive weekly publications in the Quay County Sun, a

newspaper of general circulation in Quay County, New Mexico, the last publication of

said notice being on May 13, 2015 and The Guadalupe County Communicator, a

newspaper of general circulation in Guadalupe County, New Mexico, the last

publication of said notice being May 7, 2015, and that at the time and place stated in



EXHIBIT
A

said notice, she did offer and expose for sale all of the following described real estate and improvements situated in Quay County and Guadalupe County, New Mexico, to-wit:

Quay County, New Mexico:

**Township 7 North, Range 27 East, NMPM**

Section 3:   Lots 1, 2, S ½ NE 1/4 (NE 1/4)
Section 5:   Lots 1, 2, 3, 4, S ½ N ½ (N ½), SE 1/4
Section 6:   S ½ NE 1/4, Lot 1 (NE 1/4 NE 1/4), SE 1/4 NW 1/4
Section 7:   Lots 1, 2, 3, 4, E ½ W ½, E ½ (All)
Section 8:   N ½
Section 17:  SW 1/4
Section 18:  Lots 1, 2, 3, 4, E ½ W ½ (W ½), SE 1/4
Section 19:  Lots 1, 2, E ½ NW 1/4, NE 1/4 (N ½)
Section 20:  NW 1/4
Section 27:  SE 1/4
Section 34:  NE 1/4

**Township 8 North, Range 27 East, NMPM**

Section 28:  S ½
Section 29:  SE 1/4
Section 32:  E ½, SW 1/4
Section 33:  E ½
Section 34:  W ½, SE 1/4

Guadalupe County, New Mexico:

**Township 7 North, Range 26 East, NMPM**

Section 1:   E ½ SE 1/4
Section 12:  E ½, E ½ NW 1/4
Section 13:  NE 1/4, SE 1/4
Section 22:  Lots 1 and 2, NE 1/4, N ½ SE 1/4
Section 23:  Lots 1, 2, 3, 4, 5, 6, 7, 8, N ½, N ½ S ½
Section 24:  All
Section 25:  W ½
Section 26:  All

That at said sale Rabo Agrifinance, Inc. did bid the sum of $4,000,000.00 and that being the highest and best bid offered the real estate and improvements were struck off and sold to said bidder for said sum, subject to unpaid ad valorem taxes, if any.

That said sales were duly conducted in accordance with the laws and the usual practice of this Court. That $4,000,000.00 of the proceeds of said sale shall be disbursed to Plaintiff, Rabo Agrifinance, Inc., in *partial* satisfaction of its judgment, including costs of suit, all publication costs and Special Master's Fee, pursuant to the Judgment heretofore entered in this cause, except a 1-month right of redemption which is confirmed in the Defendant, Terra XXI, Ltd., a Texas Limited Partnership.

That the Plaintiff should be granted a deficiency judgment against the Defendants, Terra XXI, Ltd., a Texas Limited Partnership, Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc. and Veigel Cattle Company, jointly and severally, in the amount of $1,361,083.96. See Exhibit "A" attached hereto.

**WHEREFORE**, said Special Master prays that this Report of Sale and said sale be approved and confirmed and that she be authorized to execute and deliver to said Purchaser, Rabo Agrifinance, Inc., a deed conveying all right title and interest of all of the Defendants in said action to the Purchasers, except for the 1-month right of redemption which is confirmed in the Defendant, Terra XXI, Ltd., a Texas Limited Partnership, and that the Plaintiff, Rabo Agrifinance, Inc. be granted a deficiency judgment against the Defendants, Terra XXI, Ltd., a Texas Limited Partnership, Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc. and Veigel Cattle

Company, jointly and severally, in the amount of $1,361,083.96, and that upon delivery of such Special Master's Deed she be fully discharged.

Antoinette L. Linder

STATE OF NEW MEXICO

COUNTY OF CURRY: ss

Antoinette L. Linder being first duly sworn upon her oath deposes and says that she is the Special Master above named; and that the facts stated in the foregoing Report of Sale are true and correct according to the best of her knowledge and belief; that said sale was duly and regularly conducted and that she did not become the purchaser of said real estate either directly or indirectly and has no interest in said purchase.

Antoinette L. Linder

SUBSCRIBED and SWORN TO before me this 21 day of May, 2015.

Notary Public

My Commission Expires: 9/2/18

(S E A L)



OFFICIAL SEAL
Kim Wilson
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires

ROWLEY LAW FIRM, LLC

By: _Richard F. Rowley II_

Richard F. Rowley II
Post Office Box 790
305 Pile
Clovis, New Mexico 88102-0790
Telephone:  (575) 763-4457
Facsimile:  (575) 763-4450
E-mail:  r2@rowleylawfirm.com

*Counsel for Plaintiff, Rabo Agrifinance, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2015 a true and correct copy of the foregoing pleading was served via electronic service through the Odyssey Case Management File & Serve System, to all opposing counsel of record.

_Richard F. Rowley_

ROWLEY LAW FIRM, LLC

*Rabo Agrifinance, Inc. v. Terra XXI, Ltd., et al*
*Quay County Cause No. D-1010-CV-2007-00111*

| | |
|---|---|
| Notice of Sale | $ 5,459,759.60 |
| Publication - Quay | $ 925.88 |
| Publication - Guadalupe | $ 462.68 |
| Supersedeas Bond | $ (100,064.20) |
| Foreclosure Bid | $ (4,000,000.00) |
| | |
| *Deficiency* | $ 1,361,083.96 |

Exhibit "A"

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT

RABO AGRIFINANCE, INC., Successor
in Interest to the Farm Credit Bank of Texas,

        **Plaintiff,**

v.                              **No. D-1010-CV-2007-00111**

TERRA XXI, LTD., a Texas Limited Partnership,
composed of Veigel Cattle Company, as General
Partner, et al.,

        **Defendants.**

---

## ORDER APPROVING REPORT OF SALE

**NOW ON THIS DAY** comes Antoinette L. Linder, Special Master herein, and

submits her Report of Sale under the Decree of Foreclosure and Order of Sale herein

and the Court finds that said sales were duly and regularly conducted in accordance

with the law and usual practice of this Court and that the Special Master is discharged

of her duties as such in making said sale.

    **IT IS THEREFORE ORDERED** by the Court that said sales and report be, and it

hereby is, approved and confirmed in all respects, and that said Special Master be and

she hereby is confirmed in the application of the bid of Rabo Agrifinance, Inc. in the

amount of $4,000,000.00 for the real estate and improvements located thereon. That

$4,000,000.00 of the proceeds should be applied for the reimbursement of court costs,



EXHIBIT

B

publication costs, Special Master's Fee and for *partial* satisfaction of the judgment heretofore entered in favor of Plaintiff, Rabo Agrifinance, Inc., pursuant to the judgment heretofore entered in this cause, except for a 1-month right of redemption which is confirmed in the Defendant, Terra XXI, Ltd., a Texas Limited Partnership. That the Special Master be and she hereby is authorized and directed to execute a deed conveying the real estate and improvements located thereon to the Purchaser, Rabo Agrifinance, Inc., subject to unpaid ad valorem taxes, if any, which deed shall convey all of the right, title and interest of the Defendants, and each of them, and of all persons claiming under them.

The original note will hereby be merged into the judgment upon expiration of the redemption period.

That the Plaintiff, Rabo Agrifinance, Inc., be and it hereby is granted a deficiency judgment against the Defendants, Terra XXI, Ltd., a Texas Limited Partnership, Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc. and Veigel Cattle Company, jointly and severally, in the amount of $1,361,083.96.

_____
District Judge

ROWLEY LAW FIRM, LLC

By: /s/ Richard F. Rowley II - Electronically Signed
    Richard F. Rowley II
    Post Office Box 790
    305 Pile
    Clovis, New Mexico 88102-0790
    Telephone:  (575) 763-4457
    Facsimile:  (575) 763-4450
    E-mail:  r2@rowleylawfirm.com

    *Counsel for Plaintiff, Rabo Agrifinance, Inc.*

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT

mail
fax
to  NAOA  e6al
Date:

RABO AGRIFINANCE, INC., Successor
in Interest to the Farm Credit Bank of Texas,

Plaintiff,

No. D-1010-CV-2007-00111

v.

TERRA XXI, LTD., a Texas Limited Partnership,
composed of Veigel Cattle Company, as General
Partner, et al.,

Defendants.

# REPORT OF SPECIAL MASTER SALE

COMES NOW Antoinette L. Linder, Special Master herein, and reports that
pursuant to the decree of foreclosure and order of sale heretofore entered in this cause,
she did advertise the hereinafter described real estate, and improvements located
thereon, for sale at public auction to the highest bidder for cash at the front door of the
Quay County Courthouse, Clovis, New Mexico at 11:00 o'clock a.m. on Tuesday, May
19, 2015 by four (4) consecutive weekly publications in the Quay County Sun, a
newspaper of general circulation in Quay County, New Mexico, the last publication of
said notice being on May 13, 2015 and The Guadalupe County Communicator, a
newspaper of general circulation in Guadalupe County, New Mexico, the last
publication of said notice being May 7, 2015, and that at the time and place stated in

said notice, she did offer and expose for sale all of the following described real estate and improvements situated in Quay County and Guadalupe County, New Mexico, to-wit:

**Quay County, New Mexico:**

### Township 7 North, Range 27 East, NMPM

Section 3:   Lots 1, 2, S ½ NE 1/4 (NE 1/4)
Section 5:   Lots 1, 2, 3, 4, S ½ N ½ (N ½), SE 1/4
Section 6:   S ½ NE 1/4, Lot 1 (NE 1/4 NE 1/4), SE 1/4 NW 1/4
Section 7:   Lots 1, 2, 3, 4, E ½ W ¼, E ½ (All)
Section 8:   N ½
Section 17:  SW 1/4
Section 18:  Lots 1, 2, 3, 4, E ½ W ½ (W ½), SE 1/4
Section 19:  Lots 1, 2, E ½ NW 1/4, NE 1/4 (N ½)
Section 20:  NW 1/4
Section 27:  SE 1/4
Section 34:  NE 1/4

### Township 8 North, Range 27 East, NMPM

Section 28:  S ½
Section 29:  SE 1/4
Section 32:  E ½, SW 1/4
Section 33:  E ½
Section 34:  W ½, SE 1/4

**Guadalupe County, New Mexico:**

### Township 7 North, Range 26 East, NMPM

Section 1:   E ½ SE 1/4
Section 12:  E ½, E ½ NW 1/4
Section 13:  NE 1/4, SE 1/4
Section 22:  Lots 1 and 2, NE 1/4, N ½ SE 1/4
Section 23:  Lots 1, 2, 3, 4, 5, 6, 7, 8, N ½, N ½ S ½
Section 24:  All
Section 25:  W ½
Section 26:  All

That at said sale Rabo Agrifinance, Inc. did bid the sum of $4,000,000.00 and that being the highest and best bid offered the real estate and improvements were struck off and sold to said bidder for said sum, subject to unpaid ad valorem taxes, if any.

That said sales were duly conducted in accordance with the laws and the usual practice of this Court. That $4,000,000.00 of the proceeds of said sale shall be disbursed to Plaintiff, Rabo Agrifinance, Inc., in *partial* satisfaction of its judgment, including costs of suit, all publication costs and Special Master's Fee, pursuant to the Judgment heretofore entered in this cause, except a 1-month right of redemption which is confirmed in the Defendant, Terra XXI, Ltd., a Texas Limited Partnership.

That the Plaintiff should be granted a deficiency judgment against the Defendants, Terra XXI, Ltd., a Texas Limited Partnership, Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc. and Veigel Cattle Company, jointly and severally, in the amount of $1,361,083.96. See Exhibit "A" attached hereto.

**WHEREFORE,** said Special Master prays that this Report of Sale and said sale be approved and confirmed and that she be authorized to execute and deliver to said Purchaser, Rabo Agrifinance, Inc., a deed conveying all right title and interest of all of the Defendants in said action to the Purchasers, except for the 1-month right of redemption which is confirmed in the Defendant, Terra XXI, Ltd., a Texas Limited Partnership, and that the Plaintiff, Rabo Agrifinance, Inc. be granted a deficiency judgment against the Defendants, Terra XXI, Ltd., a Texas Limited Partnership, Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc. and Veigel Cattle

Company, jointly and severally, in the amount of $1,361,083.96, and that upon delivery of such Special Master's Deed she be fully discharged.

_Antoinette L. Linder_

**STATE OF NEW MEXICO**

**COUNTY OF CURRY: ss**

*Antoinette L. Linder* being first duly sworn upon her oath deposes and says that she is the Special Master above named; and that the facts stated in the foregoing Report of Sale are true and correct according to the best of her knowledge and belief; that said sale was duly and regularly conducted and that she did not become the purchaser of said real estate either directly or indirectly and has no interest in said purchase.

Antoinette L. Linder

SUBSCRIBED and SWORN TO before me this 21 day of May, 2015.

Notary Public

(SEAL)        My Commission Expires: 9/2/18



OFFICIAL SEAL
Kim Wilson
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: _____

ROWLEY LAW FIRM, LLC

By: _____
    Richard F. Rowley II
    Post Office Box 790
    305 Pile
    Clovis, New Mexico 88102-0790
    Telephone:  (575) 763-4457
    Facsimile:   (575) 763-4450
    E-mail:     r2@rowleylawfirm.com

*Counsel for Plaintiff, Rabo Agrifinance, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2015 a true and correct copy of the foregoing pleading was served via electronic service through the Odyssey Case Management File & Serve System, to all opposing counsel of record.

_____
ROWLEY LAW FIRM, LLC

*Rabo Agrifinance, Inc. v. Terra XXI, Ltd., et al*
*Quay County Cause No. D-1010-CV-2007-00111*

| | |
|---|---|
| Notice of Sale | $ 5,459,759.60 |
| Publication – Quay | $ 925.88 |
| Publication – Guadalupe | $ 462.68 |
| Supersedeas Bond | $ (100,064.20) |
| Foreclosure Bid | $ (4,000,000.00) |
| | |
| *Deficiency* | $ 1,361,083.96 |

**Exhibit "A"**

EXHIBIT E

STATE OF NEW MEXICO
COUNTY OF QUAY
TENTH JUDICIAL DISTRICT

RABO AGRIFINANCE, INC.,
SUCCESSOR IN INTEREST TO THE
FARM CREDIT BANK OF TEXAS,

      Plaintiffs,

v.

                                No. D-1010-CV-2007-00111
                                Chief Judge Drew Douglas Tatum
                                [Ninth Judicial District]

TERRA XXI, LTD., a Texas Limited Partnership, composed of
Veigel Cattle Company, as General Partner, et. al.,

      Defendants.

### EMERGENCY MOTION TO DETERMINE SUPERSEDEAS BOND AND FOR STAY OF FORECLOSURE SALE PENDING APPEAL

Defendants, by and through their counsel of record, Keleher & McLeod, P.A., hereby move for entry of an order determining a supersedeas bond ("Bond") and staying the foreclosure sale contemplated by the Order Granting In Part And Denying In Part Plaintiff's Motion For Summary Judgment, entered on February 1, 2010 ("Judgment"). As grounds for this motion, Defendants state as follows:

1.      On May 19, 2015, a foreclosure sale is scheduled at 11:00 am concerning the real property at issue in the Judgment.

2.      Defendants filed a Motion For Rule 1-060(B) Relief And Request For Stay Of Foreclosure Sale on February 10, 2015 ("Motion"), which, if granted, would have caused the foreclosure sale to be vacated.

3.      A hearing on the Motion was held on May 14, 2015.

4.	The Court entered a letter decision denying the Motion on May 15, 2015 ("Order").

5.	Defendants have filed a Notice Of Appeal of the Order.

6.	On a previous appeal in this matter, the Court approved a supersedeas bond of $100,000.00. [See Order Granting Motion To Stay Proceedings And Granting Supersedeas Bond entered on March 19, 2013.] Defendants provided that bond, which has now been ordered to be paid to the Plaintiff pursuant to the Order. Additionally, subsequent to the Court's letter decision dated November 13, 2012 and entered on November 14, 2012, Plaintiff has collected an additional $224,346.35 from additional collateral [See **Exhibit A** attached]. An online query of the National Agricultural Statistics Services indicates that the average surveyed cash rent for pastureland in Quay County for 2014 was $4.40 / acre. [See **Exhibit B** attached] indicating an annual cash rent of the real property to be about $36,586 per year.

7.	Defendants ask that the Court immediately set the amount of the Bond and stay the foreclosure sale contemplated in the Judgment upon delivery of such Bond to the Quay County Clerk's Office prior to 11:00 a.m. MDT May 19, 2015.

8.	NMSA 1978, § 39-3-9 and Rule 1-062 NMRA provide for a stay of execution of judgment when the defendant posts a bond approved by the Court in such amount and upon such conditions as required by the statute and rule. Section 39-3-9, governing supersedeas in cases involving title or possession of real property, provides in pertinent part that ". . . the trial court shall fix the amount of the supersedeas bond . . . for such sum as will indemnify the appellee for all damages that may result from such supersedeas, or from such appeal . . . . In case the title to or possession of real estate is involved in such action, the rental value, and all damages to improvements and waste, shall be considered elements of damages."

9.    Under the circumstances, Plaintiff is not likely to incur any damages as contemplated by the statute, given that they are seeking to obtain the property at the foreclosure sale pursuant to a judgment that continues to accrue daily interest. Regardless, given that a bond of $100,000 was previously approved as sufficient based on the same judgment to sufficiently indemnify the Plaintiff for all damages that may result from the stay, Defendants would request that the amount of the Bond be immediately set without further proceedings so that they can tender the determined amount prior to the sale.

10.    Concurrence was sought from opposing counsel but not received before filing this motion.

WHEREFORE, Defendants respectfully request that the Court immediately enter an order setting the amount of the Bond and, upon posting of such amount, ordering a stay of the foreclosure sale scheduled for May 19, 2015 and any other proceedings herein, pending the appeal in this matter.

Respectfully submitted,

KELEHER & MCLEOD, P.A.

By: /s/ Justin B. Breen
    Filed Electronically on May 18, 2015
    Jeffrey A. Dahl
    Justin B. Breen
    Post Office Box AA
    Albuquerque, New Mexico  87103
    Telephone:  (505) 346-4646
    Facsimile:  (505) 346-1370
    E-Mail: jad@keleher-law.com
    E-Mail: jbb@keleher-law.com
    *Attorneys for Defendants*

THIS HEREBY CERTIFIES that a copy of the foregoing was submitted on May 18, 2015 to Odyssey File & Serve for filing and service on the following counsel of record:

**Counsel for Rabo Agrifinance Inc.:**
Richard F. Rowley II
Rowley Law Firm, L.L.C.
P.O. Box 790
Clovis, New Mexico 88102-0790
Telephone: (575) 763-4457
Facsimile: (575) 763-4450
E-Mail: R2@RowleyLawFirm.com

/s/ Justin B. Breen
Justin B. Breen

**JEAN COODY**
**DEAF SMITH COUNTY DISTRICT CLERK**
235 EAST 3RD, RM. 304  PH. 364-3901
HEREFORD, TX 79045

2927

68-2245/1113
21

Date _11-16-2012_

PAY to the order of _Rabo Agrifinance, Inc. and Ag Acceptance Corporation_     $ *324,346* 35/100

_Two Hundred Twenty-Four Thousand Three Hundred Forty-Six and_ 35/100 _____ Dollars

**FIRST FINANCIAL BANK**
HEREFORD, TEXAS

_CI-048-011 - funds held in Court_
_Registry re: pendency of appeal_
FOR _to final disposition of case_

_Jean Coody_                         AP

⑆002927⑆ ⑆111302457⑆     ⑆23803⑆



EXHIBIT

A

USDA United States Department of Agriculture
National Agricultural Statistics Service

# Quick Stats

Navigation History : Data

Double click any cell below to filter the data by that item. Right click on column heading to pivot or hide columns.

Save :: Spreadsheet :: Printable :: Map ::   (1 rows)

| SURVEY | YEAR | COUNTY | | | | | | | RENT, CASH, PASTURELAND - EXPENSE, MEASURED IN $ / ACRE | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | 2014 | NEW MEXICO | 35 | NORTHEAST | 50 | QUAY | 1007 | 00000000 | TOTAL | NOT SPECIFIED | 4.4 |

Back

Abbreviations are Symbols

EXHIBIT
B

EXHIBIT F

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/2/2015 2:47:11 PM
DIANE ULIBARRI
Barbara Lopez

☑ email
☐ mail
☐ fax
to _Tina Cliff Lopez_
Date: _6.2.15_

**STATE OF NEW MEXICO**
**COUNTY OF QUAY**
**TENTH JUDICIAL DISTRICT COURT**

RABO AGRIFINANCE, INC.,
SUCCESSOR IN INTEREST TO THE
FARM CREDIT BANK OF TEXAS,

      Plaintiffs,

v.

                            No. D-1010-CV-2007-00111
                            Chief Judge Drew Douglas Tatum
                            [Ninth Judicial District]

TERRA XXI, LTD., a Texas Limited Partnership, composed of
Veigel Cattle Company, as General Partner, et. al.,

      Defendants.

## ORDER ON DEFENDANTS' EMERGENCY MOTION TO DETERMINE SUPERSEDEAS BOND AND FOR STAY OF FORECLOSURE SALE PENDING APPEAL

THIS MATTER having come before the Court on the Defendants' Emergency Motion to Determine Supersedeas Bond and for Stay of Foreclosure Sale Pending Appeal; the Court having reviewed the pleadings and matters submitted; having heard the arguments of counsel, and being otherwise fully advised in the premises; FINDS that the Motion is well taken and should be granted;

IT IS THEREFORE ORDERED that Defendants are allowed to post a supersedeas bond pending appeal and to stay the confirmation of the foreclosure sale;

IT IS FURTHER ORDERED that the amount of the supersedeas bond is set at $150,000.00, payable to the Clerk of the District Court of Quay County in cash or certified funds.

_____

THE HONORABLE DREW DOUGLAS TATUM
DISTRICT COURT JUDGE

Submitted and approved by:

KELEHER & MCLEOD, P.A.

By: _/s/ Jeffrey A. Dahl 05/29/2015_
    Jeffrey A. Dahl
    Justin B. Breen
    Post Office Box AA
    Albuquerque, New Mexico 87103
    Telephone: (505) 346-4646
    Facsimile: (505) 346-1370
    E-Mail: jad@keleher-law.com
    E-Mail: jbb@keleher-law.com
    *Attorneys for Defendants*

Approved as to form by:

ROWLEY LAW FIRM, L.L.C.

By: _/s/ Richard F. Rowley II by email 06/01/2015_
    Richard F. Rowley II
    P.O. Box 790
    Clovis, New Mexico 88102-0790
    Telephone: (575) 763-4457
    Facsimile: (575) 763-4450
    E-Mail: R2@RowleyLawFirm.com
    *Attorneys for Plaintiffs*

4830-3102-6212, v. 2

EXHIBIT G

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

RABO AGRIFINANCE, INC.,
**Successor in Interest to Farm
Credit Bank of Texas,**

COURT OF APPEALS OF NEW MEXICO
ALBUQUERQUE
FILED

SEP 08 2015

**Plaintiff-Appellee,**

v.

No. 34,757
**Quay County
D-1010-CV-2007-00111**

**TERRA XXI, LTD., a Texas Limited
Partnership, Composed of VEIGEL CATTLE
COMPANY, as General Partner;
ROBERT WAYNE VEIGEL a/k/a BOB W. VEIGEL;
ELLA MARIE WILLIAMS VOGEL, a/k/a
ELLA MARIE VEIGEL;
VEIGEL CATTLE COMPANY, a Texas corporation;
VEIGEL FARM PARTNERS, a Texas general partnership
d/b/a Veigel Partners;
BOB VEIGEL, INC., a Texas corporation;
STEVE VEIGEL, INC., a Texas corporation;
VEIGEL-KIRK, INC., a Texas corporation;
VICKI VEIGEL, INC., a Texas corporation;
VEIGEL FARMS, INC., a Texas corporation;
TERRA PARTNERS, a Texas general partnership;
BURNETT & VEIGEL, INC., a Texas corporation,
as general partner of Terra Partnership, a Texas
general partnership; and ALL UNKNOWN
CLAIMANTS OF INTEREST IN THE PREMISES
ADVERSE TO THE PLAINTIFF,**

**Defendants-Appellants.**

## <u>NOTICE</u>
## <u>PROPOSED SUMMARY DISPOSITION</u>

You are hereby notified that the:

**Record Proper**

was filed in the above-entitled cause on **July 2, 2015**.

This case has been assigned to the **SUMMARY CALENDAR** pursuant to Rule 12-210(D) NMRA.

Summary affirmance is proposed.

**Note:** This is a *proposal* of how the Court views the case. It is not a final decision. You now have twenty (20) days to file a memorandum telling the Court any reasons why this proposed disposition should or should not be made.

**See Rule 12-210(D) NMRA.**

**Issue:** Appellants Terra XXI, Ltd., et al. (Defendants) argue that the district court improperly denied their Rule 1-060(B) NMRA motion for relief premised on application of the primary fund doctrine. [DS 8] Defendants raised a similar argument in a previous appeal, which this Court declined to review on the basis that Defendants had not preserved a primary fund doctrine argument in their underlying Rule 1-060(B) motion. *See Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 2014-NMCA-106, ¶¶ 5, 13, 15, 17, 336 P.3d 972 (declining to review the primary fund doctrine argument for lack of preservation in the underlying Rule 1-060(B) motion). [RP Vol.14/3198, 3199] Subsequent to that appeal and now the subject of the present appeal, Defendants filed another Rule 1-060(B) motion in the district court, this time raising

an argument pursuant to the primary fund doctrine, which the district court denied. [RP Vol.14/3201, 3235, 3305, 3328, 3347]

We propose to affirm. Based on our disfavor of multiple Rule 1-060(B) motions, case law provides that a subsequent Rule 1-060(B) motion for relief based on different grounds than the first motion may be considered "if there was a justifiable reason for not raising those grounds in the first motion." *See Rios v. Danuser Mach. Co.*, 1990-NMCA-031, ¶ 25, 110 N.M. 87, 792 P.2d 419. Here, as discussed, Defendants did not raise an argument below regarding the primary fund doctrine argument in their first Rule 1-060(B) motion as addressed in the previous appeal, and we perceive no justifiable reason for not doing so. Summary affirmance is thus proposed.

M. MONICA ZAMORA, Judge

3