IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; § | | |
| ROBERT WAYNE VEIGEL; § | | |
| ELLA MARIE WILLIAMS VEIGEL; § | | |
| VEIGEL FARMS, INC.; § | | |
| VEIGEL CATTLE COMPANY; and § | | |
| VEIGEL FARM PARTNERS, § | | |
| § | | |
| Plaintiffs and Counter-Defendants, § | No. 2:15-cv-236-J | |
| § | Judge Robinson | |
| v. § | | |
| § | | |
| AG ACCEPTANCE CORPORATION, § | | |
| § | | |
| Defendant and Counter-Plaintiff. § | | |

## AG ACCEPTANCE CORPORATION'S ORIGINAL COUNTERCLAIM

Defendant Ag Acceptance Corporation files this Counterclaim as Counter-Plaintiff ("**Counter-Plaintiff**" or "**Ag Acceptance**") against Plaintiffs Terra Partners, Terra XXI, Ltd., Robert Wayne Veigel, Ella Marie Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners as Counter-Defendants (collectively "**Counter-Defendants**" or the "**Veigels**") and in support thereof, respectfully show the Court as follows:.

## FACTS

1. The present lawsuit is at least the sixth federal lawsuit between the parties or their affiliates in the past decade.

2. In addition to the federal lawsuits, there have been multiple state court lawsuits in Texas and New Mexico. One of those lawsuits was Case No. CI-07C-024, *James Friemel, et al. v. Ag Acceptance Corporation, et al.*, In the 222nd District Court in and for Deaf Smith County, Texas (the "**Friemel Case**").

3. The Friemel Case was settled shortly after trial began by a written settlement agreement. A true and correct copy of the Friemel Case settlement agreement is attached hereto as Exhibit A (the "**Friemel Settlement**"). The Friemel Settlement was signed on November 6, 2008.

4. Ag Acceptance is bound by the Friemel Settlement and is included in the defined term "Rabo Parties" in that agreement.

5. Each Counter-Defendant is bound by the Friemel Settlement.

6. Specifically:

   a. Counter-Defendant Terra Partners is bound by the Friemel Settlement;
   b. Counter-Defendant Terra XXI, Ltd. is bound by the Friemel Settlement;
   c. Counter-Defendant Robert Wayne Veigel is bound by the Friemel Settlement;
   d. Counter-Defendant Ella Marie Veigel is bound by the Friemel Settlement;
   e. Counter-Defendant Veigel Farms, Inc. is bound by the Friemel Settlement;
   f. Counter-Defendant Veigel Cattle Company is bound by the Friemel Settlement;
   g. Counter-Defendant Veigel Farm Partners is bound by the Friemel Settlement.

7. Each Counter-Defendant other than Terra Partners is included in the defined term "Veigel Entities" in the Friemel Settlement.

8. The Friemel Settlement states:

From the date of this agreement forward, Terra Partners and the Veigel Entities agree that *neither Terra Partners nor any Veigel Entity will contest the Rabo Parties', and/or the Rabo Parties' assigns', lessees', and or the future purchasers of the Deaf Smith County (property defined below) right of title, ownership, possession, and/or lease of the Deaf Smith County property*, known in this matter as Tracts 1, 2, and 3 including *the property foreclosed upon on September 2, 2003* and the 960 Acres (being all of Section 59 and the East ½ of Section 60). . . ."

Exhibit A, ¶5.

9. The Veigels filed the present lawsuit against Ag Acceptance. Among other claims, the present lawsuit alleges that Ag Acceptance owes the Veigels money for the sale of the property described in the Friemel Settlement as "the property foreclosed upon on September 2, 2003."

10. The crux of the Veigels' claims in this lawsuit is that Ag Acceptance did not have full title or ownership of "the property foreclosed upon on September 2, 2003." Instead, the Veigels have asserted throughout this lawsuit that they retained some title or ownership interest in the property; therefore, they are entitled to payment or credit upon the sale of the property.

11. Specifically, the present lawsuit contests Ag Acceptance's right of title to "the property foreclosed upon on September 2, 2003" by claiming, *inter alia*, that the Veigels are entitled to "a judgment in favor of Plaintiffs in the amount of any sums unjustly retained by AAC as a result of the sale to Champion . . ."

12. Additionally, the present lawsuit contests Ag Acceptance's right of ownership of "the property foreclosed upon on September 2, 2003" by claiming, *inter alia*, that the Veigels are entitled to "a judgment in favor of Plaintiffs in the amount of any sums unjustly retained by AAC as a result of the sale to Champion . . ."

13. Because the claims in this lawsuit contest Ag Acceptance's title or ownership of the property, the Veigels' claims constitute a breach of the Friemel Settlement.

14. Ag Acceptance has been damaged by the Veigels' breach of the Friemel Settlement.

15. Damages include, but are not limited to, the costs of defense of this lawsuit, which are a direct result of the Veigels' breach of the Friemel settlement. Ag Acceptance is entitled to recover payment for the reasonable and necessary attorney fees and expenses incurred in defending this lawsuit.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

1. Ag Acceptance incorporates by reference the allegations set forth above.

2. The Friemel Agreement is a valid, enforceable contract.

3. Ag Acceptance has performed all of its obligations under the Friemel Agreement.

4. The Veigels' claims in the present lawsuit constitute a breach of the Friemel Agreement.

5. The Veigels' breach of the Friemel Agreement has damaged Ag Acceptance.

6. Ag Acceptance is entitled to enforce performance of the Veigels' obligations under the Friemel Settlement.

7. Ag Acceptance is entitled to recover damages incurred because of the Veigels' breach, including all costs of defense of the claims asserted against Ag Acceptance in this lawsuit.

8. Further, Ag Acceptance is entitled to recover attorneys' fees incurred in bringing this breach of contract action, as authorized by Tex. Civ. Prac. & Rem. Code § 38.001. More than 30 days before bringing this counter-claim, through counsel, Ag Acceptance informed the Veigels that the Veigels' claims constituted a breach of the Friemel Settlement, but the Veigels refused to withdraw their claims, thereby continuing and refusing to remedy their breach. Thus, an attorneys' fees award is proper.

WHEREFORE, PREMISES CONSIDERED, Ag Acceptance Corporation prays for the following relief:

a. Judgment against Terra Partners, Terra XXI, Ltd., Robert Wayne Veigel, Ella Marie Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners for breach of contract;

b. An award of damages for breach of contract, in an amount to be determined at trial, but at least equal to the attorneys' fees and other costs Ag Acceptance has incurred in defending against the Veigels' claims in this lawsuit;

c. An award of reasonable attorneys' fees and court costs incurred in bringing this breach of contract claim;

d. Such other and further relief to which Ag Acceptance Corporation may show itself to be justly entitled.

Dated: October 22, 2015                  Respectfully submitted,

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette
State Bar No. 00788660
bballiette@rctlegal.com
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy, C-300
Austin, Texas 78746
T: 512-647-6100
F: 512-647-6129

Thomas C. Riney
State Bar No. 16935100
triney@rineymayfield.com
W. Heath Hendricks
State Bar No. 24055651
hhendricks@rineymayfield.com
**RINEY & MAYFIELD LLP**
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas 79101
T: 806-468-3200
F: 806-376-4509

Richard F. Rowley, II
r2@rowleylawfirm.com
**ROWLEY LAW FIRM LLC**
P.O. Box 790
Clovis, New Mexico 88102
T: 575-763-4457
F: 575-763-4450

*Counsel for Defendant/Counter-Plaintiff*
*Ag Acceptance Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on October 22, 2015 using the CM/ECF system, which sent notification of such filing to the following:

Philip Roland Russ
philiprruss@russlawfirm.com
LAW OFFICES OF PHILIP R. RUSS
2700 S. Western St., Suite 1200
Amarillo, TX 79109
*Local Counsel for Plaintiffs*

Jeffrey A. Dahl
jad@keleher-law.com
Justin B. Breen
jbb@keleher-law.com
KELEHER & MCLEOD, P.A.
P.O. Box AA
Albuquerque, NM 87103
*Lead Counsel for Plaintiffs*

    /s/ *Barbara Whiten Balliette*
    Barbara Whiten Balliette