IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; <br> ROBERT WAYNE VEIGEL; <br> ELLA MARIE WILLIAMS VEIGEL; <br> VEIGEL FARMS, INC.; <br> VEIGEL CATTLE COMPANY; and <br> VEIGEL FARM PARTNERS, <br><br> Plaintiffs, <br><br> v. <br><br> AG ACCEPTANCE CORPORATION, <br><br> Defendant. | § § § § § § § § § § § § § § § § | No. 2:15-cv-236-J <br> Judge Robinson |

# AG ACCEPTANCE'S BRIEF IN SUPPORT OF
# ITS MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

I.   INITIAL STATEMENT REGARDING LITIGATION BAR/INJUNCTION
     AGAINST THE VEIGELS' FEDERAL COURT FILINGS ............................................. 1

II.  SCOPE OF THIS MOTION: AG ACCEPTANCE SEEKS SUMMARY JUDGMENT
     (WITH DAMAGES AWARD) ON ITS COUNTERCLAIM AND DISMISSAL
     OF ALL OF PLAINTIFFS' CLAIMS ................................................................................ 2

III. UNDISPUTED FACTS ...................................................................................................... 3

     A.   Summary of This Case ............................................................................................ 3

     B.   Prior litigation between the parties ......................................................................... 4

IV.  ARGUMENT ...................................................................................................................... 6

     A.   Filing this Lawsuit is a Breach of the Friemel Settlement Agreement ................... 6

     B.   The Veigels' Accounting Claim (Count I) Fails ...................................................... 8

     C.   The Veigels' Unjust Enrichment Claim (Count II) Fails ........................................ 9

     D.   The Veigels Have Dismissed Their Constructive Trust Claim (Count III) .......... 10

     E.   No Right to Declaratory Judgment (Count IV) ..................................................... 10

     F.   Loan Contracts Bar All of the Veigels' Claims ..................................................... 11

     G.   Res Judicata Bars All of the Veigels' Claims ....................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Ag Acceptance Corporation v. Robert Wayne Veigel*
   564 F.3d 695 (5th Cir. 2009) .................................................................................. 5

*Ag Acceptance Corporation, et al. v. Terra XXI, Ltd., et al.*
   Cause No. 2008-12460, In the Justice Court of Precinct One of Deaf Smith County, Texas .... 5

*Am. Petrofina Co. of Texas v. Panhandle Petroleum Products, Inc.*
   646 S.W.2d 590 (Tex. App.—Amarillo 1983, no writ)............................................ 10

*Austin v. Duval*
   735 S.W.2d 647 (Tex. App.—Austin 1987, no writ)................................................ 10

*Bancroft Life & Cas. ICC, Ltd. v. GRBR Ventures, L.P.*
   12 F. Supp. 3d 980 (S.D. Tex. 2014) ......................................................................... 9

*Brown v. Cooley Enterprises, Inc.*
   No. 3:11-CV-0124-D, 2011 WL 2200605 (N.D. Tex. June 7, 2011)......................... 9

*Burlington N. R. Co. v. Sw. Elec. Power Co.*
   925 S.W.2d 92 (Tex. App.—Texarkana 1996), *aff'd sub nom.*
   *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467 (Tex. 1998) ......... 10

*Chapman v. Commonwealth Land Title Ins. Co.*
   814 F. Supp. 2d 716 (N.D. Tex. 2011) ...................................................................... 9

*Fed. Deposit Ins. Corp. v. Attayi*
   745 S.W.2d 939 (Tex. App.—Houston [1st Dist.] 1988, no writ)........................... 12

*Fisher v. Blue Cross & Blue Shield of Texas, Inc.*
   No. 3:10-CV-2652-L, 2015 WL 5603711 (N.D. Tex. Sept. 23, 2015)....................... 9

*Fortune Prod. Co. v. Conoco, Inc.*
   52 S.W.3d 671 (Tex. 2000)....................................................................................... 10

*Fowler v. U.S. Bank, Nat. Ass'n*
   2 F. Supp. 3d 965 (S.D. Tex. 2014) .......................................................................... 10

*Hancock v. Chicago Title Ins. Co.*
   635 F. Supp. 2d 539 (N.D. Tex. 2009) ..................................................................... 9

*Hayes v. White*
   384 S.W.2d 895 (Tex. Civ. App.—Corpus Christi 1964, writ ref'd n.r.e.) ............. 12

*Hunt Oil Co. v. Moore*
   656 S.W.2d 634 (Tex.App.-Tyler 1983, writ ref'd n.r.e.)......................................... 9

*Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.*
   No. 3:12-CV-0613-D, 2013 WL 169229 (N.D. Tex. Jan. 16, 2013) .......................................... 9

*James Friemel, et al. v. Ag Acceptance Corporation, et al.*
   Case No. CI-07C-024, In the 222nd District Court in and for Deaf Smith County, Texas ........ 5

*Lavender v. Bunch*
   216 S.W.3d 548 (Tex. App.—Texarkana 2007, no pet.) ......................................................... 12

*McAfee, Inc. v. Agilysys, Inc.*
   316 S.W.3d 820 (Tex. App.—Dallas 2010, no pet.) ................................................................ 10

*Rabo Agrifinance v. Terra XXI, Ltd.*
   257 Fed. Appx. 732 (5th Cir. 2007) ..................................................................................... 4, 5

*Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*
   336 P.3d 972, *cert. denied* (Oct. 8, 2014) ........................................................................... 5, 13

*Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*
   583 F.3d 348 (5th Cir. 2009) .................................................................................................... 5

*Rabo Agrifinance, Inc. v. Veigel Farm Partners*
   328 Fed. Appx. 942, 2009 WL 1362826 (5th Cir., May 15, 2009) ........................................... 5

*Rabo Agrifinance, Inc. v. Veigel Farm Partners, et al.*
   No. 2-05-CV-243, 2008 WL 341425 (N.D.Tex. Feb. 7, 2008) ................................................. 4

*Roach v. Berland*
   No. 3:13-CV-4640-D, 2015 WL 5097987 (N.D. Tex. Aug. 31, 2015) ...................................... 9

*Savannah Place, Ltd. v. Heidelberg*
   122 S.W.3d 74 (Mo. Ct. App. 2003) ....................................................................................... 12

*Smith Int'l., Inc. v. Egle Group, LLC*
   490 F.3d 380 (5th Cir.2007) ..................................................................................................... 6

*T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*
   79 S.W.3d 712 (Tex.App.-Houston [14th Dist.] 2002, pet. denied) .......................................... 9

*Terra Partners v. Rabo Agrifinance, Inc. and Ag Acceptance Corporation*
   504 F. App'x 288 (5th Cir. 2012) *cert. denied sub nom.*
   *Veigel v. Rabo Agrifinance, Inc.*, 133 S. Ct. 2398 (2013) ............................................... 2, 5, 13

*Terra XXI Ltd. v. Ag Acceptance Corp.*
   No. 07-07-0374-CV, 2009 WL 2168741 (Tex. App. July 21, 2009) ......................................... 5

*Terra XXI, Ltd. v. Ag Acceptance Corp.*
   280 S.W.3d 414 (Tex. Civ. App. – Amarillo 2008, pet. denied) ............................................... 5

**Statutes**

Tex. Civ. Prac. & Rem. Code § 38.001 ........................................................................................ 8

Defendant Ag Acceptance Corporation ("**Ag Acceptance**") files this Brief in Support of its Motion for Summary Judgment seeking summary judgment on its counterclaim for breach of contract and seeking dismissal all of Plaintiff's claims (collectively "**Plaintiffs**" or the "**Veigels**").

## I. INITIAL STATEMENT REGARDING LITIGATION BAR/INJUNCTION AGAINST THE VEIGELS' FEDERAL COURT FILINGS

The Court should view this lawsuit through the long lens of the history of litigation between the parties. As described below in footnotes 3-7, this lawsuit is (at least) the ***eleventh*** major case between the parties or their affiliates. The litigation goes back more than fifteen (15) years. During the appeal of the last federal suit (all of which have been heard in the Amarillo federal court), Steve Veigel, who went to law school but has never passed the bar exam or been licensed as an attorney, attempted to file a *pro se* amicus brief in the Fifth Circuit alleging that ***all of the court rulings*** after the 2002 confirmation of the bankruptcy plans were "***legal nullities that are void ab initio and can never serve to support res judicata or collateral estoppel in this case and appeal or any other.***"[1] The 75-page Amicus Brief argued over and over that all of the prior rulings in state and federal court were wrong. *Id.* Having been subjected to a decade of relitigation of previously-decided issues (and Steve Veigel's repeated *pro se* interference with lawsuits), Ag Acceptance and Rabo Agrifinance moved for sanctions.[2]

After a decade of appeals, the Fifth Circuit had also seen enough. It recognized what Ag Acceptance has known for years – the Veigels would continue to abuse the court system and argue that any decision against them is wrong or "void" or inapplicable. Thus, the Fifth Circuit

---

[1] The Fifth Circuit refused to allow the filing of the Amicus brief, however, it is available on the docket of Case No. 11-11166 as an exhibit to Document 00511994085, Motion for Leave to File Extra-Length Amicus Curiae Brief, September 20, 2012. Emphasis added in citation above.

[2] *Terra Partners v. Rabo Agrifinance, Inc., et al.*, Case No. 11-11166, Document 0051201480, Motion for Order to Show Cause Why Steve Veigel and Terra Partners Should Not be Sanctioned, Oct. 9, 2012.

sanctioned Steve Veigel monetarily and granted an extremely rare litigation bar/injunction that prevents the Veigel parties (including all of the Plaintiffs in this lawsuit) from filing any document in any federal court without first presenting it to this court to determine whether the issues presented have already been litigated:

> *. . . enjoining future litigation by Steve Veigel, Robert Veigel, Ella Marie Veigel, and their affiliates or related entities, including Terra Partners.*
> . . .
>
> It is therefore ORDERED:
>
> No pleading, lawsuit, or other document in any federal court shall be filed by, or on behalf of, Steve Veigel, his affiliates or related entities, including Terra Partners, without first presenting the filing to the district court below to determine whether the issues contained in the filing have been previously decided.

Ex. A, App. p. 8, "**Injunction**," *Terra Partners v. Rabo Agrifinance, Inc. and Ag Acceptance Corporation*, 504 F. App'x 288, 291 (5th Cir. 2012) *cert. denied sub nom. Veigel v. Rabo Agrifinance, Inc.*, 133 S. Ct. 2398 (2013) (emphasis added).

Undeterred by the Fifth Circuit's warnings, the Veigels filed yet another case – this lawsuit. But, to avoid the effect of the Injunction against federal filings, the Veigels filed in New Mexico state court. Ag Acceptance immediately removed this lawsuit to federal court on diversity grounds. Dkt. #1. Then, because the Injunction requires this Court to review all of the Veigels' proposed filings, Ag Acceptance moved to have the case transferred to this Court from New Mexico federal court. Dkt. #9. The transfer was granted in July 2015. Dkt. # 23.

## II.  SCOPE OF THIS MOTION: AG ACCEPTANCE SEEKS SUMMARY JUDGMENT (WITH DAMAGES AWARD) ON ITS COUNTERCLAIM AND DISMISSAL OF ALL OF PLAINTIFFS' CLAIMS

Ag Acceptance moves for summary judgment on its own breach of contract counterclaim against the Veigels. The filing of this lawsuit violates a prior settlement agreement between the parties (the "**Friemel Settlement**") wherein the Veigels agreed not to challenge Ag Acceptance's

"right of title, ownership, [or] possession" of the property at issue. Because this lawsuit challenges Ag Acceptance's right of title and ownership of the property, the Veigels have breached the Friemel Settlement and must be held liable for all damages, including Ag Acceptance's attorneys' fees incurred defending this lawsuit. Ag Acceptance requests that the Court enter judgment in its favor on the counterclaim and issue an award of damages not less than $75,000.00. Alternatively, Ag Acceptance requests that the Court enter judgment in its favor and set a hearing or briefing schedule on the amount of damages.

Additionally, Ag Acceptance has filed a Rule 12(b)(6) Motion to Dismiss all of the Veigels' claims. Dkt. #39, Motion to Dismiss (the "**Motion to Dismiss**" or "**MTD**"). The Motion to Dismiss is still pending. Ag Acceptance renews all of the arguments in its Motion to Dismiss and adds additional grounds for summary judgment seeking dismissal of all of the Veigels' affirmative claims against Ag Acceptance.

### III.  UNDISPUTED FACTS

A.  **SUMMARY OF THIS CASE**

In 2003, Ag Acceptance purchased the land described in Plaintiffs' Amended Petition as the "**Texas Property**" (which was formerly owned by Plaintiff Terra XXI) at a foreclosure sale. Amended Petition ¶ 26. Multiple court rulings over the past decade, including rulings from this Court, have upheld the foreclosure and Ag Acceptance's title to and ownership of the land.[3]

After nearly a decade of litigation, all of which was resolved against the Veigels, Ag Acceptance sold the land (along with related parcels) in 2012. Amended Petition ¶ 33. After the sale, the Veigels filed this lawsuit, claiming that the sale of the Texas Property somehow entitles them to money damages from Ag Acceptance and/or credits on debts the Veigels owed to Ag

---

[3] *See* Citations to cases in footnotes 7-9, infra.

Acceptance's affiliate, Rabo Agrifinance, which is not a party to this case. Amended Petition, Prayer (requesting that the Court "enter a judgment in favor of Plaintiffs in the amount of any sums unjustly retained by AAC . . ."). There is no debtor-creditor or fiduciary relationship between Ag Acceptance itself and the Veigels.[4]

**B.     PRIOR LITIGATION BETWEEN THE PARTIES**

In 1997 to 1998, Ag Acceptance's affiliate made a series of loans to the Veigels and their affiliated companies. Amended Petition, ¶ 19. Litigation began soon thereafter and has continued for more than fifteen (15) years. The litigation started during the bankruptcy proceedings of Plaintiffs Terra XXI and Veigel Farm Partners ("**VFP**"), which were filed in 2000.[5] Bankruptcy plans for Terra XXI and VFP were confirmed in 2002.

In the bankruptcies, Terra XXI and VFP filed adversary proceedings asserting multiple lender liability claims against Ag Acceptance and its affiliate, Ag Services, Inc. (now known as Rabo Agrifinance, Inc.). Those lawsuits were settled in 2002 and closed in 2003.[6]

After the settlement of the adversary proceedings, the Veigels immediately defaulted on their loans again. As a result, Plaintiff Terra XXI's land in Deaf Smith County, Texas, was

---

[4] As this Court has conclusively determined in prior lawsuits, Ag Acceptance's parent, Rabo Agrifinance, holds the Veigels' multi-million dollar debts. *Rabo Agrifinance, Inc. v. Veigel Farm Partners, et al.,* No. 2-05-CV-243, 2008 WL 341425 *3 (N.D.Tex. Feb. 7, 2008) (ruling that Rabo Agrifinance owns the Second Lien debt and was entitled to deficiency judgment); *Rabo Agrifinance v. Terra XXI, Ltd.*, 257 Fed. Appx. 732, 733 (5th Cir. 2007) (confirming that Rabo Agrifinance owns the First Lien debt).

  The Veigels deliberately decided not to name Rabo Agrifinance as a defendant in this case because they have already litigated these exact same claims against Rabo Agrifinance in the New Mexico Suit. The New Mexico courts have already ruled against the Veigels multiple times and all of the rulings have been finally appealed (in three separate appellate cycles). When the Veigels realized they would not get the relief they wanted in the New Mexico Suit, they filed the present lawsuit as nothing more than a second attempt to litigate these same claims against Ag Acceptance in an attempt to reach a different result.

[5] Terra XXI's bankruptcy was Case 00-20858-saf11 and Veigel Farm Partners' bankruptcy was Case 00-20877-bjh11, both filed in the Bankruptcy Court for the Northern District of Texas in 2000.

[6] The adversary proceeding case numbers were Cases 01-02007-saf and 01-02019-saf in the Bankruptcy Court for the Northern District of Texas.

foreclosed in 2003 – more than eleven years ago. *See* Amended Petition ¶¶ 25-26. Ag Acceptance purchased the land at the foreclosure sale. This foreclosed land is the "**Texas Property**" at issue in the present lawsuit. *Id*.

The 2003 foreclosure and Ag Acceptance's purchase of the Texas Property has spawned an unending avalanche of litigation, including at least four Texas state court lawsuits,[7] five federal lawsuits,[8] and a seven-year-long New Mexico State Court Suit that has been through three separate and complete appellate cycles.[9] Other than the **Friemel Suit** that was settled

---

[7] The Texas State court suits were:
- "**State Court Suit**," *Terra XXI Ltd. v. Ag Acceptance Corp.*, No. 07-07-0374-CV, 2009 WL 2168741, at *1 (Tex. App. July 21, 2009) (upholding jury verdict finding that foreclosure was not wrongful and numerous other summary judgment rulings);
- "**Eviction Suit**," *Terra XXI, Ltd. v. Ag Acceptance Corp.*, 280 S.W.3d 414 (Tex. Civ. App. – Amarillo 2008, pet. denied) (upholding rulings allowing eviction);
- "**Friemel Suit**", Case No. CI-07C-024, *James Friemel, et al. v. Ag Acceptance Corporation, et al.*, In the 222nd District Court in and for Deaf Smith County, Texas (settled during trial); and
- Cause No. 2008-12460, *Ag Acceptance Corporation, et al. v. Terra XXI, Ltd., et al.*, In the Justice Court of Precinct One of Deaf Smith County, Texas (eviction proceeding on separate parcel).

[8] The prior federal suits were:
- "**First Lien Suit**," *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 257 Fed. Appx. 732, 2007 WL 4305378 (5th Cir., Dec. 7, 2007) (upholding a $3.9 million summary judgment against various Veigel entities based on failure to repay the First Lien Loans);
- "**Deficiency Suit**" or "**Second Lien Suit**," *Rabo Agrifinance, Inc. v. Veigel Farm Partners,* 328 Fed. Appx. 942, 2009 WL 1362826 (5th Cir., May 15, 2009) (District Court entered judgment for $1.35 million against various Veigel entities for the deficiency resulting after foreclosure of the Second Lien loans. On appeal, this Court rejected the "voidness" argument and found that the debt was specifically preserved in bankruptcy proceedings);
- "**Equipment Suit**," *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348 (5th Cir. 2009)(upholding security interests in equipment, permitting foreclosure on that equipment, and finding that Terra Partners' subrogation rights in the equipment could not be exercised until all of the Veigels' debts to Rabo Agrifinance and Ag Acceptance Corp. were satisfied);
- "**Partition Suit**," *Ag Acceptance Corporation v. Robert Wayne Veigel*, 564 F.3d 695 (5th Cir. 2009) (finding no homestead rights on certain property, upholding execution on that property, and finding that transfers of leases to Terra Partners were fraudulent); and
- "**Conversion Suit**" *Terra Partners v. Rabo Agrifinance, Inc. and Ag Acceptance Corporation*, 504 F. App'x 288, 291 (5th Cir. 2012) *cert. denied sub nom. Veigel v. Rabo Agrifinance, Inc.*, 133 S. Ct. 2398 (2013) (upholding district court summary judgments rulings finding, *inter alia*, there was no conversion of Terra Partners' property, that "Ag Acceptance's September 2, 2003 foreclosure was made pursuant to the second lien it was granted under Terra XXI's bankruptcy plan," that Robert Veigel made fraudulent transfers).

[9] The "**New Mexico State Court Suit**" is *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 336 P.3d 972, *cert. denied* (Oct. 8, 2014) (affirming summary judgment allowing foreclosure of New Mexico Property to proceed based on Texas federal court judgment in the First Lien Suit).

during trial, the Veigels have lost every major issue in every lawsuit. Significantly, in the settlement of the Friemel Suit, the Veigels agreed that, other than certain specified lawsuits, they would never again contest Ag Acceptance's right of "title, ownership, possession and/or lease of the Deaf Smith County property." Ex. B, App. p. 10-11, "**Friemel Settlement**."

Despite explicit promises in the Friemel Settlement, the present suit contests Ag Acceptance's 2012 sale of the same Texas/Deaf Smith County Property.[10] The Veigels claim that Ag Acceptance must pay some part of the sale proceeds to the Veigels because their debts to Ag Acceptance's parent company, Rabo Agrifinance, have been satisfied. *Id.*

## IV. ARGUMENT

### A. FILING THIS LAWSUIT IS A BREACH OF THE FRIEMEL SETTLEMENT AGREEMENT

Ag Acceptance is entitled to summary judgment on its breach of contract counterclaim against the Veigels based on their breach of the Friemel Settlement agreement, Ex. B. Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[11] Here, each of these elements is satisfied.

First, the Friemel Settlement agreement is a valid contract, and all of the Veigels are bound by it. The Veigels have admitted these facts in their Answer to Ag Acceptance's Counterclaim.[12]

---

[10] The Veigels' Amended Petition calls the land in question the "Texas Property." Amended Petition, ¶13. The Friemel Settlement calls the same property the "Deaf Smith County Property." Ex. B, ¶ 5, App. p. 11. To be clear, the Texas Property and the Deaf Smith County Property are the same.

[11] *Smith Int'l., Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir.2007).

[12] The Counterclaim is Dkt. # 40 and the Veigels' Answer is Dkt. # 43. The Veigels made the admissions in response to the allegations in paragraphs 3-7 of the Counterclaim, which asserts that all of the Veigels are bound by the Friemel Settlement. Dkt. #43, Answer, p. 1, ¶ 1. The Veigels admit that the contract exists and they are bound by it. *Id.*

The second element is satisfied because Ag Acceptance has performed all of its obligations under the Friemel Settlement.

The third element, breach, is also satisfied: the Veigels have breached the Friemel Settlement by filing this lawsuit. The Friemel Settlement states:

> From the date of this agreement forward, Terra Partners and the Veigel Entities agree that ***neither Terra Partners nor any Veigel Entity will contest the Rabo Parties', and/or the Rabo Parties' assigns', lessees', and or the future purchasers of the Deaf Smith County (property defined below) right of title, ownership, possession, and/or lease of the Deaf Smith County property***, known in this matter as Tracts 1, 2, and 3 including ***the property foreclosed upon on September 2, 2003*** and the 960 Acres (being all of Section 59 and the East ½ of Section 60). . . .

Exhibit B, ¶5. (The Deaf Smith County Property referred to in this agreement is the Texas Property described in the Veigels' Amended Petition). This lawsuit directly and bluntly challenges Ag Acceptance's "right of title [and] ownership" of the Deaf Smith County Property, which constitutes a breach.

In their Answer to Ag Acceptance's Counterclaim, the Veigels attempt to "deny that they are challenging title or possession or ownership to the property concerned," but this argument defies logic. The crux of the Veigels' claims in this suit is that they are entitled to money damages from Ag Acceptance's sale of the Texas/Deaf Smith Property. Amended Petition, p. 10, Prayer (requesting "that the Court enter a judgment in the amount of any sums unjustly retained by AAC as a result of the sale to Champion . . . including consequential damages resulting from said retention . . ."); *see also* Ex. C, App. p. 20, Plaintiffs' Initial Disclosures, Computation of Damages, p. 5 (requesting that the "Court enter a judgment in favor of Plaintiffs in the amount of any sums unjustly retained by AAC as a result of the sale to Champion . . . Plaintiffs' damages will be equal to the amount of those proceeds."). Only an entity that claims title or ownership of property could

possibly argue that it is entitled to part of the proceeds from the sale of property. Thus, the Veigels' claims for money damages in this lawsuit directly breaches the Friemel Settlement Agreement.

The Veigels' breach has caused actual damages to Ag Acceptance, including all of the attorneys' fees incurred to date in defending this lawsuit. Currently-billed attorneys' fees and expenses in this case are $59,467.20. *See* Ex. 1, App. p. 2, Affidavit of Barbara Whiten Balliette.[13] Fees continue to accrue, increasing damages. *Id.* [14]

All of the elements for breach of contract have been satisfied. Ag Acceptance is entitled to judgment as a matter of law on the breach of contract claim with an award of damages not less than $75,000.00. Alternatively, Ag Acceptance requests that the Court enter judgment in its favor for liability on breach of contract and set a hearing or briefing schedule on the proper amount of damages.[15]

**B.     THE VEIGELS' ACCOUNTING CLAIM (COUNT I) FAILS**

The Veigels demand that Ag Acceptance provide it an accounting of the proceeds Ag Acceptance received from the sale of the Texas Property even though there is no debtor-creditor relationship between Ag Acceptance and the Veigels.[16] Ag Acceptance moved to dismiss this

---

[13] Notably, this amount does not include a significant portion of the fees incurred in preparing this Motion for Summary Judgment. On Tuesday, February 2, 2016, counsel asked the Veigels to drop the duplicative claims in this lawsuit so that Ag Acceptance would not incur additional fees in preparing this Motion. Despite months of similar requests to drop duplicative claims, instead of amending the lawsuit, the Veigels' counsel stated that they were seeking permission to withdraw from the case over their clients' objections. Ex. D, App. p. 22-25, Emails between counsel.

[14] Ag Acceptance is seeking the total amount of attorneys' fees incurred as the measure of damages for breach of the contract. Ag Acceptance reserves the right to seek additional damages as this case proceeds. Pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, Ag Acceptance is also entitled to recover attorneys' fees incurred in bringing a breach of contract action. This recovery is separate from the measure of damages question. If the full amount of Ag Acceptance's attorneys' fees is awarded as the measure of damages, Ag Acceptance will not seek a recovery of attorneys' fees under section 38.001.

[15] Ag Acceptance has designated Mr. Kelly Utsinger of the Underwood Law Firm P.C. as an expert on attorneys' fees. *See* Dkt. #47, Defendant's Expert Disclosures. Mr. Utsinger can provide testimony on the reasonableness and necessity of the fees incurred.

[16] *See* Fn. 2, Citations to this court's prior explicit rulings that nonparty Rabo Agrifinance owns the Veigels' debts.

claim because there is no legal basis to require Ag Acceptance to provide an accounting to the Veigels. MTD, p. 2-3. Ag Acceptance renews its Motion to Dismiss and incorporates by reference the arguments made in its Motion to Dismiss and the Reply Brief on the Motion to Dismiss (Dkt. #48, p. 2-4).

Specifically, the Veigels have never pointed to any Texas case law upholding a claim for accounting as an independent cause of action. *See* Reply Brief, Dkt. #48, p. 2-3. In some limited cases, an accounting may be part of a remedy for another viable cause of action, but the Veigels have not tied the request for an accounting to any other viable cause of action. *See* Response to MTD, Dkt. #46, p. 2-3. Because the Veigels' Amended Petition does not allege any contractual or fiduciary relationship between the parties, there are no grounds to require an accounting; therefore, the claim fails as a matter of law.[17]

C. **THE VEIGELS' UNJUST ENRICHMENT CLAIM (COUNT II) FAILS**

As shown in the Motion to Dismiss, the Veigels' cause of action for unjust enrichment fails as a matter of law. Ag Acceptance moved to dismiss this claim because unjust enrichment is not an independent cause of action in Texas. MTD, p. 3-4.[18] Ag Acceptance renews its Motion to

---

[17] *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n,* 79 S.W.3d 712, 717 (Tex.App.-Houston [14th Dist.] 2002, pet. denied) (citing *Hunt Oil Co. v. Moore,* 656 S.W.2d 634, 642 (Tex.App.-Tyler 1983, writ ref'd n.r.e.) (accounting improper in absence of fiduciary relationship); *Brown v. Cooley Enterprises, Inc.*, No. 3:11-CV-0124-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011) (dismissing claim for accounting on Rule 12(b)(6) motion because claimant did not allege that it had a contractual or fiduciary relationship that entitles it to an accounting); *Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.*, No. 3:12-CV-0613-D, 2013 WL 169229, at *6 (N.D. Tex. Jan. 16, 2013) (dismissing accounting claim on summary judgment because there were no allegations of a fiduciary or contractual relationship that required accounting); *Bancroft Life & Cas. ICC, Ltd. v. GRBR Ventures, L.P.*, 12 F. Supp. 3d 980, 998-99 (S.D. Tex. 2014) (dismissing accounting claim on Rule 12(b)(6) motion because contract claim was not viable, therefore, accounting claim had no basis).

[18] Unjust enrichment is a remedy, not an independent cause of action under Texas law. *See, e.g., Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 560-61 (N.D. Tex. 2009) (dismissing cause of action for unjust enrichment); *Fisher v. Blue Cross & Blue Shield of Texas, Inc.*, No. 3:10-CV-2652-L, 2015 WL 5603711, at *12 (N.D. Tex. Sept. 23, 2015) (unjust enrichment is not an independent cause of action); *Roach v. Berland*, No. 3:13-CV-4640-D, 2015 WL 5097987, at *3 (N.D. Tex. Aug. 31, 2015) (same); *Chapman v. Commonwealth Land Title Ins. Co.*, 814 F. Supp. 2d 716, 725 (N.D. Tex. 2011) (same).

Dismiss the unjust enrichment claim and incorporates by reference the arguments made in its Motion to Dismiss and the Reply Brief on the Motion to Dismiss (Dkt. #48, p. 3-4).

Even if the Veigels attempt to re-cast the unjust enrichment claim as a claim for money had and received, it still fails. At the time of the 2012 sale, the Veigels did not have any ownership interest in the property. In the absence of ownership, a cause of action for money had and received fails.[19]

Further, money had and received is an equitable claim. As shown in section IV.F, *infra*, the written loan contracts govern this issue. Where written contracts govern, an equitable claim for money had and received fails.[20]

### D. THE VEIGELS HAVE DISMISSED THEIR CONSTRUCTIVE TRUST CLAIM (COUNT III)

In response to Ag Acceptance's Motion to Dismiss, the Veigels agreed to dismiss their claim for constructive trust (Count II); therefore, the Court should dismiss this claim. *See* Response to Motion to Dismiss, p. 4.

### E. NO RIGHT TO DECLARATORY JUDGMENT (COUNT IV)

As shown in the Motion to Dismiss (p. 5-6), the Veigels' final cause of action for declaratory relief also fails because there is no justiciable controversy. The Veigels seek a declaratory judgment ruling that judgment liens on property in New Mexico are improper and that

---

[19] *Am. Petrofina Co. of Texas v. Panhandle Petroleum Products, Inc.*, 646 S.W.2d 590, 592 (Tex. App.—Amarillo 1983, no writ) (citations omitted); *see also Fowler v. U.S. Bank, Nat. Ass'n*, 2 F. Supp. 3d 965, 984 (S.D. Tex. 2014) (dismissing money had and received claim); *Austin v. Duval*, 735 S.W.2d 647, 648 (Tex. App.—Austin 1987, no writ) (same).

[20] *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 828 (Tex. App.—Dallas 2010, no pet.) (citations omitted) ("Unless there is evidence of fraud, bad faith, or illegality, [causes of action for unjust enrichment, money had and received, and promissory estoppel] are not applicable when an express contract governs the subject matter of the dispute."); *Burlington N. R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996) ("The doctrine does not operate to rescue a party from the consequences of a bad bargain, and the enrichment of one party at the expense of the other is not unjust where it is permissible under the terms of an express contract."), *aff'd sub nom. Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467 (Tex. 1998).

"continuing liens on the New Mexico property are therefore improper and should be released." Amended Petition, p. 10. The Veigels made these exact same arguments to the New Mexico courts in two separate Motions for Relief from Judgment and lost. *See* Exs. G and I, App. p. 45 and 59-60 (Motions for Relief); Exs. H, App. p. 47 and J-L App. p. 89-98 (Opinions and Orders Denying Motions for Relief).

In the present case response to the Motion to Dismiss, the Veigels argued that there is a justiciable controversy because a New Mexico appellate court might overturn the trial court rulings and then, Ag Acceptance as an alleged "omitted junior lien holder," might re-foreclose on the New Mexico property. Of course, in the 2015 appellate cycle, the New Mexico appellate courts affirmed all lower court rulings, just as it had already done in 2014. Exs. G-L, App. p. 45-98. Thus, the Veigels' alleged concern about reversals and omitted junior lienholders is (and always was) irrelevant and non-existent.

The Court should dismiss the declaratory judgment action because there is no justiciable controversy and the issues raised have already been resolved by the New Mexico Courts. *Id.*; *see also* Section IV.G, *infra*.

F. **LOAN CONTRACTS BAR ALL OF THE VEIGELS' CLAIMS**

The crux of the Veigels' complaint in this lawsuit is that, at the time of the 2012 sale, Rabo Agrifinance (a nonparty to this case) released its liens on the Texas Property and the Veigels allegedly did not receive credit for this release. Of course, the Veigels have already made these same arguments in the New Mexico litigation directly against Rabo Agrifinance and lost.[21] Undeterred, the Veigels now turn their attention to Ag Acceptance for a second (or third) bite at the apple. But, even if the doctrine of *res judicata* did not bar all of the Veigels' claims (which it

---

[21] *See supra,* Section IV. E and *infra,* Section IV.G.

does), the loan contracts themselves bar the claims. The underlying loan contracts allow release of the collateral for any reason. Release of the collateral does not release or impair the debtors' obligations. The First Lien loan contracts state:

> The holder of this note may, at its option, at any time and from time to time, release anyone liable to pay the indebtedness, or release all or any part of the collateral securing this note, and any such actions shall not release or impair the obligations of the undersigned under this note except as expressly agreed to in writing by the holder.

Exs. E and F, App. p. 28 and 34, Promissory Notes at 2.[22]

Texas courts enforce these types of provisions and allow the release of collateral without notice and without credit. *Lavender v. Bunch*, 216 S.W.3d 548, 553 (Tex. App.—Texarkana 2007, no pet.); *Fed. Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 943 (Tex. App.—Houston [1st Dist.] 1988, no writ); *see also Savannah Place, Ltd. v. Heidelberg*, 122 S.W.3d 74, 86 n.9 (Mo. Ct. App. 2003) ("Additionally, we observe that Appellants have not presented this Court with pertinent citations showing that the primary fund doctrine has been adopted in Missouri."); *Hayes v. White*, 384 S.W.2d 895, 897 (Tex. Civ. App.—Corpus Christi 1964, writ ref'd n.r.e.) ("The law in this State does not require a mortgagee to first sell the collateral and apply the proceeds to the indebtedness prior to bringing suit against the obligor in absence of a provision in the instrument requiring such procedure."). Thus, the loan contracts bar all claims.

### G. RES JUDICATA BARS ALL OF THE VEIGELS' CLAIMS

In this lawsuit, the Veigels assert that Ag Acceptance's sale of the Texas Property entitles them to credits on their debts to Rabo Agrifinance. They assert that they are entitled to both money damages and a ruling that there can be no foreclosure on the New Mexico Property. The Veigels have already made ***these exact same*** arguments in the New Mexico case and lost.

---

[22] *See* First Lien Suit, *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 257 Fed. Appx. 732, 2007 WL 4305378 (5th Cir., Dec. 7, 2007) (upholding the validity of the notes attached as Exhibits E and F).

- Ex. G, App. p. 39, Feb. 5, 2013 Motion for Relief from Judgment in New Mexico (the "**2013 Motion for Relief**") (Veigels' first motion for relief arguing that sale of Texas Property meant that debt was satisfied and foreclosure in New Mexico was improper);

- Ex. H, App. p. 47, *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 336 P.3d 972 (2014) (upholding New Mexico trial court ruling denying 2013 Motion for Relief);

- Ex. I, App. p. 54, Feb. 10, 2015 Motion for Relief from Judgment (the "**2015 Motion for Relief**") (the Veigels' second motion for relief, filed by current counsel, making all of the same arguments asserted in this lawsuit and claiming that sale of Texas Property meant that debt was satisfied and foreclosure in New Mexico was improper);

- Exs. J-L, App. p. 89-95, Trial Court order denying the 2015 Motion for Relief with Appellate Court; New Mexico Court of Appeals Order affirming the trial court's ruling; New Mexico Supreme Court Order affirming the trial court's ruling.

The New Mexico rulings have been fully appealed, up to the New Mexico Supreme Court, which recently denied the Veigels' Petition for Certiorari. There is no basis to relitigate these claims in this lawsuit. The New Mexico rulings conclusively bar all of the Veigels' claims; therefore Ag Acceptance is entitled to judgment as a matter of law.[23]

WHEREFORE, Defendant/Counter-Plaintiff Ag Acceptance requests that the Court enter judgment in favor of Ag Acceptance on its breach of contract counterclaim against the Veigels and award damages of not less than $75,000.00 or in an amount to be determined after submission of all evidence on damages. Ag Acceptance also requests that the Court dismiss all of Plaintiffs' causes of action with prejudice as to their refiling. Ag Acceptance requests all other relief to which it may be entitled.

---

[23] Relitigation of previously-resolved claims resulted in the Injunction. Ex. A, App. p. 7, Injunction, *Terra Partners v. Rabo Agrifinance, Inc. and Ag Acceptance Corporation*, 504 F. App'x 288, 291 (5th Cir. 2012) *cert. denied sub nom. Veigel v. Rabo Agrifinance, Inc.*, 133 S. Ct. 2398 (2013). Ag Acceptance has tried to avoid a Motion for Sanctions by repeatedly asking the Veigels' counsel to drop duplicative claims. The Veigels have refused. *See* Ex. D, App. p. 22-25, Emails between counsel.

Dated: February 5, 2016              Respectfully submitted,

                                     /s/ *Barbara Whiten Balliette*
                                     Barbara Whiten Balliette
                                     State Bar No. 00788660
                                     bballiette@rctlegal.com
                                     **REID COLLINS & TSAI LLP**
                                     1301 S. Capital of Texas Hwy, C-300
                                     Austin, Texas 78746
                                     T: 512-647-6100
                                     F: 512-647-6129

                                     Thomas C. Riney
                                     State Bar No. 16935100
                                     triney@rineymayfield.com
                                     W. Heath Hendricks
                                     State Bar No. 24055651
                                     hhendricks@rineymayfield.com
                                     **RINEY & MAYFIELD LLP**
                                     320 South Polk Street, Suite 600
                                     Maxor Building
                                     Amarillo, Texas 79101
                                     T: 806-468-3200
                                     F: 806-376-4509

                                     Richard F. Rowley, II
                                     r2@rowleylawfirm.com
                                     **ROWLEY LAW FIRM LLC**
                                     P.O. Box 790
                                     Clovis, New Mexico 88102
                                     T: 575-763-4457
                                     F: 575-763-4450

                                     *Counsel for Defendant*
                                     *Ag Acceptance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on February 5, 2016, using the CM/ECF system, which sent notification of such filing to the following:

Philip Roland Russ
philiprruss@russlawfirm.com
LAW OFFICES OF PHILIP R. RUSS
2700 S. Western St., Suite 1200

Amarillo, TX 79109
*Local Counsel for Plaintiffs*

Jeffrey A. Dahl
jad@keleher-law.com
Justin B. Breen
jbb@keleher-law.com
KELEHER & MCLEOD, P.A.
P.O. Box AA
Albuquerque, NM 87103
*Lead Counsel for Plaintiffs*

             /s/ *Barbara Whiten Balliette*
             Barbara Whiten Balliette