IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; ROBERT WAYNE VEIGEL; ELLA MARIE WILLIAMS VEIGEL; VEIGEL FARMS, INC.; VEIGEL CATTLE COMPANY; and VEIGEL FARM PARTNERS,<br><br>Plaintiffs,<br><br>v.<br><br>AG ACCEPTANCE CORPORATION,<br><br>Defendant. | §§§§§§§§§§§§§§§ | No. 2:15-cv-236-J<br>Judge Robinson |

## AG ACCEPTANCE'S RESPONSE IN OPPOSITION
## TO PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW

As ordered by the Court (Dkt. #58), Defendant Ag Acceptance Corporation ("**Defendant**" or "**Ag Acceptance**") files this Response to Plaintiffs' Counsel's Motion to Withdraw ("**Motion to Withdraw**"). Ag Acceptance opposes the Motion to Withdraw.

Counsel for all Plaintiffs (the "**Veigels**") seek to withdraw on the basis that they and Plaintiffs have "irreconcilable differences as to how the course of this litigation should proceed [and] as a result of those irreconcilable differences, the attorney client relationship has deteriorated substantially" and representation cannot continue. Ag Acceptance opposes the withdrawal because (1) the Motion to Withdraw does not satisfy legal requirements for a withdrawal as counsel when the clients (and Defendant) oppose the Motion; (2) withdrawal of counsel will lead to violations of the Fifth Circuit's Injunction and frivolous *pro se* filings that the Veigels will attempt to inject into this litigation; and (3) withdrawal of counsel will cause excessive delay at this stage of the case.

A.   **Legal Requirements for Withdrawal of Counsel Are Not Satisfied**

Lawyers must show good cause to withdraw from a case over the objection of a client.[1] That requirement is not satisfied with the single, conclusory sentence, unsupported by affidavits or other evidence, that there is an alleged "irreconcilable conflict" between the lawyers and clients.[2] Without competence evidence, and in the absence of replacement counsel that will not delay this case, withdrawal of counsel can be denied.

B.   **Withdrawal of Counsel Will Lead to Frivolous Filings**

Perhaps the most important reason to oppose withdrawal of counsel is Steve Veigel's long history of frivolous or otherwise inappropriate *pro se* filings. The Veigels must employ competent counsel who will ensure the integrity of all of the Veigels' filings.

History has shown that the Veigels will not police themselves. Steve Veigel has a long history of inappropriate filings in this Court. During the height of the litigation between the parties in this Court from 2006 through 2008, Steve Veigel repeatedly made *pro se* filings on behalf of himself, his parents (who are Plaintiffs in the present lawsuit), and the other Veigel entities (also

---

[1] "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn,* 889 F.2d 644, 646 (5th Cir. 1989). The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. See *Federal Trade Commission v. Intellipay, Inc.,* 828 F. Supp. 33, 34 (S.D.Tex.1993) ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient."). In addition, the local rules of this court provide that where an attorney seeks to withdraw from a representation and the identity of the succeeding attorney is not known, the withdrawing attorney must file a motion that: (1) specifies the reasons requiring withdrawal; (2) sets forth the client's name, address, and telephone number; and (3) "either bear[s] the client's signature approving withdrawal or state[s] specifically why, after due diligence, the attorney was unable to obtain the client's signature." *See* N.D. Tex. Loc. R. 83.12(a).
. . .
This court has adopted the Texas Disciplinary Rules of Professional Conduct. *See* N.D. Tex. Loc. R. 83.8(e). Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct outlines six specific situations in which a lawyer has good cause to voluntarily withdraw from a representation. *See* Tex. Discip. Rules Of Prof'l Conduct R. 1.15(b)(1)-(6). It also contains a seventh, catch-all provision that allows an attorney to withdraw where "other good cause for withdrawal exists." See *id.* 1.15(b)(7). The parallel rule in the American Bar Association's Model Rules of Professional Conduct contains virtually identical provisions. *See* Model Rules of Prof'l Conduct R. 1.16(b) (6th ed. 2007)." *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010) (Fish, J.).

[2] *See Id.*

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW**     **Page 2**

current Plaintiffs). This Court repeatedly rejected these filings and admonished Steve Veigel to stop attempting to represent other individuals or corporations. *See* Exs. B-E. The Court has recognized that Steve Veigel went to law school; however, he is not a licensed attorney, therefore, "he is not permitted to act an attorney for any entity or individual other than himself." Exs. C and D at 2.

The Court's Order made little impact on Steve Veigel. Just a few weeks later, he tried again to file documents on behalf of other Veigel parties (including his parents and other current Plaintiffs), prompting the Court to issue another yet order warning, "Steve Veigel is once again cautioned that because he is not a licensed attorney, he cannot represent other individuals or corporations. His attempt to do so is an attempt to practice law without a license." Ex. B, at 2.

But even that warning went unheeded: Steve Veigel proceeded to take his frivolous *pro se* filings to the Fifth Circuit. The Fifth Circuit's extremely rare litigation bar and injunction were the direct result of Steve Veigel's *pro se* filings. *See* Ex. A, Injunction ("Steve Veigel sought to file a *pro se* amicus brief in support of Terra Partners.") The Fifth Circuit Injunction should stand as a warning that Steve Veigel and all of the Veigel entities subject to the Injunction (which includes all Plaintiffs in this action) cannot be permitted to continue to abuse the Court system and Ag Acceptance with *pro se* filings.

Competent counsel must insure the integrity of all of the Veigels' filings. As history has shown repeatedly, without the protection of a lawyer who is bound to comply with their Rule 11 obligations, Ag Acceptance will continue to endure even more frivolous filings from the Veigels.

### C. The Motion to Withdraw Will Cause Delay

Finally, the Motion to Withdraw should be denied because it will cause unacceptable delay. Plaintiffs' counsel waited until the week dispositive motions were due to file their Motion to

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW**                                                 **Page 3**

Withdraw from this case. If counsel now has serious concerns about the course of this litigation, those concerns should have existed from the very beginning of the case. Nothing at all has changed to warrant withdrawal at this point in the case. The New Mexico Supreme Court did deny the Veigels' petition for certiorari in the New Mexico State Court case in January 2016, but the opinion recognized that all of the claims asserted in the appeals process had already been decided against the Veigels in the 2013 appellate cycle in New Mexico.[3] The recent New Mexico rulings are simply a result of the Veigels' (and their counsel's) insistence on continuing to reassert previously-resolved matters. The reality is that the issues were resolved long ago.

From the very beginning of this case, Ag Acceptance has asked the Veigels' counsel to drop the duplicative claims in this lawsuit. Ag Acceptance has stated repeatedly that the duplicative claims violate the Fifth Circuit's Injunction. The Veigels' counsel has declined to withdraw the claims. At this point, without a clear demonstration of any significant change in this case, there is no justification for withdrawal.

WHEREFORE, Defendant/Counter-Plaintiff Ag Acceptance requests that the Court deny the Motion to Withdraw and requests that this case proceed to trial expeditiously. Ag Acceptance requests all other relief to which it may be entitled.

---

[3] *See* Ag Acceptance's Brief in Support of Motion for Summary Judgment, Dkt. #56, p. 12-14 (explaining the Veigels' Motions for Relief filed in 2013 and 2015 in the New Mexico Suit, making the same arguments asserted in this case).

Dated:  February 26, 2016                            Respectfully submitted,

                                             /s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette
State Bar No. 00788660
bballiette@rctlegal.com
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy, C-300
Austin, Texas  78746
T: 512-647-6100
F: 512-647-6129

Thomas C. Riney
State Bar No. 16935100
triney@rineymayfield.com
W. Heath Hendricks
State Bar No. 24055651
hhendricks@rineymayfield.com
**RINEY & MAYFIELD LLP**
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas 79101
T: 806-468-3200
F: 806-376-4509

Richard F. Rowley, II
r2@rowleylawfirm.com
**ROWLEY LAW FIRM LLC**
P.O. Box 790
Clovis, New Mexico 88102
T: 575-763-4457
F: 575-763-4450

*Counsel for Defendant*
*Ag Acceptance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on February 26, 2016 using the CM/ECF system, which sent notification of such filing to the following:

Philip Roland Russ
philiprruss@russlawfirm.com
LAW OFFICES OF PHILIP R. RUSS
2700 S. Western St., Suite 1200
Amarillo, TX 79109

*Local Counsel for Plaintiffs*

Jeffrey A. Dahl
jad@keleher-law.com
Justin B. Breen
jbb@keleher-law.com
KELEHER & MCLEOD, P.A.
P.O. Box AA
Albuquerque, NM 87103

*Lead Counsel for Plaintiffs*

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette