# EXHIBIT A

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2012

No. 11-11166

Lyle W. Cayce
Clerk

TERRA PARTNERS,

Plaintiff - Appellant

v.

RABO AGRIFINANCE, INCORPORATED; AG ACCEPTANCE
CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas, Amarillo
USDC No. 2:08-CV-194

Before JOLLY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

After reviewing the briefs, the relevant portions of the record, and the applicable law, we find no reversible error in the district court's three opinions granting summary judgment in favor of Defendants-Appellees Rabo Agrifinance, Inc. and Ag Acceptance Corporation. Summary judgment is AFFIRMED, essentially for the reasons given by the district court in its well-considered opinions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11166

In addition, Rabo Agrifinance, Inc. and Ag Acceptance Corporation's motion for monetary sanctions against would-be amicus Steve Veigel is GRANTED, and an injunction is GRANTED enjoining future litigation by Steve Veigel, Robert Veigel, Ella Marie Veigel, and their affiliates or related entities, including Terra Partners.

## I.

On September 20, 2012, Steve Veigel sought to file a *pro se* amicus brief in support of Terra Partners.[1] Steve Veigel has an obvious interest in this case. He is an authorized managing agent for Terra Partners, is a corporate officer for all four of the corporate partners that form Terra Partners, owns all shares in one of the corporate partners, and half of the shares in another. In his amicus brief, Steve Veigel asserts that prior decisions of this court "are legal nullities that are void *ab initio*." We have previously rejected his argument. *See Rabo Agrifinance, Inc. v. Veigel Farm Partners*, 328 F. App'x 942, 943 (5th Cir. May 15, 2009). The brief thus is frivolous.

## II.

### A.

Rabo Agrifinance, Inc. and Ag Acceptance Corporation moved for sanctions against both Steve Veigel and Terra Partners. Although we do not impose monetary sanctions against Terra Partners,[2] we find that Steve Veigel acted in bad faith and impose sanctions. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) ("We may impose sanctions on appeal . . . if necessary.").

---

[1] His motion for leave to file an out of time motion to file an amicus brief, an opposed motion to file an amicus brief, and an opposed motion to file an amicus brief in excess of the page limit were all denied. The amicus brief was filed months late and was 18,515 words, far exceeding the 7,000-word limit.

[2] Rabo Agrifinance, Inc. and Ag Acceptance Corporation's motion for sanctions thus is DENIED with respect to monetary sanctions against Terra Partners.

No. 11-11166

Federal courts have an inherent power "to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) ("A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."). The threshold for using our inherent powers is high, and we "must make a specific finding that the sanctioned party acted in 'bad faith,'" before imposing sanctions. *Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 209 (5th Cir. 1998) (quoting *Matta v. May*, 118 F.3d 410, 413 (5th Cir. 1997)) (emphasis omitted). Steve Veigel's void ab initio argument was affirmatively rejected by this court, and his brief threatens future litigation premised on the same argument. *See Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002) ("[F]ederal courts also have the inherent power to impose sanctions against vexatious litigants."). Raising a patently frivolous legal argument and threatening continued meritless litigation is the definition of bad faith. Steve Veigel, therefore, is sanctioned in the amount of $3,000.

## B.

In order to prevent Steve Veigel from continuing to raise the frivolous void ab initio argument, Rabo Agrifinance, Inc. and Ag Acceptance Corporation requested an injunction to prevent the filing of future litigation collaterally attacking this court's judgments.[3] We agree that an injunction is appropriate in this instance.

As previously stated, we have the inherent power to impose sanctions, including an injunction, against litigants who use the legal system to harass their opponents through vexatious litigation. *See Newby*, 302 F.3d at 302; *see*

---

[3] Steve Veigel has apparently already raised the argument again in an October 9, 2012 letter submitted to a New Mexico state court, claiming that the case of *Rabo Agrifinance v. Terra XXI,* 257 F. App'x 732 (5th Cir. Dec. 7, 2007), was a legal nullity, void ab initio.

No. 11-11166

*also Farguson*, 808 F.2d at 359 ("That his filings are *pro se* offers . . . no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). We recognize, however, that "injunction[s] against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360.

In this case, Steve Veigel stated that he intends to raise the same void ab initio argument in future Rule 60(b) motions; petitions for writs of mandamus in state or federal court; motions to reopen bankruptcy cases for consideration of motions for contempt; bills of review in state court; and other collateral attacks on the prior judgments of this court. His position is not supported in existing law and is not a reasonable argument to extend or modify the law, given that this court has already ruled on his argument. The future litigation he threatens would be repetitive, vexatious, previously resolved, and meritless. A narrowly-tailored injunction is an appropriate sanction to protect this court's judgments and to prevent the continued filing of vexatious litigation.

It is therefore ORDERED:

No pleading, lawsuit, or other document in any federal court shall be filed by, or on behalf of, Steve Veigel, his affiliates or related entities, including Terra Partners, without first presenting the filing to the district court below to determine whether the issues contained in the filing have been previously decided. Furthermore, it is ORDERED that said Steve Veigel shall pay into the registry of this court the sum of three thousand dollars ($3,000) by and no later than January 4, 2012.

JUDGMENT AFFIRMED.

SANCTIONS AND INJUNCTION ORDERED.

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

## BILL OF COSTS

**NOTE: The Bill of Costs is due in this office *within 14 days from the date of the opinion, See* FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.**

_____ v. _____ No. _____

The Clerk is requested to tax the following costs against: _____

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | | | | | | | | |
| Other: | | | | | | | | |
| | Total $ _____ | | | | Costs are taxed in the amount of $ _____ | | | |

Costs are hereby taxed in the amount of $ _____ this _____ day of _____, _____.

LYLE W. CAYCE, CLERK

State of
County of _____

By _____
Deputy Clerk

I _____, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This _____ day of _____, _____.

_____
(Signature)

**\*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS**

Attorney for _____

*FIFTH CIRCUIT RULE 39*

**39.1 Taxable Rates.**  *The cost of reproducing necessary copies of the brief, appendices, or record excerpts shall be taxed at a rate not higher than $0.15 per page, including cover, index, and internal pages, for any for of reproduction costs.  The cost of the binding required by 5ᵀᴴ CɪR. R. 32.2.3that mandates that briefs must lie reasonably flat when open shall be a taxable cost but not limited to the foregoing rate.  This rate is intended to approximate the current cost of the most economical acceptable method of reproduction generally available; and the clerk shall, at reasonable intervals, examine and review it to reflect current rates.  Taxable costs will be authorized for up to 15 copies for a brief and 10 copies of an appendix or record excerpts, unless the clerk gives advance approval for additional copies.*

**39.2 Nonrecovery of Mailing and Commercial Delivery Service Costs.**  *Mailing and commercial delivery fees incurred in transmitting briefs are not recoverable as taxable costs.*

**39.3 Time for Filing Bills of Costs.**  *The clerk must receive bills of costs and any objections within the times set forth in FED. R. APP. P. 39(D).  See 5ᵀᴴ CɪR. R. 26.1.*

**FED. R. APP. P. 39.**      **COSTS**

(a) *Against Whom Assessed.*  The following rules apply unless the law provides or the court orders otherwise;

(1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

(2) if a judgment is affirmed, costs are taxed against the appellant;

(3) if a judgment is reversed, costs are taxed against the appellee;

(4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

(b) *Costs For and Against the United States.*  Costs for or against the United States, its agency or officer will be assessed under Rule 39(a) only if authorized by law.

©) *Costs of Copies* Each court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by rule 30(f).  The rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.

(d) *Bill of costs: Objections; Insertion in Mandate.*

(1) A party who wants costs taxed must – within 14 days after entry of judgment – file with the circuit clerk, with proof of service, an itemized and verified bill of costs.

(2) Objections must be filed within 14 days after service of the bill of costs, unless the court extends the time.

(3) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs.  If the mandate issues before costs are finally determined, the district clerk must – upon the circuit clerk's request – add the statement of costs, or any amendment of it, to the mandate.

(e) *Costs of Appeal Taxable in the District Court.*  The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

(1) the preparation and transmission of the record;

(2) the reporter's transcript, if needed to determine the appeal;

(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

(4) the fee for filing the notice of appeal.

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

December 21, 2012

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW
Regarding:  Fifth Circuit Statement on Petitions for Rehearing or
            Rehearing En Banc
       No. 11-11166, Terra Partners v. Rabo Agrifinance
Incorporated, et al       USDC No. 2:08-CV-194
       ---------------------------------------------------
Enclosed is a copy of the court's decision.  The court has
entered judgment under FED. R. APP. P. 36.  (However, the opinion
may yet contain typographical or printing errors which are
subject to correction.)

FED. R. APP. P. 39 through 41, and 5ᵀᴴ CIR. RULES 35, 39, and 41
govern costs, rehearings, and mandates.  **5ᵀᴴ CIR. RULES 35 and 40
require you to attach to your petition for panel rehearing or
rehearing en banc an unmarked copy of the court's opinion or
order.**  Please read carefully the Internal Operating Procedures
(IOP's) following FED. R. APP. P. 40 and 5ᵀᴴ CIR. R. 35 for a
discussion of when a rehearing may be appropriate, the legal
standards applied and sanctions which may be imposed if you make
a nonmeritorious petition for rehearing en banc.

<u>Direct Criminal Appeals.</u>  5ᵀᴴ CIR. R. 41 provides that a motion
for a stay of mandate under FED. R. APP. P. 41 will not be
granted simply upon request.  The petition must set forth good
cause for a stay or clearly demonstrate that a substantial
question will be presented to the Supreme Court.  Otherwise, this
court may deny the motion and issue the mandate immediately.

<u>Pro Se Cases.</u>  If you were unsuccessful in the district court
and/or on appeal, and are considering filing a petition for
<u>certiorari</u> in the United States Supreme Court, you do not need to
file a motion for stay of mandate under FED. R. APP. P. 41.  The
issuance of the mandate does not affect the time, or your right,
to file with the Supreme Court.

The judgment entered provides that plaintiff-appellant pay to
defendants-appellees the costs on appeal.

                              Sincerely,
                              LYLE W. CAYCE, Clerk

                    By: _____
                              Rhonda M. Flowers, Deputy Clerk

Enclosure(s)
Ms. Barbara Whiten Balliette
Mr. Steven Eugene Clark
Ms. Joni Paul Kleinschmidt
Mr. William Thomas Reid

EXHIBIT B



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR – 1 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| RABO AGRIFINANCE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO. 2:05-CV-243-J |
| VEIGEL FARM PARTNERS d/b/a | § | |
| VEIGEL PARTNERS, VEIGEL FARMS, | § | |
| INC., TERRA XXI LTD., GRAIN | § | |
| CENTRAL STATION, INC. d/b/a | § | |
| VEIGEL GRAIN COMPANY, VEIGEL- | § | |
| KIRK, INC., BOB VEIGEL, INC., BOB | § | |
| VEIGEL, STEVE VEIGEL, INC., STEVE | § | |
| VEIGEL, VICKI VEIGEL, INC., and | § | |
| VEIGEL CATTLE COMPANY, | § | |
| | § | |
| Defendants. | § | |

And

| | | |
|---|---|---|
| RABO AGRIFINANCE, INC. and AG | § | |
| ACCEPTANCE CORPORATION, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | NO. 2:06-CV-153-J |
| | § | |
| TERRA XXI LTD., VEIGEL FARM | § | |
| PARTNERS, VEIGEL FARMS, INC., | § | |
| GRAIN CENTRAL STATION, INC., | § | |
| ROBERT W. VEIGEL, ELLA MARIE | § | |
| VEIGEL, STEVE VEIGEL, and TERRA | § | |
| PARTNERS, | § | |
| | § | |
| Defendants. | § | |

And

RABO AGRIFINANCE, INC. and AG          §
ACCEPTANCE CORPORATION,                §
                                       §
          Plaintiffs,                  §
                                       §
v.                                     §          NO. 2:06-CV-272-J
                                       §
ROBERT WAYNE VEIGEL, STEVE             §
VEIGEL, TERRA XXI LTD., VEIGEL         §
CATTLE COMPANY, TERRA                  §
PARTNERS, BURNETT & VEIGEL,            §
INC., WILLIAMS & VEIGEL, INC.,         §
KIRK & VEIGEL, INC.,                   §
                                       §
          Defendants.

## ORDER

On March 31, 2008, Steve Veigel came to the Clerk's office seeking to deposit $280 cash with the Clerk of the Court. Steve Veigel was informed that he could not deposit the money without a Court order. Nevertheless, Steve Veigel deposited the $280 cash after hours in the 24-hour drop box outside the courthouse along with a letter to the Clerk, a copy of which is attached to this order. The letter to the Clerk references cause numbers 2:06-cv-153-J, 2:06-cv-272-J, and 2:05-cv-243.

The Clerk of Court is ordered to convert the $280 cash to a money order or a cashier's check and return it to Steve Veigel.

Steve Veigel is once again cautioned that because he is not a licensed attorney, he cannot represent other individuals or corporations. His attempt to do so is an attempt to practice law without a license.

It is SO ORDERED.

Signed this ___/5T___ day of April, 2008.

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**

**Steve Veigel**

**105 Quince**
**Hereford, Texas 79045**
**(806) 231-1009 cell**
**(806) 364-4489 fax**

March 29, 2008

Ms. Karen Mitchell
Clerk of the U.S. District Court
Northern District of Texas
Amarillo Division
205 E. 5th Street          HAND DELIVERED BY
Amarillo, Texas 79101          Bob Veigel

Re:    Cause No.s 2:05-CV-00243-J, 2:06-CV-00153-J; and 2:06-CV-00272-J

Dear Ms. Mitchell;

In the event that attorneys for the Defendants in the above referenced case file motions regarding Defendants' request for supersedeas to stay execution of the respective judgments as expected, please acknowledge your office's receipt of ten dollars ($10) from each Defendant in the respective cases totaling two hundred eighty dollars ($280) by executing the form below and returning an executed copy of this letter to Bob Veigel. Please accept and hold such funds until you receive further instructions from Defendants' attorneys.

The following Defendants in Cause No. 2:05-CV-00243-J tender the following:

| | |
|---|---|
| Veigel Farm Partners | - Federal Reserve $10 Note s/n IB72055254 B; |
| Veigel Farms, Inc. | - Federal Reserve $10 Note s/n IB71230734 B; |
| Terra XXI Ltd. | - Federal Reserve $10 Note s/n IC29198944 A; |
| Grain Central Station, Inc. | - Federal Reserve $10 Note s/n DJ50249477 A; |
| Veigel-Kirk, Inc. | - Federal Reserve $10 Note s/n GA00705212 *; |
| Bob Veigel, Inc. | - Federal Reserve $10 Note s/n IF37483367 A; |
| Bob Veigel, individually | - Federal Reserve $10 Note s/n GK06592384 A; |
| Steve Veigel, Inc. | - Federal Reserve $10 Note s/n GK43020161 A; |
| Steve Veigel, individually | - Federal Reserve $10 Note s/n IB71216227 B; |
| Vicki Veigel, Inc. | - Federal Reserve $10 Note s/n IB73678216 B; and |
| Veigel Cattle Company | - Federal Reserve $10 Note s/n GK53900614 A. |

The following Defendants in Cause No. 2:06-CV-00153-J tender the following:

| | |
|---|---|
| Terra XXI Ltd. | - Federal Reserve $10 Note s/n IF37314462 A; |
| Veigel Farm Partners | - Federal Reserve $10 Note s/n GK27599582 A; |
| Veigel Farm, Inc. | - Federal Reserve $10 Note s/n GK54570395 A; |
| Grain Central Station, Inc. | - Federal Reserve $10 Note s/n GE25059866 A; |
| Robert W. Veigel | - Federal Reserve $10 Note s/n GK08947659 A; |
| Ella Marie Veigel | - Federal Reserve $10 Note s/n IF00566743 A; |
| Steve Veigel | - Federal Reserve $10 Note s/n GK43284906 A; and |
| Terra Partners | - Federal Reserve $10 Note s/n IB73720463 B. |

The following Defendants in Cause No. 2:06-CV-00272-J tender the following:

| | |
|---|---|
| Robert W. Veigel | - Federal Reserve $10 Note s/n IF37275226 A; |
| Steve Veigel | - Federal Reserve $10 Note s/n IB73654537 B; |
| Terra XXI Ltd. | - Federal Reserve $10 Note s/n GK54259714 A; |
| Veigel Cattle Company | - Federal Reserve $10 Note s/n IC30065020 A; |
| Terra Partners | - Federal Reserve $10 Note s/n GA12246410 A; |
| Burnett & Veigel, Inc. | - Federal Reserve $10 Note s/n GK08538873 A; |
| Williams & Veigel, Inc. | - Federal Reserve $10 Note s/n GH00559281 A; |
| Kirk & Veigel, Inc. | - Federal Reserve $10 Note s/n IF37427676 A; and |
| Massey Kirk & Veigel, Inc. | - Federal Reserve $10 Note s/n GC23525443 A. |

Sincerely,

*Steve Veigel*

Steve Veigel


## ACKNOWLEDGMENT OF CASH RECEIPT

I, _____, the undersigned below acknowledge receipt of the above described funds by the Office of the Clerk of the U.S. District Court for the Northern District of Texas, Amarillo Division on this _____ day of March, 2008.

_____

EXHIBIT C

FILED

FEBRUARY 11, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| AG ACCEPTANCE CORPORATION and RABO AGRIFINANCE, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | NO. 2:06-CV-272-J |
| ROBERT W. VEIGEL, STEVE VEIGEL, TERRA XXI LTD., VEIGEL CATTLE COMPANY, TERRA PARTNERS, BURNETT & VEIGEL, INC., WILLIAMS & VEIGEL, INC., KIRK & VEIGEL, INC., MASSEY KIRK & VEIGEL, INC., | § § § § § § § § | |
| Defendants. | § | |

## <u>ORDER</u>

On January 31, 2008, Steve Veigel, acting *pro se*, and Bob Veigel (Robert W. Veigel), acting *pro se*, filed *Defendants' Motion for New Trial or in the Alternative Defendants' Motion to Alter or Amend Judgment*.  By this *pro se* motion, Steve Veigel and Bob Veigel (Robert W. Veigel) purport to file on behalf of Defendants Terra XXI Ltd., Veigel Cattle Company, Terra Partners, Burnett & Veigel, Inc., Williams & Veigel, Inc., Kirk & Veigel, Inc., and Massey Kirk & Veigel, Inc.

The motion is signed:


By: _____"Steve Veigel"_____          By: _____"Robert W. Veigel"_____
      Steve Veigel, *pro se*                                    Robert W. Veigel, *pro se*

This Court has already issued an Order in this case holding that Steve Veigel cannot act *pro se* on the behalf of corporate and partnership entities.  Steve Veigel's *pro se* motion for new

trial violates the Court's order.  Both corporations and partnerships, as fictional legal persons,

cannot personally appear in court.  *Id.* at 476.  The "clear" rule is "that a corporation as a

fictional legal person can only be represented by licensed counsel."  *K.M.A., Inc. v. General*

*Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982); *Accord Commercial & R.R. Bank*

*of Vicksburg v. Slocomb*, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *Donovan v. Road Rangers*

*Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *Southwest Express Co., Inc. v.*

*Interstate Commerce Comm.*, 670 F.2d 53, 56 (5th Cir. 1982).   Neither Steve Veigel nor

Bob Veigel (Robert W. Veigel) is a licensed attorney, and, therefore, neither can represent these

corporations and partnerships.

It is also well-settled that an individual cannot be represented by another non-attorney.

*Theriault v. Silber*, 579 F.2d 302, 303 fn.1 (5th Cir. 1978) (notice of appeal filed by non-attorney

on behalf of another individual is ineffective); *Powerserve Int'l v. Lavi*, 239 F.3d 508, 514

(2d Cir. 2001); *Lewis v. Lenc-Smith Mfg.*, 784 F.2d 829, 830 (7th Cir. 1986).  Steve Veigel has

represented that he graduated from law school.  He is, however, not a licensed attorney.

Bob Veigel (Robert W. Veigel) is not a licensed attorney.  Neither is permitted to act as an

attorney for any entity or individual other than himself.

IN SO FAR AS THE MOTION PERTAINS TO ANY DEFENDANT OTHER THAN

STEVE VEIGEL, INDIVIDUALLY, OR BOB VEIGEL (ROBERT W. VEIGEL),

INDIVIDUALLY, IT IS INEFFECTIVE, ORDERED STRICKEN, AND DOES NOT

REQUIRE A RESPONSE.

Further, Defendants Steve Veigel and Bob Veigel (Robert W. Veigel) are represented by

attorneys John G. Turner III and Van W. Northern.  Both attorneys are retained and have never

sought to withdraw nor been granted permission to withdraw by the Court.  In civil cases, "an

appellant is not entitled to hybrid representation." *Posner v. Dallas County Child Welfare Unit of the Texas Dep't of Human Servs.*, 784 S.W.2d 585, 588 (Tex. Ct. App. –Eastland 1990).  The applicable statute provides only that "parties may plead and conduct their own cases personally or by counsel…"  28 U.S.C. §1654 (2008).  This has been "consistently interpreted…as stating a defendant's rights in the disjunctive."  *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978), *citing United States v. Shea*, 508 F.2d 82, 86 (5th Cir.), *cert. denied*, 423 U.S. 847 (1975); *Lee v. Alabama*, 406 F.2d 466, 469 (5th Cir.), *cert. denied*, 395 U.S. 927 (1969); *Duke v. United States*, 255 F.2d 721, 724 (9th Cir. 1958); *Shelton v. United States*, 205 F.2d 806, 812-13 (5th Cir. 1953).  A litigant has the right to represent himself *or* to be represented by counsel; but not the right to both.  So long as Steve Veigel or Bob Veigel (Robert W. Veigel) is represented by retained counsel, neither has the right to file *pro se* pleadings with this Court.  Nevertheless, in the interest of justice, the Court will reserve a ruling on whether the motion should be stricken as to Steve Veigel, individually, and Bob Veigel (Robert W. Veigel), individually, until **4:00 p.m., February 19, 2008,** to permit consideration of any pleading or brief in that connection filed on or before that time.

Counsel and parties are reminded that only attorneys can use the ECF system.  Filing of documents by *pro se* litigants and a notice or service to or by *pro se* litigants must comply with the other rules of the Court.

IT IS SO ORDERED.

Signed this ___11th___ day of February, 2008.


/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**

EXHIBIT D

FILED

FEBRUARY 11, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| RABO AGRIFINANCE, INC., and<br>AG ACCEPTANCE CORPORATION, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 2:06-CV-153-J |
| TERRA XXI, LTD., VEIGEL FARM<br>PARTNERS, VEIGEL FARMS, INC.,<br>GRAIN CENTRAL STATION, INC.,<br>ROBERT W. VEIGEL, ELLA MARIE<br>VEIGEL, STEVE VEIGEL, and TERRA<br>PARTNERS, | §<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | | |

**ORDER**

On January 30, 2008, Steve Veigel, acting *pro se*, filed *Defendants' Motion for New Trial or in the Alternative Defendants' Motion to Alter or Amend Judgment*. By this *pro se* motion, Steve Veigel purports to file on behalf of Defendants Terra XXI Ltd., Veigel Farm Partners, Veigel Farms, Inc., Grain Central Station, Inc., and Ella Marie Veigel.

The motion is signed:


By: _____"Steve Veigel"_____
Steve Veigel, *pro se*
and on the behalf of other Defendants

This Court has already issued an Order in a related case (2:06-CV-272-J – tried back to back with this case) holding that Steve Veigel cannot act *pro se* on the behalf of corporate and partnership entities. Steve Veigel's *pro se* motion for new trial violates the Court's order.

Both corporations and partnerships, as fictional legal persons, cannot personally appear in court. *Id.* at 476.  The "clear" rule is "that a corporation as a fictional legal person can only be represented by licensed counsel."  *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982); *Accord Commercial & R.R. Bank of Vicksburg v. Slocomb*, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *Southwest Express Co., Inc. v. Interstate Commerce Comm.*, 670 F.2d 53, 56 (5th Cir. 1982).   Steve Veigel is not a licensed attorney, and therefore cannot represent these corporations and partnerships.

It is also well-settled that an individual cannot be represented by another non-attorney. *Theriault v. Silber*, 579 F.2d 302, 303 fn.1 (5th Cir. 1978) (notice of appeal filed by non-attorney on behalf of another individual is ineffective); *Powerserve Int'l v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001); *Lewis v. Lenc-Smith Mfg.*, 784 F.2d 829, 830 (7th Cir. 1986).  Steve Veigel has represented that he graduated from law school.  He is, however, not a licensed attorney.  He is not permitted to act as an attorney for any entity or individual other than himself.

IN SO FAR AS THE MOTION PERTAINS TO ANY DEFENDANT OTHER THAN STEVE VEIGEL, INDIVIDUALLY, IT IS INEFFECTIVE, ORDERED STRICKEN, AND DOES NOT REQUIRE A RESPONSE.

Further, Defendant Steve Veigel is represented by attorneys John G. Turner III and Van W. Northern.  Both attorneys are retained and have never sought to withdraw nor been granted permission to withdraw by the Court.  In civil cases, "an appellant is not entitled to hybrid representation."  *Posner v. Dallas County Child Welfare Unit of the Texas Dep't of Human Servs.*, 784 S.W.2d 585, 588 (Tex. Ct. App. –Eastland 1990).  The applicable statute provides only that "parties may plead and conduct their own cases personally or by counsel…"

28 U.S.C. §1654 (2008).  This has been "consistently interpreted…as stating a defendant's rights

in the disjunctive."  *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978), *citing United*

*States v. Shea*, 508 F.2d 82, 86 (5th Cir.), *cert. denied*, 423 U.S. 847 (1975); *Lee v. Alabama*,

406 F.2d 466, 469 (5th Cir.), *cert. denied*, 395 U.S. 927 (1969); *Duke v. United States*, 255 F.2d

721, 724 (9th Cir. 1958); *Shelton v. United States*, 205 F.2d 806, 812-13 (5th Cir. 1953).  A

litigant has the right to represent himself *or* to be represented by counsel; but not the right to

both.  So long as Steve Veigel is represented by retained counsel, he does not have the right to

file *pro se* pleadings with this Court.  Nevertheless, in the interest of justice, the Court will

reserve a ruling on whether the motion should be stricken as to Steve Veigel, individually, until

**4:00 p.m., February 19, 2008,** to permit consideration of any pleading or brief in that

connection filed on or before that time.

   Counsel and parties are reminded that only attorneys can use the ECF system.  Filing of

documents by *pro se* litigants and a notice or service to or by *pro se* litigants must comply with

the other rules of the Court.

   IT IS SO ORDERED.

   Signed this ___11th___ day of February, 2008.


      /s/ Mary Lou Robinson
      **MARY LOU ROBINSON**
      **UNITED STATES DISTRICT JUDGE**

EXHIBIT E



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

NOV 1 7 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| AG ACCEPTANCE CORPORATION, | § | |
| | § | |
| PLAINTIFF, | § | |
| v. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| ROBERT WAYNE VEIGEL, STEVE | § | 2:06-CV-272-J |
| VEIGEL, TERRA XXI LTD., et al., | § | |
| | § | |
| DEFENDANTS. | § | |

## ORDER

Defendant Steve Veigel, purporting to act on behalf of Defendants Terra XXI Ltd., Veigel Cattle Company, Terra Partners, Burnett & Veigel, Inc., Williams & Veigel, Inc., Kirk & Veigel, Inc., and Massy Kirk & Veigel, Inc., filed a *pro se* answer on November 13, 2006. That *pro se* answer does not state the legal nature of any of these entities, but admits the contention in Plaintiff's original complaint that all of these entities are either incorporated or owned by corporations.

*Pro se* defendants cannot sign and file an answer in their representative capacity of officers or directors of defendant corporations, even if they are the sole shareholders and its president. A corporation and similar fictional legal persons cannot appear *pro se*. The "clear" rule is "that a corporation as a fictional legal person can only be represented by licensed counsel." *K.M.A., Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982). *Accord Commercial & R.R. Bank of Vicksburg v. Slocomb,* 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984); *Southwest Express Co., Inc. v. Interstate Commerce Comm.,* 670 F.2d 53, 56 (5th Cir. 1982). Thus, an individual defendant can

appear *pro se* only on his or her own behalf, and not on the behalf of his or her defendant corporation or any other similar fictional legal persons or entity.

Accordingly, all of the above-listed Defendants in this case must employ a licensed attorney as counsel of record, and that counsel is required to file an original answer in this case.

It is SO ORDERED.

Signed this the _____16ᵗʰ_____ day of November, 2006.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

2