IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS, TERRA XXI, LTD., ROBERT WAYNE VEIGEL, ELLA MARIE WILLIAMS VEIGEL, VEIGEL FARMS, INC., VEIGEL CATTLE COMPANY, and VEIGEL FARM PARTNERS, | § § § § § § | CIVIL ACTION CAUSE NUMBER |
| PLAINTIFFS, vs. | § § § § | 2:15-CV-236-J |
| AG ACCEPTANCE CORPORATION, | § § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant Ag Acceptance Corporation's Rule 12(b)(6) motion, filed October 16, 2015, to dismiss all of the Plaintiffs' claims for failure to state a claim upon which relief can be granted, the Plaintiffs' response in partial opposition, and the Defendant's reply. For the following reasons, Defendant's motion for dismissal is granted in part because Plaintiffs' claims have failed to state claims under Texas law upon which relief can be granted.

*Dismissal Standards*

The federal rules require that a pleading need only furnish a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. Pro. 8(a). Rule 12(b)(6) motions function to test the formal sufficiency of a complaint against the liberal pleading requirements of Rule 8. In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004). To survive, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atlantic Corp.*

*v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal,* 495 F.3d at 205 (quoting *Twombly,* 127 S.Ct. at 1965).

Although a court accepts all well-pleaded facts as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. Pro. 8(a)(2)).

*Background Facts*

As the facts supporting their causes of action, Plaintiffs allege the following. In 1994, Terra XXI, Ltd., Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners executed and delivered to Farm Credit Bank of Texas (FCBT) two promissory notes in the original principal amounts of $1,962,100.00 and $1,037,900.00. Both notes came to be held by Rabo Agrifinance, Inc. (Rabo). The notes were secured by liens upon land in Deaf Smith County, Texas, and Quay and Guadalupe Counties, New Mexico. Rabo obtained judgement on the notes in federal court in 2006. Rabo domesticated the federal judgment in New Mexico in 2007. Rabo as plaintiff filed a foreclosure case in Quay County District Court seeking to foreclose mortgages on New Mexico property to satisfy the federal judgment. Rabo held a foreclosure sale on May 18, 2015 on the New Mexico property, and was the successful bidder on that sale. Confirmation of the sale was appealed by one or more of the Plaintiffs in this case.

Some of the Plaintiffs to this suit executed and delivered a series of promissory notes to AgServices of America, Inc. between 1997 and 1999. AgServices assigned those notes to Ag Acceptance Corporation. To secure those notes and future debts, in 1998 Plaintiff Terra XXI executed a third lien deed of trust in favor of AgServices on the Deaf Smith County property. Terra XXI also executed a third lien real estate mortgage in favor of AgServices on the New Mexico properties. Plaintiffs defaulted on the notes in 2003. As a result of that default, Ag Acceptance purchased the Texas property at a non-judicial foreclosure sale pursuant to its second lien position, subject to First Ag Credit's senior lien. Ag Acceptance is a wholly owned subsidiary of Ag Services and its successor, Rabo Agrifinance.

Plaintiffs allege that in 2012, Ag Acceptance and Rabo sold the Texas property to Champion Feeders, LLC for at least $6,154,660.00. Plaintiffs allege that amount was sufficient to satisfy the federal judgment on both their Texas and New Mexico properties. They complain that neither Ag Acceptance, AgServices nor Rabo's first lien mortgage or other related judgment liens on the New Mexico properties have been released. They allege that in 2006 the deputy general counsel for Ag Acceptance and Rabo represented to the U.S. Department of Agriculture that it was Ag Acceptance and Rabo's intent to sell the Texas property and use to proceeds to satisfy Plaintiffs' "obligations" to Ag Acceptance and Rabo. They complain that even though the sales proceeds of the Texas property was allegedly sufficient to satisfy the federal judgment, Ag Acceptance and Rabo did not release the liens on the New Mexico property but instead brought a foreclosure action in New Mexico state court on the New Mexico property.

Plaintiffs brought this lawsuit to obtain a declaratory judgment that under New Mexico law the liens on the New Mexico property were and are fully satisfied by the proceeds of the 2012 sale of the Texas property to Champion Feeders, LLC. This suit was removed to a New Mexico federal district court by the Defendant, then transferred by that court to this court presumably because of the uncertain implications and effects of the Fifth Circuit's sanctions order and because of this suit's legal effects, if any, upon this Court's earlier affirmed judgments dealing with the Texas property.

*Discussion and Analysis*

Plaintiffs have pled four claims in their amended complaint, numbered Counts I through IV. Plaintiffs in their response to Defendant's motion to dismiss have agreed to dismissal of their claim for imposition of a constructive trust (Count III of their first amended complaint). Pursuant to that agreement, that claim is hereby dismissed with prejudice. The three remaining claims are:

Count I, a claim for an accounting by Ag Acceptance Corp. concerning the transaction with Champion and the application of that transaction's sales proceeds, as well as an accounting of funds held in a Texas court registry as additional collateral, which Plaintiffs allege should have been paid to certain Plaintiffs as the debt owed to Ag Acceptance and Rabo should have been previously satisfied by the Champion sale;

Count II, a claim of unjust enrichment based on the application of the "primary fund doctrine," alleging that retention by Ag Acceptance of the consideration paid by Champion, as well as other funds, without application of those funds to the obligation secured by the liens upon Plaintiffs' properties, coupled with Ag Acceptance Corp.'s "nominal bid" at its non-judicial foreclosure sale, results in Ag Acceptance being unjustly enriched at the expense of Plaintiffs; and

Count IV, a request for a declaratory judgment, alleging that an actual controversy exists as to the validity of Ag Acceptance's mortgage and any judgment liens on the New Mexico properties, and that this Court has jurisdiction to determine the rights and status of the Ag Acceptance promissory notes and their relation to the mortgages on those properties.

Defendant argues that Plaintiffs are demand that Ag Acceptance hand over allegedly excess proceeds from the sale of the Deaf Smith County property, property that it had owned outright for more than a decade. Defendant asserts that the Veigels' current claims fail on a legal basis, therefore they should all be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Other than as to Count III, Plaintiffs do not agree to dismissal of their claims. Plaintiffs and the Defendant both argue Texas and New Mexico law as grounds for dismissal, and why this case should not be dismissed pursuant to Rule 12(b)(6).

*Count I: the Claim for an Accounting*

As to Count I, the accounting claim, Defendant states the Veigels do not refer in their amended complaint to any statute or other legal authority that gives them the right to demand such an accounting, and none exists. At the time of the 2012 sale Plaintiffs did not owe Ag Acceptance any money for any of the debts they describe in their amended complaint and, in the absence of either a debtor-creditor relationship or another valid legal basis to demand an accounting, the cause of action fails as a matter of law.

Plaintiffs respond by citing Texas cases stating that an equitable accounting is an equitable remedy proper under Texas law when the facts and accounts presented are so complex that adequate relief may not be obtained at law. As they did in New Mexico state court, Plaintiffs argue the applicability of the "primary fund doctrine" pursuant to which, they argue, "the Texas property became the primary fund for satisfaction of the superior debts encumbering the property purchased by Defendant."

Defendant replies that none of the cited cases actually allowed an accounting as an independent cause of action on this ground. Instead, in each of the cited cases, an accounting was allowed as a remedy when a party alleged another viable cause of action, not allowed at all, or allowed based on a fiduciary duty between the parties, which does not exist here. There is no dispute that no fiduciary duty exists between these parties.

"To be entitled to an accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from which the plaintiff seeks the accounting." *T.F.W. Mgmt., Inc. vs. Westwood Shores Prop. Owners Ass'n,* 79 S.W.3d 712, 717 (Tex. App.– Houston [14th Dist.] 2002, *pet. denied*) (citing Hunt Oil Co. v. Moore, 656 S.W.2d 634, 642 (Tex.App.-Tyler 1983, *writ ref'd n.r.e.*)). No such relationship exists here, therefore an action for such an accounting fails to state a claim upon which relief can be granted under Texas law. Further, the amended complaint does not demonstrate that the facts here are so complex that ordinary discovery procedures are inadequate to obtain the information needed. *See Emeribe v. Wells Fargo Bank, N.A.,* No. CIV. A. H-12-2545,

2013 WL 140617, at *4 (S.D. Tex. Jan. 10, 2013) (refusing to allow accounting claim after foreclosure because accounts were not complex). A failure to be able to state a claim does not make facts complex, nor does it create a basis to require an accounting under Texas law.

*Count II: the Claim of Unjust Enrichment*

Defendant states that unjust enrichment is a remedy, not an independent cause of action under Texas law, citing *Hancock v. Chicago Title Ins. Co.,* 635 F. Supp. 2d 539, 560-61 (N.D. Tex. 2009)(dismissing cause of action for unjust enrichment); *Fisher v. Blue Cross & Blue Shield of Texas, Inc.,* No. 3:10-CV-2652-L, 2015 WL 5603711, at *12 (N.D. Tex. Sept. 23, 2015)(unjust enrichment is not an independent cause of action); *Roach v. Berland,* No. 3:13-CV-4640-D, 2015 WL 5097987, at *3 (N.D. Tex. Aug. 31, 2015) (same); *Chapman v. Commonwealth Land Title Ins. Co.,* 814 F. Supp. 2d 716, 725 (N.D. Tex. 2011) (same). Because there is no independent cause of action for unjust enrichment, Defendant states the claim must be dismissed.

Plaintiff respond that "[a]lthough unjust enrichment may not be an independent claim under Texas law, the principles of unjust enrichment still exist." Plaintiffs state that in "this case, the facts involved and the relief requested all indicate an equitable claim, regardless of whether it is labeled a claim for unjust enrichment or money had and received." Plaintiffs point out that they have plead "several facts showing that Ag Acceptance received a substantial sum of money from the sale of property in which they only paid $20,000 due to the existing and superior liens thereon." They argue that "those facts show that the money had and received by Defendant should have been applied to existing liens on New Mexico property owned by Plaintiffs and was not – thus unjustly enriching Ag Acceptance at the expense of the Plaintiffs."

A cause of action for money had and received – which is **not** the claim as pled by the Plaintiffs – is an equitable claim based upon an implied contract "for debt not evidenced by a writing." *Amoco Prod. Co. v. Smith,* 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, *no writ*). Texas courts do not permit recovery on such an equitable theory where an express contract governs the subject matter of the dispute. *Fortune Prod. Co. v. Conoco, Inc.,* 52 S.W.3d 671, 684 (Tex.

6

2000); *McAfee, Inc. v. Agilysys, Inc.,* 316 S.W.3d 820, 828 (Tex. App.—Dallas 2010, *no pet.*) (citations omitted) ("Unless there is evidence of fraud, bad faith, or illegality, [causes of action for unjust enrichment, money had and received, and promissory estoppel] are not applicable when an express contract governs the subject matter of the dispute."); *Burlington N. R. Co. v. Southwest Elec. Power Co.,* 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996) ("The doctrine does not operate to rescue a party from the consequences of a bad bargain, and the enrichment of one party at the expense of the other is not unjust where it is permissible under the terms of an express contract."), *aff'd sub nom. Sw. Elec. Power Co. v. Burlington N. R.R. Co.,* 966 S.W.2d 467 (Tex. 1998). It is not disputed that the manner of applying proceeds from the sale of the Deaf Smith County properties may be resolved, at least in part, by reference to the various written loan contracts at issue.

In addition to that reason for dismissal of this claim, the undisputed facts are that the Texas lands once owned by the Plaintiffs were foreclosed upon in 2003, and finally sold in 2012 to Champion Feeders, LLC. Plaintiffs have not adequately explained why they are legally or equitably entitled now, a decade after that foreclosure, to credit for some of the 2012 sales proceeds.

Before this case was removed, Plaintiffs argued New Mexico law as grounds for such a credit. In their response to the motion to dismiss, after the amended complaint was filed, they argue only Texas law. Even if it is true that the 2012 sales proceeds were more than enough to fully satisfy all of their defaulted debts to all of their various creditors, Plaintiffs cite no Texas authority holding they have a valid claim upon which legal or equitable relief can now be granted to any portion of those sales proceeds. In essence, Plaintiffs are arguing that regardless of how long new owners hold lands that Plaintiffs once owned, when sold a decade or a century later, they have an equitable right to a portion of the sales proceeds to pay on their defaulted debts – after default and the foreclosure sale, whenever a subsequent sale may be made. No legal authority for that alleged right has been cited, and the Court has found no such Texas authority under the facts of this case. For these reasons, Plaintiffs have failed to state a claim under Texas law upon which relief can be granted in this Court.

*Claim IV: the Declaratory Judgment Claim*

The Veigels' final cause of action for declaratory relief seeks a ruling that judgment liens on property in New Mexico are improper and that "continuing liens on the New Mexico property are therefore improper and should be released" under New Mexico statutes and case law. *See* amended complaint, at p.10, *and* Plaintiffs' New Mexico state court "motion for relief of judgment" (document number 39-2 at p.499-505). Defendant argues that the Court should decline to consider this claim because the lien issues have already been addressed in the long-running New Mexico state court cases, and rulings there make this issue moot. Pursuant to an apparently now-final New Mexico state court order, the New Mexico property was foreclosed by Rabo Agrifinance, thereby extinguishing all inferior liens. As a result, Defendant states that all disputes about other liens on the property are now finally moot.

In response, the Plaintiffs argue that the state appellate court has not ruled in a final manner, therefore these issues are not finally moot. Plaintiffs state that the New Mexico state court, in which this matter was originally filed, does have jurisdiction to determine the rights and status of the Ag Acceptance notes with respect to the encumbrances on the New Mexico property. Plaintiffs point out, however, that Ag Acceptance is not a party to the New Mexico foreclosure proceedings, and is thus "an omitted junior lien holder." As "an omitted junior lien holder," they state that "the mortgagee (Rabo Agrifinance, Inc.) in the foreclosure may re-foreclosure on the junior lien (Ag Acceptance's interest), in the trial court's discretion, or" under New Mexico law Defendant Ag Acceptance "may ultimately disclaim any interest in that property." But, they state, "even the entry of an order approving the foreclosure sale in the New Mexico case" – an event which has now apparently happened – would not render the declaratory relief request moot, given that Ag Acceptance is not a party to that New Mexico proceeding.

Plaintiffs argue:

there "is no pending request in state court to invalidate the liens held on the New Mexico property. The instant petition was the request for such relief, and it has been

8

   removed and is currently before this Court. Thus, there is no pending proceeding to enjoin, nor would the effect of granting the declaratory relief act as an injunction on any pending state case."

In reply, the Defendant states that the New Mexico appellate court has now finally ruled in a final manner, so these issues are now moot, finally. This Court has not been informed if an appeal has been taken from the intermediate state appellate court's decision.

  Given the years of litigation in New Mexico state trial and appellate courts, the apparently final appellate resolution there regarding Plaintiffs' lien validity, accounting and other claims, and the now apparently-final foreclosure upon and sale of the New Mexico properties, this Court declines to hear further claims about these New Mexico properties. It would not serve the purposes of judicial economy to hear this lawsuit here. It would be inequitable to allow the declaratory plaintiffs to be hauled into this Texas federal court by the change of forum from the New Mexico state courts, instead of a court better suited to decide issues of New Mexico real property liens and laws. The matters in controversy may be, and may now have been, fully litigated in the pending state actions in New Mexico, or not. However, no party has cited any benefit, either to the parties or the federal courts, in allowing either party to engage in forum shopping in this suit, especially when this Court's earlier judgments did not rule upon any of these contested issues of New Mexico law.

  There is no good reason presented by any party to this suit why this Court is being called upon to sit as an super-state appellate court and to construe the various New Mexico state judicial decrees, substantive state laws, New Mexico case law, and state procedural rules involving these parties, the New Mexico properties, and their eight plus years of litigation relating hereto. *See Sherwin-Williams Co. vs. Holmes County,* 343 F.3d 383, 388 (5th Cir. 2003). This Court declines to do so.

  Issues related to invalidating the liens held on the New Mexico property pursuant to New Mexico law, and the possible mootness (or not) of the Plaintiffs' claims in this lawsuit for such relief because of related state appellate court decisions, are not based upon this Court's earlier judgments.

Plaintiffs expressly concede that they are not attacking this Court's earlier affirmed judgments, and those judgments are now final. Whatever claims Plaintiffs may be asserting in this suit based upon New Mexico law should not be decided by this Court. This Court rules only that Plaintiffs have not stated any claim upon which relief can be granted under Texas law, and that those claims can be and should be dismissed with prejudice.

*Conclusions*

For the above-stated reasons, all of the Plaintiffs' Texas state-law based claims and causes of action are hereby dismissed for failure to state a claim upon which relief can be granted.

A final judgment will be entered in accordance with this memorandum opinion and order.

The balance of the claims asserted herein pursuant to New Mexico law, and specifically those pled in Count IV of the amended complaint, are hereby transferred to the federal court in New Mexico to which this case was removed from state court, for that court's consideration. This Court offers no opinion of the substance of any claim or cause of action pled under New Mexico law.

It is SO ORDERED.

Signed this the _15th_ day of September, 2016.

**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE