THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL;
ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.; VEIGEL CATTLE
COMPANY; and VEIGEL FARM PARTNERS,

    Plaintiffs,

v.                                                                          No. CV 16-1036 WPL/KK

AG ACCEPTANCE CORPORATION,

    Defendant.

MOTION TO COMPEL RESPONSES TO PLAINTIFFS'
FIRST REQUESTS FOR PRODUCTION

Terra Partners, Terra XXI, Ltd., Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners ("Plaintiffs"), by and through their attorneys Keleher & McLeod, P.A. (Jeffrey Dahl and Justin Breen), for their Motion To Compel Responses To Plaintiffs' First Requests For Production, state as follows:

1.     Plaintiff served their First Request For Production ("Discovery") on Ag Acceptance Corporation ("AAC") on September 17, 2015.

2.     Ag Acceptance Corporation ("AAC") served their Responses To Plaintiffs' First Request For Production on October 16, 2015 ("Responses"). The Discovery and AAC's responses are attached hereto as **Exhibit A**.

3.     Plaintiffs petition concerns a request for an accounting, among other things, of proceeds resulting from AAC's sale of real property in Deaf Smith County, Texas ("Texas Property"). Plaintiffs are not contesting AAC's, or their grantee Champion Feeders, LLC's

1

("Champion"), title to the Texas Property. Instead, Plaintiffs are requesting that based on the primary fund doctrine – which generally requires that when land is purchased subject to a mortgage, the land becomes the primary fund for the payment of the mortgage debt (*Wright v. Anderson*, 62 S.D. 444, 449-450 (S.D. 1934)) - the proceeds from that sale should have been applied to any obligation encumbering the Texas Property.

4. As part of their Amended Petition, Plaintiffs have attached two release of liens. [*See* Exhibit E and F to Amended Petition, Doc. 38.] Those exhibits demonstrate that, at the time of the conveyance of the Texas Property from AAC to Champion, there were at least two deeds of trust that were released in order for the Texas Property to convey free and clear to Champion.

5. Plaintiffs are also requesting a declaratory judgment concerning the validity of certain liens on Plaintiff's property held by AAC. [Count IV of Amended Petition.]

6. Accordingly, the Discovery generally requests information relevant to the sale of the Texas Property and application of the sales proceeds and the validity of the liens on the New Mexico property.

7. The Responses fail, in every instance, to respond to the Discovery. Instead, Defendant asserted a number of unfounded and unsupported objections.

8. In response to the Discovery, AAC states that it has no obligation to respond because it feels Plaintiffs' lawsuit is a "fishing expedition and an attempt to continue litigation over maters that have been resolved." [Exhibit A, Response to RFP 1.] AAC generally challenges, through the Responses, the "legal basis" underlying the Plaintiffs claims. AAC asserts other unfounded and unsupported objections:

      a. Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to the discovery of admissible evidence;

      b. attorney client privilege;

      c. work-product privilege (with no privilege log); and

      d. confidential or proprietary business documents.

9. In some instances, AAC objects on the grounds that Discovery "...seeks information about property that is not at issue in this lawsuit." [See response to RFP 1, 2 .] The "property" actually at issue is the funds from the sale to Champion and the real property in New Mexico.

10. The Discovery requests necessarily concern the Texas real property and its conveyance, because without that, there would be no funds. As an example, the title commitment requested in RFP 3 would likely have listed the encumbrances of record (reflected on Exhibit E and F to the Amended Petition) at that time and would have contained conditions requiring releases of those encumbrances.

11. AAC had also refused to comply with the Discovery because they had pending at the time a motion to dismiss in the Northern District of Texas. AAC also claimed that the Discovery violated an injunction order entered against the Plaintiffs, barring the litigation concerned in the Amended Petition.

12. However, on September 16, 2-016 the Northern District of Texas Federal Court transferred this matter to this Court, thereby allowing the matter to proceed. Accordingly, AAC should now be compelled to respond to the Discovery.

13.     Plaintiff made a good faith attempt to resolve this discovery issue, back when the matter was pending in the Northern District of Texas, long before filing this motion.

WHEREFORE, Plaintiffs respectfully request that the Court order AAC to respond to the Discovery and that the Court award Plaintiffs their attorney fees for having to file this motion.

Respectfully submitted,

KELEHER & MCLEOD, P.A.

By: /s/ Justin B. Breen
    Filed Electronically on October 28, 2016
    Jeffrey A. Dahl – NM SBN 0622
    Justin B. Breen – NM SBN 28108
    Post Office Box AA
    Albuquerque, New Mexico  87103
    Telephone:  (505) 346-4646
    Facsimile:  (505) 346-1370
    E-Mail:  jad@keleher-law.com
    E-Mail:  jbb@keleher-law.com
    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

THIS HEREBY CERTIFIES that on October 28, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**Lead Counsel for Ag Acceptance Corporation:**
Barbara Whiten Balliette
Reid Collins & Tsai LLP
1301 S. Captial of Texas Hwy., C-300
Austin, Texas  78746
Telephone:  (512) 647-6100
Facsimile:  (512) 647-6129
E-Mail:  BBalliette@RCTLegal.com

**Local Counsel for Ag Acceptance Corporation:**
Thomas C. Riney
Riney & Mayfield LLP
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas  79101
Telephone:  (806) 468-3200
Facsimile:  (806) 376-4509
E-Mail:  TRiney@RineyMayfield.com

**Lead Counsel for Ag Acceptance Corporation [District of New Mexico]:**
Richard F. Rowley II
Rowley Law Firm, L.L.C.
P.O. Box 790
Clovis, New Mexico  88102-0790
Telephone:  (575) 763-4457
Facsimile:  (575) 763-4450
E-Mail:  R2@RowleyLawFirm.com

/s/ Justin B. Breen
Justin B. Breen

4833-2972-1642, v. 2