THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL;
ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.; VEIGEL CATTLE
COMPANY; and VEIGEL FARM PARTNERS,

     Plaintiffs,

v.                                                                No.  2:15-cv-236-J

AG ACCEPTANCE CORPORATION,

     Defendant.

## FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

Terra Partners, Terra XXI, Ltd., Robert Wayne Veigel, Ella Marie Williams Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners ("Plaintiffs"), by and through their attorneys Keleher & McLeod, P.A. (Jeffrey Dahl and Justin Breen) hereby provide the following requests for production to Defendant Ag Acceptance Corporation ("Defendant" or "you").

REQUEST FOR PRODUCTION NO. 1:  Please produce copies of any correspondence between you and Rabo Agrifinance, Inc. and/or any other member of the Rabobank Group of companies, related to the transaction reflected on the form FSA-153 dated December 4, 2012 attached hereto ("**Exhibit G**" as referred to herein").  Please include any correspondence discussing the value of the real property concerned in that transaction as well as the application of any proceeds received from that transaction.

RESPONSE:

Exhibit
A

4813-3283-3320, v. 1                                1

REQUEST FOR PRODUCTION NO. 2:  Please produce copies of any correspondence in your possession between you and A. O. Thompson Abstract Co. related to the transaction identified in Exhibit G.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3:  Please produce copies of any title commitment or title insurance policy in your possession related to the transaction  identified in Exhibit G.

RESPONSE:

REQUEST FOR PRODUCTION NO. 4:   Please produce copies of any correspondence and/or agreements between you and Champion Feeders, LLC ("Champion"), Kevin Buse, and/or Great Plains Ag Credit, PCA related to the transaction identified in Exhibit G.

RESPONSE:

REQUEST FOR PRODUCTION NO. 5:  Please produce copies of the closing statement concerning the transaction identified in Exhibit G.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6:   Please produce copies of any purchase agreement concerning the transaction identified in Exhibit G.

RESPONSE:

REQUEST FOR PRODUCTION NO. 7:  Please produce copies of any judicial documents in your possession related to the sale to Champion identified in Exhibit G.

RESPONSE:

REQUEST FOR PRODUCTION NO. 8:  Please produce copies of any checks or drafts issued between Champion and AAC regarding the transaction identified in Exhibit G.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9:   Please produce copies of all documents reflecting how the sale proceeds from the transaction reflected in Exhibit G were distributed among any persons and/or entities that received any portion of those proceeds.

RESPONSE:

Respectfully submitted,

KELEHER & MCLEOD, P.A.

By: _____

Jeffrey A. Dahl – NM SBN 0622
Justin B. Breen – NM SBN 28108
Post Office Box AA
Albuquerque, New Mexico  87103
Telephone:  (505) 346-4646
Facsimile:  (505) 346-1370
E-Mail:  jad@keleher-law.com
E-Mail:  jbb@keleher-law.com
*Lead Counsel for Plaintiffs*

*4813-3283-3320, v.  1*

RECEIVE
DEC 1 2012 REC'D
By _____

This form is available electronically.

AMENDED ☐

Form Approved – OMB No. 0560-0097

**FSA-153**
(10-13-10)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

**AGRICULTURAL FOREIGN INVESTMENT DISCLOSURE ACT REPORT**

Note: Read Instructions on Page 2 Before Filing in Any Data Below. (If Additional Space is Needed, Add Information in Item 6, Page 2, or attach an additional sheet.)

| ITEM | | | ITEM | |
|---|---|---|---|---|
| **2. Tract Location and Description** | | | **5. Type of Interest Held in the Agricultural Land** (Check one) | Check |
| A. Legal Description or FSA Tract Number | | | A. Fee Interest (Ownership) Whole | X |
| See attached Legal Description | | | B. Fee Interest (Ownership) Partial  What Percent | |
| | | | C. Life Estate | |
| | | | D. Trust Beneficiary | |
| B. County or Parish | C. Number of Acres | | E. Purchase Contract | |
| Deaf Smith County | 5,663 | | F. Other (Check Box and Explain Below:) | |
| D. State | | | | |
| Texas | | | | |

**1. TYPE ACTIVITY** (See Instructions on Page 2) (check one)

| | | |
|---|---|---|
| A. Land Holding ☐ | B. Land Acquisition ☐ | C. Land Disposition ☒ |
| D. Land Use Change to Agriculture ☐ | | E. Land Use Change to Non-Agriculture ☐ |

| | | | | |
|---|---|---|---|---|
| **3. Owner or Lessee of Tract** (In Item 2A) (See Page 2) | | | **6. How was this Tract Acquired or Transferred?** | Check |
| A. Name: Ag Acceptance Corporation | | | A. Cash Transaction | X |
| | | | B. Credit or Installment Transaction | |
| B. Tax ID No. (Nine Digits) 391873636 | | | C. Trade | |
| C. Legal Address (Street, City, State/Province, Country) | | | D. Gift or Inheritance | |
| 6919 Chancellor Drive | | | E. Foreclosure | |
| Cedar Falls, IA 50613 | | | F. Other (Check Box and Explain Below:) | |

RECEIVED
DEC 26 2012
USDA-TX SED
OPS DIV

| | | | |
|---|---|---|---|
| D. Type of Owner (If Item D1 is checked, skip Items D2 and D3.) | | | |
| 1. Individual. (Indicate citizenship of husband and/or wife if applicable.) | | | |
| a. Citizenship of Individual(s) | | | |
| 2. Government (Country) | | | |
| 3. Organization | | Check | |
| a. Type | | | |
| 1) Corporation | | X | |
| 2) Partnership | | | |
| 3) Estate | | | |
| 4) Trust | | | |
| 5) Institution | | | |
| 6) Association | | | |
| 7) Other (Check box and Explain.) | | | |
| b. Government or country under whose law the organization is created | | | |
| United States | | | |
| c. Principal place of business (For organizations only) | | | |
| Cedar Falls, IA | | | |
| d. List on separate sheet, the Name, Address and Country of all foreign persons who individually or in the aggregate hold significant interest or substantial control 1/ in the person owning the land. | | | |

| | |
|---|---|
| **7. Value of Agricultural Land:** | |
| A. Purchase Price or if a land disposition, the original price paid by seller. | $ |
| B. Non-Purchase, Estimated Value at the Time of Acquisition | $ |
| C. What is the estimated current value or if a land disposition, the selling price of the tract of land? | $ 6,154,660.00 |
| D. How much of purchase price in Item 7A remains to be paid? | $ |

| **8. Date of Acquisition or Transfer** (See Instructions, Item 8, Page 2.) | Month | Day | Year |
|---|---|---|---|
| | November | 15 | 2012 |

| **9. Current Use of Land** (Usual use of land, for idle land, report as Other Agriculture.) | Acres |
|---|---|
| A. Crop | 5,663 |
| B. Pasture | |
| C. Forest or Timber | |
| D. Other Agriculture | |
| E. Non-Agriculture | |
| F. Total Acres (Should equal Item 2C) | 5,663 |

| | | |
|---|---|---|
| E. Complete only if Item 1C, Land Disposition, is checked. | | |
| 1. Name of Person Receiving Tract | | |
| Champion Feeders, LLC | | |
| 2. Address (Street, City, State/Province, Country) | | |
| 3750 S FM 2943 | | |
| Hereford, TX 79045 | | |

| **10. Intended Use as of This Date.** Check one or enter "NA" if Item 1C or 1E above is checked. | Check or "NA" |
|---|---|
| A. No change. | X |
| B. Other Agriculture | |
| C. Non-Agriculture | |

| **11. Relationship of Owner to Producer.** Check one or more items if applicable. Enter "NA" if Item 1C or 1E is checked. | |
|---|---|
| A. Producer is: | |
| 1. Owner | NA |
| 2. Manager | NA |
| 3. Tenant or sharecropper (Item 11B must be completed.) | NA |
| B. Rental agreement is: (Not applicable if Item 1C or 1E above is checked.) | |
| 1. A crop share | NA |
| 2. Cash or fixed rent | NA |

| | | |
|---|---|---|
| 3. Citizenship: USA ☐  Foreign ☐  Unknown ☒ | | |
| 4. Representative of Foreign Person (Completing form, if applicable) | | |
| A. Name | | |
| Linda Kobliska | | |
| B. Address (Street, City, State/Province, Country) | | |
| 6919 Chancellor Drive | | |
| Cedar Falls, IA 50613 | | |

| **12. The Producer on This Tract Is:** Check one or more. If not applicable for Item 11A, then enter "NA". (Not applicable if Item 1C or 1E is checked.) | |
|---|---|
| A. The same person as when the tract was acquired. | NA |
| B. A new person. | NA |

| | | |
|---|---|---|
| C. Telephone No. (Area Code): (319) 575-5443 | | |
| D. Relationship of Representative to Foreign Person | | Check |
| 1. Attorney | | X |
| 2. Manager | | |
| 3. Agent | | |
| 4. Other (Explain in Item 6, Page 2) | | |

**13. CERTIFICATION** (Owner or Legally Authorized Representative) I certify that the information entered in this report is complete and correct. I understand that falsification of reporting is subject to a civil penalty not to exceed 25% of the fair market value of the interest held in the tract of land.

| 14A. SIGNATURE (Owner or Legally Authorized Representative) | 14B. TITLE Deputy General Counsel | 14C. DATE (MM-DD-YYYY) 12-04-2012 |
|---|---|---|

1/ Significant interest or substantial control as defined in 7 CFR Part 781.2(k)

EXHIBIT
G

FSA-153 (10-13-10)  Page 2

| NOTE: | The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a – as amended). The authority for requesting the information identified on this form is 7 CFR Part 781 and the Agricultural Foreign Investment Disclosure Act of 1978 (Pub. L. 95-460). The information will be used to ensure that a foreign person who acquires, disposes of, or holds an interest in United States agricultural land disclose such transactions and holdings to the Secretary of Agriculture and to determine the effects of such transactions and holdings on family farms and rural communities. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-2, Farm Records File (Automated). Providing the requested information is mandatory. Failure to furnish the requested information or falsification of reporting will result in a determination of non-compliance with the program which is subject to a civil penalty not to exceed 25 percent of the fair market value, as determined by the Farm Service Agency on the date of the assessment of such penalty, of the foreign person's interest in the agricultural land with respect to which such violation occurred. |
| | According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0097. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The provision of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE. |

## DETERMINATION OF FOREIGN PERSON STATUS

| DEFINITION: | "Person" means any individual, corporation, company, association, firm, partnership, society, joint stock company, trust, estate, or any other legal entity. | | |
|---|---|---|---|
| You are an "individual/foreign person" under the provisions of Pub. L. 95-460 and must complete the front side of this form (FSA-153) if your answer is "NO" to all the statements in Items 1, 2 and 3 below: | | YES | NO |
| 1. I AM a citizen of the United States. | | | X |
| 2. I AM a citizen of the Northern Mariana Islands or the Trust Territories of the Pacific Islands. | | | X |
| 3. I AM lawfully admitted to the United States for permanent residence, or paroled into the United States, under the Immigration and Nationality Act. | | | X |
| You are a "foreign person, organization or government," under the provisions of Pub. L. 95-460 and must complete the front side of this form (FSA-153) if your answer is "YES" to any of the statements in Items 4a, 4b and 5 below: | | YES | NO |
| 4. I AM a "person" other than an individual or government, which is created or organized under the laws of: | | | |
| a. A foreign government of which has its principal place of business located outside the United States. | | | X |
| b. Any State of the United States, and in which significant interest or substantial control 1/ is held directly or indirectly by any foreign individual, government, or person. | | X | |
| 5. I AM a foreign government. | | | X |

## GENERAL INSTRUCTIONS

Complete this form for each tract of land.  Report as a tract all acreages under the same ownership in each county or parish acquired or transferred on the same date.  Land in different counties or parishes and land acquired or transferred on different dates must be reported as separate tracts.

Return the original and two (2) copies to the County Farm Service Agency (FSA) Office where the tract of land is located.  Retain a copy for your records.

After the original disclosure on FSA-153 on the tract(s) of land owned by the same person within a county or parish, each subsequent change of ownership or use must be reported by filing another FSA-153.

## ITEMS 7 AND 8 BELOW ARE TO BE USED AS INSTRUCTIONS ONLY. THESE INSTRUCTIONS ARE TO BE USED FOR INFORMATION AS YOU COMPLETE ITEMS 7 AND 8 ON PAGE 1.

ITEM 1.  ONLY ONE BOX MAY BE CHECKED

If the tract of land to be listed under Item 2 on the front side of this document was:

- Owned on February 1, 1979, check   A.  Land Holding ☒   *Reporting Date: This document is required to be completed and returned by August 1, 1979.*

If the tract of land to be listed under Item 2 on the front page of this document was, on or after February 2, 1979:

- Acquired, check   B.  Land Acquisition ☒

- Disposed of, check   C.  Land Disposition ☒

- Changed from non-agricultural to agricultural use, check   D.  Land Use Change to Agriculture ☒

- Changed from agricultural to non-agricultural, use check   E.  Land Use Change to Non-Agriculture ☒

NOTE:  REPORT DATE.  If activity B, C, D or E is checked in Item 1 above, then return the completed FSA-153 within ninety (90) days from the date of the transaction.

ITEM 8.  The date entered would be as follows for the activity checked in Item 1 above:

Box A or B – Date acquired.
Box C – Date disposed of.
Box D or E – Date land use changed.

8. Additional Information (Use additional sheets if more space is needed).
9. D3d.   See attached.

1/  Significant interest or substantial control as defined in 7 CFR Part 781.2(k)

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.

## Supplement to FSA-153 for Ag Acceptance Corporation

3.D.3.d.          Rabobank International Holding B.V. is a "Besloten Vennottschap" (which is a close equivalent to a U.S. corporation) and  was formed under the laws of the Netherlands.  It owns 100% of the stock of Utrecht –America Holdings, Inc.

Utrecht-America Holdings, Inc. is a Delaware corporation which owns 100% of the stock of Rabo Agrifinance, Inc.

Rabo Agrifinance, Inc. is a Delaware corporation which owns 100% of Ag Acceptance Corporation.

Ag Acceptance Corporation is a Delaware corporation.

Property:     5,662.98 acres of land in Deaf Smith County, Texas, and being more fully described in five (5) tracts as follows:

TRACT ONE:     640 acres of land being all of Section 21, Block K-4, AB & M Survey, Certificate No. 36, Abstract No. 1, Patent No. 58, Volume 29, dated September 19, 1877.

SAVE AND EXCEPT the Northeast quarter of said Section 21.

LEAVING 480 acres.

648.1 acres of land being all of Section 22, AB&M Block K-4, J.D. Burkett, Original Grantee, Certificate No. 36, Abstract No. 893, Patent No. 25, Volume 56A, dated July 26, 1934.

640 acres of land being all of Section 39, Block K-4, BS&F Survey, Certificate No. 1298, Abstract No. 165, Patent No. 77, Volume 30, dated December 10, 1877.

648.6 acres of land being all of Section 40, BS&F Block K-4, Certificate No. 1298; Original Grantee, C.H. Cooper, Abstract No. 923, Patent No. 347, Volume 78, dated June 4, 1920; Abstract No. 1280, Original Grantee, Albert H. Dohrn, Patent No. 348, Volume 7A, dated June 4, 1920; Abstract No. 1288, Original Grantee, Henry Jones, Patent No. 185, Volume 42A, dated February 28, 1929; and Abstract No. 1420, Original Grantee, Ann O. Cottingham, Patent No. 186, Volume 42A, dated February 28, 1929.

640 acres of land being all of Section 42, BS&F Block K-4, C.H. Cooper, Original Grantee, Certificate No. 1299, Abstract No. 922, Patent No. 326, Volume 52, dated March 9, 1917.

SAVE AND EXCEPT 5 acres of land, more or less, out of the Northwest ¼ thereof, as described by metes and bounds in Warranty Deed to Dawn Co-op, a corporation, dated

035959

January 6, 1962, and recorded in Volume 207, page 71, and said 5 acres of land being described by metes and bounds as follows:

BEGINNING at a ¼ inch iron pipe at the Southwest corner of Section No. 42, Block K-4, whence a 1 inch iron pipe at the Northwest corner of said Section bears South 0 deg. 37 min. 30 sec. West, 1923 varas and a 1 inch iron pipe set at the Southwest corner of Section 41, Block K-4 bears South 0 deg. 37 min. 30 sec. West, 3851 varas. The Northwest corner of Section 43, Block K-4 bears North 0 deg. 37 min. 30 sec. East, 1923 varas;

THENCE South 0 deg. 37 min. 30 sec. West with the West line of Section 42, at 37.3 feet pass a ¼ inch iron pipe and at 466.69 feet a ¼ inch iron pipe. A North-South fence on the East side of a public road bears West 34 feet;

THENCE South 89 deg. 06 min. East, 466.69 feet to a ¼ inch iron pipe;

THENCE North 0 deg. 37 min. 30 sec. East at 429.69 feet pass a ¼ inch iron pipe in an East-West fence, and at 466.69 feet a ¼ inch iron pipe in the North line of Section 42. The South edge of the 20 foot paving of a Farm Road bears North 3 feet;

THENCE North 89 deg. 06 min. West along the North line of said Section, 466.69 feet to the place of beginning.

ALSO, SAVE AND EXCEPT the balance of said northwest quarter of said Section 42 and the North 42.48 acres of the Southwest quarter of said Section 42, in warranty deed dated June 10, 1966, recorded in Volume 241, at Page 591, of the Deed Records of Deaf Smith County, Texas, as described in metes and bounds as follows:

All of the Northwest ¼, except 5 acres in the NW corner thereof, and the North 42.48 acres of the Southwest quarter of Section 42, Block K-4, Cert. 1299, Original Grantee C.H. Cooper, BS&F Surveys in Deaf Smith County, Texas, said land being described by metes and bounds as follows:

BEGINNING at a ¼" iron pipe at the NW corner of Section 42, Block K-4, whence a 1" iron pipe at the SW corner of Sec. 41, Block K-4 bears S. 0 deg. 37' 30" West 3851 varas and the NW corner of Section 43, Block K-4 bears N 0 deg. 37' 30" East 1923 varas;

THENCE South 0 deg. 37' 30" West along the west line of said Section 168.0 varas to a ¼ in. iron pipe for the BEGINNING corner of this tract;

THENCE South 0 deg. 37' 30" West along the West line of said section 1044.8 varas to a ¼ in. iron pipe, whence the East fence of a North-South road bears West 15.2 varas;

THENCE South 89 deg. 07' 30" East 954.15 varas to a 1-1/4 in. iron pipe in the East line of the Southwest ¼ of said section;

035960

THENCE North 0 deg. 39' East at 1199.6 varas cross an East-West fence on the South side of Farm Road 1062 and at 1212.4 varas a ¼ in. iron pipe in the North line of said section;

THENCE North 89 deg. 06' West along the North line of said section, 786.65 varas to a ¼ in. iron pipe at the Northeast corner of a 5 acre tract;

THENCE South 0 deg. 37' 30" West 168.0 varas to a ¼ in. iron pipe, the Southeast corner of a 5 acre tract;

THENCE North 89 deg. 06' West 168.0 varas to the place of beginning.

LEAVING 432.52 acres.

TRACT TWO:     320 acres of land being the West half of Section 60, BS&F Block K-4, L.H. Hallan, Original Grantee, Certificate No. 1304, Abstract No. 803, Patent No. 500, Volume 33, dated March 23, 1907.

640 acres being all of Section 61, Block K-4, BS&F Survey, Certificate No. 1305, Abstract No. 172, Patent No. 93, Volume 30, dated December 11, 1877.

640 acres being all of Section 62, BS&F Block K-4, S.K. Hallan, Original Grantee, Certificate No. 1305, Abstract No. 802, Patent No. 499, Volume 33, dated March 23, 1907.

TRACT THREE:     All of Section No. 75, Block K-4, BS&F Surveys, Certificate No. 1308, Abstract No. 175, Patent No. 96, Volume 30, dated December 11, 1877, in Deaf Smith County, Texas.

SAVE AND EXCEPT the South 200 acres, more or less, of Section 75, Block K-4, Deaf Smith County, Texas; and

SAVE AND EXCEPT a triangular tract containing 1.64 acres, more or less, of Section 75, Block K-4. Said 1.64 acre tract being more particularly described by metes and bounds as follows:

BEGINNING at a ½ in. iron rod set for the Southwest corner of Section No. 75, Block K-4;

THENCE North 0 deg. 27 min. East at 64.10 feet pass a ½ in. iron rod in the North line of Farm Road 1412 and at 1639.60 feet a ½ inch iron rod for the WESTERLY and actual BEGINNING corner of this tract;

THENCE South 89 deg. 01 min. 36 sec. East at 5254.39 feet pass the West line of U.S. Highway 385 and at 5314.39 feet a point in the East line of said section;

035961

THENCE North 0 deg. 29 min. 50 sec. East along the East line of said section, 26.9 feet to a point;

THENCE North 89 deg. 19 min. West at 60 feet pass a ½ inch iron rod in the West line of U.S. Highway 385 and at 5314.23 feet the place of beginning.

LEAVING 438.36 acres.

TRACT FOUR:    320 acres of land, more or less, being all the South half of Section 26, T3N, R1E, Capitol Syndicate Subdivision; out of League No. 419, Abner Taylor, Original Grantee, Certificate No. 28, Abstract No. 453, Patent No. 387, Volume 1, dated August 22, 1887 and out of League No. 434, Abner Taylor, Original Grantee, Certificate No. 30, Abstract No. 496, Patent No. 430, Volume 1, dated August 24, 1887.

320 acres of land, more or less, being all of the North half of Section 35, T3N, R1E, Capitol Syndicate Subdivision, out of League No. 434, Abner Taylor, Original Grantee, Certificate No. 30, Abstract No. 496, Patent No. 430, Volume 1, dated August 24, 1887.

TRACT FIVE:    NW/4 of Section 42, Block K-4 and the North 42.48 acres of the SW/4 of Section 42, BS&F Block K-4, C.H. Cooper, Original Grantee, Certificate No. 1299, Abstract No. 922, Patent No. 326, Volume 52, dated March 9, 1917, as described by metes and bounds in warranty deed dated June 10, 1966, recorded in Volume 241, Page 591, of the Deed Records of Deaf Smith County, Texas;

SAVE AND EXCEPT 5 acres out of the NW/4 of said Section 42, as described by metes and bounds in Warranty Deed dated January 6, 1962, recorded in Volume 207, Page 71, of the Deed Records of Deaf Smith County, Texas.

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL;
ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.; VEIGEL CATTLE
COMPANY; and VEIGEL FARM PARTNERS,

     Plaintiffs,

v.                                No. 2:15-cv-236-J

AG ACCEPTANCE CORPORATION,

     Defendant.

## CERTIFICATE OF SERVICE

THIS HEREBY CERTIFIES that on September 17, 2015 Plaintiffs' First Requests For

Production To Defendant were mailed to counsel by First Class United States Mail to counsel of

record at the addresses listed below on this Certificate Of Service.

Respectfully submitted,

KELEHER & MCLEOD, P.A.

By: /s/  Justin B. Breen
     /s/  Jeffrey A. Dahl
     Filed Electronically on September 17, 2015
     Jeffrey A. Dahl – NM SBN 0622
     Justin B. Breen – NM SBN 28108
     Post Office Box AA
     Albuquerque, New Mexico  87103
     Telephone:  (505) 346-4646
     Facsimile:  (505) 346-1370
     E-Mail:  jad@keleher-law.com
     E-Mail:  jbb@keleher-law.com
     *Lead Counsel for Plaintiffs*

1

## CERTIFICATE OF SERVICE

THIS HEREBY CERTIFIES that on September 17, 2015, I electronically filed the foregoing document with the Clerk of the Court for the Northern District Of Texas by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**Local Counsel for Plaintiffs:**
Philip Roland Russ
Law Offices of Philip R. Russ
2700 S. Western St., Suite 1200
Amarillo, Texas  79109
Telephone:  (806) 358-9293
Facsimile: (806) 358-9296
E-Mail:  PhilipRRuss@RussLawFirm.com

**Lead Counsel for Ag Acceptance Corporation:**
Barbara Whiten Balliette
Reid Collins & Tsai LLP
1301 S. Captial of Texas Hwy., C-300
Austin, Texas  78746
Telephone:  (512) 647-6100
Facsimile:  (512) 647-6129
E-Mail:  BBalliette@RCTLegal.com

**Local Counsel for Ag Acceptance Corporation:**
Thomas C. Riney
Riney & Mayfield LLP
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas  79101
Telephone:  (806) 468-3200
Facsimile:  (806) 376-4509
E-Mail:  TRiney@RineyMayfield.com

**Lead Counsel for Ag Acceptance Corporation [District of New Mexico]:**
Richard F. Rowley II
Rowley Law Firm, L.L.C.
P.O. Box 790
Clovis, New Mexico  88102-0790
Telephone:  (575) 763-4457
Facsimile:  (575) 763-4450
E-Mail:  R2@RowleyLawFirm.com

/s/ Justin B. Breen
_____
Justin B. Breen
4815-1412-1768, v.  1

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; | § | |
| ROBERT WAYNE VEIGEL; | § | |
| ELLA MARIE WILLIAMS VEIGEL; | § | |
| VEIGEL FARMS, INC.; | § | |
| VEIGEL CATTLE COMPANY; and | § | |
| VEIGEL FARM PARTNERS, | § | |
| | § | |
| Plaintiffs, | § | No. 2:15-cv-236-J |
| | § | Judge Robinson |
| v. | § | |
| | § | |
| AG ACCEPTANCE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

TO:   Plaintiffs, Terra Partners, Terra XXI, Ltd., Robert Wayne Veigel, Ella Marie Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners, by and through their counsel of record, Jeffrey A. Dahl, Justin B. Breen, KELEHER & MCLEOD, P.A., P.O. Box AA, Albuquerque, NM 87103.

Pursuant to Federal Rule of Civil Procedure 34, Defendant Ag Acceptance Corporation ("**Defendant**" or "**Ag Acceptance**"), by and through its undersigned counsel, hereby serves Defendant's Responses to Plaintiffs Terra Partners, Terra XXI, Ltd., Robert Wayne Veigel, Ella Marie Veigel, Veigel Farms, Inc., Veigel Cattle Company, and Veigel Farm Partners First Requests for Production (the "**Requests**").

Defendant makes these response answers in good faith based on all information reasonably available as of the date hereof.  Defendant reserves the right to modify, amend or otherwise supplement its responses as additional information becomes available during the course of this action.  These responses should not be construed to limit Defendant's right to later amend or supplement these responses.

**REQUEST FOR PRODUCTION NO. 1:**

Please produce copies of any correspondence between you and Rabo Agrifinance, Inc. and/or any other member of the Rabobank Group of companies, related to the transaction reflected on the form FSA-153 dated December 4, 2012 attached hereto ("Exhibit G" as referred to herein). Please include any correspondence discussing the value of the real property concerned in that transaction as well as the application of any proceeds received from that transaction.

**RESPONSE:**

Defendant objects to this request to the extent it seeks documents that are protected by the attorney-client privilege. Defendant will not produce any attorney-client privileged documents and does not consent to waive any such privilege.

Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This entire lawsuit is a fishing expedition and an attempt to continue litigation over matters that have been resolved. The documents requested are not relevant to the claims and defenses in this lawsuit. Plaintiffs have no legal right to demand that Defendant open its files and records to Plaintiffs. Plaintiffs have no legal right to the accounting demanded in this lawsuit. Plaintiffs have no right of title, possession, ownership, or access to the property at issue in this lawsuit. Without a valid legal basis to maintain a lawsuit against Defendant, discovery is improper. Defendant has moved to dismiss all of the claims in this lawsuit because there is no legal basis for any of them. Because there is no valid claim against Defendant, it has no obligation to produce documents in this lawsuit.

Defendant objects to this request as overbroad and unduly burdensome to the extent it purports to require Defendant to respond on behalf of third parties or produce information and/or documents in the possession of other persons or entities and not presently in the possession, custody or control of Defendant.

Defendant objects to this request because it seeks documents that are protected from disclosure by the work product doctrine. Litigation has been pending constantly, without any break, between the parties to this lawsuit for fifteen (15) years. The documents requested were prepared in during actual litigation between the parties and/or in anticipation of further litigation; therefore, they are protected from disclosure by the work product doctrine.

Defendant objects to this request to the extent that it seeks information about property that is not at issue in this lawsuit.

Defendant objects to this request to the extent it seeks confidential or proprietary business documents and information. If documents are ordered produced over Defendant's objection, Defendant will request the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce copies of any correspondence in your possession between you and A.O. Thompson Abstract Co. related to the transaction identified in Exhibit G.

**RESPONSE:**

Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This entire lawsuit is a fishing expedition and an attempt to continue litigation over matters that have been resolved.  The documents requested are not relevant to the claims and defenses in this lawsuit.  Plaintiffs have no legal right to demand that Defendant open its files and records to Plaintiffs, nor do they have any legal right to the accounting demanded in this lawsuit.  Plaintiffs have no right of title, possession, ownership, or access to the property at issue in this lawsuit.  Without a valid legal basis to maintain this lawsuit against Defendant, discovery is improper.  Defendant has moved to dismiss all of the claims in this lawsuit because there is no legal basis for any of them.  Because there is no valid claim against Defendant, it has no obligation to produce documents in this lawsuit.

Defendant objects to this request to the extent that it seeks information about property that is not at issue in this lawsuit.

Defendant objects to this request to the extent it seeks confidential or proprietary business documents and information.  If documents are ordered produced over Defendant's objection, Defendant will request the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce copies of any title commitment or title insurance policy in your possession related to the transaction identified in Exhibit G.

**RESPONSE:**

Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This entire lawsuit is a fishing expedition and an attempt to continue litigation over matters that have been resolved.  The documents requested are not relevant to the claims and defenses in this lawsuit.  Plaintiffs have no legal right to demand that Defendant open its files and records to Plaintiffs, nor do they have any legal right to the accounting demanded in this lawsuit.  Plaintiffs have no right of title, possession, ownership, or access to the property at issue in this lawsuit.  Without a valid legal basis to maintain this lawsuit against Defendant, discovery is improper.  Defendant has moved to dismiss all of the claims in this lawsuit because there is no legal basis for any of them.  Because there is no valid claim against Defendant, it has no obligation to produce documents in this lawsuit.

Defendant objects to this request to the extent that it seeks information about property that is not at issue in this lawsuit.

Defendant objects to this request to the extent it seeks confidential or proprietary business documents and information. If documents are ordered produced over Defendant's objection, Defendant will request the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce copies of any correspondence and/or agreements between you and Champion Feeders, LLC ("Champion"), Kevin Buse, and/or Great Plains Ag Credit, PCA related to the transaction identified in Exhibit G.

**RESPONSE:**

Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This entire lawsuit is a fishing expedition and an attempt to continue litigation over matters that have been resolved. The documents requested are not relevant to the claims and defenses in this lawsuit. Plaintiffs have no legal right to demand that Defendant open its files and records to Plaintiffs. Plaintiffs have no legal right to the accounting demanded in this lawsuit. Plaintiffs have no right of title, possession, ownership, or access to the property at issue in this lawsuit. Without a valid legal basis to maintain a lawsuit against Defendant, discovery is improper. Defendant has moved to dismiss all of the claims in this lawsuit because there is no legal basis for any of them. Because there is no valid claim against Defendant, it has no obligation to produce documents in this lawsuit.

Defendant objects to this request to the extent that it seeks information about property that is not at issue in this lawsuit.

Defendant objects to this request to the extent it seeks confidential or proprietary business documents and information. If documents are ordered produced over Defendant's objection, Defendant will request the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce copies of the closing statement concerning the transaction identified in Exhibit G.

**RESPONSE:**

Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This entire lawsuit is a fishing expedition and an attempt to continue litigation over matters that have been resolved. The documents requested are not relevant to the claims and defenses in this lawsuit. Plaintiffs have no legal right to demand that Defendant open its files and records to Plaintiffs. Plaintiffs have no legal right to the accounting demanded in this lawsuit. Plaintiffs have no right of title, possession, ownership, or access to the property at issue in this lawsuit. Without a valid legal basis to maintain a lawsuit against Defendant, discovery is improper. Defendant has moved to dismiss all of the

claims in this lawsuit because there is no legal basis for any of them. Because there is no valid claim against Defendant, it has no obligation to produce documents in this lawsuit.

Defendant objects to this request to the extent that it seeks information about property that is not at issue in this lawsuit.

Defendant objects to this request to the extent it seeks confidential or proprietary business documents and information. If documents are ordered produced over Defendant's objection, Defendant will request the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce copies of any purchase agreement concerning the transaction identified in Exhibit G.

**RESPONSE:**

Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This entire lawsuit is a fishing expedition and an attempt to continue litigation over matters that have been resolved. The documents requested are not relevant to the claims and defenses in this lawsuit. Plaintiffs have no legal right to demand that Defendant open its files and records to Plaintiffs. Plaintiffs have no legal right to the accounting demanded in this lawsuit. Plaintiffs have no right of title, possession, ownership, or access to the property at issue in this lawsuit. Without a valid legal basis to maintain a lawsuit against Defendant, discovery is improper. Defendant has moved to dismiss all of the claims in this lawsuit because there is no legal basis for any of them. Because there is no valid claim against Defendant, it has no obligation to produce documents in this lawsuit.

Defendant objects to this request to the extent that it seeks information about property that is not at issue in this lawsuit.

Defendant objects to this request to the extent it seeks confidential or proprietary business documents and information. If documents are ordered produced over Defendant's objection, Defendant will request the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce copies of any judicial documents in your possession related to the sale to Champion identified in Exhibit G.

**RESPONSE:**

Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This entire lawsuit is a fishing expedition and an attempt to continue litigation over matters that have been resolved. The documents requested are not relevant to the claims and defenses in this lawsuit. Plaintiffs have no

legal right to demand that Defendant open its files and records to Plaintiffs. Plaintiffs have no legal right to the accounting demanded in this lawsuit. Plaintiffs have no right of title, possession, ownership, or access to the property at issue in this lawsuit. Without a valid legal basis to maintain a lawsuit against Defendant, discovery is improper. Defendant has moved to dismiss all of the claims in this lawsuit because there is no legal basis for any of them. Because there is no valid claim against Defendant, it has no obligation to produce documents in this lawsuit.

Defendant objects to this request to the extent that it seeks information about property that is not at issue in this lawsuit.

Defendant objects to this request to the extent it seeks information that is in the public domain, which Plaintiffs can obtain on their own. Defendant objects to Plaintiffs' attempt to shift the burden of finding documents to Defendant. Further, Plaintiffs have had at least five sets of attorneys (probably more) in its fifteen years litigation. Defendant has absolutely no duty to provide documents from those years of litigation to Plaintiffs' new set of lawyers. Plaintiffs should seek those documents from its prior counsel.

Further, Defendant objects because the term "judicial document" is undefined and ambiguous.

## REQUEST FOR PRODUCTION NO. 8:

Please produce copies of any checks or drafts issued between Champion and AAC regarding the transaction identified in Exhibit G.

## RESPONSE:

Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This entire lawsuit is a fishing expedition and an attempt to continue litigation over matters that have been resolved. The documents requested are not relevant to the claims and defenses in this lawsuit. Plaintiffs have no legal right to demand that Defendant open its files and records to Plaintiffs. Plaintiffs have no legal right to the accounting demanded in this lawsuit. Plaintiffs have no right of title, possession, ownership, or access to the property at issue in this lawsuit. Without a valid legal basis to maintain a lawsuit against Defendant, discovery is improper. Defendant has moved to dismiss all of the claims in this lawsuit because there is no legal basis for any of them. Because there is no valid claim against Defendant, it has no obligation to produce documents in this lawsuit.

Defendant objects to this request to the extent that it seeks information about property that is not at issue in this lawsuit.

Defendant objects to this request to the extent it seeks confidential or proprietary business documents and information. If documents are ordered produced over Defendant's objection, Defendant will request the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce copies of all documents reflecting how the sale proceeds from the transaction reflected in Exhibit G were distributed among any persons and/or entities that received any portion of those proceeds.

**RESPONSE:**

Defendant objects to this request to the extent it seeks documents that are protected by the attorney-client privilege. Defendant will not produce any attorney-client privileged documents and does not consent to waive any such privilege.

Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This entire lawsuit is a fishing expedition and an attempt to continue litigation over matters that have been resolved. The documents requested are not relevant to the claims and defenses in this lawsuit. Plaintiffs have no legal right to demand that Defendant open its files and records to Plaintiffs. Plaintiffs have no legal right to the accounting demanded in this lawsuit. Plaintiffs have no right of title, possession, ownership, or access to the property at issue in this lawsuit. Without a valid legal basis to maintain a lawsuit against Defendant, discovery is improper. Defendant has moved to dismiss all of the claims in this lawsuit because there is no legal basis for any of them. Because there is no valid claim against Defendant, it has no obligation to produce documents in this lawsuit.

Defendant objects to this request to the extent that it seeks information about property that is not at issue in this lawsuit.

Defendant objects to this request as overbroad and unduly burdensome to the extent it purports to require Defendant to respond on behalf of third parties or produce information and/or documents in the possession of other persons or entities and not presently in the possession, custody or control of Defendant.

Defendant objects to this request because it seeks documents that are protected from disclosure by the work product doctrine. Litigation has been pending constantly, without any break, between the parties to this lawsuit for fifteen (15) years. The documents requested were prepared in during actual litigation between the parties and/or in anticipation of further litigation; therefore, they are protected from disclosure by the work product doctrine.

Defendant objects to this request to the extent it seeks confidential or proprietary business documents and information. If documents are ordered produced over Defendant's objection, Defendant will request the entry of an appropriate protective order.

Dated:  October 16, 2015

Respectfully submitted,

/s/ *Barbara Whiten Balliette*

Barbara Whiten Balliette
State Bar No. 00788660
bballiette@rctlegal.com
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy, C-300
Austin, Texas  78746
T: 512-647-6100
F: 512-647-6129

Thomas C. Riney
State Bar No. 16935100
triney@rineymayfield.com
W. Heath Hendricks
State Bar No. 24055651
hhendricks@rineymayfield.com
**RINEY & MAYFIELD LLP**
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas 79101
T: 806-468-3200
F: 806-376-4509

Richard F. Rowley, II
r2@rowleylawfirm.com
**ROWLEY LAW FIRM LLC**
P.O. Box 790
Clovis, New Mexico 88102
T: 575-763-4457
F: 575-763-4450

*Counsel for Defendant*
*Ag Acceptance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on Defendants' counsel of record via email and certified mail, return-receipt requested, on this 16th day of October, 2015, as follows:

Philip Roland Russ
philiprruss@russlawfirm.com
LAW OFFICES OF PHILIP R. RUSS
2700 S. Western St., Suite 1200
Amarillo, TX 79109
*Local Counsel for Plaintiffs*

Jeffrey A. Dahl
jad@keleher-law.com
Justin B. Breen
jbb@keleher-law.com
KELEHER & MCLEOD, P.A.
P.O. Box AA
Albuquerque, NM 87103
*Lead Counsel for Plaintiffs*

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette