IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; § | | |
| ROBERT WAYNE VEIGEL; § | | |
| ELLA MARIE WILLIAMS VEIGAL; § | | |
| VEIGEL FARMS, INC.; § | | |
| VEIGEL CATTLE COMPANY; and § | | |
| VEIGEL FARM PARTNERS, § | No. 1-16-cv-01036-WPL-KK | |
| § | | |
| Plaintiffs, § | Transferred from | |
| § | USDC NDTX (Amarillo) | |
| v. § | No. 2:15-cv-236-J | |
| § | | |
| AG ACCEPTANCE CORPORATION, § | | |
| § | | |
| Defendant. § | | |

## AG ACCEPTANCE'S RULE 11(b) MOTION FOR SANCTIONS

Defendant Ag Acceptance Corporation ("**Defendant**" or "**Ag Acceptance**") files this Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11(b) ("**Rule 11**") against Plaintiffs (collectively, the "**Veigels**"), who are represented by counsel Keleher & McLeod, PC ("**Plaintiffs' Counsel**"). As required by Rule 11(c), this Motion is served first but not filed until 21 days after service. A Memorandum of Law will accompany this Motion at the time of filing.

### I. GROUNDS FOR MOTION: VIOLATION OF RULE 11(b)

**A.   The Veigels' Pattern of Re-litigation**

As demonstrated by their untimely motion to compel discovery, the Veigels intend to continue asserting—without any valid legal basis—claims in this lawsuit that have already been resolved by other courts. *See* Plaintiffs' Motion to Compel Responses to Plaintiffs' First Requests for Production [Dkt. No. 91], at ¶¶ 3–13. Continued re-litigation is a pattern with the Veigels: they consistently refuse to accept the finality of any court ruling. This lawsuit is (at least) the ***eleventh*** major case between the parties or their affiliates over the past 15 years. In the

course of that torrent of litigation, the Veigels were sanctioned by the Fifth Circuit Court of Appeals after Steve Veigel attempted to file a *pro se* amicus brief claiming that all of the court rulings are "***legal nullities that are void ab initio and can never serve to support res judicata or collateral estoppel in this case and appeal or any other***." After this filing, the Fifth Circuit acknowledged what Ag Acceptance had known for years—the Veigels will continue to abuse the court system and argue that any decision against them is wrong or "void" or inapplicable.

The Fifth Circuit sanctioned Steve Veigel monetarily and granted an extremely rare litigation bar/injunction that prevents the Veigel parties (including all of the Plaintiffs in this lawsuit) from filing any document in any federal court without first presenting it to the Amarillo court to determine whether the issues presented have already been litigated:

> ***. . . enjoining future litigation by Steve Veigel, Robert Veigel, Ella Marie Veigel, and their affiliates or related entities, including Terra Partners.***
> . . .
>
> It is therefore ORDERED:
>
> No pleading, lawsuit, or other document in any federal court shall be filed by, or on behalf of, Steve Veigel, his affiliates or related entities, including Terra Partners, without first presenting the filing to the district court below to determine whether the issues contained in the filing have been previously decided.

Ex. A, Injunction, *Terra Partners v. Rabo Agrifinance, Inc. and Ag Acceptance Corporation*, 504 F. App'x 288, 291 (5th Cir. 2012) *cert. denied sub nom. Veigel v. Rabo Agrifinance, Inc.*, 133 S. Ct. 2398 (2013) (emphasis added). But the Fifth Circuit's sanctions have not been a sufficient deterrent. Today, through this lawsuit, the Veigels continue their pattern of re-litigating claims that have already been resolved.

### B. The Declaratory Judgment Claim in This Lawsuit is Moot

In this lawsuit, the Veigels seek a declaratory judgment finding that the "AAC Notes" (as defined in paragraph 19 of the Amended Petition) have been satisfied in full and that Ag

Acceptance's "continuing liens on the New Mexico property are therefore improper and should be released." The Veigels' claims regarding Ag Acceptance's liens on the New Mexico property are moot because the Veigels no longer own that property. It has been foreclosed to satisfy a federal court judgment held by Ag Acceptance's affiliate, Rabo Agrifinance. After more than eight years of litigation over that foreclosure and three *complete* appellate cycles, the property has been foreclosed and the sale has been confirmed. All rulings are final and the Veigels no longer own interest in the New Mexico property, thus, the Veigels have no standing to collaterally attack the propriety or effectiveness of junior liens on that property.

Given the finality of the New Mexico state court rulings and the Veigels' lack of any remaining ownership interest in the property, there is no basis for them to continue to request that this Court determine whether junior liens on the property are valid. The Veigels and their counsel have even acknowledged that adverse New Mexico appellate court rulings would make their claims moot, but they inexplicably and improperly continue to pursue the frivolous declaratory judgment. At this point, asking yet another court for a declaratory judgment related to liens on property that the Veigels no longer own violates Rule 11(b).

**C.**     **The Veigels' Affirmative Claims Were Dismissed by Judge Robinson in Amarillo**

The Veigels assert two affirmative claims in this lawsuit: (1) Count I, which seeks an accounting of funds Ag Acceptance received from the sale of Texas property that it has owned outright since 2003; and (2) Count II for unjust enrichment seeking damages for unjust enrichment based on allegedly wrongful retention of the funds from the sale of the Texas Property. *See* Ex. B, November 1, 2016 emails from counsel. The Veigels acknowledge that Judge Robinson has dismissed these claims and issued a partial final judgment dismissing them; however, they now claim that she only dismissed them under Texas law, so they are entitled to

reassert and reargue the same claims under New Mexico law in this Court. This re-argument is not warranted under any law and violates Rule 11(b).

First, Judge Robinson has already dismissed these claims and there is no legitimate reason to relitigate them. *See* Memorandum Opinion and Order Granting Motion to Dismiss [Dkt. No. 79] ("**Motion to Dismiss Decision**"). Her ruling makes it crystal clear that the Veigels (who are all Texas residents or corporate entities organized under Texas laws) are not entitled to any credit for the sale of Texas property that Ag Acceptance has owned since 2003. *Id.* at 5–7. The causes of action were soundly dismissed under Rule 12(b)(6) for failure to state a claim and there is no legitimate basis to revive them. *See* Partial Final Judgment [Dkt. No. 80].

Further, there is no basis to claim that New Mexico law should apply to these causes of action. The accounting claim seeks to discover information regarding Ag Acceptance's sale of Texas land, not New Mexico land. The unjust enrichment claim asserts that the Veigels (who are all Texas residents or entities) are entitled to payment from the sale of that Texas land. These are Texas-based claims and Texas law applies. If the Veigels actually believed that New Mexico law applied, they should have argued for the application of New Mexico law in its responses to the Motion to Dismiss. *See* Motion to Dismiss Decision at 7 ("In their response to the motion to dismiss, after the amended complaint was filed, [Plaintiffs] argue only Texas law.").

Any attempt to tie the claims to the New Mexico foreclosure proceeding also fails because that case is conclusively resolved. The Veigels have filed multiple appeals (including a recent one where they re-argued the "void ab initio" claims that earned them sanctions in the Fifth Circuit) and all of those appeals have been denied.

**D.    Service of This Motion and Request for Fees**

The Veigels' claims in this lawsuit violate Rule 11(b). Ag Acceptance's counsel has repeatedly requested that they withdraw their frivolous, already-resolved claims, but they have refused to do so. At this point, after multiple consultations with counsel and nearly two years of requests to drop these claims, Ag Acceptance reluctantly serves this Motion for Sanctions. Ag Acceptance seeks payment of all of its attorneys' fees as a sanction. This request is warranted because of the Veigels' constant and unrepentant re-litigation of already-resolved claims.

WHEREFORE, Defendant/Counter-Plaintiff Ag Acceptance requests that the Court enter an order finding that the Veigels' claims violate Rule 11(b) and award Ag Acceptance payment of all of its attorneys' fees incurred in defending against these claims. Ag Acceptance requests all other relief to which it may be entitled.

Dated: November 30, 2016　　　　　　　　　　Respectfully submitted,

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette
State Bar No. 00788660
bballiette@rctlegal.com
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy, C-300
Austin, Texas 78746
T: 512-647-6100
F: 512-647-6129

Richard F. Rowley, II
r2@rowleylawfirm.com
**ROWLEY LAW FIRM LLC**
P.O. Box 790
Clovis, New Mexico 88102
T: 575-763-4457
F: 575-763-4450

*Counsel for Defendant*
*Ag Acceptance Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the District of New Mexico on November 30, 2016, using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Jeffrey A. Dahl
Justin B. Breen
**KELEHER & MCLEOD, P.A.**
P.O. Box AA
Albuquerque, NM 87103

*Counsel for Plaintiffs*

                                                      /s/ *Barbara Whiten Balliette*
                                                      Barbara Whiten Balliette