

EXHIBIT A

504 Fed.Appx. 288
This case was not selected for
publication in the Federal Reporter.
Not for Publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007. See
also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4.
(Find CTA5 Rule 28 and Find CTA5 Rule 47)
United States Court of Appeals,
Fifth Circuit.

TERRA PARTNERS, Plaintiff–Appellant

v.

RABO AGRIFINANCE, INCORPORATED; AG
Acceptance Corporation, Defendants–Appellees.

No. 11–11166.
|
Dec. 21, 2012.

**Synopsis**
**Background:** Borrower filed state court action alleging that agricultural lender converted its property. After removal, the United States District Court for the Northern District of Texas, 2010 WL 3270225, 2011 WL 2413356, 2011 WL 5527292, granted lender's motions for summary judgment, and borrower appealed. Lender moved for sanctions and for injunction barring future litigation.

**Holdings:** The Court of Appeals held that:

[1] imposition of monetary sanction of $3,000 against borrower's authorized managing agent was warranted, and

[2] injunction was warranted to prevent agent from filing future litigation.

Affirmed; motions granted.

West Headnotes (2)

[1] **Federal Civil Procedure**
    Frivolousness;particular cases
**Federal Civil Procedure**
    Type and amount of sanction

Borrower's authorized managing agent acted in bad faith in borrower's conversion action against lender, thus warranting imposition of monetary sanction of $3,000, by presenting patently frivolous legal argument that Court of Appeals' prior decisions were "legal nullities that are void ab initio" and threatening continued meritless litigation.

1 Cases that cite this headnote

[2] **Injunction**
    Particular cases

Injunction was warranted to prevent borrower's authorized managing agent from filing future litigation collaterally attacking Court of Appeals' prior decisions in lender's litigation against borrower on grounds not supported in existing law or reasonable argument for extension or modification of law, where agent stated that he intended to raise same void ab initio argument in future motions, petitions for writs of mandamus in state or federal court, motions to reopen bankruptcy cases for consideration of motions for contempt, bills of review in state court, and other collateral attacks on Court's prior judgments.

2 Cases that cite this headnote

**Attorneys and Law Firms**

**\*289** Steven Eugene Clark, McDole, Kennedy & Williams, P.C., Dallas, TX, for Plaintiff–Appellant.

Barbara Whiten Balliette, William Thomas Reid, Esq., Reid Collins & Tsai, L.L.P., Joni Paul Kleinschmidt, Diamond McCarthy, L.L.P., Austin, TX, for Defendants–Appellees.

Appeal from the United States District Court for the Northern District of Texas, Amarillo, USDC No. 2:08–CV–194.

Before JOLLY, JONES, and GRAVES, Circuit Judges.

**Opinion**

PER CURIAM: [*]

 **\*\*1** After reviewing the briefs, the relevant portions of the record, and the applicable law, we find no reversible error in the district court's three opinions granting summary judgment in favor of Defendants–Appellees Rabo Agrifinance, Inc. and Ag Acceptance Corporation. Summary judgment is AFFIRMED, essentially for the reasons given by the district court in its well-considered opinions.

In addition, Rabo Agrifinance, Inc. and Ag Acceptance Corporation's motion for monetary sanctions against would-be amicus Steve Veigel is GRANTED, and an injunction is GRANTED enjoining future litigation by Steve Veigel, Robert Veigel, Ella Marie Veigel, and their affiliates or related entities, including Terra Partners.

 **\*290** I.

On September 20, 2012, Steve Veigel sought to file a *pro se* amicus brief in support of Terra Partners. [1] Steve Veigel has an obvious interest in this case. He is an authorized managing agent for Terra Partners, is a corporate officer for all four of the corporate partners that form Terra Partners, owns all shares in one of the corporate partners, and half of the shares in another. In his amicus brief, Steve Veigel asserts that prior decisions of this court "are legal nullities that are void *ab initio.*" We have previously rejected his argument. *See Rabo Agrifinance, Inc. v. Veigel Farm Partners,* 328 Fed.Appx. 942, 943 (5th Cir.2009). The brief thus is frivolous.

II.

A.

Rabo Agrifinance, Inc. and Ag Acceptance Corporation moved for sanctions against both Steve Veigel and Terra Partners. Although we do not impose monetary sanctions against Terra Partners, [2] we find that Steve Veigel acted in bad faith and impose sanctions. *See Farguson v. MBank*

*Houston, N.A.,* 808 F.2d 358, 360 (5th Cir.1986) ("We may impose sanctions on appeal ... if necessary.").

 **[1]** Federal courts have an inherent power "to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Scaife v. Associated Air Ctr., Inc.,* 100 F.3d 406, 411 (5th Cir.1996); *see also Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ("A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."). The threshold for using our inherent powers is high, and we "must make a specific finding that the sanctioned party acted in 'bad faith,' " before imposing sanctions. *Maguire Oil Co. v. City of Houston,* 143 F.3d 205, 209 (5th Cir.1998) (quoting *Matta v. May,* 118 F.3d 410, 413 (5th Cir.1997)) (emphasis omitted). Steve Veigel's void ab initio argument was affirmatively rejected by this court, and his brief threatens future litigation premised on the same argument. *See Newby v. Enron Corp.,* 302 F.3d 295, 302 (5th Cir.2002) ("[F]ederal courts also have the inherent power to impose sanctions against vexatious litigants."). Raising a patently frivolous legal argument and threatening continued meritless litigation is the definition of bad faith. Steve Veigel, therefore, is sanctioned in the amount of $3,000.

B.

 **\*\*2** **[2]** In order to prevent Steve Veigel from continuing to raise the frivolous void ab initio argument, Rabo Agrifinance, Inc. and Ag Acceptance Corporation requested an injunction to prevent the filing of future litigation collaterally attacking this court's judgments. [3] We agree that an injunction is appropriate in this instance.

 **\*291** As previously stated, we have the inherent power to impose sanctions, including an injunction, against litigants who use the legal system to harass their opponents through vexatious litigation. *See Newby,* 302 F.3d at 302; *see also Farguson,* 808 F.2d at 359 ("That his filings are *pro se* offers ... no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). We recognize, however, that "injunction[s] against future filings must be tailored to protect the courts and innocent parties, while

preserving the legitimate rights of litigants." *Farguson, 808 F.2d at 360.*

In this case, Steve Veigel stated that he intends to raise the same void ab initio argument in future Rule 60(b) motions; petitions for writs of mandamus in state or federal court; motions to reopen bankruptcy cases for consideration of motions for contempt; bills of review in state court; and other collateral attacks on the prior judgments of this court. His position is not supported in existing law and is not a reasonable argument to extend or modify the law, given that this court has already ruled on his argument. The future litigation he threatens would be repetitive, vexatious, previously resolved, and meritless. A narrowly-tailored injunction is an appropriate sanction to protect this court's judgments and to prevent the continued filing of vexatious litigation.

It is therefore ORDERED:

No pleading, lawsuit, or other document in any federal court shall be filed by, or on behalf of, Steve Veigel, his affiliates or related entities, including Terra Partners, without first presenting the filing to the district court below to determine whether the issues contained in the filing have been previously decided. Furthermore, it is ORDERED that said Steve Veigel shall pay into the registry of this court the sum of three thousand dollars ($3,000) by and no later than January 4, 2013.

JUDGMENT AFFIRMED.

SANCTIONS AND INJUNCTION ORDERED.

**All Citations**

504 Fed.Appx. 288, 2012 WL 6643163

Footnotes

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1 His motion for leave to file an out of time motion to file an amicus brief, an opposed motion to file an amicus brief, and an opposed motion to file an amicus brief in excess of the page limit were all denied. The amicus brief was filed months late and was 18,515 words, far exceeding the 7,000–word limit.

2 Rabo Agrifinance, Inc. and Ag Acceptance Corporation's motion for sanctions thus is DENIED with respect to monetary sanctions against Terra Partners.

3 Steve Veigel has apparently already raised the argument again in an October 9, 2012 letter submitted to a New Mexico state court, claiming that the case of *Rabo Agrifinance v. Terra XXI,* 257 Fed.Appx. 732 (5th Cir.2007), was a legal nullity, void ab initio.

EXHIBIT B

| From: | Barbara Balliette |
| --- | --- |
| Sent: | Tuesday, November 1, 2016 12:18 PM |
| To: | 'Justin B. Breen'; Jeffrey A. Dahl |
| Cc: | Cliff Walston; Scott Saldaña; R2@RowleyLawFirm.com |
| Subject: | RE: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel |

Justin:

Thank you for the confirmation. I need to advise you that we will be filing a Motion for Sanctions under Rule 11(b)(2) because these claims are not warranted by existing law. We will follow the procedures set out in Rule 11 and provide you with a service copy of the motion by the beginning of next week. Unfortunately, this will have to be a motion for sanctions against your firm because Rule 11(c)(5)(A) does not allow a motion against a represented party. We will seek all legal fees incurred as a result of the relitigation of previously-resolved matters.

-Barbara

**Barbara Whiten Balliette | *Partner***
**REID COLLINS & TSAI LLP**
1301 S Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
512.647.6100 (Main)
512.647.6103 (Direct)
512.647.6129 (Fax)
bballiette@rctlegal.com
web | bio | vCard
_____

AUSTIN | NEW YORK

---

**From:** Justin B. Breen [mailto:jbb@keleher-law.com]
**Sent:** Tuesday, November 1, 2016 12:08 PM
**To:** Barbara Balliette <bballiette@rctlegal.com>; Jeffrey A. Dahl <jad@keleher-law.com>
**Cc:** Cliff Walston <cliff@walstonbowlin.com>; Scott Saldaña <ssaldana@rctlegal.com>; R2@RowleyLawFirm.com
**Subject:** RE: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel

Barbara,

That is correct.

Justin Breen
Keleher & McLeod, PA
PO Box AA
Albuquerque, NM 87103
Ph. (505) 346-9148
Fx. (505) 346-1370

This email and any attachments are for the sole use of the intended recipient(s) and may contain privileged or confidential attorney-client material and communications or attorney work product. Any unauthorized review,

use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by return e-mail.  Please do not open any attached files, and please destroy all copies of the email and any attachments.  Thank you.

**From:** Barbara Balliette [mailto:bballiette@rctlegal.com]
**Sent:** Tuesday, November 01, 2016 10:47 AM
**To:** Justin B. Breen <jbb@keleher-law.com>; Jeffrey A. Dahl <jad@keleher-law.com>
**Cc:** Cliff Walston <cliff@walstonbowlin.com>; Scott Saldaña <ssaldana@rctlegal.com>; R2@RowleyLawFirm.com
**Subject:** RE: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel

Justin: As I understand it then, you will pursue the following claims:
   (1) Count I, seeking an accounting of the funds received from the sale of the Texas property;
   (2) Count II, seeking damages for unjust enrichment based on allegedly wrongful retention of the funds from the sale of the Texas property, which, as you explain below, is the equivalent of a constructive trust claim; and
   (3) Count IV, seeking a declaratory judgment action stating that the "AAC Notes" (as defined in paragraph 19 of the Amended Petition) have been satisfied in fully and that Ag Acceptance's "continuing liens on the New Mexico property are therefore improper and should be released."
Please confirm that this is correct. If not, in the interest of fairness, please explain the claims that you are pursuing.
-Barbara

**From:** Justin B. Breen [mailto:jbb@keleher-law.com]
**Sent:** Tuesday, November 1, 2016 10:53 AM
**To:** Barbara Balliette <bballiette@rctlegal.com>; Jeffrey A. Dahl <jad@keleher-law.com>
**Cc:** Cliff Walston <cliff@walstonbowlin.com>; Scott Saldaña <ssaldana@rctlegal.com>
**Subject:** RE: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel

Barbara,

Judge Robinson's order 9/16/16 MOO says only that "...all of the Plaintiff's Texas state-law based claims and causes of action are hereby dismissed..."  The MOO says that "[t]he balance of the claims asserted herein pursuant to New Mexico law, and specifically those pled in Count IV of the amended complaint, are hereby transferred to the federal court in New Mexico...**This Court offers no opinion of the substance of any claim or cause of action pled under New Mexico law.**"

The petition was filed originally in New Mexico, under New Mexico law.   Though Count III (for constructive trust) was voluntarily dismissed as a result of the removal to Texas, in New Mexico:

A court will impose a constructive trust to prevent the unjust enrichment that would result if the person having the property were permitted to retain it. If a court imposes a constructive trust, the person holding legal title is subjected to an equitable duty to convey the property to a person to whom the court has determined that duty is owed. *City of Rio Rancho v. Amrep Sw. Inc.*, 2011-NMSC-037, ¶ 1, 150 N.M. 428, 260 P.3d 414.

So, if Plaintiffs were to prevail on an unjust enrichment theory (Count II), they would essentially receive the relief previously requested in Count III.  As we discussed before the status conference, under the MOO we do not believe there are claims being "reasserted", as you say in your email.  Rather, all of the claims pled under New Mexico law may now proceed.

Justin Breen
Keleher & McLeod, PA
PO Box AA
Albuquerque, NM 87103
Ph. (505) 346-9148
Fx. (505) 346-1370

This email and any attachments are for the sole use of the intended recipient(s) and may contain privileged or confidential attorney-client material and communications or attorney work product. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by return e-mail. Please do not open any attached files, and please destroy all copies of the email and any attachments. Thank you.

**From:** Barbara Balliette [mailto:bballiette@rctlegal.com]
**Sent:** Tuesday, November 01, 2016 6:18 AM
**To:** Jeffrey A. Dahl <jad@keleher-law.com>; Justin B. Breen <jbb@keleher-law.com>
**Cc:** Cliff Walston <cliff@walstonbowlin.com>; Scott Saldaña <ssaldana@rctlegal.com>
**Subject:** Re: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel

Jeff and Justin: We need to prepare a response to your motion to compel and renew our Motion for Summary Judgment. Please respond to my questions below no later than noon today so that we may respond appropriately and timely.
Your delay in answering impairs our ability to prepare our case and continues to increase fees unnecessarily.

Barbara Balliette

On Oct 31, 2016, at 10:38 AM, Barbara Balliette <bballiette@rctlegal.com> wrote:

> Jeff and Justin: In order to respond to this motion, we need to understand your position on the remaining claims. Are you reasserting an accounting claim under NM law? What about the other claims? Please respond immediately so that we can take appropriate action.
> -Barbara

> **From:** Barbara Balliette
> **Sent:** Saturday, October 29, 2016 3:58 PM
> **To:** jad@keleher-law.com
> **Subject:** Fwd: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel

> Jeff: let's discuss this on monday. I don't understand why you are proceeding on the primary fund issue since that has been rejected repeatedly.
> We ask you to withdraw the motion.

> Barbara Balliette

> Begin forwarded message:

>> **From:** Mina Myers <mmyers@rctlegal.com>
>> **Date:** October 28, 2016 at 10:02:31 AM CDT
>> **To:** Barbara Balliette <bballiette@rctlegal.com>, "R2@RowleyLawFirm.com" <R2@RowleyLawFirm.com>, "cliff@walstonbowlin.com" <cliff@walstonbowlin.com>, "Kobliska, L (Linda)" <Linda.Kobliska@raboag.com>, "Anderson, L (Leia)" <Leia.Anderson@raboag.com>
>> **Subject:** RE: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel

>> 11/11/16 is Veteran's Day.

The deadlines will be as follows:

Motion to Compel: 10/28/16
Response: 11/11/16, carries to Monday 11/14/16
Reply: 11/28/16

---

**From:** Mina Myers
**Sent:** Friday, October 28, 2016 9:59 AM
**To:** Barbara Balliette <bballiette@rctlegal.com>; R2@RowleyLawFirm.com;
'cliff@walstonbowlin.com' <cliff@walstonbowlin.com>; Kobliska, L (Linda)
<Linda.Kobliska@raboag.com>; 'Anderson, L (Leia)' <Leia.Anderson@raboag.com>
**Subject:** FW: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag
Acceptance Corporation Motion to Compel

Please see attached.

I'll calendar response and reply deadlines per NM local rules:

7.4 Timing of and Restrictions on Responses and Replies.
(a) Timing. A response must be served and filed within fourteen (14) calendar
days after service of the motion. → **11/11/16**
A reply must be served and filed within fourteen (14) calendar days after service
of the response. → **11/25/16**
          Note: the USDC of NM does not observe the Friday after Thanksgiving
as a court holiday.

**From:** cmecfbb@nmcourt.fed.us [mailto:cmecfbb@nmcourt.fed.us]
**Sent:** Friday, October 28, 2016 9:04 AM
**To:** cmecfto@nmcourt.fed.us
**Subject:** Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance
Corporation Motion to Compel


**This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is
unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the
United States policy permits attorneys of record and parties in a case
(including pro se litigants) to receive one free electronic copy of all
documents filed electronically, if receipt is required by law or directed by the
filer. PACER access fees apply to all other users. To avoid later charges,
download a copy of each document during this first viewing. However, if the
referenced document is a transcript, the free copy and 30 page limit do not
apply.**

**U.S. District Court**

**District of New Mexico - Version 6.1**

**Notice of Electronic Filing**

The following transaction was entered by Breen, Justin on 10/28/2016 at 8:03 AM MDT and filed on 10/28/2016

| | |
|---|---|
| **Case Name:** | Terra Partners et al v. Ag Acceptance Corporation |
| **Case Number:** | 1:16-cv-01036-WPL-KK |
| **Filer:** | Terra Partners |
| | Terra XXI, Ltd. |
| | Robert Wayne Veigel |
| | Veigel Cattle Company |
| | Veigel Farm Partners |
| | Veigel Farms, Inc. |
| | Ella Marie Williams Veigel |

**Document Number:** 91

**Docket Text:**
**MOTION to Compel** *Responses To Plaintiff's First Requests For Production* **by Terra Partners, Terra XXI, Ltd., Robert Wayne Veigel, Veigel Cattle Company, Veigel Farm Partners, Veigel Farms, Inc., Ella Marie Williams Veigel. (Attachments: # (1) Exhibit A) (Breen, Justin)**

**1:16-cv-01036-WPL-KK Notice has been electronically mailed to:**

Barbara Whiten Balliette     bballiette@rctlegal.com, mmyers@rctlegal.com

Jeffrey A. Dahl     jad@keleher-law.com, rld@keleher-law.com

Justin Bert Breen     jbb@keleher-law.com, ksw@ecf.courtdrive.com, ksw@keleher-law.com

Philip R Russ     philiprruss@russlawfirm.com

Richard F. Rowley , II     r2@rowleylawfirm.com

**1:16-cv-01036-WPL-KK Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1167529506 [Date=10/28/2016] [FileNumber=7966954-0] [16e132a845db66edd1b634b17b7c69ab4d1e1f40494ec354d4cfa804c61b31c743ef97803a685f8f7de3bc707249d2a3e1c98991772b7b5439c14829ff392f4c]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1167529506 [Date=10/28/2016] [FileNumber=7966954-

1] [96844a85a5bf2ff2809cd3b09768d5b960236b43d3e5ffe6abda6443731b29d5e9
c277b99f518ad9e1ba7aef7e02278069da1562bf57b3bf5617044606a20c3d]]