IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; § | | |
| ROBERT WAYNE VEIGEL; § | | |
| ELLA MARIE WILLIAMS VEIGAL; § | | |
| VEIGEL FARMS, INC.; § | | |
| VEIGEL CATTLE COMPANY; and § | | |
| VEIGEL FARM PARTNERS, § | No. 1-16-cv-01036-WPL-KK | |
| § | | |
| Plaintiffs, § | Transferred from | |
| § | USDC NDTX (Amarillo) | |
| v. § | No. 2:15-cv-236-J | |
| § | | |
| AG ACCEPTANCE CORPORATION, § | | |
| § | | |
| Defendant. § | | |

## AG ACCEPTANCE'S MEMORANDUM OF LAW IN SUPPORT OF
## RULE 11(b) MOTION FOR SANCTIONS

Defendant Ag Acceptance Corporation ("**Defendant**" or "**Ag Acceptance**") files this Memorandum of Law in Support of its Motion for Sanctions (the "**Motion**") pursuant to Federal Rule of Civil Procedure 11(b) ("**Rule 11**") against Plaintiffs (collectively, the "**Veigels**"), who are represented by counsel Keleher & McLeod, PC ("**Plaintiffs' Counsel**"). Plaintiffs' Counsel has moved to withdraw from the representation of the Veigels over the objection of the clients and Ag Acceptance.

As required by Rule 11(c), the Motion was served on November 8, 2016, but not filed until December 1, which is more than 21 days after service.[1] This Memorandum of Law is now filed concurrently with the Motion. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012) (approving procedure of serving and filing an

---

[1] The Motion for Sanctions is completely unchanged except for removing the header stating that it was "served but not filed" on November 8, 2016 and adding signatures and dates. The exhibits attached to the Motion for Sanctions were served along with the Motion for Sanctions on November 8, 2016.

accompanying memorandum of law only when a previously-served Motion for Sanctions is actually filed because this procedure allows the offending party to withdraw frivolous filings before requiring the opposing party to incur attorneys' fees in preparing a memorandum of law). Ag Acceptance requested that the Veigels withdraw their pleadings and dismiss the claims with prejudice, but they have declined to do so. Instead, Plaintiffs' Counsel seeks permission to withdraw because of "irreconcilable differences" with the Veigels, who have refused to dismiss their claims.[2]

## GROUNDS FOR MOTION: VIOLATION OF RULE 11(b)

By filing and advocating for its pleadings, a party and its attorneys represent that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). As set forth fully in the Motion, Ag Acceptance moves for sanctions because the Veigels' continued assertion of the claims in this lawsuit is without any adequate legal basis. Ag Acceptance requests that the Court act decisively and put a final end to the fifteen-plus years of litigation by awarding attorneys' fees as sanctions and entering any other order that the Court may deem appropriate to prevent further litigation.

### A. The Veigels' Pattern of Re-Litigation

A Motion for Sanctions against the Veigels must be considered in the historical context of the litigation saga between the parties. As demonstrated by their untimely motion to compel discovery, the Veigels intend to continue asserting—without any valid legal basis—claims in

---

[2] Plaintiffs' counsel and Ag Acceptance's counsel have had limited discussions about dismissal of this lawsuit. These negotiations were in the context of settlement discussions; therefore, it may not be appropriate to disclose the full discussion to the Court without permission of opposing counsel and clients. At this point, based on the Motion to Withdraw, Ag Acceptance assumes, but does not have confirmation, that Plaintiffs' counsel would dismiss the claims in this suit, but the Veigels themselves oppose dismissal with prejudice.

this lawsuit that have already been resolved by other courts. *See* Dkt. #91 ¶¶ 3–13. Continued re-litigation is a pattern with the Veigels: they consistently refuse to accept the finality of any court ruling. This lawsuit is (at least) the ***eleventh*** major case between the parties or their affiliates over the past 15 years. In the course of that torrent of litigation, the Veigels were sanctioned by the Fifth Circuit after Steve Veigel attempted to file a *pro se* amicus brief claiming that all of the court rulings are "***legal nullities that are void ab initio and can never serve to support res judicata or collateral estoppel in this case and appeal or any other***." After this filing, the Fifth Circuit acknowledged what Ag Acceptance had known for years—that the Veigels will continue to abuse the court system and argue that any decision against them is wrong or "void" or inapplicable.

The Fifth Circuit sanctioned Steve Veigel monetarily and granted an extremely rare litigation bar/injunction that prevents the Veigel parties (including all of the Plaintiffs in this lawsuit) from filing any document in any federal court without first presenting it to the Amarillo court to determine whether the issues presented have already been litigated:

> ***. . . enjoining future litigation by Steve Veigel, Robert Veigel, Ella Marie Veigel, and their affiliates or related entities, including Terra Partners.***
> . . .
>
> It is therefore ORDERED:
>
> No pleading, lawsuit, or other document in any federal court shall be filed by, or on behalf of, Steve Veigel, his affiliates or related entities, including Terra Partners, without first presenting the filing to the district court below to determine whether the issues contained in the filing have been previously decided.

Ex. A to Motion, Injunction, *Terra Partners v. Rabo Agrifinance, Inc. and Ag Acceptance Corporation*, 504 F. App'x 288, 291 (5th Cir. 2012) *cert. denied sub nom. Veigel v. Rabo Agrifinance, Inc.*, 133 S. Ct. 2398 (2013) (emphasis added). But the Fifth Circuit's sanctions have

not been a sufficient deterrent. Through this lawsuit, despite the Fifth Circuit's Injunction, the Veigels continue their pattern of re-litigating claims that have already been resolved.

B.     **The Veigels' Continued Assertion of Affirmative Claims Violates Rule 11(b)**

The Veigels' affirmative claims were dismissed by Judge Robinson in Amarillo because the Veigels failed to state a claim upon which relief could be granted. Dkt. #79. The crux of their claim as summarized by the Amarillo Court is that "regardless of how long new owners hold lands that Plaintiff once owned, when sold a decade or a century later, they have an equitable right to a portion of the sales proceeds to pay on their defaulted debts." *Id.* at 7. As Judge Robinson noted, the Veigels cited no authority for that proposition. *Id.*

Despite the lack of law supporting their claims, the Veigels apparently believe the transfer back to this Court entitles them to reargue this groundless proposition under New Mexico law. Dkt. #91 ¶¶ 3–13. But, as shown in Ag Acceptance's concurrently-filed Renewed Motion for Summary Judgment, there is no basis whatsoever to apply New Mexico law to the Veigels' claims, and, even if there were, the result would be the same as Texas law. *See* Ag Acceptance Renewed Motion for Summary Judgment at Dkt. #96. Because the Veigels' affirmative claims have already been resolved and there is no non-frivolous argument for reasserting the claims under New Mexico law, the Veigels' continued assertion of their affirmative claims violates Rule 11(b). *See Star Mark Mgmt., Inc.*, 682 F.3d at 177 (imposing Rule 11 sanctions when litigant persisted in filing claims even after a judge had warned that they were meritless).

C.     **The Veigels' Continued Assertion of Declaratory Judgment Claim Violate Rule 11(b)**

The Veigels' continued advocacy for their Declaratory Judgment cause of action also violates Rule 11(b). As fully set forth in Ag Acceptance's Renewed Motion for Summary Judgment at Dkt. #96, the Veigels no longer have any ownership interest in the New Mexico real

estate at issue in that cause of action. There is no legitimate basis whatsoever to continue litigating the declaratory judgment claim over property that the Veigels do not own. The claim is moot, but the Veigels refuse to dismiss it. The continued assertion of the claim is sanctionable.

**D.        Service of This Motion and Request for Fees**

It is time for the litigation saga to end. The Veigels' continued assertion of baseless claims—even in the face of the Fifth Circuit's Injunction—warrants harsh sanctions. The Veigels' claims in this lawsuit violate Rule 11(b). Ag Acceptance's counsel has repeatedly requested that they dismiss with prejudice their frivolous, already-resolved claims, but they have refused to do so. At this point, after multiple consultations with counsel and nearly two years of requests to drop these claims, Ag Acceptance reluctantly files this Motion for Sanctions. Ag Acceptance seeks payment of all of its attorneys' fees as a sanction and any other relief the Court may deem proper, including injunctions against further filings.[3]

WHEREFORE, Defendant/Counter-Plaintiff Ag Acceptance requests that the Court enter an order finding that the Veigels' continued assertion of previously-resolved claims violates Rule 11(b) and award Ag Acceptance payment of all of its attorneys' fees incurred in defending against these claims, along with all other relief to which Ag Acceptance may be entitled in law or equity.

---

[3] As shown in the affidavit of Barbara Whiten Balliette, attached as Ex. 1, to Ag Acceptance's Renewed Motion for Summary Judgment, the fees billed to date are $78,900.13.

Dated: November 30, 2016  Respectfully submitted,

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette
State Bar No. 00788660
bballiette@rctlegal.com
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy, C-300
Austin, Texas 78746
T: 512-647-6100
F: 512-647-6129

Richard F. Rowley, II
r2@rowleylawfirm.com
**ROWLEY LAW FIRM LLC**
P.O. Box 790
Clovis, New Mexico 88102
T: 575-763-4457
F: 575-763-4450

*Counsel for Defendant*
*Ag Acceptance Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the District of New Mexico on November 30, 2016, using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Jeffrey A. Dahl
Justin B. Breen
**KELEHER & MCLEOD, P.A.**
P.O. Box AA
Albuquerque, NM 87103

*Counsel for Plaintiffs*

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette