THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL;
ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.; VEIGEL CATTLE
COMPANY; and VEIGEL FARM PARTNERS,
    Plaintiffs,

v.    No. CV 16-1036 WPL/KK

AG ACCEPTANCE CORPORATION,
    Defendant.

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S COUNTERCLAIM

Plaintiffs, by and through their counsel, Keleher & McLeod, P.A.[1] hereby provide their Motion For Summary Judgment on Ag Acceptance Corporation's ("AAC") Original Counterclaim ("Counterclaim") [Doc. 40].

Introduction

The Counterclaim is based on the Friemel Case and resulting Friemel Settlement, as defined in paragraphs 2 and 3 of the Counterclaim. The Friemel Settlement is attached as Exhibit A to the Counterclaim. The Friemel Settlement states in pertinent part:

> From the date of this agreement forward, Terra Partners and the Veigel Entities agree that ***neither Terra Partners nor any Veigel Entity will contest the Rabo Parties', and/or the Rabo Parties' assigns', lessees', and or the future purchasers of the Deaf Smith County (property defined below) right of title, ownership, possession, and/or lease of the Deaf Smith County property***, known in this matter as Tracts 1, 2, and 3 including ***the property foreclosed upon on September 2, 2003*** and the 960 Acres (being all of Section 59 and the East ½ of Section 60). . . ." Id. ¶5.

---

[1] On November 28, 2016, Plaintiffs' counsel ("Movants") filed a Motion to Permit Withdrawal [Doc. 95] as counsel for the Plaintiffs. The dispositive motion deadline in this matter is December 1, 2016. [Doc 94.] Though Movants are maintaining their motion to permit their withdraw, they are filing this motion on behalf of Plaintiffs to meet the dispositive motion deadline established by the Court.

AAC alleges that, in filing the Amended Petition For Accounting, Claim For Unjust Enrichment, Imposition Of Constructive Trust, And Request For Declaratory Relief [Doc.38] ("Amended Petition"), Plaintiffs violated the Friemel Settlement. AAC has incorrectly characterized the Amended Petition to try and support its claim that the petition violates the Friemel Settlement. AAC incorrectly claims that "the crux of the [Plaintiffs'] claims in this lawsuit is that [AAC] did not have full title or ownership of 'the property foreclosed upon on September 2, 2003.' [Counterclaim, ¶10.] AAC also erroneously asserts that "[b]ecause the claims in this lawsuit contest Ag Acceptance's title or ownership of the property, the [Plaintiffs'] claims constitute a breach of the Friemel Settlement." [Counterclaim, ¶13.] That is not the case based on the averments in the Amended Petition. As a matter of fact and law, the Counterclaim is meritless and should be dismissed[2].

## Undisputed Material Facts

The sole issue presented in the Counterclaim is whether the Amended Petition violates the Friemel Settlement. The material facts relevant to that inquiry are limited to the terms of the Friemel Settlement, the date of the Champion Sale (as defined in the Amended Petition), and the substance of the Amended Petition.

1. The Friemel Settlement Agreement is dated November 6, 2008. [Exhibit A to Counterclaim.]

2. The Champion Sale occurred on November 15, 2012. [Amended Petition, ¶ 33; Answer to Amended Petition [Doc. 51, ¶ 33.]

3. The Amended Petition requests:

---

[2] AAC previously moved for Summary Judgment on its Counterclaim. The Northern District of Texas, Amarillo Division, denied that Motion on September 8, 2016. [Doc. 78.]

a. that the Court order AAC to provide an accounting concerning the handling of the proceeds from the sale to Champion and certain other funds;

b. that the Court enter a judgment in favor of Plaintiffs in the amount of any sums unjustly retained by AAC as a result of the sale to Champion and the retention of certain funds;

c. that the Court enter a judgment imposing a constructive trust as to those funds; and

d. that the Court enter a judgment declaring that certain notes held by AAC have been satisfied in full and that AAC's continuing liens on the New Mexico property are therefore improper and should be released. [Doc 38, page 10.]

<u>Argument</u>

*The Amended Petition is not a breach of the Friemel Settlement and, in fact, concerns claims specifically excluded from the Friemel Settlement.*

The question of whether a contract is ambiguous is one of law for the court. *Heritage Res., Inc. v. NationsBank*, Co., 939 S.W.2d 118, 121, 39 Tex. Sup. Ct. J. 537 (1996). Courts enforce unambiguous documents as written. *Id.* The Friemel Settlement is unambiguous and does not bar Plaintiffs from asserting the claims in the Amended Petition.

Plaintiffs do not dispute that they agreed not to challenge AAC's "right of title, ownership, [or] possession" of the property at issue, and they are not doing so in this matter. Nowhere in the Amended Petition do the Plaintiffs challenge AAC's rights in and/or to the Texas property. Nor are the Plaintiffs challenging the foreclosure sale at which AAC purchased the Texas Property, nor the Champion Sale itself.

Plaintiffs filed the Amended Petition after the Champion Sale on November 15, 2012 [Doc. 38-4] because the cause of action in the petition did not occur until that sale. At the time of the Friemel Settlement, the Champion Sale would not occur for four years. Plaintiffs are requesting

an accounting of the funds subsequently paid to and received by AAC resulting from the sale of the Texas Property, which was acquired by AAC for just $20,000 subject to liens securing obligations owed to AAC and Rabo Agrifinance, Inc. ("Rabo"). When AAC sold the Texas Property free and clear of such liens, there were no funds applied or credit given to any of Plaintiffs' obligations owed to AAC or Rabo despite the release of such liens.

Furthermore, there is an exception to application of the Friemel Settlement written in to the agreement concerning "Litigation... in New Mexico related to the foreclosure of the New Mexico property." [Section 5(e) of Friemel Agreement.] The Amended Petition was filed as a result of Rabo's pursuit of a foreclosure proceeding in New Mexico's Tenth Judicial District Court. Accordingly, this action was originally brought in New Mexico because it relates to foreclosure of "the New Mexico property." The claims in the Amended Petition, to the extent they concern the New Mexico property (including clearing AAC's mortgages of record and any judgment liens of AAC on the New Mexico property), are expressly excluded from the Friemel Settlement.

WHEREFORE, Plaintiffs request that the Counterclaim be dismissed with prejudice.

Respectfully submitted,

KELEHER & MCLEOD, P.A.

By: /s/ Justin B. Breen
    Filed Electronically on December 1, 2016
    Jeffrey A. Dahl
    Justin B. Breen Post Office Box AA
    Albuquerque, New Mexico 87103
    Telephone: (505) 346-4646
    Facsimile: (505) 346-1370
    E-Mail: jad@keleher-law.com
    E-Mail: jbb@keleher-law.com

## CERTIFICATE OF SERVICE

THIS HEREBY CERTIFIES that on December 1, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**Lead Counsel for Ag Acceptance Corporation:**
Barbara Whiten Balliette
Reid Collins & Tsai LLP
1301 S. Capital of Texas Hwy., C-300
Austin, Texas 78746
Telephone: (512) 647-6100
Facsimile: (512) 647-6129
E-Mail: BBalliette@RCTLegal.com

**Local Counsel for Ag Acceptance Corporation:**
Thomas C. Riney
Riney & Mayfield LLP
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas 79101
Telephone: (806) 468-3200
Facsimile: (806) 376-4509
E-Mail: TRiney@RineyMayfield.com

**Lead Counsel for Ag Acceptance Corporation [District of New Mexico]:**
Richard F. Rowley II
Rowley Law Firm, L.L.C.
P.O. Box 790
Clovis, New Mexico 88102-0790
Telephone: (575) 763-4457
Facsimile: (575) 763-4450
E-Mail: R2@RowleyLawFirm.com


/s/ Justin B. Breen
Justin B. Breen

4841-5340-4989, v. 2