THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; § | | |
| ROBERT WAYNE VEIGEL; § | | |
| ELLA MARIE WILLIAMS VEIGEL; § | | |
| VEIGEL FARMS, INC.; § | | |
| VEIGEL CATTLE COMPANY; and § | | |
| VEIGEL FARM PARTNERS, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | No. CV 16-1036 WPL/KK | |
| § | | |
| AG ACCEPTANCE CORPORATION, § | | |
| § | | |
| Defendant. § | | |

## PLAINTIFFS' RESPONSE TO KELEHER & McLEOD, P.A.'s MOTION TO PERMIT WITHDRAWAL

TO THE HONORABLE JUDGE:

Pursuant to this Court's December 1, 2016 ORDER SETTING EXPEDITED BRIEFING SCHEDULE [Dkt. No. 100] which expressly ordered Plaintiffs' current New Mexico counsel of record Keleher & McLeod, P.A. to "*assist Plaintiffs in filing or **will file on Plaintiffs' behalf their response**, if any, to the motion to withdraw*", COME NOW, all Plaintiffs (including Robert Wayne and Ella Marie Veigel, on a limited and conditional *pro se* basis, if Keleher & McLeod continue to refuse to sign and file this PLAINTIFFS' RESPONSE for all Plaintiffs as directed) who submitted this PLAINTIFFS' RESPONSE TO KELEHER & MCLEOD, P.A.'S MOTION TO PERMIT WITHDRAW ("PLAINTIFFS' RESPONSE") to Keleher & McLeod, P.A. for timely filing as ordered and would show the Court as follows:

## INTRODUCTION

1.  Plaintiffs' current counsel of record in this Case includes Plaintiffs' New Mexico counsel, Keleher & McLeod, P.A. (primarily Jeffery A, Dahl and Justin B. Breen) and Plaintiffs' Texas counsel the Law Office of Philip Roland Russ (Philip Russ) (together "PLAINTIFFS' ATTORNEYS"). However, Philip Russ has only served as required local Texas counsel at the request of Keleher & McLeod and has not taken an active role except for joining with Keleher & McLeod to file a prior Motion to Withdraw As Counsel [Dkt. No. 53] which also cited unspecified "*irreconcilable differences*" to such an extent that the PLAINTIFFS' ATTORNEYS could no longer serve as Plaintiffs' counsel in this Case. Philip Russ has not joined Keleher & McLeod's pending MOTION TO PERMIT WITHDRAWAL ("MOTION TO WITHDRAW") [Dkt. No. 95]

2.  After an order [Dkt. No. 64] allowing Plaintiffs Robert Wayne and Ella Marie Veigel to submit protected attorney-client documents for *in camera* review which they did [Dkt. No. 66] and an order [Dkt. No. 69] allowing PLAINTIFFS' ATTORNEYS to submit protected documents for an *in camera* review and a sealed reply [Dkt. No. 70], Judge Robinson summarily denied PLAINTIFFS' ATTORNEYS' withdraw on June 15, 2016 [Dkt. No. 71].

3.  Plaintiffs again oppose Keleher & McLeod's similar MOTION TO WITHDRAW. An *in camera* review of protected attorney-client communications previously submitted to Judge Robinson and attorney-client communications since June 15, 2016 would again conclusively show that there are no "good cause" or "*irreconcilable differences*" that have resulted in any "*impasse as how to proceed at this point in the litigation*". Rather, such communications would reveal Keleher & McLeod's continuing overriding apparent

reason for seeking to withdraw is its self-perceived/self-realized risk of potential professional negligence liability though Plaintiffs have never made any threat of such to Keleher & McLeod.

4. Although Plaintiffs have had and continue to have some differences of opinion with Keleher & McLeod, Plaintiffs realize they effectively have no choice at this point but to continue to offer suggestions but ultimately defer to and follow Keleher & McLeod's professional legal advice in this Case. Given the current stage of this litigation, Plaintiffs' significant investment in Keleher & McLeod, and Plaintiffs prior unsuccessful attempts to retain substitute counsel, Plaintiffs do not believe they have any viable option to retain competent substitute counsel to protect Plaintiffs' interests from being prejudiced in this Case.

## ARGUMENT

5. D.N.M. LR-CV 83.9 Rules of Professional Conduct states "*The Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico apply except as otherwise provided by local rule or by Court order. See, e.g., D.N.M. LR-Civ. 83.4(c).[*] Lawyers appearing in this District must comply with the section for lawyers of "A Creed of Professionalism of the New Mexico Bench and Bar."*"

6. Trial Handbook for New Mexico Lawyers § 1:6 Withdrawal or substitution of attorney states:

> It is generally within the court's discretion to grant permission to withdraw as counsel. Often the courts consider such factors as proximity to trial date and the ability of the client to retain other counsel.
>
> Generally, once a defendant has proceeded to trial pro se, it is within the discretion of the trial court to determine whether the defendant may give up his right of self-representation and have counsel appointed. 98 A.L.R. 3d 13 § 23. The courts will consider factors such as the stage of the

proceedings, disruption and delay involved, and effectiveness of continuing pro se.

Once an attorney has accepted a case, the implication is that the attorney will prosecute the case to conclusion and may not abandon the suit without reasonable cause. 7 Am. Jur. 2d, Attorneys at Law § 173. Once reasonable cause does exist which would justify withdrawal, the attorney must comply with the state statutes, ABA standards, and the requirements of the relevant court rules wherein the case is pending. Failure to comply with these requirements may make the attorney liable for malpractice if the client is injured by the withdrawal. Legal Malpractice—Withdrawal of Counsel, 6 A.L.R. 4th 342. Neglecting to follow the appropriate guidelines may expose the attorney to risk of disciplinary action.

**Withdrawal for good cause is permitted as long as it can be accomplished without material adverse affect on the interests of the client**; and it can be accomplished in an orderly fashion, including reasonable notice, allowance of time for employment of other counsel, and returning papers, fees, or other property owed to the client. SCRA 16-116.

This section is often cited in disciplinary board proceedings. The failure of an attorney to promptly forward the file to the new attorney and failure to refund fees advanced but not earned, among other offenses, have merited indefinite suspensions. Matter of Martinez, 107 N.M. 171, 754 P.2d 842 (1988).

Attorneys violate the rule of professional conduct requiring attorneys, upon termination of representation, to take steps to the extent reasonably practicably necessary to protect the client's interest. Specifically, failure of attorneys, when transferring clients' cases, to file the appropriate entry, withdrawal, or substitution of counsel motions, and **essentially abandoning clients, causing the clients to suffer adverse consequences and incur additional attorney fees violates the rules of professional conduct requiring attorneys to provide competent representation to a client.** In re Owen, 2013-NMSC-035, 306 P.3d 452 (N.M. 2013). …

Withdrawal as attorney for a party requires compliance with the requirements of NMSA § 36-2-14 and Rule 1-089 of the New Mexico Rules of Civil Procedure. This means that the lawyer is required to obtain the written consent of the District Court to withdraw. The consent may be conditioned upon the substitution of another lawyer or by a party filing an address at which service may be made (with proof of service on all other parties). If a lawyer ceases to act in a case for a reason other than withdrawal or consent, the court, upon motion of any party, may take some action to make sure the case proceeds promptly. [emphasis added]

7. An attorney's right to voluntarily withdraw is not absolute even if attorney's motion to withdraw complies with D.N.M. LR-CV 83.8. Keleher & McLeod MOTION TO

WITHDRAW does not comply with NMRA, Rule 16-116. Declining or Terminating Representation states:

> B. Permissive Withdrawal. Except as stated in Paragraph C, a lawyer may withdraw from representing a client **if**:
>
> (1) withdrawal can be accomplished **without material adverse effect on the interests of the client**;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.
>
> C. Representation Required. A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. **When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation**.
>
> D. Orderly Termination. Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law. …
>
> **COMMITTEE COMMENTARY…**
>
> [1] A lawyer should not accept representation in a matter unless it can be performed competently, promptly, without improper conflict of interest and to completion. Ordinarily, a representation in a matter is completed when the agreed-upon assistance has been concluded. *See* Paragraph C of Rule 16-102, and Rule 16-605 of the Rules of Professional Conduct; *see also* Committee Commentary to Rule 16-103 of the Rules of Professional Conduct. …
>
> [7] **A lawyer may withdraw from representation in some circumstances**. **The lawyer has the option to withdraw if it can be**

**accomplished without material adverse effect on the client's interests.** Withdrawal is also justified if the client persists in a course of action that the lawyer reasonably believes is criminal or fraudulent, for a lawyer is not required to be associated with such conduct even if the lawyer does not further it. Withdrawal is also permitted if the lawyer's services were misused in the past even if that would materially prejudice the client. The lawyer may also withdraw where the client insists on taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement. [emphasis added]

8. This rule provides one requirement *(i.e.*, (1) withdrawal can be accomplished **without material adverse effect on the interests of the client)**; five specific situations in which a lawyer has good cause to voluntarily withdraw and a seventh, catch-all provision that allows an attorney to withdraw where other good cause for withdrawal exists. **Keleher & McLeod's withdraw from this Case cannot be accomplished without material adverse effect of the Plaintiffs' interests and the MOTION TO WITHDRAW does not assert or offer any reason why Plaintiffs' interest will not suffer material adverse effects if Keleher & McLeod is allowed to withdraw from this Case.**

9. Keleher & McLeod's MOTION TO WITHDRAW merely claims unspecified "*irreconcilable differences of opinion*" implicitly somehow serves as "good cause" for withdraws. Such vague and conclusory assertions are not enough to satisfy Keleher & McLeod's burden. *See, e.g.*, *White*, 2010 WL 2473833, at *3 ("The court has not uncovered a single case in which counsel was permitted to withdraw over his client's objection on the strength of nothing more than a conclusory, unsworn, single-sentence assertion.").

10. Keleher & McLeod's MOTION TO WITHDRAW asserts without citing any authority that D.N.M. LR-CV 83.8 "*does not require that Movant detail the reasons for withdraw*."

However, D.N.M. LR-CV 83.8(b) concerning contested motions to withdraw merely states: "*The attorney must file and serve on all parties, including the client, a motion to withdraw. The attorney must give notice in the motion that objections must be served and filed within fourteen (14) days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion.*" Although D.N.M. LR-CV 83.8(b) does not address whether or not a motion to withdraw is required to give any reason for withdraw, NMRA, Rule 16-116 requires a motion to prove some reason for withdraw which Keleher & McLeod's MOTION TO WITHDRAW admittedly fails to show.

11. Before granting Keleher & McLeod's MOTION TO WITHDRAW, Keleher & McLeod should be made to prove any "good cause" for withdraw with an *in camera* review of privileged attorney-client documents and communications filed under seal which all Plaintiffs are similarly allowed time to respond with privileged attorney-client documents and communications filed under seal.

### CONCLUSION AND PRAYER

12. Keleher & McLeod's MOTION TO WITHDRAW does not prove any good cause for withdrawal where Plaintiffs have always deferred to Keleher & McLeod's professional legal advise in all disagreements. To allow Keleher & McLeod to withdraw, particularly at this late stage in the litigation after significant investment of time, effort, and scarce financial resources by the Plaintiffs who are unlikely to obtain competent substitute consult, **cannot be accomplished without material adverse effect on the interests of the Plaintiffs**.

Therefore, Plaintiffs request that the Court deny the MOTION TO WITHDRAW or otherwise consent and allow additional time for Plaintiffs to submit privileged attorney-

client documents and communications under seal so that the Court can conduct an *in camera* review of the documents to determine if any "good cause" exists to allow Keleher & McLeod P.A., to withdraw from representing Plaintiffs in this Case.

Respectfully submitted,

*Robert Wayne Veigel*
Robert Wayne Veigel, conditional *pro se*
105 Quince St.
Hereford, Texas 79045
e-mail: RWVeig@aol.com
mobile: (806) 231-1008

*Ella Marie Veigel*
Ella Marie Veigel, conditional *pro se*
105 Quince St.
Hereford, Texas 79045
EMVeig@aol.com
mobile: (806) 335-0307

KELEHER & MCLEOAD, P.A.

By: _____
Filed Electronically on December 5, 2016
Jeffery A. Dahl      NM SBN 0622
Justin B. Breen      NM SBN 28108
Post Office Box AA
Albuquerque, New Mexico 87103
Telephone: (505) 346-4646
Facsimile: (505) 346-1370
E-Mail: jad@keleher-law.com
E-Mail: jbb@keleher-law.com

*Current Attorneys of Record for all Plaintiffs*

### CERTIFICATE OF SERVICE

THIS HEREBY CERTIFIES that on December 5th 2016, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**Lead Counsel for Plaintiffs:**
Justin Breen and Jeff Dahl
Keleher & McLeod, P.A.

Post Office Box AA
Albuquerque, New Mexico
Telephone:  (505) 346-4646
Facsimile:  (505) 346-1370
E-Mail:  JBB@Keleher-Law.com
E-Mail:  JAD@Keleher-Law.com

**Local Counsel for Plaintiffs [Northern District of Texas]:**
Philip Roland Russ
Law Offices of Philip R. Russ
2700 S. Western St., Suite 1200
Amarillo, Texas  79109
Telephone:  (806) 358-9293
Facsimile:  (806) 358-9296
E-Mail:  PhilipRRuss@RussLawFirm.com

**Lead Counsel for Ag Acceptance Corporation:**
Barbara Whiten Balliette
Reid Collins & Tsai LLP
1301 S. Capital of Texas Hwy., C-300
Austin, Texas  78746
Telephone:  (512) 647-6100
Facsimile:  (512) 647-6129
E-Mail:  BBalliette@RCTLegal.com

**Local Counsel for Ag Acceptance Corporation [Northern District of Texas]:**
Thomas C. Riney
Riney & Mayfield LLP
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas  79101
Telephone:  (806) 468-3200
Facsimile:  (806) 376-4509
E-Mail:  TRiney@RineyMayfield.com

**Lead Counsel for Ag Acceptance Corporation [District of New Mexico]:**
Richard F. Rowley II
Rowley Law Firm, L.L.C.
P.O. Box 790
Clovis, New Mexico  88102-0790
Telephone:  (575) 763-4457
Facsimile:  (575) 763-4450
E-Mail:  R2@RowleyLawFirm.com

>/s/ Justin B. Breen
>Justin B. Breen