IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; ROBERT WAYNE VEIGEL; ELLA MARIE WILLIAMS VEIGEL; VEIGEL FARMS, INC.; VEIGEL CATTLE COMPANY; and VEIGEL FARM PARTNERS, <br><br> Plaintiffs, <br><br> v. <br><br> AG ACCEPTANCE CORPORATION, <br><br> Defendant. | § § § § § § § § § § § § § § § § | No. 1:16-cv-01036-WPL-KK <br><br> Transferred from <br> USDC NDTX (Amarillo) <br> No. 2:15-cv-236-J |

## AG ACCEPTANCE'S RESPONSE IN OPPOSITION TO PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW

As ordered by the Court (Dkt. #101), Defendant Ag Acceptance Corporation ("**Defendant**" or "**Ag Acceptance**") files this Response to Plaintiffs' Counsel's Motion to Withdraw ("**Motion**"). Ag Acceptance opposes the Motion.

### A. AG ACCEPTANCE SEEKS A FINAL RESOLUTION OF ALL LITIGATION

At this point, after fifteen years of constant litigation and millions of dollars in attorneys' fees (many of which were spent on efforts to extricate Ag Acceptance and its affiliates from duplicative litigation and causes of action that were factually repudiated by prior court rulings), Ag Acceptance seeks nothing less than complete and final resolution of all matters involving the Veigels. Ag Acceptance's arguments herein are motivated solely by the desire to bring all litigation to a conclusion. Ag Acceptance opposes any solution that does not directly result in a final resolution of all litigation.

Keleher & McLeod, PA ("**Plaintiffs' Counsel**") seeks to withdraw on the basis that counsel and Plaintiffs (the "**Veigels**") "are at an impasse as to how to proceed at this point of the litigation of this matter." Plaintiffs' Counsel asserts that there are "irreconcilable differences of opinion" between counsel and client and that counsel should be permitted to withdraw from the case. This is the second time counsel has moved to withdraw from this lawsuit because of alleged "irreconcilable differences." Dkt. No. 53. Judge Robinson denied the first motion to withdraw. Dkt. No. 71. Thereafter, counsel continued to represent the Veigels in the Amarillo court where they filed responses to dispositive motions (Dkt. No. 72) and in this court, where they have defended the Veigels rights to continue to prosecute their claims and moved to compel discovery from Ag Acceptance. Ex. A, emails between counsel and Dkt. 91.

Ag Acceptance opposes any scenario that would leave the Veigels without counsel because (1) withdrawal of counsel will lead to violations of the Fifth Circuit's Injunction, mountains of frivolous *pro se* filings, and no end to litigation; and (2) any problems with the viability of this case were created and sustained by counsel themselves. Denial of the Motion to Withdraw is especially appropriate because the Veigels oppose withdrawal and state, "Plaintiffs realize they effectively have no choice at this point but to continue to offer suggestions but ultimately defer to and follow Keleher & McLeod's professional legal advice in this Case." Dkt. No. 104 at 3, Veigels' Opposition to Motion to Withdraw. If the Veigels will actually follow the lawyers' advice, there is no reason to permit withdrawal.

**B.    WITHDRAWAL OF COUNSEL WILL LEAD TO FRIVOLOUS FILINGS AND PREVENT BRINGING THE LITIGATION TO AN END**

The most important reason to oppose withdrawal of counsel is Steve Veigel's long history of frivolous or otherwise inappropriate *pro se* filings. The Veigels must employ competent counsel

who will ensure the integrity of all of the Veigels' filings and who can facilitate bringing a permanent end to this litigation saga.

History has shown that the Veigels will not police themselves. Steve Veigel attended Texas Tech law school. He sat for the Texas bar examination more than once, but apparently never passed it. The lack of a law license has not hampered Steve Veigel's willingness to attempt to act as a lawyer. He has a long history of inappropriate filings in the Amarillo district court, the Fifth Circuit, and New Mexico state court.

In Amarillo, during the height of the litigation between the parties from 2006 through 2008, the District Court repeatedly admonished Steve Veigel to stop attempting to represent other individuals or corporations. *See* Exs. B – E. The Amarillo Court recognized that Steve Veigel went to law school; however, he is not a licensed attorney, therefore, he is neither permitted to act an attorney for any entity or individual other than himself. Exs. C and D at 2. The Court's Order made little impact on Steve Veigel back then. Just a few weeks later, he again tried to file documents on behalf of other Veigel parties, prompting the Court to issue another order warning, "Steve Veigel is once again cautioned that because he is not a licensed attorney, he cannot represent other individuals or corporations. His attempt to do so is an attempt to practice law without a license." Ex. E, at 2.

But the District Court's warnings went unheeded: Steve Veigel proceeded to take his frivolous *pro se* filings to the Fifth Circuit where he attempted to file an "amicus brief" arguing that all of the prior court rulings were wrong and ***"void ab initio."*** Because of the Veigels' abject lack of respect for court decisions and Steve Veigels' frivolous *pro se* filings, the Fifth Circuit issued an extremely rare litigation bar and injunction. *See* Ex. F, Injunction ("Steve Veigel sought to file a *pro se* amicus brief in support of Terra Partners. . . . In his amicus brief, Steve Veigel

asserts that prior decisions of this court "are legal nullities that are void *ab initio*. We have previously rejected his argument.").[1] The Fifth Circuit Injunction was an acknowledgement that 1) it and other courts had already considered and rejected the "voidness" arguments; and 2) Steve Veigel and all of the Veigel entities subject to the Injunction (which includes all Plaintiffs in this action) should no longer be permitted to continue to abuse both the court system and Ag Acceptance with *pro se* filings and more assertions that multiple court rulings are null and void.

To this day, however, Steve Veigel refuses to stop these frivolous *pro se* filings and allegations that prior court rulings are void. Plaintiffs' Counsel represented the Veigels in part of the New Mexico Foreclosure Suit, but withdrew in May 2016. Upon counsel's withdrawal, Steve Veigel purported to assign all of the Veigel entities' rights to himself so that he could file *pro se* on their behalf and continue to attempt to practice law without license. Ex. H, Assignments. After these preposterous (and invalid) assignments, Steve Veigel apparently believed he had the unfettered right to make all manner of frivolous filings, including recent filings where, despite the Fifth Circuit Injunction, he argues that all prior court decisions are void *ab initio*.[2]

---

[1] The Veigels also made these same arguments in 2010 in the Bankruptcy Court for the Northern District of Texas, where the Veigels moved to re-open their bankruptcy proceedings ten years after the fact so that the bankruptcy court itself could rule on the same issues that other federal courts had already decided. *See* Ex. G, Excerpts of Docket Sheet for Terra XXI's Bankruptcy Case, Cause No. 00-20877-bjh11 in the United States Bankruptcy Court for the Northern District of Texas. Of course, the Bankruptcy Court declined to reopen the case. *Id.* Entry No. 139. Steve Veigel then decided to make several *pro se* filings contesting the rulings, which were also denied. *Id.* Entries No. 142 and 145 (Motion to Reconsider and Reply on same), Entry 156 and 160 (Orders denying same).

[2] *See* Exs. H-1 and H-4 to Ag Acceptance's Renewed Motion for Summary Judgment (Dkt. No. 96-9), Veigels' New Mexico Supreme Court filings, Verified Petition for Writ of Prohibition (arguing *pro se* that prior rulings are void), and Brief in Support of Petitioners' Motion for Rehearing (arguing *pro se* that judgments violate bankruptcy discharge and are "void *ab initio*."); *see also* Exs. I-1 and I-2 (*pro se* New Mexico state court filings arguing that rulings are void).

There is no reason whatsoever to believe that the frivolous filings will stop if the Veigels are allowed to proceed without counsel in this case.³ Competent counsel must insure the integrity of all of the Veigels' filings. As history has shown repeatedly, without the protection of lawyers who are bound to comply with their Rule 11 obligations, the Veigels will continue to inundate Ag Acceptance and the courts with piles of frivolous filings. Since the Veigels' agreed in their Response to the Motion to Withdraw that they will follow their counsel's advice, withdrawal is inappropriate.

C.  **PLAINTIFFS' COUNSEL ACTIVELY ENDORSED THE CLAIMS IN THIS LAWSUIT**

If Plaintiffs' Counsel has serious concerns about the course of this litigation, it is, in part, a problem of counsel's own making. From the very beginning of this case, Ag Acceptance has pointed out that the issues in this case have been resolved by other courts. Ag Acceptance repeatedly asked Plaintiffs' counsel to drop the duplicative claims in this lawsuit, asserting that the claims violate the Fifth Circuit's Injunction and seek relief that has already been denied in other cases. Plaintiffs' Counsel declined to withdraw the claims and proceeded with litigation.

Even after Judge Robinson's Partial Final Judgment and transfer to this Court, Plaintiffs' counsel continued to insist that claims in the lawsuit were viable and moved to compel discovery. Ex. A (email from Plaintiffs' Counsel). Now, upon filing of Ag Acceptance's November 30 Motion for Sanctions (Dkt. No. 98), Plaintiffs' Counsel finally seeks permission to extricate itself from the problems it had a hand in creating. This withdrawal will leave the Veigels without counsel and the case in limbo. Further delay and expense is fundamentally unfair to Ag Acceptance. It is long past time for all of the litigation to come to an end.

---

[3] It is unlikely that the Veigels will find replacement counsel. The Veigels have churned through many lawyers over the course of the litigation between the parties. By Ag Acceptance's count, the Veigels have employed at least eight completely unrelated sets of lawyers in litigation against Ag Acceptance and its affiliates over the past fifteen years.

WHEREFORE, Defendant/Counter-Plaintiff Ag Acceptance requests that the Court deny the Motion to Withdraw and requests that this case proceeds to resolution expeditiously. Ag Acceptance requests all other relief to which it may be entitled.

Dated: December 5, 2016

Respectfully submitted,

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette
State Bar No. 00788660
bballiette@rctlegal.com
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy, C-300
Austin, Texas 78746
T: 512-647-6100
F: 512-647-6129

Richard F. Rowley, II
r2@rowleylawfirm.com
**ROWLEY LAW FIRM LLC**
P.O. Box 790
Clovis, New Mexico 88102
T: 575-763-4457
F: 575-763-4450

*Counsel for Defendant*
*Ag Acceptance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on December 5, 2016 using the CM/ECF system, which sent notification of such filing to the following:

Jeffrey A. Dahl
jad@keleher-law.com
Justin B. Breen
jbb@keleher-law.com
Keleher & McLeod, P.A.
P.O. Box AA
Albuquerque, NM 87103

*Counsel for Plaintiffs*

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette