# EXHIBIT A

# Barbara Balliette

| | |
|---|---|
| **From:** | Barbara Balliette |
| **Sent:** | Tuesday, November 1, 2016 12:18 PM |
| **To:** | 'Justin B. Breen'; Jeffrey A. Dahl |
| **Cc:** | Cliff Walston; Scott Saldaña; R2@RowleyLawFirm.com |
| **Subject:** | RE: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel |

Justin:

Thank you for the confirmation. I need to advise you that we will be filing a Motion for Sanctions under Rule 11(b)(2) because these claims are not warranted by existing law. We will follow the procedures set out in Rule 11 and provide you with a service copy of the motion by the beginning of next week. Unfortunately, this will have to be a motion for sanctions against your firm because Rule 11(c)(5)(A) does not allow a motion against a represented party. We will seek all legal fees incurred as a result of the relitigation of previously-resolved matters.

-Barbara

**Barbara Whiten Balliette | *Partner***
**REID COLLINS & TSAI LLP**
1301 S Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
512.647.6100 (Main)
512.647.6103 (Direct)
512.647.6129 (Fax)
**bballiette@rctlegal.com**
**web** | **bio** | **vCard**

---

**AUSTIN | NEW YORK**

---

**From:** Justin B. Breen [mailto:jbb@keleher-law.com]
**Sent:** Tuesday, November 1, 2016 12:08 PM
**To:** Barbara Balliette <bballiette@rctlegal.com>; Jeffrey A. Dahl <jad@keleher-law.com>
**Cc:** Cliff Walston <cliff@walstonbowlin.com>; Scott Saldaña <ssaldana@rctlegal.com>; R2@RowleyLawFirm.com
**Subject:** RE: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel

Barbara,

That is correct.

Justin Breen
Keleher & McLeod, PA
PO Box AA
Albuquerque, NM 87103
Ph. (505) 346-9148
Fx. (505) 346-1370

---

This email and any attachments are for the sole use of the intended recipient(s) and may contain privileged or confidential attorney-client material and communications or attorney work product. Any unauthorized review,

1

use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by return e-mail. Please do not open any attached files, and please destroy all copies of the email and any attachments. Thank you.

**From:** Barbara Balliette [mailto:bballiette@rctlegal.com]
**Sent:** Tuesday, November 01, 2016 10:47 AM
**To:** Justin B. Breen <jbb@keleher-law.com>; Jeffrey A. Dahl <jad@keleher-law.com>
**Cc:** Cliff Walston <cliff@walstonbowlin.com>; Scott Saldaña <ssaldana@rctlegal.com>; R2@RowleyLawFirm.com
**Subject:** RE: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel

Justin: As I understand it then, you will pursue the following claims:

(1) Count I, seeking an accounting of the funds received from the sale of the Texas property;

(2) Count II, seeking damages for unjust enrichment based on allegedly wrongful retention of the funds from the sale of the Texas property, which, as you explain below, is the equivalent of a constructive trust claim; and

(3) Count IV, seeking a declaratory judgment action stating that the "AAC Notes" (as defined in paragraph 19 of the Amended Petition) have been satisfied in fully and that Ag Acceptance's "continuing liens on the New Mexico property are therefore improper and should be released."

Please confirm that this is correct. If not, in the interest of fairness, please explain the claims that you are pursuing.
-Barbara

**From:** Justin B. Breen [mailto:jbb@keleher-law.com]
**Sent:** Tuesday, November 1, 2016 10:53 AM
**To:** Barbara Balliette <bballiette@rctlegal.com>; Jeffrey A. Dahl <jad@keleher-law.com>
**Cc:** Cliff Walston <cliff@walstonbowlin.com>; Scott Saldaña <ssaldana@rctlegal.com>
**Subject:** RE: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel

Barbara,

Judge Robinson's order 9/16/16 MOO says only that "...all of the Plaintiff's Texas state-law based claims and causes of action are hereby dismissed..." The MOO says that "[t]he balance of the claims asserted herein pursuant to New Mexico law, and specifically those pled in Count IV of the amended complaint, are hereby transferred to the federal court in New Mexico...**This Court offers no opinion of the substance of any claim or cause of action pled under New Mexico law.**"

The petition was filed originally in New Mexico, under New Mexico law. Though Count III (for constructive trust) was voluntarily dismissed as a result of the removal to Texas, in New Mexico:

A court will impose a constructive trust to prevent the unjust enrichment that would result if the person having the property were permitted to retain it. If a court imposes a constructive trust, the person holding legal title is subjected to an equitable duty to convey the property to a person to whom the court has determined that duty is owed. *City of Rio Rancho v. Amrep Sw. Inc.,* 2011-NMSC-037, ¶ 1, 150 N.M. 428, 260 P.3d 414.

So, if Plaintiffs were to prevail on an unjust enrichment theory (Count II), they would essentially receive the relief previously requested in Count III. As we discussed before the status conference, under the MOO we do not believe there are claims being "reasserted", as you say in your email. Rather, all of the claims pled under New Mexico law may now proceed.

Justin Breen
Keleher & McLeod, PA
PO Box AA
Albuquerque, NM 87103
Ph. (505) 346-9148
Fx. (505) 346-1370

This email and any attachments are for the sole use of the intended recipient(s) and may contain privileged or confidential attorney-client material and communications or attorney work product. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by return e-mail. Please do not open any attached files, and please destroy all copies of the email and any attachments. Thank you.

**From:** Barbara Balliette [mailto:bballiette@rctlegal.com]
**Sent:** Tuesday, November 01, 2016 6:18 AM
**To:** Jeffrey A. Dahl <jad@keleher-law.com>; Justin B. Breen <jbb@keleher-law.com>
**Cc:** Cliff Walston <cliff@walstonbowlin.com>; Scott Saldaña <ssaldana@rctlegal.com>
**Subject:** Re: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel

Jeff and Justin: We need to prepare a response to your motion to compel and renew our Motion for Summary Judgment. Please respond to my questions below no later than noon today so that we may respond appropriately and timely.
Your delay in answering impairs our ability to prepare our case and continues to increase fees unnecessarily.

Barbara Balliette

On Oct 31, 2016, at 10:38 AM, Barbara Balliette <bballiette@rctlegal.com> wrote:

> Jeff and Justin: In order to respond to this motion, we need to understand your position on the remaining claims. Are you reasserting an accounting claim under NM law? What about the other claims? Please respond immediately so that we can take appropriate action.
> -Barbara
>
> **From:** Barbara Balliette
> **Sent:** Saturday, October 29, 2016 3:58 PM
> **To:** jad@keleher-law.com
> **Subject:** Fwd: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel
>
> Jeff: let's discuss this on monday. I don't understand why you are proceeding on the primary fund issue since that has been rejected repeatedly.
> We ask you to withdraw the motion.
>
> Barbara Balliette
>
> Begin forwarded message:
>
>> **From:** Mina Myers <mmyers@rctlegal.com>
>> **Date:** October 28, 2016 at 10:02:31 AM CDT
>> **To:** Barbara Balliette <bballiette@rctlegal.com>, "R2@RowleyLawFirm.com" <R2@RowleyLawFirm.com>, "cliff@walstonbowlin.com" <cliff@walstonbowlin.com>, "Kobliska, L (Linda)" <Linda.Kobliska@raboag.com>, "Anderson, L (Leia)" <Leia.Anderson@raboag.com>
>> **Subject: RE: Activity in Case 1:16-cv-01036-WPL-KK Terra Partners et al v. Ag Acceptance Corporation Motion to Compel**
>>
>> 11/11/16 is Veteran's Day.

3

EXHIBIT B

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV I 7 2006

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**AMARILLO DIVISION**

|                                      |   |                            |
|--------------------------------------|---|----------------------------|
| AG ACCEPTANCE CORPORATION,           | § |                            |
|                                      | § |                            |
| PLAINTIFF,                           | § |                            |
| v.                                   | § | CIVIL ACTION CAUSE NUMBER  |
|                                      | § |                            |
| ROBERT WAYNE VEIGEL, STEVE           | § | 2:06-CV-272-J              |
| VEIGEL, TERRA XXI LTD., et al.,      | § |                            |
|                                      | § |                            |
| DEFENDANTS.                          | § |                            |

**ORDER**

Defendant Steve Veigel, purporting to act on behalf of Defendants Terra XXI Ltd., Veigel Cattle Company, Terra Partners, Burnett & Veigel, Inc., Williams & Veigel, Inc., Kirk & Veigel, Inc., and Massy Kirk & Veigel, Inc., filed a *pro se* answer on November 13, 2006. That *pro se* answer does not state the legal nature of any of these entities, but admits the contention in Plaintiff's original complaint that all of these entities are either incorporated or owned by corporations.

*Pro se* defendants cannot sign and file an answer in their representative capacity of officers or directors of defendant corporations, even if they are the sole shareholders and its president. A corporation and similar fictional legal persons cannot appear *pro se*. The "clear" rule is "that a corporation as a fictional legal person can only be represented by licensed counsel." *K.M.A., Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982). *Accord Commercial & R.R. Bank of Vicksburg v. Slocomb,* 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *Southwest Express Co., Inc. v. Interstate Commerce Comm.*, 670 F.2d 53, 56 (5th Cir. 1982). Thus, an individual defendant can

appear *pro se* only on his or her own behalf, and not on the behalf of his or her defendant corporation or any other similar fictional legal persons or entity.

Accordingly, all of the above-listed Defendants in this case must employ a licensed attorney as counsel of record, and that counsel is required to file an original answer in this case.

It is SO ORDERED.

Signed this the ____16th____ day of November, 2006.


MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

EXHIBIT C


**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| AG ACCEPTANCE CORPORATION and RABO AGRIFINANCE, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | NO. 2:06-CV-272-J |
| ROBERT W. VEIGEL, STEVE VEIGEL, TERRA XXI LTD., VEIGEL CATTLE COMPANY, TERRA PARTNERS, BURNETT & VEIGEL, INC., WILLIAMS & VEIGEL, INC., KIRK & VEIGEL, INC., MASSEY KIRK & VEIGEL, INC., | § § § § § § § § | |
| Defendants. | § | |

## <u>ORDER</u>

On January 31, 2008, Steve Veigel, acting *pro se*, and Bob Veigel (Robert W. Veigel),

acting *pro se*, filed *Defendants' Motion for New Trial or in the Alternative Defendants' Motion

to Alter or Amend Judgment*. By this *pro se* motion, Steve Veigel and Bob Veigel (Robert W.

Veigel) purport to file on behalf of Defendants Terra XXI Ltd., Veigel Cattle Company,

Terra Partners, Burnett & Veigel, Inc., Williams & Veigel, Inc., Kirk & Veigel, Inc., and

Massey Kirk & Veigel, Inc.

The motion is signed:

By: _____"Steve Veigel"_____          By: _____"Robert W. Veigel"_____
Steve Veigel, *pro se*                              Robert W. Veigel, *pro se*

This Court has already issued an Order in this case holding that Steve Veigel cannot act

*pro se* on the behalf of corporate and partnership entities. Steve Veigel's *pro se* motion for new

trial violates the Court's order. Both corporations and partnerships, as fictional legal persons, cannot personally appear in court. *Id.* at 476. The "clear" rule is "that a corporation as a fictional legal person can only be represented by licensed counsel." *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982); *Accord Commercial & R.R. Bank of Vicksburg v. Slocomb*, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *Southwest Express Co., Inc. v. Interstate Commerce Comm.*, 670 F.2d 53, 56 (5th Cir. 1982). Neither Steve Veigel nor Bob Veigel (Robert W. Veigel) is a licensed attorney, and, therefore, neither can represent these corporations and partnerships.

It is also well-settled that an individual cannot be represented by another non-attorney. *Theriault v. Silber*, 579 F.2d 302, 303 fn.1 (5th Cir. 1978) (notice of appeal filed by non-attorney on behalf of another individual is ineffective); *Powerserve Int'l v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001); *Lewis v. Lenc-Smith Mfg.*, 784 F.2d 829, 830 (7th Cir. 1986). Steve Veigel has represented that he graduated from law school. He is, however, not a licensed attorney. Bob Veigel (Robert W. Veigel) is not a licensed attorney. Neither is permitted to act as an attorney for any entity or individual other than himself.

IN SO FAR AS THE MOTION PERTAINS TO ANY DEFENDANT OTHER THAN STEVE VEIGEL, INDIVIDUALLY, OR BOB VEIGEL (ROBERT W. VEIGEL), INDIVIDUALLY, IT IS INEFFECTIVE, ORDERED STRICKEN, AND DOES NOT REQUIRE A RESPONSE.

Further, Defendants Steve Veigel and Bob Veigel (Robert W. Veigel) are represented by attorneys John G. Turner III and Van W. Northern. Both attorneys are retained and have never sought to withdraw nor been granted permission to withdraw by the Court. In civil cases, "an

appellant is not entitled to hybrid representation." *Posner v. Dallas County Child Welfare Unit of the Texas Dep't of Human Servs.*, 784 S.W.2d 585, 588 (Tex. Ct. App. –Eastland 1990). The applicable statute provides only that "parties may plead and conduct their own cases personally or by counsel…" 28 U.S.C. §1654 (2008). This has been "consistently interpreted…as stating a defendant's rights in the disjunctive." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978), *citing United States v. Shea*, 508 F.2d 82, 86 (5th Cir.), *cert. denied*, 423 U.S. 847 (1975); *Lee v. Alabama*, 406 F.2d 466, 469 (5th Cir.), *cert. denied*, 395 U.S. 927 (1969); *Duke v. United States*, 255 F.2d 721, 724 (9th Cir. 1958); *Shelton v. United States*, 205 F.2d 806, 812-13 (5th Cir. 1953). A litigant has the right to represent himself *or* to be represented by counsel; but not the right to both. So long as Steve Veigel or Bob Veigel (Robert W. Veigel) is represented by retained counsel, neither has the right to file *pro se* pleadings with this Court. Nevertheless, in the interest of justice, the Court will reserve a ruling on whether the motion should be stricken as to Steve Veigel, individually, and Bob Veigel (Robert W. Veigel), individually, until **4:00 p.m., February 19, 2008,** to permit consideration of any pleading or brief in that connection filed on or before that time.

Counsel and parties are reminded that only attorneys can use the ECF system. Filing of documents by *pro se* litigants and a notice or service to or by *pro se* litigants must comply with the other rules of the Court.

IT IS SO ORDERED.

Signed this ___11th___ day of February, 2008.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**



EXHIBIT D


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

RABO AGRIFINANCE, INC., and
AG ACCEPTANCE CORPORATION,

§
§
§
§

Plaintiffs,

§
§

v.

§       CIVIL ACTION NO. 2:06-CV-153-J

§

TERRA XXI, LTD., VEIGEL FARM
PARTNERS, VEIGEL FARMS, INC.,
GRAIN CENTRAL STATION, INC.,
ROBERT W. VEIGEL, ELLA MARIE
VEIGEL, STEVE VEIGEL, and TERRA
PARTNERS,

§
§
§
§
§
§

Defendants.

### <u>ORDER</u>

On January 30, 2008, Steve Veigel, acting *pro se*, filed *Defendants' Motion for New Trial or in the Alternative Defendants' Motion to Alter or Amend Judgment*. By this *pro se* motion, Steve Veigel purports to file on behalf of Defendants Terra XXI Ltd., Veigel Farm Partners, Veigel Farms, Inc., Grain Central Station, Inc., and Ella Marie Veigel.

The motion is signed:

By:     _____"Steve Veigel"_____
        Steve Veigel, *pro se*
        and on the behalf of other Defendants

This Court has already issued an Order in a related case (2:06-CV-272-J – tried back to back with this case) holding that Steve Veigel cannot act *pro se* on the behalf of corporate and partnership entities. Steve Veigel's *pro se* motion for new trial violates the Court's order.

Both corporations and partnerships, as fictional legal persons, cannot personally appear in court. *Id.* at 476. The "clear" rule is "that a corporation as a fictional legal person can only be represented by licensed counsel." *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982); *Accord Commercial & R.R. Bank of Vicksburg v. Slocomb*, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *Southwest Express Co., Inc. v. Interstate Commerce Comm.*, 670 F.2d 53, 56 (5th Cir. 1982). Steve Veigel is not a licensed attorney, and therefore cannot represent these corporations and partnerships.

It is also well-settled that an individual cannot be represented by another non-attorney. *Theriault v. Silber*, 579 F.2d 302, 303 fn.1 (5th Cir. 1978) (notice of appeal filed by non-attorney on behalf of another individual is ineffective); *Powerserve Int'l v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) *Lewis v. Lenc-Smith Mfg.*, 784 F.2d 829, 830 (7th Cir. 1986). Steve Veigel has represented that he graduated from law school. He is, however, not a licensed attorney. He is not permitted to act as an attorney for any entity or individual other than himself.

IN SO FAR AS THE MOTION PERTAINS TO ANY DEFENDANT OTHER THAN STEVE VEIGEL, INDIVIDUALLY, IT IS INEFFECTIVE, ORDERED STRICKEN, AND DOES NOT REQUIRE A RESPONSE.

Further, Defendant Steve Veigel is represented by attorneys John G. Turner III and Van W. Northern. Both attorneys are retained and have never sought to withdraw nor been granted permission to withdraw by the Court. In civil cases, "an appellant is not entitled to hybrid representation." *Posner v. Dallas County Child Welfare Unit of the Texas Dep't of Human Servs.*, 784 S.W.2d 585, 588 (Tex. Ct. App. –Eastland 1990). The applicable statute provides only that "parties may plead and conduct their own cases personally or by counsel…"

28 U.S.C. §1654 (2008). This has been "consistently interpreted…as stating a defendant's rights in the disjunctive." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978), *citing United States v. Shea*, 508 F.2d 82, 86 (5th Cir.), *cert. denied*, 423 U.S. 847 (1975); *Lee v. Alabama*, 406 F.2d 466, 469 (5th Cir.), *cert. denied*, 395 U.S. 927 (1969); *Duke v. United States*, 255 F.2d 721, 724 (9th Cir. 1958); *Shelton v. United States*, 205 F.2d 806, 812-13 (5th Cir. 1953). A litigant has the right to represent himself *or* to be represented by counsel; but not the right to both. So long as Steve Veigel is represented by retained counsel, he does not have the right to file *pro se* pleadings with this Court. Nevertheless, in the interest of justice, the Court will reserve a ruling on whether the motion should be stricken as to Steve Veigel, individually, until **4:00 p.m., February 19, 2008,** to permit consideration of any pleading or brief in that connection filed on or before that time.

Counsel and parties are reminded that only attorneys can use the ECF system. Filing of documents by *pro se* litigants and a notice or service to or by *pro se* litigants must comply with the other rules of the Court.

IT IS SO ORDERED.

Signed this ___11ᵗʰ___ day of February, 2008.


/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**

EXHIBIT E

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 1 2008

CLERK, U.S. DISTRICT COURT
By _____
               Deputy

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| RABO AGRIFINANCE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO. 2:05-CV-243-J |
| VEIGEL FARM PARTNERS d/b/a | § | |
| VEIGEL PARTNERS, VEIGEL FARMS, | § | |
| INC., TERRA XXI LTD., GRAIN | § | |
| CENTRAL STATION, INC. d/b/a | § | |
| VEIGEL GRAIN COMPANY, VEIGEL- | § | |
| KIRK, INC., BOB VEIGEL, INC., BOB | § | |
| VEIGEL, STEVE VEIGEL, INC., STEVE | § | |
| VEIGEL, VICKI VEIGEL, INC., and | § | |
| VEIGEL CATTLE COMPANY, | § | |
| | § | |
| Defendants. | § | |

And

| | | |
|---|---|---|
| RABO AGRIFINANCE, INC. and AG | § | |
| ACCEPTANCE CORPORATION, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | NO. 2:06-CV-153-J |
| | § | |
| TERRA XXI LTD., VEIGEL FARM | § | |
| PARTNERS, VEIGEL FARMS, INC., | § | |
| GRAIN CENTRAL STATION, INC., | § | |
| ROBERT W. VEIGEL, ELLA MARIE | § | |
| VEIGEL, STEVE VEIGEL, and TERRA | § | |
| PARTNERS, | § | |
| | § | |
| Defendants. | § | |

And

RABO AGRIFINANCE, INC. and AG          §
ACCEPTANCE CORPORATION,                §
                                        §
          Plaintiffs,                   §
                                        §
v.                                      §          NO. 2:06-CV-272-J
                                        §
ROBERT WAYNE VEIGEL, STEVE             §
VEIGEL, TERRA XXI LTD., VEIGEL         §
CATTLE COMPANY, TERRA                  §
PARTNERS, BURNETT & VEIGEL,            §
INC., WILLIAMS & VEIGEL, INC.,         §
KIRK & VEIGEL, INC.,                   §
                                        §
          Defendants.

## ORDER

On March 31, 2008, Steve Veigel came to the Clerk's office seeking to deposit $280 cash

with the Clerk of the Court. Steve Veigel was informed that he could not deposit the money

without a Court order. Nevertheless, Steve Veigel deposited the $280 cash after hours in the 24-

hour drop box outside the courthouse along with a letter to the Clerk, a copy of which is attached

to this order. The letter to the Clerk references cause numbers 2:06-cv-153-J, 2:06-cv-272-J,

and 2:05-cv-243.

The Clerk of Court is ordered to convert the $280 cash to a money order or a cashier's

check and return it to Steve Veigel.

Steve Veigel is once again cautioned that because he is not a licensed attorney, he cannot

represent other individuals or corporations. His attempt to do so is an attempt to practice law

without a license.

It is SO ORDERED.

Signed this ___/5T__ day of April, 2008.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

EXHIBIT F

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2012

Lyle W. Cayce
Clerk

No. 11-11166

TERRA PARTNERS,

Plaintiff - Appellant

v.

RABO AGRIFINANCE, INCORPORATED; AG ACCEPTANCE
CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas, Amarillo
USDC No. 2:08-CV-194

Before JOLLY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

After reviewing the briefs, the relevant portions of the record, and the applicable law, we find no reversible error in the district court's three opinions granting summary judgment in favor of Defendants-Appellees Rabo Agrifinance, Inc. and Ag Acceptance Corporation. Summary judgment is AFFIRMED, essentially for the reasons given by the district court in its well-considered opinions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In addition, Rabo Agrifinance, Inc. and Ag Acceptance Corporation's motion for monetary sanctions against would-be amicus Steve Veigel is GRANTED, and an injunction is GRANTED enjoining future litigation by Steve Veigel, Robert Veigel, Ella Marie Veigel, and their affiliates or related entities, including Terra Partners.

## I.

On September 20, 2012, Steve Veigel sought to file a *pro se* amicus brief in support of Terra Partners.[1] Steve Veigel has an obvious interest in this case. He is an authorized managing agent for Terra Partners, is a corporate officer for all four of the corporate partners that form Terra Partners, owns all shares in one of the corporate partners, and half of the shares in another. In his amicus brief, Steve Veigel asserts that prior decisions of this court "are legal nullities that are void *ab initio*." We have previously rejected his argument. *See Rabo Agrifinance, Inc. v. Veigel Farm Partners*, 328 F. App'x 942, 943 (5th Cir. May 15, 2009). The brief thus is frivolous.

## II.

### A.

Rabo Agrifinance, Inc. and Ag Acceptance Corporation moved for sanctions against both Steve Veigel and Terra Partners. Although we do not impose monetary sanctions against Terra Partners,[2] we find that Steve Veigel acted in bad faith and impose sanctions. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) ("We may impose sanctions on appeal . . . if necessary.").

---

[1] His motion for leave to file an out of time motion to file an amicus brief, an opposed motion to file an amicus brief, and an opposed motion to file an amicus brief in excess of the page limit were all denied. The amicus brief was filed months late and was 18,515 words, far exceeding the 7,000-word limit.

[2] Rabo Agrifinance, Inc. and Ag Acceptance Corporation's motion for sanctions thus is DENIED with respect to monetary sanctions against Terra Partners.

Federal courts have an inherent power "to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) ("A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."). The threshold for using our inherent powers is high, and we "must make a specific finding that the sanctioned party acted in 'bad faith,'" before imposing sanctions. *Maguire Oil Co. v. City of Houston*, 143 F.3d 205, 209 (5th Cir. 1998) (quoting *Matta v. May*, 118 F.3d 410, 413 (5th Cir. 1997)) (emphasis omitted). Steve Veigel's void ab initio argument was affirmatively rejected by this court, and his brief threatens future litigation premised on the same argument. *See Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002) ("[F]ederal courts also have the inherent power to impose sanctions against vexatious litigants."). Raising a patently frivolous legal argument and threatening continued meritless litigation is the definition of bad faith. Steve Veigel, therefore, is sanctioned in the amount of $3,000.

B.

In order to prevent Steve Veigel from continuing to raise the frivolous void ab initio argument, Rabo Agrifinance, Inc. and Ag Acceptance Corporation requested an injunction to prevent the filing of future litigation collaterally attacking this court's judgments.[3] We agree that an injunction is appropriate in this instance.

As previously stated, we have the inherent power to impose sanctions, including an injunction, against litigants who use the legal system to harass their opponents through vexatious litigation. *See Newby*, 302 F.3d at 302; *see*

---

[3] Steve Veigel has apparently already raised the argument again in an October 9, 2012 letter submitted to a New Mexico state court, claiming that the case of *Rabo Agrifinance v. Terra XXI,* 257 F. App'x 732 (5th Cir. Dec. 7, 2007), was a legal nullity, void ab initio.

*also Farguson*, 808 F.2d at 359 ("That his filings are *pro se* offers . . . no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). We recognize, however, that "injunction[s] against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360.

In this case, Steve Veigel stated that he intends to raise the same void ab initio argument in future Rule 60(b) motions; petitions for writs of mandamus in state or federal court; motions to reopen bankruptcy cases for consideration of motions for contempt; bills of review in state court; and other collateral attacks on the prior judgments of this court. His position is not supported in existing law and is not a reasonable argument to extend or modify the law, given that this court has already ruled on his argument. The future litigation he threatens would be repetitive, vexatious, previously resolved, and meritless. A narrowly-tailored injunction is an appropriate sanction to protect this court's judgments and to prevent the continued filing of vexatious litigation.

It is therefore ORDERED:

No pleading, lawsuit, or other document in any federal court shall be filed by, or on behalf of, Steve Veigel, his affiliates or related entities, including Terra Partners, without first presenting the filing to the district court below to determine whether the issues contained in the filing have been previously decided. Furthermore, it is ORDERED that said Steve Veigel shall pay into the registry of this court the sum of three thousand dollars ($3,000) by and no later than January 4, 2012.

JUDGMENT AFFIRMED.

SANCTIONS AND INJUNCTION ORDERED.

EXHIBIT G

**CLOSED**

# U.S. Bankruptcy Court
## Northern District of Texas (Amarillo)
## Bankruptcy Petition #: 00-20877-bjh11

|  |  |
|---|---|
| | *Date filed:*  09/01/2000 |
| *Assigned to:* Barbara J. Houser | *Date terminated:*  03/02/2004 |
| Chapter 11 | *341 meeting:*  09/26/2000 |
| Voluntary | |
| Asset | |

**Debtor**
**Terra XXI Ltd., *a Texas Limited Partnership***
Rt. 1
Hereford, TX 79045
DEAF SMITH-TX
Tax ID / EIN: 75-2565958

represented by **Thomas A. Bunkley, Jr.**
Barras & Bunkley
P.O. Box 9175
Amarillo, TX 79105
(806) 372-2552
Email: bunkley41@hotmail.com

**Steven Eugene Clark**
McDole & Williams, P.C.
1700 Pacific Avenue, Suite 1280
Dallas, TX 75201
(214) 979-1122
Fax : (214) 204-0054
Email: sclark@mcdolewilliams.com

**Harold B. Gold**
Wisener Nunnally Gold, LLP
245 Cedar Sage Drive
Suite 240
Garland, TX 75040
972-530-2200
Fax : 972-530-7200
Email: harold@wnglaw.com

**U.S. Trustee**
**United States Trustee**
1100 Commerce Street
Room 976
Dallas, TX 75242
214-767-8967

represented by **William Sterrett Parkinson**
Office of the U.S. Trustee
1100 Commerce St., Room 976
Dallas, TX 75242-1496
214-767-8967
Email: ustpregion06.da.ecf@usdoj.gov

| Filing Date | Docket Text |
|---|---|
| 05/13/2010 | 133 Motion to reopen case. Fee amount $1000, Filed by Debtor Terra XXI Ltd. (Attachments: 1 appendix2 exhibits 1-10) (Dugan, S.) |
| 05/13/2010 | Receipt of Chapter 11 Reopen Filing Fee - $1000.00 by SD. Receipt Number 00327369. (admin) |

| | |
|---|---|
| 05/24/2010 | 134 Response opposed to (related document(s): 133 Motion to reopen case. Fee amount $1000, filed by Debtor Terra XXI Ltd.) filed by Creditor Ag Acceptance Corporation, Rabo Agrifinance, Inc.. (Attachments: 1 Exhibit A Part 1 2 Exhibit A Part 2 3 Exhibit B & C) (Carr, Charles) MODIFIED to add party filer on 5/25/2010 (Sauer, K.). |
| 06/07/2010 | 135 Order reassigning case - Judge Steven A. Felsenthal terminated. Judge Barbara J. Houser assigned Entered on 6/7/2010. (Wiker, Joshua) |
| 06/09/2010 | 136 BNC certificate of mailing - PDF document. (RE: related document(s)135 Order reassigning case - Judge Steven A. Felsenthal terminated. Judge Barbara J. Houser assigned Entered on 6/7/2010.) No. of Notices: 17. Service Date 06/09/2010. (Admin.) (Entered: 06/10/2010) |
| 06/22/2010 | 137 Notice of hearing filed by Debtor Terra XXI Ltd. (RE: related document(s)133 Motion to reopen case. Fee amount $1000, Filed by Debtor Terra XXI Ltd.). Hearing to be held on 8/24/2010 at 03:15 PM Dallas Judge Houser Ctrm for 133, (Clark, Steven) |
| 08/23/2010 | 138 Supplemental Response opposed to (related document(s): 133 Motion to reopen case. Fee amount $1000, filed by Debtor Terra XXI Ltd.) filed by Ag Acceptance Corporation, Rabo Agrifinance, Inc.. (Attachments: 1 Exhibit A Settlement Agreement) (Carr, Charles) |
| 08/24/2010 | Hearing held on 8/24/2010. (RE: related document(s)133 Motion to reopen case, Filed by Debtor Terra XXI Ltd.) (Denied, order to be submitted.) (Whittington, Nicole) (Entered: 08/30/2010) |
| 08/25/2010 | Proposed order regarding Denying Terra XXI LTD.'s Motion To Reopen Case (RE: related document(s)133 Motion to reopen case. Fee amount $1000, Filed by Debtor Terra XXI Ltd.). Document uploaded on 8/25/2010 (Ref-ID: 1282223799623_1319). (Carr, Charles) |
| 09/01/2010 | 139 Order denying motion to reopen case (related document # 133) Entered on 9/1/2010. (Holland, K.) |
| 09/03/2010 | 140 BNC certificate of mailing - PDF document. (RE: related document(s)139 Order denying motion to reopen case (related document # 133) Entered on 9/1/2010.) No. of Notices: 2. Service Date 09/03/2010. (Admin.) |
| 09/15/2010 | 141 Notice of Appearance and Request for Notice filed by Interested Party Steve Veigel . (Holland, K.) (Entered: 09/16/2010) |
| 09/15/2010 | 142 Motion to Reconsider(related documents 139 Order on motion to reopen case) Filed by Interested Party Steve Veigel (Holland, K.) (Entered: 09/16/2010) |
| 09/15/2010 | 143 Motion for Order For Respondents to Appear and Show cause Why They Should Not Be Held In Civil Contempt, Filed by Interested Party Steve Veigel (Holland, K.) (Entered: 09/16/2010) |
| 10/05/2010 | 144 Response opposed to (related document(s): 142 Motion to Reconsider(related documents 139 Order on motion to reopen case) filed by Interested Party Steve Veigel) filed by Creditor Ag Acceptance Corporation, Rabo Agrifinance, Inc.. (Attachments: 1 Exhibit Exhibits A to C) (Carr, Charles) |

| | |
|---|---|
| 12/20/2010 | 153 Support/supplemental document filed by Interested Party Steve Veigel (RE: related document(s)142 Motion to Reconsider(related documents 139 Order on motion to reopen case), 143 Motion for order to show cause). (Attachments: 1 Exhibit 2 Exhibit 3 Exhibit 4 Exhibit 5 Exhibit 6 Exhibit 7 Exhibit 8 Exhibit 9 Exhibit 10 Exhibit 11 Exhibit) (Jones, A.) |
| 12/20/2010 | 154 Support/supplemental document filed by Interested Party Steve Veigel (RE: related document(s)142 Motion to Reconsider(related documents 139 Order on motion to reopen case), 143 Motion for order to show cause). (Attachments: 1 Exhibit 2 Exhibit 3 Exhibit 4 Exhibit 5 Exhibit 6 Exhibit 7 Exhibit 8 Exhibit 9 Exhibit 10 Exhibit 11 Exhibit 12 Exhibit) (Jones, A.) |
| 12/20/2010 | 155 Support/supplemental document filed by Interested Party Steve Veigel (RE: related document(s)142 Motion to Reconsider(related documents 139 Order on motion to reopen case), 143 Motion for order to show cause). (Attachments: 1 Exhibit) NOTE: Unable to upload Ex 119 Fax to FSA from Rabo due to improper format (Jones, A.) |
| 12/20/2010 | Hearing held on 12/20/2010. (RE: related document(s)142 Motion to Reconsider(related documents 139 Order on motion to reopen case) Filed by Interested Party Steve Veigel, (DENIED, ORDER TO BE SUBMITTED.) 143 Motion for Order For Respondents to Appear and Show cause Why They Should Not Be Held In Civil Contempt, Filed by Interested Party Steve Veigel (DENIED,ORDER TO BE SUBMITTED.) (Peters, D.) (Entered: 12/22/2010) |
| 01/05/2011 | Proposed order regarding Steve Veigel Motions *Denying Motion for New Trial* (RE: related document(s)142 Motion to Reconsider, 143 Motion for Order For Respondents to Appear and Show cause Why They Should Not Be Held In Civil Contempt, Filed by Interested Party Steve Veigel). Document uploaded on 1/5/2011 (Ref-ID: 1291646361376_6845). (Balliette, Barbara) |
| 01/11/2011 | 156 Order denying Steve Veigel's motions to reconsider (related document # 142), denying motion to show cause(related document # 143) Entered on 1/11/2011. (Holland, K.) |
| 01/13/2011 | 157 BNC certificate of mailing - PDF document. (RE: related document(s)156 Order denying Steve Veigel's motions to reconsider (related document # 142), denying motion to show cause(related document # 143) Entered on 1/11/2011.) No. of Notices: 2. Service Date 01/13/2011. (Admin.) |
| 01/26/2011 | 158 Motion to Alter or Amend Order, 156 Order denying Steve Veigle's motion to reconsider(related document# 142), denying motion to show cause(related document # 143) Entered on 1/11/2011 (Holland,K) Filed by Interested Party Steve Veigel (Holland, K.) Modified on 1/27/2011 to create link (Holland, K.). (Entered: 01/27/2011) |
| 04/15/2011 | 160 Order granting motion for leave to Alter or Amend Order Denying Steve Veigel's Motions (related document # 158). For reasons stated on the record at the hearing, Motion for New Trial and Motion for Order for Respondents to Appear and Show Cause are hereby denied without prejudice. Entered on 4/15/2011. (Holland, K.) |
| | 161 BNC certificate of mailing - PDF document. (RE: related document(s)160 Order granting motion for leave to Alter or Amend Order Denying Steve Veigel's Motions (related document # 158). For reasons stated on the record at the hearing, Motion for New Trial and |

EXHIBIT H

STATE OF NEW MEXICO
COUNTY OF QUAY
IN THE TENTH JUDICIAL DISTRICT COURT

10TH JUDICIAL DISTRICT
QUAY COUNTY NEW MEXICO
FILED IN MY OFFICE

16 MAY 31  AM 8: 19

DIANE ULIBARRI
DISTRICT COURT CLERK

**RABO AGRIFINANCE, INC.,**
Successor in Interest to Farm Credit Bank of Texas,

    PLAINTIFF,

      v

No. D-1010-CV-2007-00111
Chief Judge: Drew D. Tatum
[Ninth Judicial District]

**TERRA XXI LTD.**, a Texas limited partnership,
composed of **VEIGEL CATTLE CO.**, as general partner;
**ROBERT WAYNE VEIGEL**, a/k/a **BOB W. VEIGEL**;
**ELLA MARIE WILLIAMS VOGEL**,
a/k/a **ELLA MARIE VEIGEL**;
**VEIGEL CATTLE CO.**, a Texas corporation;
**VEIGEL FARM PARTNERS**, a Texas general partnership,
d/b/a **VEIGEL PARTNERS**;
**BOB VEIGEL, INC.**, a Texas corporation;
**STEVE VEIGEL, INC.**, a Texas corporation;
**VEIGEL-KIRK, INC.**, a Texas corporation;
**VICKI VEIGEL, INC.**, a Texas corporation;
**VEIGEL FARMS, INC.**, a Texas corporation;
**TERRA PARTNERS**, a Texas general partnership;
**BURNETT & VEIGEL, INC.**, a Texas corporation, as
general partner of **TERRA PARTNERSHIP**; and
**ALL UNKNOWN CLAIMANTS OF INTEREST IN THE
PREMISES ADVERSE TO THE PLAINTIFF**,

    DEFENDANTS;

### NOTICE OF FILING OF ASSIGNMENTS

You are hereby notified of the filing of the assignments of the named Defendants'

interests in the above styled and numbered cause to Steve Veigel attached hereto as

Exhibits "A" – "E".

Steve Veigel, *pro se*
105 Quince

# ASSIGNMENT

10TH JUDICIAL DISTRICT
QUAY COUNTY NEW MEXICO
FILED IN MY OFFICE

16 MAY 31  AM 8: 11

DIANE ULIBARRI
DISTRICT COURT CLERK

This agreement ("AGREEMENT") is made and effective on May 27, 2016 between

ASSIGNOR:        ELLA MARIE WILLIAMS VEIGEL
                 105 Quince Street
                 Hereford, Texas 79045;

and

ASSIGNEE:        STEVE VEIGEL
                 105 Quince Street
                 Hereford, Texas 79045

WHEREAS, ELLA MARIE WILLIAMS VEIGEL is ostensibly a named defendant in the following styled and numbered lawsuit ("LAWSUIT"):

STATE OF NEW MEXICO
COUNTY OF QUAY
IN THE TENTH JUDICIAL DISTRICT COURT

---

**RABO AGRIFINANCE, INC.,**
Successor in Interest to Farm Credit Bank of Texas,

     PLAINTIFF,

v.                                          No. D-1010-CV-2007-00111

     Chief Judge: Hon. Drew D. Tatum
     [Ninth Judicial District]

**TERRA XXI LTD.,** a Texas limited partnership, composed of **VEIGEL CATTLE Co.,** as general partner;
**ROBERT WAYNE VEIGEL,** a/k/a **BOB W. VEIGEL;**
**ELLA MARIE WILLIAMS VOGEL,** a/k/a **ELLA MARIE VEIGEL;**
**VEIGEL CATTLE CO.,** a Texas corporation;
**VEIGEL FARM PARTNERS,** a Texas general partnership, d/b/a **VEIGEL PARTNERS;**
**BOB VEIGEL, INC.,** a Texas corporation;
**STEVE VEIGEL, INC.,** a Texas corporation;
**VEIGEL-KIRK, INC.,** a Texas corporation;
**VICKI VEIGEL, INC.,** a Texas corporation;
**VEIGEL FARMS, INC.,** a Texas corporation;
**TERRA PARTNERS,** a Texas general partnership;
**BURNETT & VEIGEL, INC.,** a Texas corporation, as general partner of **TERRA PARTNERSHIP;** and
**ALL UNKNOWN CLAIMANTS OF INTEREST IN THE PREMISES ADVERSE TO THE PLAINTIFF,**

DEFENDANTS;

and

WHEREAS, ELLA MARIE WILLIAMS VEIGEL has been unable to retain substitute legal counsel to represent her and protect her interests at this stage of the LAWSUIT; and

WHEREAS, STEVE VEIGEL has unique knowledge and familiarity with the issues involved necessary to try to assert and protect ELLA MARIE WILLIAMS VEIGEL'S interests at this stage of the LAWSUIT; and

WHEREAS, ELLA MARIE WILLIAMS VEIGEL covenants and warrants that she has not settled, compromised, released, or discharged any liability of Rabo Agrifinance Inc., Ag Acceptance Corporation, or First Ag Credit.

IT IS THEREFORE AGREED THAT, ELLA MARIE WILLIAMS VEIGEL hereby gives and assign all her possible causes of action, rights, interests, and control in the LAWSUIT ("ASSIGNMENT") including any possible counter or cross-claims against third parties that may be joined and any appeal of the LAWSUIT to STEVE VEIGEL for his life excepting only any cause of action that may be deemed personal and non-assignable, including but not limited to, any related legal malpractice action against ELLA MARIE WILLIAMS VEIGEL'S prior counsel which ELLA MARIE WILLIAMS VEIGEL hereby retains.

IT IS FURTHER AGREED THAT the ASSIGNMENT is only intended to convey as a gift a life estate personal property interest and that upon the death of STEVE VEIGEL all rights and interests in the ASSIGNMENT immediately revert back to ELLA MARIE WILLIAMS VEIGEL. It is further agreed that in the event that STEVE VEIGEL files for bankruptcy protection or involuntarily forced into bankruptcy, all rights and interests in the ASSIGNMENT immediately revert back to ELLA MARIE WILLIAMS VEIGEL.

EXECUTED AND DELIVERED this 27th day of May, 2016.

ASSIGNOR: ELLA MARIE WILLIAMS VEIGEL    ASSIGNEE:    STEVE VEIGEL

by: _Ella Marie Williams_    By: _Steve Veigel_
Ella Marie Williams Veigel         Steve Veigel

## ACKNOWLEDGMENT

STATE OF TEXAS           §
                                      §

COUNTY OF DEAF SMITH    §

      This instrument was acknowledged before me on May 27, 2016, by Ella Marie Williams Veigel.



by: _____
     Notary Public, State of Texas


STATE OF TEXAS           §
                                      §

COUNTY OF DEAF SMITH    §

      This instrument was acknowledged before me on May 27, 2016, by Steve Veigel, individually.

by: _____
     Notary Public, State of Texas

# ASSIGNMENT WITH RETAINED VENDOR'S LIEN    16 MAY 31  AM 8: 11

This agreement ("AGREEMENT") is made and effective on May 27, 2016 between:

ASSIGNOR/VENDOR:  VEIGEL FARMS, INC., a Texas corporation
105 Quince Street
Hereford, Texas 79045;

and

ASSIGNEE:  STEVE VEIGEL
105 Quince Street
Hereford, Texas 79045

WHEREAS, VEIGEL FARMS, INC. is a named defendant in the following styled and numbered lawsuit ("LAWSUIT"):

STATE OF NEW MEXICO
COUNTY OF QUAY
IN THE TENTH JUDICIAL DISTRICT COURT

---

RABO AGRIFINANCE, INC.,
Successor in Interest to Farm Credit Bank of Texas,

PLAINTIFF,

v.                                                  No. D-1010-CV-2007-00111

Chief Judge: Hon. Drew D. Tatum
[Ninth Judicial District]

TERRA XXI LTD., a Texas limited partnership, composed of VEIGEL CATTLE CO., as general partner;
ROBERT WAYNE VEIGEL, a/k/a BOB W. VEIGEL;
ELLA MARIE WILLIAMS VOGEL, a/k/a ELLA MARIE VEIGEL;
VEIGEL CATTLE CO., a Texas corporation;
VEIGEL FARM PARTNERS, a Texas general partnership, d/b/a VEIGEL PARTNERS;
BOB VEIGEL, INC., a Texas corporation;
STEVE VEIGEL, INC., a Texas corporation;
VEIGEL-KIRK, INC., a Texas corporation;
VICKI VEIGEL, INC., a Texas corporation;
VEIGEL FARMS, INC., a Texas corporation;
TERRA PARTNERS, a Texas general partnership;
BURNETT & VEIGEL, INC., a Texas corporation, as general partner of TERRA PARTNERSHIP; and
ALL UNKNOWN CLAIMANTS OF INTEREST IN THE PREMISES ADVERSE TO THE PLAINTIFF,

DEFENDANTS;

and

WHEREAS, VEIGEL FARMS, INC. has been unable to retain substitute legal counsel to represent it and protect its interests at this stage of the LAWSUIT; and

WHEREAS, STEVE VEIGEL has unique knowledge and familiarity with the issues involved necessary to try to assert and protect VEIGEL FARMS, INC.'S interests at this stage of the LAWSUIT; and

WHEREAS, STEVE VEIGEL is indebted to VEIGEL FARMS, INC.; and

WHEREAS, VEIGEL FARMS, INC. covenants and warrants that it has not settled, compromised, released, or discharged any liability of Rabo Agrifinance Inc., Ag Acceptance Corporation, or First Ag Credit.

IT IS THEREFORE AGREED THAT FOR VALUABLE CONSIDERATION RECEIVED, VEIGEL FARMS, INC. hereby assigns all its possible causes of action, rights, interests, and control in the LAWSUIT ("ASSIGNMENT") including any possible counter or cross-claims against third parties that may be joined and any appeal of the LAWSUIT to STEVE VEIGEL for his life excepting only any cause of action that may be deemed personal and non-assignable, including but not limited to, any related legal malpractice action against VEIGEL FARMS, INC.'s prior counsel which VEIGEL FARMS, INC. hereby retains. In exchange for such ASSIGNMENT, STEVE VEIGEL hereby agrees to pay VEIGEL FARMS, INC. any and all net cash recovered from the LAWSUIT as a result of this ASSIGNMENT which VEIGEL FARMS, INC. hereby agrees to apply as a credit against the outstanding debt owed to VEIGEL FARMS, INC. by STEVE VEIGEL.

IT IS FURTHER AGREED THAT to secure any and all net cash recovery by STEVE VEIGEL payable to VEIGEL FARMS, INC. pursuant to this ASSIGNMENT, STEVE VEIGEL herby grants VEIGEL FARMS, INC. a purchase money vendor's lien retained by VEIGEL FARMS, INC. as consideration for this ASSIGNMENT. It is also agreed that the ASSIGNMENT is only intended to convey a life estate personal property interest and that upon the death of STEVE VEIGEL all rights and interests in the ASSIGNMENT immediately revert back to VEIGEL FARMS, INC. It is further agreed that in the event that STEVE VEIGEL files for bankruptcy protection or involuntarily forced into bankruptcy, all rights and interests in the ASSIGNMENT immediately revert back to VEIGEL FARMS, INC.

EXECUTED AND DELIVERED this 27th day of May, 2016.

ASSIGNOR/VENDOR:  VEIGEL FARMS, INC.    ASSIGNEE:    STEVE VEIGEL

by:  _Bob Veigel_      by: _Steve Veigel_
Bob Veigel, President           Steve Veigel

## ACKNOWLEDGMENT

STATE OF TEXAS          §
                            §
COUNTY OF DEAF SMITH     §

This instrument was acknowledged before me on May 27, 2016, by Bob Veigel, as President of VEIGEL FARMS, INC.

```
KIMBERLY KAY LEONARD
Notary Public, State of Texas
Comm. Expires 05-10-2020
Notary ID 4609276
```

by: _____
Notary Public, State of Texas

STATE OF TEXAS          §
                            §
COUNTY OF DEAF SMITH     §

This instrument was acknowledged before me on May 27, 2016, by STEVE VEIGEL.

by: _____
Notary Public, State of Texas

```
KIMBERLY KAY LEONARD
Notary Public, State of Texas
Comm. Expires 05-10-2020
Notary ID 4609276
```

10TH JUDICIAL DISTRICT
QUAY COUNTY NEW MEXICO
FILED IN MY OFFICE

16 MAY 31 AM 8: 11

DIANE ULIBARRI
DISTRICT COURT CLERK

# ASSIGNMENT WITH RETAINED VENDOR'S LIEN

This agreement ("AGREEMENT") is made and effective on May 27, 2016 between

|  |  |
|---|---|
| ASSIGNOR/VENDOR: | VEIGEL FARM PARTNERS, a Texas general partnership<br>105 Quince Street<br>Hereford, Texas 79045; |
| ASSIGNOR: | VEIGEL CATTLE CO., a Texas corporation<br>105 Quince Street<br>Hereford, Texas 79045; |
| ASSIGNOR: | BOB VEIGEL, INC., a Texas corporation<br>105 Quince Street<br>Hereford, Texas 79045; |
| ASSIGNOR: | STEVE VEIGEL, INC., a Texas corporation<br>105 Quince Street<br>Hereford, Texas 79045; |
| ASSIGNOR: | VEIGEL-KIRK, INC., a Texas corporation<br>105 Quince Street<br>Hereford, Texas 79045; |
| ASSIGNOR: | VICKI VEIGEL, INC., a Texas corporation<br>105 Quince Street<br>Hereford, Texas 79045; |

and

|  |  |
|---|---|
| ASSIGNEE: | STEVE VEIGEL<br>105 Quince Street<br>Hereford, Texas 79045 |

WHEREAS, VEIGEL FARM PARTNERS and its general partners VEIGEL CATTLE CO., BOB VEIGEL, INC., STEVE VEIGEL, INC., VEIGEL-KIRK, INC., and VICKI VEIGEL, INC. are named defendants in the following styled and numbered lawsuit ("LAWSUIT"):

STATE OF NEW MEXICO
COUNTY OF QUAY
IN THE TENTH JUDICIAL DISTRICT COURT

---

**RABO AGRIFINANCE, INC.,**
Successor in Interest to Farm Credit Bank of Texas,

    PLAINTIFF,

v.

No. D-1010-CV-2007-00111

Chief Judge: Hon. Drew D. Tatum

**TERRA XXI LTD.**, a Texas limited partnership, composed of **VEIGEL CATTLE CO.**, as general partner;
**ROBERT WAYNE VEIGEL**, a/k/a **BOB W. VEIGEL**;
**ELLA MARIE WILLIAMS VOGEL**, a/k/a **ELLA MARIE VEIGEL**;
**VEIGEL CATTLE CO.**, a Texas corporation;
**VEIGEL FARM PARTNERS**, a Texas general partnership, d/b/a **VEIGEL PARTNERS**;
**BOB VEIGEL, INC.**, a Texas corporation;
**STEVE VEIGEL, INC.**, a Texas corporation;
**VEIGEL-KIRK, INC.**, a Texas corporation;
**VICKI VEIGEL, INC.**, a Texas corporation;
**VEIGEL FARMS, INC.**, a Texas corporation;
**TERRA PARTNERS**, a Texas general partnership;
**BURNETT & VEIGEL, INC.**, a Texas corporation, as general partner of **TERRA PARTNERSHIP**; and
**ALL UNKNOWN CLAIMANTS OF INTEREST IN THE PREMISES ADVERSE TO THE PLAINTIFF**,

        DEFENDANTS;

and

WHEREAS, VEIGEL FARM PARTNERS and its general partners VEIGEL CATTLE CO., BOB VEIGEL, INC., STEVE VEIGEL, INC., VEIGEL-KIRK, INC., and VICKI VEIGEL, INC. have been unable to retain substitute legal counsel to represent them and protect their interests at this stage of the LAWSUIT; and

WHEREAS, STEVE VEIGEL has unique knowledge and familiarity with the issues involved necessary to try to assert and protect VEIGEL FARM PARTNERS' and its general partners VEIGEL CATTLE CO.'S, BOB VEIGEL, INC.'S, STEVE VEIGEL, INC.'S, VEIGEL-KIRK, INC.'S, and VICKI VEIGEL, INC.'S interests at this stage of the LAWSUIT; and

WHEREAS, STEVE VEIGEL is indebted to VEIGEL FARM PARTNERS and STEVE VEIGEL, INC.; and STEVE VEIGEL, INC.. is indebted to VEIGEL FARM PARTNERS; and

WHEREAS, VEIGEL FARM PARTNERS and its general partners VEIGEL CATTLE CO., BOB VEIGEL, INC., STEVE VEIGEL, INC., VEIGEL-KIRK, INC., and VICKI VEIGEL, INC. covenant and warrant that none have settled, compromised, released, or discharged any liability of Rabo Agrifinance Inc., Ag Acceptance Corporation, or First Ag Credit.

IT IS THEREFORE AGREED THAT FOR VALUABLE CONSIDERATION RECEIVED, VEIGEL FARM PARTNERS and its general partners VEIGEL CATTLE CO., BOB VEIGEL, INC., STEVE VEIGEL, INC., VEIGEL-KIRK, INC., and VICKI VEIGEL, INC. each hereby assign all their possible causes of action, rights, interests, and control in the LAWSUIT ("ASSIGNMENT") including any possible counter or cross-claims against third parties that may be joined and any appeal of the LAWSUIT to STEVE VEIGEL for his life excepting only any cause of action that may be deemed personal and non-assignable,

including but not limited to, any related legal malpractice action against VEIGEL FARM PARTNERS' and its general partners' prior counsel which VEIGEL FARM PARTNERS and its general partners hereby retain. In exchange for such ASSIGNMENT, STEVE VEIGEL hereby agrees to pay VEIGEL FARM PARTNERS any and all net cash recovered from the LAWSUIT as a result of this ASSIGNMENT which VEIGEL FARM PARTNERS and its general partners hereby agree to apply as a credit against the outstanding debts owed to VEIGEL FARM PARTNERS by STEVE VEIGEL and STEVE VEIGEL, INC.

IT IS FURTHER AGREED THAT to secure any and all net cash recovery by STEVE VEIGEL payable to VEIGEL FARM PARTNERS and its general partners pursuant to this ASSIGNMENT, STEVE VEIGEL herby grants VEIGEL FARM PARTNERS a purchase money vendor's lien retained by VEIGEL FARM PARTNERS as consideration for this ASSIGNMENT. It is also agreed that the ASSIGNMENT is only intended to convey a life estate personal property interest and that upon the death of STEVE VEIGEL all rights and interests in the ASSIGNMENT immediately revert back to VEIGEL FARM PARTNERS and its general partners. It is further agreed that in the event that STEVE VEIGEL files for bankruptcy protection or involuntarily forced into bankruptcy, all rights and interests in the ASSIGNMENT immediately revert back to VEIGEL FARM PARTNERS and its general partners.

EXECUTED AND DELIVERED this 27th day of May, 2016.

ASSIGNOR/VENDOR: VEIGEL FARM PARTNERS     ASSIGNOR: VEIGEL CATTLE CO..


by: _Bob Veigel_____     by: _Bob Veigel_____
    Bob Veigel, managing agent          Bob Veigel, President


ASSIGNOR:  BOB VEIGEL, INC.        ASSIGNOR:  STEVE VEIGEL, INC.


by: _Bob Veigel_____     by: _Steve Veigel_____
    Bob Veigel, President          Steve Veigel, President

ASSIGNOR:   VEIGEL-KIRK, INC.

by: _____
Steve Veigel, Secretary

ASSIGNOR:   VICKI VEIGEL, INC.

by: _____
Steve Veigel, Secretary

ASSIGNEE:   STEVE VEIGEL

by: _____
Steve Veigel

## ACKNOWLEDGMENT

STATE OF TEXAS                    §
                                 §
COUNTY OF DEAF SMITH             §

This instrument was acknowledged before me on May 27, 2016, by Bob Veigel, authorized managing agent for VEIGEL FARM PARTNERS, President of VEIGEL CATTLE CO. and BOB VEIGEL, INC..



by: _____
Notary Public, State of Texas

STATE OF TEXAS                    §
                                 §
COUNTY OF DEAF SMITH             §

This instrument was acknowledged before me on May 27, 2016, by Steve Veigel, individually and as President of STEVE VEIGEL, INC. and as Secretary of VEIGEL-KIRK, INC. and VICKI VEIGEL, INC.

KIMBERLY KAY LEONARD
Notary Public, State of Texas
Comm. Expires 05-10-2020
Notary ID 4609276

by: _____
Notary Public, State of Texas

# ASSIGNMENT WITH RETAINED VENDOR'S LIEN 16 MAY 31 AM 8: 11

This agreement ("AGREEMENT") is made and effective on May 27, 2016 between

| | |
|---|---|
| ASSIGNOR/VENDOR: | TERRA PARTNERS, a Texas general partnership<br>105 Quince Street<br>Hereford, Texas 79045; |
| ASSIGNOR: | BURNETT & VEIGEL, INC., a Texas corporation<br>105 Quince Street<br>Hereford, Texas 79045; |

and

| | |
|---|---|
| ASSIGNEE: | STEVE VEIGEL<br>105 Quince Street<br>Hereford, Texas 79045 |

WHEREAS, TERRA PARTNERS is and BURNETT & VEIGEL, INC. is ostensibly a named defendant in the following styled and numbered lawsuit ("LAWSUIT"):

STATE OF NEW MEXICO
COUNTY OF QUAY
IN THE TENTH JUDICIAL DISTRICT COURT

---

**RABO AGRIFINANCE, INC.,**
Successor in Interest to Farm Credit Bank of Texas,

      PLAINTIFF,

v.                                    No. D-1010-CV-2007-00111

                                      Chief Judge: Hon. Drew D. Tatum
                                      [Ninth Judicial District]

**TERRA XXI LTD.,** a Texas limited partnership, composed of **VEIGEL CATTLE CO.,** as general partner;
**ROBERT WAYNE VEIGEL,** a/k/a **BOB W. VEIGEL;**
**ELLA MARIE WILLIAMS VOGEL,** a/k/a **ELLA MARIE VEIGEL;**
**VEIGEL CATTLE CO.,** a Texas corporation;
**VEIGEL FARM PARTNERS,** a Texas general partnership, d/b/a **VEIGEL PARTNERS;**
**BOB VEIGEL, INC.,** a Texas corporation;
**STEVE VEIGEL, INC.,** a Texas corporation;
**VEIGEL-KIRK, INC.,** a Texas corporation;
**VICKI VEIGEL, INC.,** a Texas corporation;
**VEIGEL FARMS, INC.,** a Texas corporation;
**TERRA PARTNERS,** a Texas general partnership;

BURNETT & VEIGEL, INC., a Texas corporation, as general partner of TERRA PARTNERSHIP; and
ALL UNKNOWN CLAIMANTS OF INTEREST IN THE PREMISES ADVERSE TO THE PLAINTIFF,

DEFENDANTS;

and

WHEREAS, TERRA PARTNERS and BURNETT & VEIGEL, INC. have been unable to retain substitute legal counsel to represent them and protect their interests at this stage of the LAWSUIT; and

WHEREAS, STEVE VEIGEL has unique knowledge and familiarity with the issues involved necessary to try to assert and protect TERRA PARTNERS' and BURNETT & VEIGEL, INC.'S interests at this stage of the LAWSUIT; and

WHEREAS, STEVE VEIGEL is indebted to TERRA PARTNERS and BURNETT & VEIGEL, INC.; and BURNETT & VEIGEL, INC. is indebted to TERRA PARTNERS; and

WHEREAS, TERRA PARTNERS and BURNETT & VEIGEL, INC. covenant and warrant that neither have settled, compromised, released, or discharged any liability of Rabo Agrifinance Inc., Ag Acceptance Corporation, or First Ag Credit.

IT IS THEREFORE AGREED THAT FOR VALUABLE CONSIDERATION RECEIVED, TERRA PARTNERS and BURNETT & VEIGEL, INC. each hereby assign all their possible causes of action, rights, interests, and control in the LAWSUIT ("ASSIGNMENT") including any possible counter or cross-claims against third parties that may be joined and any appeal of the LAWSUIT to STEVE VEIGEL for his life excepting only any cause of action that may be deemed personal and non-assignable, including but not limited to, any related legal malpractice action against TERRA PARTNERS' and BURNETT & VEIGEL, INC.'S prior counsel which TERRA PARTNERS and BURNETT & VEIGEL, INC. hereby retain. In exchange for such ASSIGNMENT, STEVE VEIGEL hereby agrees to pay TERRA PARTNERS any and all net cash recovered from the LAWSUIT as a result of this ASSIGNMENT which TERRA PARTNERS hereby agrees to apply as a credit against the outstanding debts owed to TERRA PARTNERS by STEVE VEIGEL and BURNETT & VEIGEL, INC.

IT IS FURTHER AGREED THAT to secure any and all net cash recovery by STEVE VEIGEL payable to TERRA PARTNERS pursuant to this ASSIGNMENT, STEVE VEIGEL herby grants TERRA PARTNERS a purchase money vendor's lien retained by TERRA PARTNERS as consideration for this ASSIGNMENT. It is also agreed that the ASSIGNMENT is only intended to convey a life estate personal property interest and that upon the death of STEVE VEIGEL all rights and interests in the ASSIGNMENT immediately revert back to TERRA PARTNERS and BURNETT & VEIGEL, INC. It is further agreed that in the event that STEVE VEIGEL files for bankruptcy protection or involuntarily forced into bankruptcy, all rights and interests in the ASSIGNMENT immediately revert back to TERRA PARTNERS and BURNETT & VEIGEL, INC.

EXECUTED AND DELIVERED this 27th day of May, 2016.

ASSIGNOR/VENDOR:   TERRA PARTNERS

by: _Bob Veigel_____
    Bob Veigel, managing agent

ASSIGNOR:   BURNETT & VEIGEL, INC.

by: _____
    Steve Veigel, President

ASSIGNEE:   STEVE VEIGEL

by: _____
    Steve Veigel

## ACKNOWLEDGMENT

STATE OF TEXAS       §
                        §

COUNTY OF DEAF SMITH    §

    This instrument was acknowledged before me on May 27, 2016, by Bob Veigel, authorized managing agent for TERRA PARTNERS.


KIMBERLY KAY LEONARD
Notary Public, State of Texas
Comm. Expires 05-10-2020
Notary ID 4609276

by: _____
    Notary Public, State of Texas

STATE OF TEXAS       §
                        §

COUNTY OF DEAF SMITH    §

    This instrument was acknowledged before me on May 27, 2016, by Steve Veigel, individually and as President of BURNETT & VEIGEL, INC.

KIMBERLY KAY LEONARD
Notary Public, State of Texas
Comm. Expires 05-10-2020
Notary ID 4609276

by: _____
    Notary Public, State of Texas

10TH JUDICIAL DISTRICT
QUAY COUNTY NEW MEXICO
FILED IN MY OFFICE

16 MAY 31 AM 8: 11

DIANE ULIBARRI
DISTRICT COURT CLERK

## ASSIGNMENT WITH RETAINED VENDOR'S LIEN

This agreement ("AGREEMENT") is made and effective on May 27, 2016 between:

| | | |
|---|---|---|
| ASSIGNOR/VENDOR: | TERRA XXI LTD., a Texas limited partnership<br>105 Quince Street<br>Hereford, Texas 79045; | |
| ASSIGNOR: | VEIGEL CATTLE CO., a Texas corporation<br>105 Quince Street<br>Hereford, Texas 79045; | |

and

| | |
|---|---|
| ASSIGNEE: | STEVE VEIGEL<br>105 Quince Street<br>Hereford, Texas 79045 |

WHEREAS, TERRA XXI LTD and its general partner VEIGEL CATTLE CO. are named defendants in the following styled and numbered lawsuit ("LAWSUIT"):

STATE OF NEW MEXICO
COUNTY OF QUAY
IN THE TENTH JUDICIAL DISTRICT COURT

---

**RABO AGRIFINANCE, INC.,**
. Successor in Interest to Farm Credit Bank of Texas,

    PLAINTIFF,

v.                                No. D-1010-CV-2007-00111

                                   Chief Judge: Hon. Drew D. Tatum
                                   [Ninth Judicial District]

**TERRA XXI LTD.,** a Texas limited partnership, composed of **VEIGEL CATTLE CO.,** as general partner;
. **ROBERT WAYNE VEIGEL,** a/k/a **BOB W. VEIGEL;**
**ELLA MARIE WILLIAMS VOGEL,** a/k/a **ELLA MARIE VEIGEL;**
**VEIGEL CATTLE CO.,** a Texas corporation;
**VEIGEL FARM PARTNERS,** a Texas general partnership, d/b/a **VEIGEL PARTNERS;**
**BOB VEIGEL, INC.,** a Texas corporation;
**STEVE VEIGEL, INC.,** a Texas corporation;
**VEIGEL-KIRK, INC.,** a Texas corporation;
**VICKI VEIGEL, INC.,** a Texas corporation;
**VEIGEL FARMS, INC.,** a Texas corporation;
**TERRA PARTNERS,** a Texas general partnership;

**BURNETT & VEIGEL, INC.**, a Texas corporation, as general partner of **TERRA PARTNERSHIP**; and
**ALL UNKNOWN CLAIMANTS OF INTEREST IN THE PREMISES ADVERSE TO THE PLAINTIFF**,

DEFENDANTS;

and

WHEREAS, TERRA XXI LTD. and VEIGEL CATTLE CO. have been unable to retain substitute legal counsel to represent them and protect their interests at this stage of the LAWSUIT; and

WHEREAS, STEVE VEIGEL has unique knowledge and familiarity with the issues involved necessary to try to assert and protect TERRA XXI LTD.'S and VEIGEL CATTLE CO.'S interests at this stage of the LAWSUIT; and

WHEREAS, STEVE VEIGEL is indebted to TERRA XXI LTD.; and

WHEREAS, TERRA XXI LTD. and VEIGEL CATTLE CO. covenant and warrant that neither have settled, compromised, released, or discharged any liability of Rabo Agrifinance Inc., Ag Acceptance Corporation, or First Ag Credit.

IT IS THEREFORE AGREED THAT FOR VALUABLE CONSIDERATION RECEIVED, TERRA XXI LTD. and VEIGEL CATTLE CO. each hereby assign all their possible causes of action, rights, interests, and control in the LAWSUIT ("ASSIGNMENT") including any possible counter or cross-claims against third parties that may be joined and any appeal of the LAWSUIT to STEVE VEIGEL for his life excepting only any cause of action that may be deemed personal and non-assignable, including but not limited to, any related legal malpractice action against TERRA XXI LTD.'S and VEIGEL CATTLE CO.'S prior counsel which TERRA XXI LTD. and VEIGEL CATTLE CO. hereby retain. In exchange for such ASSIGNMENT, STEVE VEIGEL hereby agrees to pay TERRA XXI LTD. any and all net cash recovered from the LAWSUIT as a result of this ASSIGNMENT which TERRA XXI LTD. hereby agrees to apply as a credit against the outstanding debts owed to TERRA XXI LTD. by STEVE VEIGEL.

IT IS FURTHER AGREED THAT to secure any and all net cash recovery by STEVE VEIGEL payable to TERRA XXI LTD. pursuant to this ASSIGNMENT, STEVE VEIGEL herby grants TERRA XXI LTD. a purchase money vendor's lien retained by TERRA XXI LTD. as consideration for this ASSIGNMENT. It is also agreed that the ASSIGNMENT is only intended to convey a life estate personal property interest and that upon the death of STEVE VEIGEL all rights and interests in the ASSIGNMENT immediately revert back to TERRA XXI LTD. and VEIGEL CATTLE CO. It is further agreed that in the event that STEVE VEIGEL files for bankruptcy protection or involuntarily forced into bankruptcy, all rights and interests in the ASSIGNMENT immediately revert back to TERRA XXI LTD. and VEIGEL CATTLE CO.

EXECUTED AND DELIVERED this 27th day of May, 2016.

ASSIGNOR/VENDOR:   TERRA XXI LTD.      ASSIGNOR:   VEIGEL CATTLE CO.

by: *Bob Veigel*                        by: *Bob Veigel*
Bob Veigel, managing agent              Bob Veigel, President

ASSIGNEE:   STEVE VEIGEL

by: *Steve Veigel*
Steve Veigel

## ACKNOWLEDGMENT

STATE OF TEXAS              §
                           §
COUNTY OF DEAF SMITH        §

 This instrument was acknowledged before me on May 27, 2016, by Bob Veigel, authorized managing agent for TERRA XXI LTD. and President of VEIGEL CATTLE CO.



KIMBERLY KAY LEONARD
Notary Public, State of Texas
Comm. Expires 05-10-2020
Notary ID 4609276

by: _____
Notary Public, State of Texas

STATE OF TEXAS              §
                           §
COUNTY OF DEAF SMITH        §

 This instrument was acknowledged before me on May 27, 2016, by Steve Veigel, individually.

KIMBERLY KAY LEONARD
Notary Public, State of Texas
Comm. Expires 05-10-2020
Notary ID 4609276

by: _____
Notary Public, State of Texas

# EXHIBIT I-1

STATE OF NEW MEXICO
COUNTY OF QUAY
IN THE TENTH JUDICIAL DISTRICT COURT

RABO AGRIFINANCE, INC.,
Successor in Interest to Farm Credit Bank of Texas,

      PLAINTIFF,

v.

      No. D-1010-CV-2007-00111
      Chief Judge: Hon. Drew D. Tatum
      [Ninth Judicial District]

TERRA XXI LTD., a Texas limited partnership,
composed of VEIGEL CATTLE CO., as general
partner;
ROBERT WAYNE VEIGEL, a/k/a BOB W. VEIGEL;
ELLA MARIE WILLIAMS VOGEL,
a/k/a ELLA MARIE VEIGEL;
VEIGEL CATTLE CO., a Texas corporation;
VEIGEL FARM PARTNERS, a Texas general
partnership, d/b/a VEIGEL PARTNERS;
BOB VEIGEL, INC., a Texas corporation;
STEVE VEIGEL, INC., a Texas corporation;
VEIGEL-KIRK, INC., a Texas corporation;
VICKI VEIGEL, INC., a Texas corporation;
VEIGEL FARMS, INC., a Texas corporation;
TERRA PARTNERS, a Texas general partnership;
BURNETT & VEIGEL, INC., a Texas corporation, as
general partner of TERRA PARTNERSHIP; and
ALL UNKNOWN CLAIMANTS OF INTEREST IN THE
PREMISES ADVERSE TO THE PLAINTIFF,

      DEFENDANTS.

## DEFENDANTS' MOTION TO RECONSIDER, REOPEN, AND VACATE
## ALL ORDERS AND JUDGMENTS FOR PLAINTIFF

COMES NOW, Steve Veigel *pro se* as the assignee of all named Defendants except

for Robert Wayne Veigel a/k/a Bob W. Veigel and in his individual capacity as owner of

record of some of the real property at issue, joined by Defendant Robert Wayne Veigel

*pro se* (together herein "DEFENDANTS") hereby present DEFENDANTS' MOTION TO RECONSIDER, REOPEN, AND VACATE ALL ORDERS AND JUDGMENTS FOR PLAINTIFF ("MOTION TO VACATE") and in support thereof state as follows:

1.          Pursuant to NMSA 1978, § 39-1-1, NMRA Rule 1-059, and/or NMRA Rule 1-060(B) as appropriate, DEFENDANTS hereby request the Court to recognize that pursuant to the Supremacy Clause of ART. VI of the United States Constitution, and the well established doctrines of federal preemption, comity, and preclusion including both claim preclusion ("*res judicata*") and issue preclusion ("collateral estopple"), this Court lacks the subject matter jurisdiction and/or jurisdictional power to disregard or misconstrue Defendant Terra XXI Ltd.'s ("XXI") prior confirmed Chapter 11 bankruptcy plan of reorganization[1] ("XXI'S CONFIRMED PLAN") to enter any judgment or order for Plaintiff relating to, or stemming from, Plaintiff's claim for judicial foreclosure of the mortgages at issue in this case ("CASE") which were not expressly preserved by XXI'S CONFIRMED PLAN as required.  Further, all prior orders and judgments for Plaintiff relating to, or stemming from, Plaintiff's claim for judicial foreclosure of the mortgages at issue in this CASE are void *ab initio* as a matter of law pursuant to 11 U.S.C. §§ 524(a) and 1141(d) and the Bankruptcy Court's expressed permanent self-effecting injunction in the order[2] ("XXI'S CONFIRMATION ORDER") confirming XXI'S CONFIRMED PLAN which expands the protections provided by 11 U.S.C. § 524(a) to include any action against XXI's properties to which Plaintiff is bound.

2.          As would be the obvious case if Terra XXI Ltd.'s automatic 11 U.S.C. § 362

---

[1]  See certified copy attached hereto as Exhibit A hereby incorporated for all purposes.
[2]  See certified copy attached hereto as Exhibit B hereby incorporated for all purposes.

doctrine, this Court held that the issue of whether XXI's CONFIRMED PLAN served to extinguish the mortgages relied upon by Plaintiffs had been determined by the Texas courts which served as *res judicata* in this CASE. Such prior ruling in this case cannot serve to preclude a determination that this Court lacks subject matter jurisdiction and/or jurisdictional power to allow Plaintiff to foreclosure on such mortgages and all such prior orders and judgments for Plaintiff in this CASE are void *ab initio* including the Order Approving Report of Sale ("CONFIRMATION ORDER") filed on May 4, 2016 confirming the Special Master's foreclosure sale and conveyance by deed of the property foreclosed to Plaintiff.

13.     WHEREFORE, Defendants pray that all orders and judgments for the Plaintiff in this CASE including the 1) Order Approving Report of Sale ("CONFIRMATION ORDER") filed on May 4, 2016; 2) Order appointing the Special Master to sell the property filed on February 11, 2013 ("SPECIAL MASTER ORDER"); 3) Order Granting Plaintiff's Motion for Summary Judgment filed on January 7, 2013; Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment filed on February 1, 2010 be vacated as void. Defendants further pray that the Court direct Plaintiff to repay Terra Partners both supersedeas bonds with interest and reopen discovery so that Defendants may have a new trial on the merits of their counterclaims and for such other relief as the Court deems proper.

Respectfully submitted,

_Steve Veigel_ _____

Steve Veigel, *pro se* assignee

_Robert Wayne Veigel_ _____

Robert Wayne Veigel, *pro se*

105 Quince
Hereford, Texas 79045
Telephone: (806) 231-1009
e-mail: SVeig@aol.com

105 Quince
Hereford, Texas 79045
Telephone: (806) 231-1008
e-mail: RWVeig@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June, 2016 a true and correct copy of the foregoing pleading was served e-mail to:

Richard F. Rowley, II
Attorney at Law
E-mail: r2@rowleylawfirm.com
Post Office Box 790
305 Pile
Clovis, New Mexico 88102-0790
Telephone: (575) 763-4457

Robert Wayne Veigel
E-mail: RWVeig@aol.com
105 Quince
Hereford, Texas 79045
Telephone: (806) 231-1008

_____
Steve Veigel, *pro se*

# EXHIBIT I-2

STATE OF NEW MEXICO
COUNTY OF QUAY
IN THE TENTH JUDICIAL DISTRICT COURT

---

**RABO AGRIFINANCE, INC.,**
Successor in Interest to Farm Credit Bank of Texas,

PLAINTIFF,

v.

No. D-1010-CV-2007-00111
Chief Judge: Hon. Drew D. Tatum
[Ninth Judicial District]

**TERRA XXI LTD.,** a Texas limited partnership,
composed of **VEIGEL CATTLE CO.,** as general
partner;
**ROBERT WAYNE VEIGEL,** a/k/a **BOB W. VEIGEL;**
**ELLA MARIE WILLIAMS VOGEL,**
a/k/a **ELLA MARIE VEIGEL;**
**VEIGEL CATTLE CO.,** a Texas corporation;
**VEIGEL FARM PARTNERS,** a Texas general
partnership, d/b/a **VEIGEL PARTNERS;**
**BOB VEIGEL, INC.,** a Texas corporation;
**STEVE VEIGEL, INC.,** a Texas corporation;
**VEIGEL-KIRK, INC.,** a Texas corporation;
**VICKI VEIGEL, INC.,** a Texas corporation;
**VEIGEL FARMS, INC.,** a Texas corporation;
**TERRA PARTNERS,** a Texas general partnership;
**BURNETT & VEIGEL, INC.,** a Texas corporation, as
general partner of **TERRA PARTNERSHIP;** and
**ALL UNKNOWN CLAIMANTS OF INTEREST IN THE
PREMISES ADVERSE TO THE PLAINTIFF,**

DEFENDANTS.

---

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
### DEFENDANTS' MOTION TO RECONSIDER, REOPEN, AND VACATE
### ALL ORDERS AND JUDGMENTS FOR PLAINTIFF

COMES NOW, Steve Veigel *pro se* as the assignee of all named Defendants except

for Robert Wayne Veigel a/k/a Bob W. Veigel, in his individual capacity as owner of

record of some of the real property at issue, and as a proposed intervenor joined by

Defendant Robert Wayne Veigel *pro se* (together herein "DEFENDANTS") hereby present their reply ("REPLY") to Plaintiff's RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER, REOPEN, AND VACATE ALL ORDERS AND JUDGMENTS FOR PLAINTIFF ("RESPONSE") in support of DEFENDANTS' MOTION TO RECONSIDER, REOPEN, AND VACATE ALL ORDERS AND JUDGMENTS FOR PLAINTIFF ("MOTION TO VACATE") state as follows:

1.      In general reply to the RESPONSE, Plaintiff's unsupported, self serving, wildly speculative, and threatening allegations evidence a desperate attempt to conceal Plaintiff's and its attorney's liability for willfully violating federal bankruptcy injunction orders in bringing this case ("CASE") which Plaintiff also obviously knows will render this Court's orders, judgments, and foreclosure void *ab initio* if the substantive issues are ever adjudicated on the merits.  Plaintiff's RESPONSE illustrates a doomed strategy that if the facts are against you, argue the law; if the law is against you, argue the facts; and if the law and the facts are against you, pound the table and yell like hell to cast aspersions and disparage the other side in hopes of fanning the flames of bias in your favor.

2.      In specific reply to paragraph 1 of the RESPONSE, the Plaintiff attempts to mislead the Court when it *yells like hell* without any factual or legal support and represents to the Court that the assignments which it wrongly complains involve only non-existent or otherwise frivolous "claims" that the Court should not allow to be heard although Plaintiff has not otherwise challenged the validity of such assignments.  The assignments are valid and as will be shown, DEFENDANTS pleadings are well supported by the applicable facts and law, have legal merit, and definitely cannot be considered frivolous by any reasonable unbiased determination.  Plaintiff has no factual basis to wildly speculate as to why Keleher & McLeod sought to withdraw from this CASE or to

state that the named Defendants "*are no longer able to secure the services of a licensed attorney*" particularly where Plaintiff's counsel was served with notice on June 15, 2016 that Judge Robinson denied Keleher & McLeod's motion to withdraw in the pending federal case [Case 2:15-cv-00236 Doc. 71] after an extensive *in camera* review of privileged attorney client documents indicating that there was no valid reason for withdraw. Further, as a valid assignee, Steve Veigel has constitutional due process rights to represent his assigned interests in this CASE on a *pro se* basis as does Bob Veigel for his interests even if Steve Veigel is not allowed to intervene in other matters not related to the assignments.

3.      The assignments expressly state the respective assignors:

> … assign all their possible causes of action, **rights, interests, and control in the LAWSUIT** ("ASSIGNMENT") including any possible counter or cross-claims against third parties that may be joined and any appeal of the LAWSUIT to STEVE VEIGEL for his life excepting only any cause of action that may be deemed personal and non-assignable, including but not limited to, any related legal malpractice action… [emphasis added]

Not only are all possible "claims" assigned, but assignors' other rights, and interests, and assignors' control of this case including appeal therefrom. One of the reasons, for the assignments to Steve Veigel was that he was the undisputed title owner of record of most of the property at issue in this CASE. It is now Steve Veigel's responsibility and due process right to defend and clear his title in this CASE and any appeal therefrom.

4.      Exclusive of Steve Veigel's title matters, another reason for the assignments is to provide for the economical recovery of post-judgment sanction against Plaintiff and its attorney for willful violations of Terra XXI Ltd.'s and Veigel Farm Partners' confirmed Chapter 11 bankruptcy plans by filing this CASE. For example regardless of the orders and judgment for Plaintiff, Plaintiff's attorney admitted at the hearing held on January 30,

6.        In specific reply to paragraph 2 of the RESPONSE, the Plaintiff again seeks to mislead the Court with deceptive statements it knows or should know to be untrue.  The MOTION TO VACATE clearly stated the motion was brought pursuant to "… *NMSA 1978, § 39-1-1, NMRA Rule 1-059, and/or NMRA Rule 1-060(B) **as appropriate** …*" emphasis added.  [MOTION TO VACATE, ¶2]  Obviously, if this Court lacks subject matter jurisdictional power to enter any order or judgment for Plaintiff based on mortgages (and claim) extinguished or discharged by XXI'S PLAN and the order confirming such plan ("XXI'S CONFIRMATION ORDER"), then such are void and NMRA 1-060(B)(4) is applicable to all regardless of when entered.   Plaintiff's RESPONSE statement that "*Motions under Rule 1-60(B) must be made within a reasonable time and not more that 1-year under any circumstances*" attempts to deceive the Court by omitting that such time limits expressly do not apply to NMRA 1-060(B)(4) or (5) motions which have no time limits or NMRA 1-060(B)(6) which has only a "reasonable time" limit as may determined by the court.  See NMRA 1-060(B)(6).

7.        Plaintiff's assertion that "*These are the same basis for the Veigels last appeal to the New Mexico Court of Appeals*" is also false and misleading.  Clearly the last appeal could not have considered the CONFIRMATION ORDER which was not entered until about a year after the last appeal was taken.  Additionally, the last appeal as well as the one prior was made of the Court's denial of Defendants' NMRA 1-060(B)(5) motions wherein the Defendants argued that the debts claimed by Plaintiff were or should have been satisfied in full from Plaintiff's receipt of sales proceeds as consideration of releasing its liens so that Ag Acceptance Corporation could sell Plaintiff's other collateral to Champion Feeders free and clear of such liens.  Defendants did and have not argued that this Court's

orders and judgments are void for lack of subject matter jurisdictional power to order foreclosure and confirm such foreclosure sale.

8.        In specific reply to paragraph 3 of the RESPONSE, Plaintiffs again *pounds the table* and blows smoke to distract from the facts and applicable law. However, DEFENDANTS have the absolute right to raise this Court's lack of subject matter jurisdictional power resulting in orders and judgments that are void *ab initio* at any stage in any proceeding even after remand on appeal. DEFENDANTS also have the right to seek enforcement of applicable confirmed Chapter 11 bankruptcy plans and related bankruptcy permanent injunctions against Plaintiff in this CASE. Such rights are not waivable and can be raised at any stage of this CASE.

9.        To the extent that Plaintiff generally argues without specificity (or the Court is inclined to believe) that the Texas litigation can serves as res judicata is in clear error. It should be noted that the RESPONSE'S failure to specifically identify any applicable prior judgment that could somehow serve as res judicata should be viewed as a red flag that Plaintiff has not and is unable to show that the validity of the mortgages at issue in this CASE were at issue and have previously been adjudicated to be valid in any action in Texas state or federal courts. The *in personam* action on the debt at issue in this CASE, (Cause No. 2:05-cv-00314, 2006 WL 2828748 (N.D.Tex.) affirmed by 257 Fed.Appx. 732, 2007 WL 4305378 (C.A.5 (Tex.))) did not involve any security for such debt including the mortgages as issue in this case. Any reference therein to the mortgages at issue in that case is merely un-controlling dicta which should be patently obvious as Plaintiff had to bring this CASE to foreclosure such mortgages. As Plaintiff's counsel argued at about 2:59:20 pm at the January 30, 2008 hearing, an action on a debt and

foreclosure of security are two independent actions. Further, 11 U.S.C. § 1141(d) relied upon by MOTION TO VACATE is applicable to security liens at issue in this CASE and was not applicable to the *in personum* action on debts at issue in Cause No. 2:05-cv-00314.

10.     All other litigation in Texas, including the Fifth Circuit's pre-filing injunction, involved separate inferior debts and collateral originating from separate transactions occurring years later with separate mortgagees and cannot support any defense of res judicata, collateral estoppel, law of the case, *etc.* in this CASE. Further, void judgments are well recognized exceptions to and not subject to the customary doctrines of waiver, res judicata, collateral estoppel, law of the case, finality, *etc.* and can be attacked at any time and in any proceeding directly or collaterally even after an appeal.

11.     It should be noted that even the Fifth Circuit's pre-filing injunction was made without consideration of the merits of any of the voidness for lack of subject matter jurisdictional power arguments that Steve Veigel attempted to bring to the court's attention with a motion to file an amicus brief out of time because the court denied such motion to allow the filing of such proposed brief and supporting exhibits. Steve Veigel similarly sought to bring such matters to this Court's attention with a motion to intervene or leave to file an amicus brief, but this Court too denied such motion as untimely and his filings were stricken from the record and this Court's consideration on the mertis. See Order entered April 9, 2013. As such, even if res judicata was somehow otherwise applicable, there has never been any adjudication of the merits of the extinguishment of the mortgages nor of this Court's lack of subject matter jurisdiction to disregard or misconstrue XXI'S PLAN and XXI'S CONFIRMATION ORDER that could possibly serve as res judicata and control this matter pursuant to bankruptcy law preempting this Court's

Respectfully submitted,

Steve Veigel, *pro se* assignee
105 Quince
Hereford, Texas 79045
Telephone: (806) 231-1009
e-mail: SVeig@aol.com

Robert Wayne Veigel, *pro se*
105 Quince
Hereford, Texas 79045
Telephone: (806) 231-1008
e-mail: RWVeig@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2016 a true and correct copy of the foregoing pleading was served e-mail to:

> Richard F. Rowley, II
> Attorney at Law
> E-mail: r2@rowleylawfirm.com
> Post Office Box 790
> 305 Pile
> Clovis, New Mexico 88102-0790
> Telephone: (575) 763-4457
>
> Robert Wayne Veigel
> E-mail: RWVeig@aol.com
> 105 Quince
> Hereford, Texas 79045
> Telephone: (806) 231-1008

Steve Veigel, *pro se*