THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL;
ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.; VEIGEL CATTLE
COMPANY; and VEIGEL FARM PARTNERS,
    Plaintiffs,

v.                                                             No. 1-16-cv-1036 WPL/KK

AG ACCEPTANCE CORPORATION,
    Defendant.

REPLY TO PLAINTIFFS' AND DEFENDANT'S RESPONSES [DOC 104 and 105]
TO MOTION TO PERMIT WITHDRAWAL

Keleher & McLeod, PA ("Movant"), in support of its Motion To Permit Withdrawal ("Motion"), hereby provides its joint reply to: 1) the Plaintiffs' response to the Motion [Doc 104]; and 2) to defendant Ag Acceptance Corporation's ("AAC") response to the Motion. [Doc. 105.]

    A. **Plaintiffs' Response**

Movant is doing what it can to explain the situation to the Court while maintaining client confidences. The argument by the Plaintiffs that the Motion lacks sufficient detail is misguided and the Court surely appreciates why the Motion is vague. The Court has now received Movant's sealed memorandum, which explains the situation warranting Movant's withdrawal in more detail.

Plaintiffs construe Judge Robinson's denial of Movant's previous motion to permit withdrawal as a license to dictate how this ligation should proceed, regardless of the law, and the applicable rules of professional conduct, regardless of developments in the litigation, and

regardless of Movant's professional and independent judgment. That could not be what Judge Robinson intended. Steve Veigel (who is not a client of the Movant) and Plaintiffs are essentially holding Movant hostage through their refusal to follow Movant's legal advice and their refusal to permit withdrawal of Movant under the subterfuge of "prejudice". The Plaintiffs' tactics are an affront to the legal profession and the attorney/client relationship. Movant respectfully asks that the Court not condone such conduct here.

Judge Robinson did not articulate the reason for denying the motion to permit withdrawal, but the motion was not "summarily denied" as represented by Plaintiffs. [Doc 104, ¶ 2.] The motion to permit withdrawal [Doc. 53] was filed February 5, 2016. Judge Robinson did not rule on the motion until over four months later. [Doc. 71, entered June 15, 2016.] There are circumstances that have occurred since Judge Robinson's denial of Movant's motion to permit withdrawal that warrant a more thoughtful consideration of the ethical issues presented here.

Likely at the direction of Steve Veigel, Plaintiffs have misrepresented facts to the court in their Response to the Motion. At paragraph 3 of the response [Doc. 104], Plaintiffs state:

> "Rather such communications would reveal [Movant's] continuing overriding apparent reason for seeking to withdraw is its self-perceived/self-realized risk of potential professional negligence liability ***though Plaintiffs have never made any threat of such to Keleher & McLeod.***" (emphasis added)

As noted in the Movant's sealed memorandum filed yesterday, that is false. Nor is it the case that Plaintiffs "…ultimately defer to and follow Keleher & McLeod's professional legal advice in this Case" as represented in paragraph 4 of the Plaintiffs' response. [Doc 104, ¶ 4.] If that were true, the procedural posture of this matter would differ substantially.

Plaintiffs argue that they will be prejudiced should the Court permit Movant's withdrawal. That argument is unsupported by the facts and is disingenuous. Plaintiffs disregard that developments in the litigation of this matter have rightfully caused re-assessment of the matter along the way. Movants have made it clear that they will not accept Plaintiffs' and Steve Veigel's instructions on how to handle this litigation, in light of those developments, and will instead act in accord with their own professional judgment. Plaintiffs refuse to accept that professional judgment.

Plaintiffs say in their Response that they have not been able to find replacement counsel. Plaintiffs have had over a year to retain counsel and have not done so, very likely because potential counsel gave Plaintiffs the same advice that Movant has provided. Rather than accept that advice and authorize Movant to act accordingly, they continue to hold Movant hostage. Plaintiffs do not get it both ways: they cannot refuse to follow their counsel's advice and also claim that they will suffer prejudice without their lawyer's representation and advice.

**B. AAC's Response**

AAC claims that Movant "Actively Endorsed the Claims In This Lawsuit." [Doc 105, page 5.] Movant certainly endorsed the Plaintiffs' claims when this matter was filed on November 14, 2014 in New Mexico's Tenth Judicial District Court [Doc 2] and in the numerous other fronts on which Movant zealously advocated for Plaintiff (an appeal at the New Mexico Court of Appeals, remand proceedings in district court, another appeal at the New Mexico Court of appeals, representation on remand, and a petition for writ of certiorari to the New Mexico Supreme Court, before New Mexico District Court Judge Tatum authorized Movant's

withdrawal[1]).  AAC's argument on that point is inaccurate and disregards case developments since then.  The motion to compel [Doc. 91] was summarily denied before AAC even filed a response.  Furthermore, said motion was filed and denied before the immediate circumstances giving rise to the Motion to permit withdrawal.

One of the reasons AAC is opposing the Motion is to avoid Steve Veigel. [Doc. 105, pages 2-5].  If needed to control Steve Veigel, AAC could request appropriate sanctions against him and courts have done so in the past.  That is not a justifiable reason to require Movant to continue representing the Plaintiffs and it would amount to a gross misapplication of New Mexico's Rules of Professional Responsibility.  AAC wants to punish Movant for not being able to control Plaintiffs and Steve Veigel and seeks to discredit Movant professionally for not being able to do so. [See Motion For Sanctions, Doc. 98.] Movant's withdrawal will not leave the case in limbo.  If the Court permits withdrawal, it can permit Plaintiffs time to retain replacement counsel and enter a scheduling order in the matter for trial.

WHEREFORE, Movant respectfully requests that it be permitted to withdraw from representing the Plaintiffs.

---

[1] Despite all of those proceedings, Plaintiffs have persisted in seeking relief in New Mexico district court, see Exhibits H and I (1) and I(2) to AAC's response.  That is a clear indication of how unrealistically obstinate Steve Veigel is in his pursuit of legal recourse and his abuse of the legal process.

                         Respectfully submitted,

                         KELEHER & MCLEOD, P.A.

                         By: /s/ Justin B. Breen
                             Filed Electronically on December 7, 2016
                             Jeffrey A. Dahl – NM SBN 0622
                             Justin B. Breen – NM SBN 28108
                             Post Office Box AA
                             Albuquerque, New Mexico 87103
                             Telephone: (505) 346-4646
                             Facsimile: (505) 346-1370
                             E-Mail: jad@keleher-law.com
                             E-Mail: jbb@keleher-law.com

## **CERTIFICATE OF SERVICE**

THIS HEREBY CERTIFIES that on December 7, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**Lead Counsel for Ag Acceptance Corporation:**
Barbara Whiten Balliette
Reid Collins & Tsai LLP
1301 S. Captial of Texas Hwy., C-300
Austin, Texas 78746
Telephone: (512) 647-6100
Facsimile: (512) 647-6129
E-Mail: BBalliette@RCTLegal.com

**Local Counsel for Ag Acceptance Corporation:**
Thomas C. Riney
Riney & Mayfield LLP
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas 79101
Telephone: (806) 468-3200
Facsimile: (806) 376-4509
E-Mail: TRiney@RineyMayfield.com

**Lead Counsel for Ag Acceptance Corporation [District of New Mexico]:**
Richard F. Rowley II
Rowley Law Firm, L.L.C.
P.O. Box 790
Clovis, New Mexico 88102-0790
Telephone: (575) 763-4457
Facsimile: (575) 763-4450
E-Mail: R2@RowleyLawFirm.com

I hereby certify that the following parties were served a copy of the foregoing by regular mail and by email on December 7, 2016.

TERRA PARTNERS, TERRA XXI, LTD.,
VEIGEL FARMS, INC., VEIGEL CATTLE
COMPANY, and VEIGEL FARM PARTNERS
c/o Steve Veigel
105 Quince Street
Hereford, Texas 79045
Telephone: (806) 231-1009
E-Mail: SVeig@aol.com

Ella Marie Veigel
105 Quince St.
Hereford, Texas 79045
Email: EMVeig@aol.com

Robert Wayne Veigel,
105 Quince St.
Hereford, Texas 79045
Email: RWVeig@aol.com

/s/ Justin B. Breen
Justin B. Breen
4837-7703-9933, v. 1