IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL; ELLA MARIE
WILLIAMS VEIGEL; VEIGEL FARMS, INC.;
VEIGEL CATTLE COMPANY; and VEIGEL
FARM PARTNERS,

      Plaintiffs,

v.                                                                                                          CV 16-1036 WPL/KK

AG ACCEPTANCE COPRORATION,

      Defendant.

**ORDER DENYING MOTION TO WITHDRAW**

      Plaintiffs' counsel, Keleher & McLeod, P.A., filed an opposed motion requesting permission to withdraw as counsel for all Plaintiffs. (Doc. 95.) I expedited briefing on the matter, directed Keleher & McLeod to assist Plaintiffs in filing or file on Plaintiffs' behalf a response, and directed Keleher & McLeod to file a sealed memorandum detailing the reasons why good cause exists for withdrawal. (Doc. 101.) Keleher & McLeod filed its sealed memorandum (Doc. 106), Plaintiffs and Defendant Ag Acceptance Corporation ("Ag Acceptance") filed responses (Docs. 104 and 105, respectively), and Keleher & McLeod filed a reply (Doc. 107). Having considered the posture of this case, the briefing, and the relevant law, I deny Keleher & McLeod's motion to withdraw.

      District courts enjoy wide discretion when considering an attorney's motion to withdraw from representation. *Abell v. Babbitt*, 176 F.3d 488, 1999 WL 215406, at *2 (10th Cir. 1999) (table decision) (quoting *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). District of New Mexico Local Civil Rule 83.8 provides that an attorney may file and

serve on all parties, including the represented party, an opposed motion to withdraw from representation, and that failure to object within fourteen days constitutes consent to grant the motion. Here, the Plaintiffs and Ag Acceptance filed responses explaining their opposition.

Keleher & McLeod asserts that the attorney-client relationship has irrevocably deteriorated and that continued representation would require the firm to violate the Rules of Professional Conduct. Plaintiffs contend that, while they sometimes disagree, Plaintiffs understand, accept, and defer to Keleher & McLeod's advice. Keleher & McLeod provided no additional information in its sealed memorandum and did not explain how or why representation would require violating the Rules of Professional Conduct.

While I am sensitive to Keleher & McLeod's concerns, the firm provided no information upon which I could conclude that continued representation would require such violations. Additionally, this case has been pending for over two years, has bounced from New Mexico state court, to the District of New Mexico, to the Northern District of Texas, and back again. The case is finally at the dispositive motions stage and is almost ready for trial. Absent additional information, I agree with the Plaintiffs and Ag Acceptance that withdrawal at this late hour would serve only to prejudice the parties and further forestall this case.

Because I lack sufficient information to find Keleher & McLeod's position reasonable or in the interest of justice, and because withdrawal at this stage of the proceedings will disrupt resolution of this case, Keleher & McLeod's motion to withdraw is denied.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.