IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; <br> ROBERT WAYNE VEIGEL; <br> ELLA MARIE WILLIAMS VEIGAL; <br> VEIGEL FARMS, INC.; <br> VEIGEL CATTLE COMPANY; and <br> VEIGEL FARM PARTNERS, <br><br> Plaintiffs, <br><br> v. <br><br> AG ACCEPTANCE CORPORATION, <br><br> Defendant. | § § § § § § § § § § § § § § § | No. 1-16-cv-01036-WPL-KK <br><br> Transferred from <br> USDC NDTX (Amarillo) <br> No. 2:15-cv-236-J |

## AG ACCEPTANCE'S RESPONSE TO THE VEIGELS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Counter-Plaintiff Ag Acceptance Corporation ("**Ag Acceptance**") files this response to Counter-Defendants' (collectively, the "**Veigels**") Motion for Summary Judgment on Ag Acceptance's breach of contract counterclaim.

Ag Acceptance has also filed its own motion for summary judgment on the counterclaim. *See* Dkt. #96.

### I. STATEMENT OF MATERIAL FACTS

Ag Acceptance does not dispute any of the enumerated facts the Veigels set out in their Motion for Summary Judgment. Ag Acceptance presents the following additional facts:

1. The contract at issue in this counterclaim is a settlement agreement that was signed on November 8, 2008. "**Friemel Settlement**," Ex. A to the Declaration of Barbara Whiten Balliette ("**Balliette Dec.**"), filed concurrently in support herewith.

2. For clarity, Ag Acceptance explains that the "Deaf Smith County Property" referred to in the Friemel Settlement and the Texas Property referred to in the Veigels' Amended Petition

and throughout this lawsuit are the same property. Dkt. #38, at ¶ 13. The Friemel Settlement refers to the same property as the "Deaf Smith County Property." Balliette Dec., Ex. A, at ¶ 5. Ag Acceptance will refer to the property as the "**Texas Property**."

3. The Friemel Settlement arose out of a lawsuit that was originally filed to determine who owned rights to the 2006–07 wheat crop that was planted on the foreclosed Texas Property, but it evolved into a much larger suit over lease rights and other ownership issues related to the property, including the Veigels' claims that final court rulings regarding foreclosure of the Texas Property were "automatically null and void" and, therefore, Ag Acceptance does not legitimately own the property. Terra Partners' Cross-Claim Against Ag Acceptance and Rabo Agrifinance in the Friemel Suit ("**Friemel Cross-Claim**"), Balliette Dec., Ex. B, generally and at ¶¶ 62–65.

4. In the Friemel Cross-Claim, the Veigels demanded return of the Texas Property "free and clear of any claim or interest of AAC [Ag Acceptance], RAF [Rabo Agrifinance], and their tenants." Friemel Cross-Claim, Balliette Dec., Ex. B, at ¶ 65.

5. In 2007, Rabo Agrifinance, Inc. (now known as RaboAgrifinance LLC), filed a foreclosure suit against the Veigels in New Mexico state court, seeking to foreclose on the "New Mexico Property" to satisfy a federal court judgment Rabo Agrifinance held against the Veigels. The district court allowed the foreclosure, and the Veigels appealed but lost. *See* Exs. E-1 through E-3 to Ag Acceptance's Motion for Summary Judgment, Dkt. #96-6 (the "**New Mexico State Foreclosure Suit**").

6. Ag Acceptance was not a party to the New Mexico State Foreclosure Suit and did not seek to foreclose on the New Mexico Property. *Id.*; *see also* Docket Sheet in New Mexico State Foreclosure Suit, Ex. C to Ag Acceptance's Motion for Summary Judgment, Dkt. #96-4.

7. The Veigels' affirmative claims in this lawsuit seek money damages from Ag Acceptance based on Ag Acceptance's 2012 sale of the Texas Property. Amended Petition, Dkt. #38, at 10 (praying "that the Court enter a judgment in the amount of any sums unjustly retained by AAC as a result of the sale to Champion . . . including consequential damages resulting from said retention . . ."); Computation of Damages in Plaintiffs' Initial Disclosures, Balliette Dec., Ex. C, at 5 (stating that the Veigels demand "a judgment in favor of Plaintiffs in the amount of any sums unjustly retained by AAC as a result of the sale to Champion . . . Plaintiffs' damages will be equal to the amount of those proceeds.").

8. Because of Steve Veigel's bad faith filings and repeated assertions that all prior court rulings are "void ab initio," the Veigels are subject to a Fifth Circuit injunction and litigation bar order. *Terra Partners v. Rabo Agrifinance, Inc.*, 504 F. App'x 288, 290 (5th Cir. 2012) *cert. denied sub nom. Veigel v. Rabo Agrifinance, Inc.*, ⎯⎯ U.S. ⎯⎯, 133 S. Ct. 2398 (2013) (the "**Injunction**").

## II. ARGUMENT

### A. INTRODUCTION

Ag Acceptance's counterclaim against the Veigels asserts that their affirmative claims in this lawsuit breach the Friemel Settlement. As is apparent from the face of the Friemel Settlement itself, the settlement took place during the height of litigation between the Veigels and Ag Acceptance and its affiliate, Rabo Agrifinance. *See* Friemel Settlement, Balliette Dec., Ex. A, at 2, (listing ongoing litigation between the parties, including three pending federal appeals (¶ 5a), at least two state court appeals (¶ 5b), USDA administrative proceedings (¶ 5c), a newly-filed federal district court case (¶ 5d), and litigation in New Mexico regarding foreclosure of the New Mexico property (¶ 5e)). Although it began as a relatively small suit over rights to a wheat crop, it mushroomed into a rambling tirade over lease rights, the validity of the foreclosure on the Texas

Property (even though the same court had already held a two-week jury trial and found the foreclosure proper), and Ag Acceptance's right to own the Texas Property. Friemel Cross-Claim, Balliette Dec., Ex. B, generally and at ¶¶ 62–65.

A reading of the entire Friemel Settlement reveals the contract's very clear purpose: to prevent further challenges to Ag Acceptance's rights to the Texas Property and limit the mountain of litigation to those enumerated lawsuits that were already on file. To that end, the contract specifically states that the Veigels will never again challenge Ag Acceptance's right of "title ownership, possession, and/or lease" of the Texas Property *except in specifically enumerated lawsuits*:

> From the date of this agreement forward, Terra Partners and the Veigel Entities agree that ***neither Terra Partners nor any Veigel Entity will contest the Rabo Parties'***, and/or the Rabo Parties' assigns', lessees', and or the future purchasers of the Deaf Smith County (property defined below) ***right of title, ownership, possession, and/or lease of the Deaf Smith County property***, known in this matter as Tracts 1, 2, and 3 including ***the property foreclosed upon on September 2, 2003*** and the 960 Acres (being all of Section 59 and the East ½ of Section 60). . . .
>
> . . .
>
> This agreement does not preclude Terra Partners or Any Veigel Entity from pursuing any issues in the following appeal or cases . . .
>
> . . .
>
> e.   Litigation, including cross claims, in New Mexico related to the foreclosure of the New Mexico property.

Friemel Settlement, Balliette Dec., Ex. A, at ¶ 5.

Thus, the questions this Court should consider in deciding whether the Veigels' claims in this lawsuit breach the Friemel Settlement are: (1) do the Veigels' claims in this lawsuit constitute a challenge to Ag Acceptance's right of "title, ownership, or possession" of the Texas Property; and (2) if so, are the claims in this lawsuit within the contract's exception in paragraph 5.e for

"Litigation, including cross claims, in New Mexico related to the foreclosure of the New Mexico property." As to those issues, Ag Acceptance asserts that (1) the Veigels' claims for money damages based on the proceeds connected to Ag Acceptance's 2012 sale of the Texas Property are a challenge to Ag Acceptance's ownership of that property in violation of the Friemel Settlement; and (2) the affirmative claims in this lawsuit do not fall within the exception in paragraph 5.e of the Friemel Settlement.

B. **INTERPRET THE ENTIRE CONTRACT AS "HARMONIOUS WHOLE"**

Both Ag Acceptance and the Veigels assert that the Friemel Settlement is an unambiguous contract. "When parties disagree over the meaning of an unambiguous contract, '[t]he intent of the parties must be taken from the agreement itself, not from the parties' present interpretation, and the agreement must be enforced as it is written. . . .' " *Addicks Servs., Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 294 (5th Cir. 2010) (internal citations omitted). A court should view a contract "as a harmonious whole, give meaning to every provision, and accord each part of the contract its significance in light of other provisions." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, 314 P.3d 688, 695 (citing *Pub. Serv. Co. of N.M. v. Diamond D Constr. Co.,* 2001–NMCA–082, ¶ 19, 131 N.M. 100, 33 P.3d 651).[1]

C. **THE VEIGELS' AFFIRMATIVE CLAIMS CONSTITUTE A CHALLENGE TO AG ACCEPTANCE'S "OWNERSHIP" OF THE DEAF SMITH COUNTY PROPERTY**

The Veigels argue that their causes of action are not a challenge to Ag Acceptance's "ownership" of the land, but this argument makes no sense at all. If the Veigels are not claiming an ownership interest in the land, what basis do they have to receive part of the proceeds from the sale of that land? Their claims for part (or potentially all) of the proceeds from the sale do not arise

---

[1] Ag Acceptance believes that Texas law governs the Friemel Settlement; however, because there do not appear to be material differences in contract law, Ag Acceptance has not undertaken a choice of law analysis. Ag Acceptance is in no way conceding that New Mexico law applies to the claims in this case.

5

out of any lien the Veigels held on the Texas land, but upon Terra XXI's prior ownership of the land. Indeed, ownership is a legal requirement for the Veigels' cause of action for unjust enrichment or money had and received.[2] *See Am. Petrofina Co. of Texas v. Panhandle Petroleum Prod., Inc.*, 646 S.W.2d 590, 592 (Tex. App.— Amarillo 1983, no writ) ("An essential element of [Plaintiff's] ground of recovery under money had and received is that proceeds … in question belong to [Plaintiff] (*i.e.* ownership)"); *see also Aragon v. Rio Costilla Co-op. Livestock Ass'n*, 1991-NMSC-057, 112 N.M. 152, 156, 812 P.2d 1300, 1304 ("When the court imposes a constructive trust the person holding title to the property is subject to an equitable duty to convey the property to another person as a remedy."). There is no question that the Veigels' demand for the proceeds from the sale of the Texas Property is not only a direct assertion of their own continued ownership of the land but also a challenge to Ag Acceptance's ownership of the land; these claims are *exactly* what the Friemel Settlement very explicitly sought to prevent.

Further, although the Veigels attempt to justify their breach of the Friemel Settlement by asserting that they are merely seeking an accounting of the proceeds from Ag Acceptance's sale of the property (which is still a breach of the agreement), two of the Veigels' affirmative causes of action actually demand part or all of the cash proceeds from that sale. Amended Petition, Dkt. #38, at 10 (praying "that the Court enter a judgment in the amount of any sums unjustly retained by AAC as a result of the sale to Champion . . . including consequential damages resulting from said retention . . ."); Computation of Damages in Plaintiffs' Initial Disclosures, Balliette Dec., Ex. C, at 5 (stating that the Veigels want the court to "enter a judgment in favor of Plaintiffs in the amount of any sums unjustly retained by AAC as a result of the sale to Champion . . . Plaintiffs' damages

---

[2] Plaintiffs have argued that their claim for unjust enrichment is the same as a claim for money had and received.

will be equal to the amount of those proceeds."). The Veigels' assertion that the present lawsuit is an innocuous accounting claim is simply false.

Finally, the Veigels (somewhat puzzlingly) assert that their claims in this case cannot violate the Friemel Settlement because the sale of the property occurred several years after the Friemel Settlement. Veigels' MSJ, Dkt. #100, at 3; Dkt. #73, at 5. This argument proves Ag Acceptance's point. As is apparent from a reading of the full contract, the purpose of the Friemel Settlement was to prevent both future challenges to ownership and future litigation. The present suit compromises both goals. What good is a settlement that attempts to limit future litigation if one of the parties can bring claims about the same topics years later?

The point of the Friemel Settlement, which is wholly apparent on its face, was to stop the Veigels from continuing to attack Ag Acceptance's right of ownership of the Texas Property (as they had done in the Friemel Cross-Claim, Balliette Dec., Ex. B) and contain the mountain of litigation to the specifically enumerated lawsuits. The Veigels clearly demonstrate they have no intent of complying with their obligations under the agreement. Their affirmative claims in this lawsuit are *precisely* what the Friemel Settlement aimed to prohibit.

D.     <u>THIS LAWSUIT DOES NOT FALL WITHIN THE ENUMERATED EXCEPTIONS</u>

The Veigels also assert that their claims do not breach the Friemel Settlement because they fall within an exception in paragraph 5.e of the agreement, which allowed "Litigation, including cross claims, in New Mexico related to the foreclosure of the New Mexico property." Balliette Dec., Ex. A, at ¶ 5.e. First, as the Court knows, the New Mexico State Foreclosure Suit, a nine-year-long litigation saga in New Mexico state court, has finally ended (even though the Veigels tried to keep it going forever by relitigating the same issues over and over and filing frivolous

challenges and motions for rehearing).³ But, in typical Veigel relitigation fashion, the Veigels now assert that the present lawsuit also fits into the same exception. Multiple lawsuits rehashing the same issues are directly contrary to the intent of the Friemel Settlement.

Further, even if the exception contemplated seriatim lawsuits over the same issues, the affirmative claims in the present lawsuit do not fall within the exception because they are not actually related the foreclosure of the New Mexico Property. The Veigels' affirmative claims in this lawsuit demand proceeds from the sale of the Texas Property. Ag Acceptance, the defendant in the present lawsuit, has never attempted to foreclose on the New Mexico Property. The affirmative claims are therefore about the Texas Property, not the New Mexico Property. Simply mentioning the New Mexico Property in the same lawsuit does not make the claims related. The Veigels' affirmative claims do not fall within any exception in the Friemel Settlement; therefore, they constitute a breach of that agreement.

### III. CONCLUSION

This lawsuit violates every purpose of the Friemel Settlement and definitively proves that the Veigels will find any way possible, whether legitimate or not, to continue litigating previously-resolved issues. The clear intent of the Friemel Settlement was to prevent the Veigels from interfering with Ag Acceptance's ownership of the Texas Property and put a hard stop on the litigation by limiting lawsuits involving the Texas Property to those specifically enumerated in the agreement. If the Veigels can continue filing additional lawsuits that simply mention the words "New Mexico Property" and "foreclosure," thereby shoehorning their claims into the exception in paragraph 5.e, or manufacture some other reason to sue Ag Acceptance and its affiliates, the Friemel Settlement was absolutely meaningless and the litigation will never end.

---

³ *See* Exs. H-1 through H-5 of Ag Acceptance's Motion for Summary Judgment, Dkt. #96-9.

And that, perhaps, is the Veigels' goal. As they have clearly demonstrated through their tactics in this lawsuit and others, never-ending litigation is *exactly* what the Veigels are seeking and they will continue to strain to find new ways of fighting over resolved claims. In the Friemel Cross-Claim, they began by arguing that all prior court rulings were void, and that therefore they still owned the Texas Property. Friemel Cross-Claim, Balliette Dec., Ex. B, at ¶¶ 62–65. The Friemel Settlement was supposed to settle all of the claims asserted in the lawsuit, but in 2011 Steve Veigel attempted to file a frivolous amicus brief in the Fifth Circuit arguing once again that all of the prior court rulings were "void *ab initio*." *See* Injunction, 504 Fed. Appx. 288 at 290 (finding that the brief was "frivolous" and that threats of "continued meritless litigation is the definition of bad faith"). Steve Veigel promised (and has lived up to his promise) that the Veigels would continue "to raise the same void ab initio argument in future Rule 60(b) motions; petitions for writs of mandamus in state or federal court; motions to reopen bankruptcy cases for consideration of motions for contempt; bills of review in state court; and other collateral attacks on the prior judgments of this court," and would continue to refuse to accept the finality of court decisions. *Id. at* 291. This promise of a deluge of litigation over resolved issues drew monetary sanctions and the Injunction from the Fifth Circuit. *Id.* But even those harsh and rare sanctions were insufficient to deter the Veigels' campaign. After their lawyers withdrew from the New Mexico State Foreclosure Suit, the Veigels, through Steve Veigel, again filed multiple *pro se* pleadings asserting that prior rulings were void. *See* Ex. H to Motion for Sanctions, Dkt. #96-9. And in this lawsuit, counsel asserts that the Veigels have refused to follow their advice. Motion to Withdraw, Dkt. #95.

The Friemel Settlement was supposed to limit the litigation to the specifically-enumerated lawsuits. The affirmative claims in this lawsuit breach that agreement. Ag Acceptance implores the Court to enforce the Friemel Settlement and put an end to the litigation.

WHEREFORE, Ag Acceptance asks the court to DENY the Veigels' Motion for Summary Judgment on Ag Acceptance's counterclaim and GRANT Ag Acceptance's own Motion for Summary Judgment, awarding damages for breach of contract.

Dated: December 15, 2016                    Respectfully submitted,

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette (*pro hac vice*)
bballiette@rctlegal.com
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy, C-300
Austin, Texas 78746
T: 512-647-6100
F: 512-647-6129

Richard F. Rowley, II
r2@rowleylawfirm.com
**ROWLEY LAW FIRM LLC**
P.O. Box 790
Clovis, New Mexico 88102
T: 575-763-4457
F: 575-763-4450

*Counsel for Defendant*
*Ag Acceptance Corporation*

## **CERTIFICATE OF SERVICE**

   I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the District of New Mexico on December 15, 2016, using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Jeffrey A. Dahl
Justin B. Breen
**KELEHER & MCLEOD, P.A.**
P.O. Box AA
Albuquerque, NM 87103

*Counsel for Plaintiffs*

               /s/ *Barbara Whiten Balliette*
               Barbara Whiten Balliette