# EXHIBIT A

IN THE 222ND JUDICIAL DISTRICT COURT
DEAF SMITH COUNTY, TEXAS

| | |
|---|---|
| JAMES FRIEMEL and MELANIE FRIEMEL,<br><br>Plaintiffs,<br><br>VS.<br><br>AG ACCEPTANCE CORPORATION and TERRA PARTNERS,<br><br>Defendants,<br><br>and<br><br>RABO AGRIFINANCE, INC.,<br><br>Intervenor. | NO. CI-07C-024 |

Dated: November 6, 2008

## SETTLEMENT AGREEMENT

1. This agreement binds all Rabo Entities, including but not limited to Rabo Agrifinance, Inc. and Ag Acceptance Corporation ("Rabo Entities"). Rabo Entities shall also include its representatives, employees, agents, and/or attorneys.

2. In addition, this agreement binds Terra Partners and all Veigel Entities, including but not limited to Terra XXI, Ltd., Veigel Farm Partners, Veigel Grain Company, Grain Central Station, Steven Veigel, Robert Veigel, Ella Marie Veigel and any entity that either Steven Veigel, Robert Veigel, and/or Ella Marie Veigel own an interest in, whether directly or indirectly (the "Veigel Entities"). The signatures of Steven Veigel, Robert Veigel, and/or Ella Marie Veigel below bind any and all entities in which Steven Veigel, Robert Veigel and/or Ella Marie Veigel own an interest in, whether directly or indirectly.

3. Terra Partners and Clark Ashworth Milby, RLLP, counsel for Terra Partners, collectively receive $125,000 from the Court's registry related to the 2006/2007 wheat crop ("2006/2007 Wheat Crop").

4. The Rabo Entities receive the remainder of all funds in the Court's registry related to the 2006/2007 Wheat Crop.

5. From the date of this agreement forward, Terra Partners and the Veigel Entities agree that neither Terra Partners nor any Veigel Entity will contest the Rabo Parties',



1

and/or the Rabo Parties' assigns', lessees', and/or the future purchasers' of the Deaf Smith County (property defined below) right of title, ownership, possession, and/or lease of the Deaf Smith County property, known in this matter as Tracts 1, 2, and 3 including the property foreclosed upon on September 2, 2003 and the 960 Acres (being all of Section 59 and the East ½ of Section 60). Terra Partners and the Veigel Entities expressly acknowledge that any and all leases of the Deaf Smith County property in which they claim or may claim an interest are void as of the date of this agreement forward. Terra Partners and the Veigel Entities agree, represent, and warrant that they will not enter the Deaf Smith County property defined above without an order of a court or without written permission of the Rabo Entities, so long as the Rabo Entities own the Deaf Smith County property.

This agreement does not preclude Terra Partners or any Veigel Entity from pursuing any issues in the following appeals or cases; however, prevailing on any of the following cases and/or appeals shall not entitle Terra Partners or any Veigel Entity to any additional funds from the 20006/2007 Wheat Crop. The Rabo Entities reserve all rights to fully defend and prosecute any and all claims asserted or that will be asserted in the following appeals or cases:

    a.    All currently pending appeals in the Fifth Circuit Court of Appeals, including the appeals from the Equipment Suit (Cause No. 2:06-CV-153-J), the Partition Suit (Cause No. 2:06-CV-272-J), and the Deficiency Suit (Cause No. 2:05-CV-243-J);

    b.    All currently pending appeals in either the Amarillo Court of Appeals or the Texas Supreme Court, including but not limited to, the appeal from the summary judgment motions/trial on the merits in Cause No. 04-011B litigated in the 222nd District Court for Deaf Smith County and any challenge to the decision rendered by the Amarillo Court of Appeals on October 31, 2008 in Cause No. 07-06-0419-CV;

    c.    Any challenge to the denial of the USDA program payments for 2007 only. Any decision related to this challenge will not be used by any Veigel Entity to argue that it possesses any valid lease on the Deaf Smith County property identified above in any other context in the future in connection with any litigation, contest, or challenge with any Rabo Entity and/or assigns, lessees, and/or future purchasers of the Deaf Smith County property identified above;

    d.    Cause No. 08-CV-00194-J pending in the United States District Court for the Northern District of Texas;

    e.    Litigation, including cross claims, in New Mexico related to the foreclosure of the New Mexico property.

6.    Terra Partners and the Veigel Entities agree to open a new bank account in Terra Partners' name to deposit these funds to keep them segregated from any other Terra Partners' funds and to inform the Rabo Entities of the identity of the account. The Rabo Entities agree not to execute any judgment it currently possesses against the funds paid to

2

Terra Partners and deposited in this account as a result of this agreement. The Veigel Entities agree that no other funds will be deposited into this account and that this agreement does not preclude the Rabo Entities from executing their judgments against any other Terra Partners' assets.

7. In exchange, Terra Partners and the Veigel Entities agree not to challenge the validity or propriety of the Rabo Entities' execution against and the subsequent sale of Terra Partners' equipment and/or garnishment efforts prior to the date of this agreement, the proceeds of which, if any, were subsequently credited to judgments currently held by the Rabo Entities against Terra Partners. To the extent that any such claim is asserted in Cause No. 08-CV-00194-J pending in the United States District Court for the Northern District of Texas, Terra Partners and the Veigel Entities agree to dismiss that claim only WITH PREJUDICE.

8. This agreement reflects the entire agreement between the parties. There are no other side agreements, oral or written, that affect any terms of this agreement.

9. The Rabo Entities and Terra Partners and the Veigel Entities acknowledge that no one is relying on any statement, claim, or assertion of any other person/entity. The Rabo Entities and Terra Partners and the Veigel Entities agree that this is a final resolution of the claims asserted in this lawsuit. However, the Rabo Entities and Terra Partners and the Veigel Entities agree that this resolution does not affect the claims asserted in the litigation and appeals referenced in Paragraph 5(a)-(e) above. The Rabo Entities and Terra Partners and the Veigel Entities acknowledge that they have had the opportunity to confer with their counsel and are entering into this agreement voluntarily and of their own free will. The Rabo Entities and Terra Partners and the Veigel Entities acknowledge that they cannot and will not seek to set aside this agreement on any grounds, including but not limited to, any claim that the agreement was fraudulently induced.

10. ==Nothwithstanding anything else in this agreement, Terra Partners and the Veigel Entities and the Rabo Entities agree to an entry of a FINAL JUDGMENT dismissing all claims raised in this case WITH PREJUDICE effective November 6, 2008, and agree not to assert these claims in any other litigation.== However, the Rabo Entities and Terra Partners and the Veigel Entities agree that this resolution does not affect the claims asserted in the litigation and appeals referenced in Paragraph 5(a)-(e) above. Terra Partners and the Veigel Entities and the Rabo Entities agree to waive all appellate rights related to this matter. Immediately after entry of the FINAL JUDGMENT, the District Clerk is authorized to release funds specified in this agreement, consistent with the District Clerk's ordinary custom.

11. This agreement shall bind the Rabo Entities' and Terra Partners' and the Veigel Entities' heirs, successors, and assigns.

12. The Rabo Entities and Terra Partners and the Veigel Entities each represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Agreement, except as otherwise set

forth herein; that each has the sole right and exclusive authority to execute this Agreement and receive the considerations specified in it; and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action in this litigation, other than any assignment of attorneys' fees.

APPROVED AS TO FORM:

*[signature: Clifford H. Walston]*

Clifford H. Walston, counsel for Rabo Agrifinance, Inc.
And Ag Acceptance Corporation

*[signature: Steven E. Clark]*

Steven E. Clark, counsel for Terra Partners

APPROVED AND AGREED TO:

*[signature: Linda E. Kobliska]*, deputy general counsel
Linda Kobliska on behalf of Rabo Agrifinance, Inc.

*[signature: Linda E. Kobliska]*, Secretary
Linda Kobliska on behalf of Ag Acceptance Corporation

*[signature: Steven Veigel]*
Steven Veigel, as Authorized Agent, on behalf of Terra Partners

*[signature: Robert Veigel]*
Robert Veigel, as Authorized Agent, on behalf of Terra Partners

*[signature: Steven Veigel]*
Steven Veigel, individually, and on behalf of all entities in which he has an ownership in, either directly or indirectly, including but not limited to Terra XXI, Ltd., Veigel Farm Partners, Veigel Grain Company, Grain Central Station

4

*Robert Veigel*
Robert Veigel, individually, on behalf of all entities in which
he has an ownership in, either directly or
indirectly, including but not limited to
Terra XXI, Ltd., Veigel Farm Partners,
Veigel Grain Company, Grain Central Station

*Ella Marie Veigel*
Ella Marie Veigel, individually, and on behalf of all
entities in which she has an ownership in, either
directly or indirectly, including but not limited to
Terra XXI, Ltd., Veigel Farm Partners,
Veigel Grain Company, Grain Central Station

5