EXHIBIT C

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL;
ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.; VEIGEL CATTLE
COMPANY; and VEIGEL FARM PARTNERS,

    Plaintiffs,

v.                                  No. 2:15-cv-236-J

AG ACCEPTANCE CORPORATION,

    Defendant.

## PLAINTIFFS' INITIAL DISLCOSURES

Plaintiffs, by and through their attorneys, Keleher & McLeod, PA (Jeffrey A. Dahl and Justin B. Breen), hereby provide their initial disclosures:

**I.    The name, address, and telephone number (where known) of individuals likely to have discoverable information that Plaintiffs may use to support their claim:**

    A.    <u>Robert Veigel</u>, c/o Keleher & McLeod, P.A. Mr. Veigel has information concerning the history of the loans and mortgages at issue in Plaintiffs' Petition For Accounting, Claim For Unjust Enrichment, Imposition Of Constructive Trust, And Request For Declaratory Relief ("Petition").

    B.    <u>Steve Veigel</u>, c/o Keleher & McLeod, P.A. Mr. Veigel has information concerning the history of the loans and mortgages at issue in Plaintiffs' Petition.

    C.    As of yet unidentified representative(s) from Champion Feeders, LLC ("Champion"). Those representative(s) will have information concerning Champion's purchase

of the real property at issue herein, including its requirement that the property be conveyed free of all liens. The representative(s) will also have information about how the proceeds and other consideration of the Champion sale were paid and allocated among Rabo Agrifinance, Inc. ("Rabo") and/or Ag Acceptance Corporation ("AAC").

  D. As of yet unidentified representative(s) from Great Plains Ag Credit, P.O. Box 50060, Amarillo, Texas 79159 ("Great Plains"). Those representative(s) will have information concerning Champion's purchase of the real property at issue herein, including its requirement that the property be conveyed free of all liens. The representative(s) will also have information about how the proceeds of the Champion sale were paid and allocated among Rabo and/or AAC.

  E. As of yet unidentified representative(s) from A.O. Thompson Abstract Co. Inc., 242 East 3rd, Hereford, Texas 79045. Those representative(s) will have information concerning Champion's purchase of the real property at issue herein, including its requirement that the property be conveyed free of all liens. The representative(s) will also have information about how the escrow proceeds and other consideration of the Champion sale were paid and allocated among Rabo and/or AAC.

  F. As of yet unidentified representatives from Defendant AAC, c/o AAC's counsel. Those representative(s) will have information concerning Champion's purchase of the real property and the receipt, distribution, and allocation of sales proceeds and other consideration as well as AAC's earlier purchase of the real property at issue subject to the priority lien(s) of Rabo and the release and satisfaction of such lien(s) as well as an account of all previous debts owed to AAC and payments and credits thereon at issue herein.

G. Shawn Smeins, representative of AAC and Rabo, c/o AAC's counsel. Mr. Smeins will be called to testify about how AAC calculated the purchase price for the property at issue herein based on the fact that the property was subject to Rabo's superior lien(s) and the satisfaction of such lien(s).

H. Linda Kobliska, Deputy General Counsel for AAC and Rabo, c/o AAC's counsel. Ms. Kobliska will be called to testify about AAC's representation to the United States Federal Government, and admission therein, that AAC would be using proceeds from the Champion sale to satisfy the Plaintiffs' loan obligations to Rabo and AAC.

I. As of yet unidentified representatives from Rabo. Those representatives will be called to testify about Rabo's previous encumbrance on the real property concerned herein, as well as the priority thereof, and the release of Rabo's lien(s) upon the sale of the property to Champion. The representative(s) will also have information about how the proceeds of the Champion sale were received, distributed, and credited as well as an account of all previous debts owed to Rabo and payments and credits thereon.

**II. Documents, electronically stored information, and tangible things that Plaintiffs may use to support their claim:**

A. Mortgage on Guadalupe County property, recorded on June 12, 1998. [Exhibit A to Petition.]

B. Mortgage on the Quay County property, recorded on June 18, 1998. [Exhibit B to Petition.]

C. March 28, 2006, letter from Attorney Linda Kobliska. [Exhibit C to Petition.]

D. November 15, 2012 Special Warranty Deed to Champion. [Exhibit D to Petition.]

E. Release of Deed Of Trust number 942566 recorded November 15, 2012. [Exhibit E to Petition.]

F. Release of Deed Of Trust number 981253 recorded November 15, 2012. [Exhibit F to Petition.]

G. AAC's US Department of Agriculture form FSA-153, showing receipt of at least $6,154,660 from Champion for the sale of the property at issue. [Exhibit G to Petition.]

H. Check number 2927 for $224,346.35 from the Deaf Smith County District Clerk payable jointly to Rabo and AAC and related court registry ledger.

I. Deed Of Trust number 942566 recorded November 10, 1994.

J. Notice Of Foreclosure on Deed Of Trust number 942566 posted on August 11, 2003.

K. Deed Of Trust number 981253 recorded June 3, 1998.

L. Notice of Foreclosure on Deed Of Trust number 981253 posted on August 12, 2003.

M. Deed Of Trust number 981254 recorded June 3, 1998.

N. Notice of Foreclosure on Deed Of Trust number 981254 posted on August 12, 2003.

O. Substitute Trustee's Deed number 032023 recorded on September 2, 2003.

P. Any and all pertinent documents relating to the loans concerned in this matter, including, but not limited to, the mortgages on the New Mexico property, and documents related to the Champion sale in the possession, custody and control of the Defendants that have been produced in prior litigation.

III. **Computation of Damages**

A. Plaintiffs are requesting: 1) an accounting concerning the handling of the proceeds from the sale to Champion and the other retained funds as specified in the Petition; 2) that the Court enter a judgment in favor of Plaintiffs in the amount of any sums unjustly retained by AAC as a result of the sale to Champion and the retention of those funds; 3) that the Court enter a judgment imposing a constructive trust as to those funds; and 4) that the Court enter a judgment declaring that the AAC Notes have been satisfied in full. Accordingly, the Plaintiffs damages will be equal to the amount of those proceeds and that amount will be discovered as part of this proceeding.

IV. **Insurance Agreement.**

There is no insurance coverage applicable to this matter.

Plaintiffs reserve the right to supplement these disclosures as additional information is acquired and in accordance with F.R.C.P. Rule 26.

Respectfully submitted,
KELEHER & MCLEOD, P.A.

By: _____
Jeffrey A. Dahl – NM SBN 0622
Justin B. Breen – NM SBN 28108
Post Office Box AA
Albuquerque, New Mexico 87103
Telephone: (505) 346-4646
Facsimile: (505) 346-1370
E-Mail: jlr@keleher-law.com
E-Mail: jbb@keleher-law.com
*Lead Counsel for Plaintiffs*