THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL;
ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.; VEIGEL CATTLE
COMPANY; and VEIGEL FARM PARTNERS,
   Plaintiffs,

v.                                                           No. 16-cv-01036 WPL/KK

AG ACCEPTANCE CORPORATION,
   Defendant.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT [Doc. 96]

Plaintiffs, by and through their counsel, Keleher & McLeod, P.A. hereby provide their Response to Ag Acceptance Corporation's ("AAC") Renewed Motion For Summary Judgment And Brief In Support Thereof ("Motion") [Doc. 96]. The Motion seeks summary judgment on AAC's Counterclaim and Plaintiffs' Amended Petition. The two parts of the Motion are addressed separately below.

**A. AAC's Counterclaim**

AAC already filed a motion for summary judgment on its counterclaim. [Doc. No. 56]. That motion was denied on September 8, 2016 [Doc. 78]. In response to AAC's request that this Court reconsider that denial, and to avoid unnecessary duplication of court filings, Plaintiffs incorporate herein by reference their previous response to that motion and all exhibits offered in support of the response [Doc. 72] as permitted by D.N.M. LR-Civ. 10.7. In further response, Plaintiffs incorporate their Motion For Summary Judgment On AAC's Counterclaim [Doc. 100] filed on December 1, 2016 herein by reference.

The sole issue presented in the Counterclaim is whether the Amended Petition violates the Friemel Settlement. The material facts relevant to that inquiry are limited to the terms of the Friemel Settlement, the date of the Champion Sale (as defined in the Amended Petition), and the substance of the Amended Petition. The Amended Petition was filed as a result of Rabo's pursuit of a foreclosure proceeding in New Mexico's Tenth Judicial District Court. Accordingly, this action was originally brought in New Mexico because it relates to foreclosure of "the New Mexico property."

As argued in Plaintiffs' Motion For Summary Judgment On AAC's Counterclaim [Doc. 100], the claims in the Amended Petition, to the extent they concern the New Mexico property (including clearing AAC's mortgages of record and any judgment liens of AAC on the New Mexico property), are expressly excluded from the Friemel Settlement. The Amended Petition does not amount to a violation of the Friemel Settlement and the Motion should be denied. For the reasons stated in Plaintiffs' pending Motion For Summary Judgment on AAC's Counterclaim [Doc. 100], AAC's counterclaim should be dismissed with prejudice.

### B. Amended Petition

*I.     Judge Robinson's ruling and AAC's related baseless motion for sanctions*

In the Motion, AAC also "…seeks confirmation that Judge Robinson's Memorandum Opinion and Partial Final Judgment [Doc. No. 79 and 80] constitute a final dismissal, with prejudice, of all of the [Plaintiffs'] affirmative claims." Implicit in that request is an admission that Judge Robinson's Memorandum Opinion and Partial Final Judgment *does not* constitute a final dismissal of Plaintiffs' Amended Petition in its entirety. In fact, Doc. 79 provides that "New Mexico law should not be decided by this Court. This Court rules only that Plaintiffs have not stated any claim upon which relief can be granted under Texas law, and that those claims can be and should be dismissed with prejudice." Id.

Judge Robinson's ruling also says "The balance of the claims asserted herein pursuant to New Mexico law, and specifically those pled in Count IV of the amended complaint, are hereby transferred to the federal court in New Mexico to which this case was removed from state court, for that court's consideration. **This Court offers no opinion of the substance of any claim or cause of action pled under New Mexico law**." Id. (emphasis added).

Based on that ruling, Plaintiffs filed a Motion To Compel AAC's responses to discovery in this Court, after the transfer back to New Mexico Federal Court. The Court summarily denied that motion, applying D.N.M. LR-Civ. 26.6. That New Mexico local rule requires that motions to compel be filed within 21 days after receiving a discovery objection. The Northern District of Texas, where the action was pending when Plaintiff served the discovery, has no such local requirement. Plaintiffs, in good faith, did not seek to compel the discovery responses while AAC's motion to dismiss and previous motion for summary judgment were pending. At the time, such an effort would likely have been futile based on the pending motion to dismiss and motion for summary judgment. However, once the matter was transferred back to this court, Plaintiffs presumed they could resume discovery on any claims "pled under New Mexico law."

AAC's response is even inconsistent with respect to what claims remained after the transfer. AAC notes that it is filing the Motion "…after transfer of the **remaining claims** in this case to this Court" (page 1). AAC then goes on to say that it "…seeks confirmation that Judge Robinson's Memorandum Opinion and Partial Final Judgment constitutes a final dismissal, with prejudice, of all of the Veigels' affirmative claims." Id. AAC says also that "If the Court finds that there is not a final dismissal, Ag Acceptance shows in this Motion that there is no other basis for the Veigels' claims and they should be dismissed with prejudice." Id.

3

Rather than just seek a ruling from this Court on what claims remained under New Mexico law after Judge Robinson's ruling, or a dismissal of those claims based on either New Mexico law or Texas law, AAC jumped the gun and filed a motion for sanctions against Plaintiffs because the Plaintiffs refused to dismiss their claims with prejudice. At the same time though, AAC is requesting confirmation from the Court as to what claims remain: thus, there is a reasonable dispute as to the interpretation of Judge Robinson's ruling which has, unfortunately, led to AAC's hasty filing of a motion for sanctions.

Judge Robinson did not rule on the claims in the Amended Complaint in their entirety. It was AAC that removed the matter from New Mexico state court to New Mexico Federal Court, then to the Northern District of Texas. The fact that the case ended up in New Mexico Federal Court, again, is no fault of Plaintiffs. Plaintiffs' proceeded in this Court, after the transfer back to New Mexico. They were completely justified in doing so because of Judge Robinson's ruling that the matter could proceed on claims "pled under New Mexico law."

*II.     Claims in the Amended Petition*

AAC argues that Judge Robinson's rulings resolve Count I (for an accounting), Count II (for unjust enrichment), and Count III (constructive trust)[1] of the Amended Petition. (Motion, page 4.) AAC acknowledges that Plaintiffs' declaratory judgment claim (Count IV) was not resolved by Judge Robinson.

Based on a review of the arguments presented in the Motion, and in light of Judge Robinson's ruling, Plaintiffs agree that Judge Robinson's ruling operates as a dismissal of Counts I, II, and III of the Amended Petition. However, Judge Robinson's ruling does not say so. Rather, the analysis in the Motion concerning the application of Texas law to Counts I through III is supported. The

---

[1] Plaintiffs already dismissed this count. [Doc. 46, page 4.]

implication is that, as to those claims, Texas law governs and Judge Robinson already dismissed all claims subject to Texas law. "When a person is alleged to have been unjustly enriched, the law of the place of enrichment determines whether he is under a duty to repay the amount by which he has been enriched." *Grasshopper Nat. Med., LLC v. Hartford Cas. Ins. Co., No*. CIV 15-0338 JB/CEG, 2016 U.S. Dist. LEXIS 96798, at *81-82 (D.N.M. July 7, 2016), citing *Ferrell v. Allstate Ins. Co.*, 2008-NMSC-042, ¶50, 188 P.3d at 1171.

As to Count IV of the Amended Petition, the request for a declaratory judgment, the docket in the New Mexico Foreclosure case shows that a writ of assistance has been issued. It appears from that docket that the New Mexico foreclosure is now final. Accordingly, Count IV of the Amended Petition is now moot.

WHEREFORE, Plaintiffs request that the Motion, as it pertains to AAC's Counterclaim, be denied and that the Counterclaim be dismissed with prejudice.

    Respectfully submitted,

    KELEHER & MCLEOD, P.A.

By: /s/ Justin B. Breen
    Filed Electronically on December 16, 2016
    Jeffrey A. Dahl
    Justin B. Breen Post Office Box AA
    Albuquerque, New Mexico 87103
    Telephone: (505) 346-4646
    Facsimile: (505) 346-1370
    E-Mail: jad@keleher-law.com
    E-Mail: jbb@keleher-law.com

## CERTIFICATE OF SERVICE

THIS HEREBY CERTIFIES that on December 16, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**Lead Counsel for Ag Acceptance Corporation:**
Barbara Whiten Balliette
Reid Collins & Tsai LLP
1301 S. Capital of Texas Hwy., C-300
Austin, Texas 78746
Telephone: (512) 647-6100
Facsimile: (512) 647-6129
E-Mail: BBalliette@RCTLegal.com

**Local Counsel for Ag Acceptance Corporation:**
Thomas C. Riney
Riney & Mayfield LLP
320 South Polk Street, Suite 600
Maxor Building
Amarillo, Texas 79101
Telephone: (806) 468-3200
Facsimile: (806) 376-4509
E-Mail: TRiney@RineyMayfield.com

**Lead Counsel for Ag Acceptance Corporation [District of New Mexico]:**
Richard F. Rowley II
Rowley Law Firm, L.L.C.
P.O. Box 790
Clovis, New Mexico 88102-0790
Telephone: (575) 763-4457
Facsimile: (575) 763-4450
E-Mail: R2@RowleyLawFirm.com


/s/ Justin B. Breen
Justin B. Breen

4840-8180-1278, v. 1