THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRA PARTNERS; TERRA XXI, LTD.; ROBERT
WAYNE VEIGEL; ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.; VEIGEL CATTLE COMPANY;
and VEIGEL FARM PARTNERS,

    Plaintiffs,

v.                   No. 16-cv-01036 WPL/KK

AG ACCEPTANCE CORPORATION,

    Defendant.

## PLAINTIFFS' RESPONSE TO DEFENDANT'S
## RULE 11(b) MOTION FOR SANCTIONS [Doc. 98]

COME NOW the Plaintiffs, by and through their counsel, Keleher & McLeod, P.A. (Jeffrey A. Dahl and Justin B. Breen), and for their Response to Defendant Ag Acceptance Corporation's ("AAC") Rule 11(b) Motion For Sanctions ("Motion") [Doc. 98], state as follows:

**I. Defendant's Motion for Sanctions is Without Merit.**

Defendant claims that Plaintiffs continue to assert, without any valid legal basis, claims in this lawsuit that have been resolved. That assertion is not true. FRCP Rule 11(b) states that, by presenting to the Court a pleading an attorney certifies to the best of his or her knowledge, information and belief, formed after an inquiry reasonable under the circumstances that: 1) it is not being presented for any improper purpose; 2) the claims and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; 3) the factual contentions have evidentiary support or will likely have evidentiary support

As shown below, there is no basis for the Defendant's Motion for Sanctions under Rule 11(b).

### A. Procedural History.

After Plaintiffs filed their Complaint in state district court for Quay County, New Mexico, Defendant removed the case to this court. The Amended Petition in this case was filed as a result of Rabo Agrifinance, Inc.'s foreclosure of property owned by Plaintiffs in New Mexico. Plaintiffs brought this action in New Mexico because it related to the foreclosure of New Mexico property. The Petition was filed in New Mexico state court against the Defendant seeking an accounting regarding how funds were applied to the sale of property in Texas; a claim for unjust enrichment alleging that AAC's obligations were satisfied by the sale of the Texas property and that their retention of sums beyond that unjustly enriched the Defendant; a request for constructive trust on the sale proceeds and, finally, a request for declaratory relief regarding the validity of Defendant's mortgage and judgment liens on the New Mexico property.

Defendant sought a transfer of venue to the Northern District of Texas which was granted. Judge Robinson then ruled on Texas law and re-transferred the case back to New Mexico federal court to determine the proceeding of claims pled under New Mexico law.

### B. Plaintiff's Amended Petition and its Disposition.

Upon re-transfer of this case to the District of New Mexico, Defendant filed a Motion for Summary Judgment against Plaintiffs on Plaintiffs' Amended Petition [Doc. 96]. Plaintiffs have now responded to that Motion [Doc. 111]. The basis for summary judgment is that Judge Robinson's Memorandum Opinion and Partial Final Judgment [Docs. 79 and 80] constituted a final dismissal with prejudice of all Plaintiffs' claims; but Judge Robinson considered those claims only in the context of the application of Texas law and specifically stated that "New Mexico law should not be decided by this Court. This Court rules only that Plaintiffs have not stated any claim upon which relief can be granted under Texas law and that those claims can and should be dismissed with prejudice." Judge Robinson went on to transfer the "balance of the claims" asserted

herein pursuant to New Mexico law and specifically those pled in Count IV of the Amended Complaint to this Court. Judge Robinson issued the cautionary statement that "this Court offers no opinion as to the substance of any claim or cause of action pled under New Mexico law."

**C.    Argument**.

Defendant claims that Plaintiffs' Amended Petition is a reassertion "without any valid legal basis" (Defendant's Memorandum of Law in Support of Rule 11(b) Motion for Sanctions, at p. 2) of claims in this lawsuit that have already been resolved by other Courts. Notwithstanding the fact that the Plaintiffs have filed substantial prior litigation with respect to foreclosure of their properties by affiliates of the Defendant, it is important to note that Plaintiffs' Complaint in the present lawsuit, deals not with issues filed by the Plaintiffs in the Texas courts in years past but with claims regarding the disposition of property in New Mexico that was owned by Plaintiffs.

While Judge Robinson dismissed the Plaintiffs' claims in Counts I-III with respect to their application under Texas law, as noted, the balance of the claims asserted pursuant to New Mexico law and specifically the claims in Count IV regarding declaratory relief were transferred to this Court and the Texas court offered no opinion on the substance of any claim or cause of faction pled under New Mexico law. Thus, the argument of the Defendant that all of Plaintiffs' affirmative claims were dismissed by Judge Robinson is contravened by Judge Robinson's own language in the transfer order.

Defendant now claims that Plaintiffs are arguing that the transfer back to this Court entitles him to "reargue" their position under New Mexico law. Plaintiffs are not rearguing their position, they are merely asserting their position as they originally did under New Mexico law and the matter is subject now to the renewed Motion for Summary Judgment by the Defendant [Doc. 96]. However, Defendant's Motion for Summary Judgment was previously denied [Doc. 78] and hence the Court found material issues of fact with respect to Plaintiff's position under New Mexico law.

The Court is now being asked to revisit that ruling to determine the remaining issues in this lawsuit, if there are any.

It is clear from the Defendant's own pleadings that it understands there is a question regarding the remaining claims in this lawsuit (Defendant's Renewed Motion for Summary Judgment, at page 1). As Plaintiffs have previously noted, the Defendant could have awaited a ruling from this Court on what claims remained under New Mexico law after Judge Robinson's ruling. However, rather than doing so, Defendant simply filed a Motion for Sanctions against the Plaintiffs because the Plaintiffs refused to dismiss the entirety of their claims with prejudice. Notwithstanding, AAC by its own pleadings, specifically renewed its Motion for Summary Judgment, and now seeks confirmation from the Court as to what claims remain. Since there is a dispute as to the interpretation of Judge Robinson's ruling, the Defendant's Motion for Sanctions is highly premature and unwarranted. It is appropriate for the Court to determine what claims remain and make its ruling, rather than sanctioning Plaintiffs for allegedly making "frivolous" claims that have yet to be decided.

As noted in Plaintiffs' Response to Defendant's Motion for Summary Judgment, Plaintiffs agree that Judge Robinson's ruling operates as a dismissal of Counts I, II and II of the Amended Petition even though her ruling does not specifically dismiss those claims under New Mexico law. Also, as noted, in Count V, the request for declaratory relief, a Writ of Assistance has been issued on the foreclosure. Unti`l the finality of that foreclosure, the declaratory judgment action was still an issue but now it appears that the foreclosure is final and that Count IV is probably moot. The Court may now make a determination of any remaining issues through the summary judgment procedure.

**II.     Conclusion.**

Based upon a total review of the case and its procedural posture and structure, the Motion for Sanctions is premature and without merit. The Court should make a final determination of whether any claims remain and the case should proceed in accordance with the Court's final determination.  Defendant's Motion for Sanctions should be denied.

        Respectfully submitted,

        KELEHER & MCLEOD, P.A.
          *Filed Electronically on 12/19/2016*
    By: */s/ Jeffrey A. Dahl*
        Jeffrey A. Dahl
        Justin B. Breen
        Post Office Box AA
        Albuquerque, New Mexico  87103
        Telephone:  (505) 346-4646
        E-Mail:  jad@keleher-law.com
        E-Mail:  jbb@keleher-law.com

**CERTIFICATE OF SERVICE**

THIS HEREBY CERTIFIES that on December 19, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Barbara Whiten Balliette
Reid Collins & Tsai LLP
E-Mail:  BBalliette@RCTLegal.com
*Lead Counsel for Ag Acceptance Corporation*

Thomas C. Riney
Riney & Mayfield LLP
E-Mail:  TRiney@RineyMayfield.com
*Local Counsel for Ag Acceptance Corporation*

Richard F. Rowley II
Rowley Law Firm, L.L.C.
E-Mail:  R2@RowleyLawFirm.com
*Lead Counsel for Ag Acceptance Corporation*
*[District of New Mexico]*


*/s/ Jeffrey A. Dahl*
Jeffrey A. Dahl

4815-3674-6558, v. 1