IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; <br> ROBERT WAYNE VEIGEL; <br> ELLA MARIE WILLIAMS VEIGAL; <br> VEIGEL FARMS, INC.; <br> VEIGEL CATTLE COMPANY; and <br> VEIGEL FARM PARTNERS, <br><br> Plaintiffs, <br><br> v. <br><br> AG ACCEPTANCE CORPORATION, <br><br> Defendant. | § § § § § § § § § § § § § § § | No. 1-16-cv-01036-WPL-KK <br><br> Transferred from <br> USDC NDTX (Amarillo) <br> No. 2:15-cv-236-J |

# AG ACCEPTANCE'S REPLY BRIEF ON ITS
# RENEWED MOTION FOR SUMMARY JUDGMENT

Defendant Ag Acceptance Corporation ("**Defendant**" or "**Ag Acceptance**") files this Reply Brief on its Renewed Motion for Summary ("**Renewed MSJ**").

A.  **The Veigels Agree that There Is No Legal Basis to Continue to Pursue Their Claims**

In their Response Brief, Plaintiffs (the "**Veigels**") concede that there is no good faith legal basis to continue pursuing any of their claims in this lawsuit. They concede that their affirmative claims are no longer viable in light of Judge Robinson's ruling, which "operates as a dismissal of Counts I, II, and III of the Amended Petition." Response, Dkt. # 111 at 4. The Veigels also (finally) concede that Count IV, their declaratory judgment claim, is moot because of rulings in the New Mexico State Foreclosure Suit. *Id.* at 5.

Given these concessions and the arguments presented in its Renewed Motion, Ag Acceptance requests that the Court enter final judgment dismissing all of the Veigels' causes of action with prejudice.

B.  **The Veigels' Affirmative Claims in This Lawsuit Constitute a Breach of the Friemel Settlement: Ag Acceptance Is Entitled to Summary Judgment on Its Counterclaim**

As set forth in Ag Acceptance's opening brief and in its response to the Veigels' Motion for Summary Judgment, the Veigels' affirmative causes of action constitute a breach of the Friemel Settlement because that agreement prohibits the Veigels from ever again challenging Ag Acceptance's right of ownership of the Texas Property. By demanding part (or all) of the proceeds from the sale of the Texas property in this lawsuit, the Veigels have challenged Ag Acceptance's right of ownership, thereby breaching the Friemel Settlement terms.

As is apparent from the face of the Friemel Settlement itself, the settlement took place during the height of litigation between the Veigels and Ag Acceptance and its affiliate, Rabo Agrifinance. *See* Friemel Settlement, Ex. B to Renewed MSJ, ¶5. A reading of the entire Friemel Settlement reveals the contract's very clear purpose: to prevent further challenges to Ag

Acceptance's rights to the Texas Property and limit the mountain of litigation to those enumerated lawsuits that were already on file. To that end, it specifically stated that the Veigels would never again challenge Ag Acceptance's right of "title, ownership, possession, and/or lease" of the Texas Property, except in specifically enumerated lawsuits. *Id.*

The Veigels argue that their causes of action in this lawsuit are not a challenge to Ag Acceptance's "ownership" of the land, but this argument makes no sense at all. Their affirmative claims demand some or all of the proceeds from the 2012 sale of the property, which is a direct challenge to Ag Acceptance's ownership. Further, the Veigels' affirmative claims do not fall within an exception allowing claims "related to the foreclosure of the New Mexico Property." As shown by Judge Robinson's decision and the Veigels' concession that the affirmative claims are conclusively resolved by that decision, the Veigels' affirmative claims in this were Texas causes of action, brought by Texas citizens, regarding the sale of property in Texas. There is no relation between those affirmative claims and the foreclosure of different property in New Mexico. Thus, the affirmative claims were not within the exception and constitute a breach of the Friemel Settlement.

Ag Acceptance has fully briefed all of these arguments in its opening brief (Dkt. # 96) and in its Response to the Veigels' Motion for Summary Judgment (Dkt. # 110) and incorporates those arguments, exhibits, and authorities herein by reference.

WHEREFORE, Defendant/Counter-Plaintiff Ag Acceptance requests that the Court enter final judgment in favor of Ag Acceptance on all of the Veigels' causes of action. Ag Acceptance also requests summary judgment on its breach of contract counterclaim against the Veigels and award damages of not less than $75,000.00 or in an amount to be determined after submission of all evidence on damages. Ag Acceptance requests all other relief to which it may be entitled.

Dated:  December 29, 2016                    Respectfully submitted,


/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette (*pro hac vice*)
bballiette@rctlegal.com
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy, C-300
Austin, Texas 78746
T: 512-647-6100
F: 512-647-6129

Richard F. Rowley, II
r2@rowleylawfirm.com
**ROWLEY LAW FIRM LLC**
P.O. Box 790
Clovis, New Mexico 88102
T: 575-763-4457
F: 575-763-4450

*Counsel for Defendant
Ag Acceptance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the District of New Mexico on December 29, 2016, using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Jeffrey A. Dahl
Justin B. Breen
**KELEHER & MCLEOD, P.A.**
P.O. Box AA
Albuquerque, NM 87103

Philip R. Russ
**LAW OFFICES OF PHILIP R. RUSS**
2700 S. Western St., Suite 1200
Amarillo, TX 79109

*Counsel for Plaintiffs*

                                                     /s/ *Barbara Whiten Balliette*
                                                   Barbara Whiten Balliette