IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL;
ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.;
VEIGEL CATTLE COMPANY; and
VEIGEL FARM PARTNERS,

        Plaintiffs,

v.                                                         CV 16-1036 WPL/CG

AG ACCEPTANCE CORPORATION,

        Defendant.

**ORDER GRANTING AG ACCEPTANCE'S MOTIONS
FOR SUMMARY JUDGMENT AND FOR SANCTIONS**

This case arises out of a series of promissory notes executed in Texas in 1997 and 1998 by certain of the Plaintiffs[1] to Ag Services, Inc. As security for the notes, Terra XXI, Ltd. gave Ag Services third mortgages on real property it owned in Deaf Smith County, Texas, and Quay and Guadalupe counties in New Mexico. Ag Services subsequently assigned the notes to Ag Acceptance Corporation. Plaintiffs defaulted on the notes in 2003, and in September of 2003 Ag Acceptance purchased the Texas property at a foreclosure sale for $20,000, subject to two senior mortgages on the property.

Litigation between the Plaintiffs, Ag Acceptance, and other creditors of Plaintiffs began soon thereafter, spawning four Texas state court cases, five lawsuits filed in federal court in

---

[1] The Plaintiffs are a complex web of individuals, partnerships and corporations in Texas run by members of the Veigel family. *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 350 n.2 (5th Cir. 2009).

Texas, and a foreclosure lawsuit filed in New Mexico state court. Three of those cases are particularly important in the resolution of this case.

In 2007, James and Melanie Friemel filed suit against both Terra Partners and Ag Acceptance to determine who owned the rights to the 2006 – 2007 wheat crop that was planted on the Texas property. The case evolved into a much larger battle between Plaintiffs, Ag Acceptance, and Rabo Agrifinance, the parent company of Ag Acceptance, over ownership rights to the Texas property. On November 6, 2008, Plaintiffs, Ag Acceptance, and Rabo Agrifinance settled all claims between them (the Friemel Agreement). The agreement provides (in part) that Plaintiffs will not contest Ag Acceptance's "right of title, ownership, possession and/or lease" of the Texas property. It also allows Plaintiffs to pursue "any issues in . . . [l]itigation, including cross claims, in New Mexico related to the foreclosure of the New Mexico property."

In 2007, Rabo Agrifinance filed a foreclosure lawsuit in New Mexico state court against Plaintiffs concerning promissory notes executed in Texas by Plaintiffs in 1994. These notes were secured in part by a first mortgage on the New Mexico property. Rabo Agrifinance had obtained a judgment in Texas against Plaintiffs for non-payment of the notes, and domesticated that judgment in New Mexico in December of 2006. After extensive litigation in both the trial and appellate courts of New Mexico, the trial court foreclosed the mortgage on the New Mexico property and on May 4, 2016, approved the Special Master's sale of the property.

In December of 2012, the Fifth Circuit affirmed summary judgment for Rabo Agrifinance and Ag Acceptance on Terra Partners' claims that Rabo and Ag Acceptance had converted its property. *Terra Partners v. Rabo Agrifinance, Inc.,* 504 F. App'x. 288, 289 (5th Cir. 2012). The Fifth Circuit imposed monetary sanctions against Steve Veigel, the managing partner of Terra

Partners, for bad faith litigation conduct in seeking to argue that prior decisions of the Fifth Circuit "are legal nullities that are void *ab initio*." *Id*. at 290. Because the Circuit had previously rejected this argument, Veigel's attempt to raise "a patently frivolous legal argument and threatening continued meritless litigation" constituted bad faith that warranted sanctions. *Id*. The Circuit also imposed a litigation bar/injunction that prevents Plaintiffs from filing any document in federal court without first presenting it to the federal court in the Northern District of Texas to determine whether the issues presented have already been litigated. *Id*. at 291.

On November 15, 2012, more than nine years after Ag Acceptance foreclosed on the Texas property, it sold the Texas property to Champion Feeders, Inc. Plaintiffs allege that the sale price exceeded $6,100,000, an amount Plaintiffs claim was sufficient to satisfy the Texas judgment against them and the amount they owed to Ag Acceptance on promissory notes secured by Ag Acceptance's mortgage on the New Mexico property.

This case began in 2014 when Plaintiffs filed suit in state court in New Mexico. Plaintiffs asserted three affirmative causes of action against Ag Acceptance: Count I – a claim for an accounting of proceeds that Ag Acceptance received from the 2012 sale of the Texas property to Champion Feeders; Count II – a claim for unjust enrichment based on the sale of the Texas property; and Count III – a claim seeking to impose a constructive trust on the proceeds Ag Acceptance received from the sale of the Texas property. Under Count II, Plaintiffs requested a judgment for monetary damages against Ag Acceptance as a result of the sale of the Texas property. Plaintiffs also requested a declaratory judgment in Count IV, seeking a ruling that their promissory notes had been satisfied in full and that Ag Acceptance's continuing liens on the New Mexico property were improper and should be released.

Ag Acceptance removed the case to federal court in New Mexico and requested that the case be transferred to the Northern District of Texas, which had jurisdiction to evaluate whether Plaintiffs' pleadings violated the Fifth Circuit's litigation bar/injunction and where prior cases between the parties had been litigated. The motion to transfer was granted, and shortly thereafter Plaintiffs filed an Amended Petition that contained the same four claims against Ag Acceptance. Ag Acceptance filed a counterclaim against Plaintiffs for breach of the Friemel Agreement. Ag Acceptance subsequently filed a motion to dismiss and motion for summary judgment against Plaintiffs. In September of 2016, Judge Robinson, the District Judge assigned to the case in Texas, denied Ag Acceptance's motion for summary judgment but partially granted its motion to dismiss. Judge Robinson dismissed the affirmative causes of action found in Counts I, II and III with prejudice, declined to rule on Count IV, the request for declaratory relief, because its resolution depended on rulings of New Mexico state courts, and transferred the case back to this Court.

At issue are four motions filed by the parties: 1) Ag Acceptance's motion for summary judgment on Plaintiffs' claims (Doc. 96); 2) motions for summary judgment filed by both Ag Acceptance and Plaintiffs on the counterclaim for breach of contract Ag Acceptance filed against Plaintiffs (Docs. 96 and 100); and 3) Ag Acceptance's motion for Rule 11 sanctions against Plaintiffs (Doc. 98).

Ag Acceptance's motion for summary judgment on Plaintiffs' claims in their Amended Petition may be resolved quickly. In their response to the motion, Plaintiffs agree that Judge Robinson's order operates as a dismissal of Counts I, II and III of their Amended Petition. They further admit that, since the New Mexico foreclosure is now final, their request for declaratory

relief in Count IV is moot. Accordingly, Ag Acceptance's motion for summary judgment on Plaintiffs' claims is granted and those claims are dismissed with prejudice.

Both Plaintiffs and Ag Acceptance seek summary judgment on the counterclaim for breach of contract that Ag Acceptance has asserted against Plaintiffs. Ag Acceptance asserts that Plaintiffs' claims in this case challenge Ag Acceptance's right of title and ownership of the Texas property, thereby breaching the Friemel Agreement. Plaintiffs do not contest the validity of the Friemel Agreement, but dispute that it precludes them from bringing this case.

In evaluating this issue, it is helpful to examine the substantive claims asserted by Plaintiffs to the Texas property in the Friemel litigation. After the Friemels were dismissed from the lawsuit, Terra Partners filed an amended cross claim against Ag Acceptance on October 3, 2008. Terra Partners asserted the following claims in the cross claim: that Ag Acceptance's promissory notes had been discharged in bankruptcy, that Ag Acceptance's foreclosure of the Texas property in 2003 was null and void, that the Texas state court judgment upholding the foreclosure was null and void, and finally that Ag Acceptance's claim to title of the Texas property was null and void. Terra Partners demanded that Ag Acceptance return the Texas property to Terra Partners "free and clear of any claim or interest" by Ag Acceptance.

A little more than one month later, Plaintiffs, Ag Acceptance and Rabo Agrifinance executed the Friemel Agreement. The agreement provides that Terra Partners and its counsel will receive $125,000 related to the 2006 - 2007 wheat crop, and that Ag Acceptance and Rabo Agrifinance will receive the remainder of the funds in the court's registry. Paragraph 5 of the agreement states that, from the date of the agreement forward, Plaintiffs will not contest Ag Acceptance and Rabo Agrifinance's "right of title, ownership, possession and/or lease" of the Texas property. Paragraph 5 of the agreement also states that it does not preclude Plaintiffs from

pursuing any issues in certain currently pending cases, including "any issues in . . . [l]itigation, including cross claims, in New Mexico related to the foreclosure of the New Mexico property."

Ag Acceptance argues that Plaintiffs breached the Friemel Agreement by asserting their claims in this case. Plaintiffs make a variety of arguments in defense of bringing this lawsuit. They argue first that their claims do not challenge Ag Acceptance's right to the Texas property, its foreclosure of the Texas property, or the sale of the property to Champion Feeders. If that is true, Plaintiffs have failed to explain the basis for this lawsuit. To be entitled to an accounting of the proceeds Ag Acceptance received from the sale of the Texas property, unjust enrichment based on the sale, and a constructive trust on the proceeds received from the sale, Plaintiffs must have some right to or ownership interest in the Texas property. *See, e.g., Am. Petrofina Co. of Texas v. Panhandle Petroleum Prods., Inc.*, 646 S.W.2d 590, 592 (Tex. App. 1983) (a party must have "some right or title to (*i.e.* ownership of)" the property to succeed on claims for money had and received and for conversion). Plaintiffs' claims not only challenge Ag Aceptance's ownership of the property but assert Plaintiffs' own claim of ownership in the land – exactly what Plaintiffs agreed not to do.

Plaintiffs next assert that they did not breach the Friemel Agreement because the cause of action in this case did not accrue until four years after the execution of the Friemel Agreement, after the sale of the property to Champion Feeders on November 15, 2012. This argument reflects a fundamental misunderstanding of the settlement agreement. The Plaintiffs explicitly agreed not to contest Ag Acceptance's right of title and ownership of the Texas property "[f]rom the date of this agreement forward." Plaintiffs specifically gave up any present or future rights to challenge Ag Acceptance's right of title and ownership of the Texas property.

6

Plaintiffs argue that this case does not breach the Friemel Agreement because it relates to the foreclosure of the New Mexico property. There are two main problems with this argument.

First, this case does not relate to foreclosure of the New Mexico property. The case to foreclose on the New Mexico property was brought by Rabo Agrifinance in state court. *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 274 P.3d 127 (N.M. Ct. App. 2012). Plaintiffs had executed two promissory notes in 1994 to Rabo Agrifinance's predecessor-in-interest, and the notes were secured by a first mortgage on the New Mexico property. *Id*. at 129. The Friemel Agreement allowed Plaintiffs to being claims in the foreclosure litigation, and they did: Plaintiffs asserted counterclaims against Rabo Agrifinance for failure to act in good faith, prima facie tort, extinguishment of the mortgage, civil conspiracy, and quiet title and foreclosure. *Id*. at 129. The trial court granted summary judgment on these claims on res judicata and collateral estoppel grounds, which the New Mexico Court of Appeals affirmed. *Id*. at 133-34. Plaintiffs later raised numerous additional claims: that they were entitled to Rule 1-060(b) relief from judgment because the judgment against them had been satisfied at the Texas foreclosure sale, that they were entitled to relief under the primary fund doctrine, and that the trial court's orders were null and void. All of these challenges were rejected by the New Mexico Court of Appeals and Supreme Court.[2]

Ag Acceptance was never a party to the foreclosure action filed in New Mexico state court. Plaintiffs admitted in both their Petition and Amended Petition that Rabo Agrifinance brought the foreclosure case. Ag Acceptance has never attempted to foreclose on the New

---

[2] *See Rabo Agrifinance, Inc. v. Terra XXI, Ltd.,* 336 P.3d 972 (N.M. Ct. App. 2014); *Rabo AgriFinance, Inc. v. Terra XXI, Ltd.*, No. 35,757, 2015 WL 8770709 (N.M. Ct. App. Nov. 18, 2015) (unpublished); *Rabo Agrifinance, Inc. v. Terra XXI*, 370 P.3d 473 (N.M. 2016) (denying certiorari); *State ex rel. Veigel v. Tatum*, No. S-1-SC-36059 (N.M. Aug. 30, 2016) (unpublished) (denying stay); *State ex rel. Veigel v. Tatum*, No. S-1-SC-36059 (N.M. Sept. 21, 2016) (unpublished) (denying rehearing).

Mexico property. Thus, this case does not fit within the exception in the Friemel Agreement for issues related to foreclosure of the New Mexico property.

Second, Plaintiffs' claims in this case do not relate to foreclosure of the New Mexico property. The first three counts asserted by Plaintiffs – claims for an accounting, for unjust enrichment, and for a constructive trust – are all related to the sale of the Texas property to Champion Feeders. These claims seek to establish that proceeds from the sale of the Texas property to a Texas buyer should be applied to satisfy a Texas federal court judgment on promissory notes executed by Plaintiffs in Texas. Plaintiffs do not contest that Texas law governs these claims. (Doc. 111 at 5.) Count IV, the declaratory judgment claim, also does not fall within the exception for litigation related to the foreclosure of the New Mexico property. Simply asserting a claim that liens on the New Mexico property should be released because of damages Plaintiffs allegedly sustained from the sale of the Texas property does not magically transmute this case into a foreclosure case on the New Mexico property.

The essential elements for a breach of contract action under Texas law are: the existence of a valid contract; performance or tendered performance by the plaintiff; breach of the contract by the defendant; and damages sustained by the plaintiff as a result. *See Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Plaintiffs contest only whether they breached the Friemel Agreement. The purpose of the Agreement was to prevent future challenges to ownership of the Texas property and limit the litigation between the parties to those lawsuits identified in paragraph 5 of the Agreement. Because Plaintiffs agreed they would not contest Ag Acceptance's right of title or ownership of the Texas property outside of the New Mexico foreclosure case, this suit asserting claims that arise out of the sale of that property breaches the Agreement.

As damages, Ag Acceptance seeks to recover its attorneys' fees and costs incurred in defending this case. Barbara Whiten Balliette, one of the attorneys representing Ag Acceptance, has submitted a declaration that her law firm has incurred $116,417.50 in attorneys' fees and $3,767.89 in expenses in this case through January 2, 2017, and that local counsel in Amarillo billed $2,579.90 in attorneys' fees and costs, for a total of $122,765.19. The declaration does not provide enough information about the hourly rates, time charged and costs incurred for me to determine whether the amounts claimed are reasonable. Because billing records can contain attorney-client privileged information, Ag Acceptance shall within fifteen days file a motion for attorneys' fees and costs with affidavits and redacted time records to support its request. Plaintiffs may file a response as provided by Local Rule 7.4(a). D.N.M.LR-Civ 7.4(a). No further briefing will be allowed.

Ag Acceptance has also filed a motion for Rule 11 sanctions against Plaintiffs. Ag Acceptance asserts that Plaintiffs should have dismissed their claims when this case was transferred back to New Mexico because Judge Robinson dismissed with prejudice Counts I, II and III, and Plaintiffs' demand for declaratory relief in Count IV was moot because the state court approved foreclosure on the New Mexico property. Despite Ag Acceptance's request that the claims be dismissed, Plaintiffs waited until they filed their response to the motion for summary judgment to admit that they had no viable claims remaining. Courts often impose sanctions when a litigant refuses to withdraw baseless claims after service of a motion for sanctions, especially when the litigant subsequently acknowledges the flaws in the claims. *See e.g.*, *Barrett-Bowie v. Select Portfolio Servicing, Inc.*, 631 F. App'x 219, 221 (5th Cir. 2015); *Cook-Benjamin v. MHM Corr. Servs., Inc.*, 571 F.App'x 944, 949 (11th Cir. 2014). While sanctions against Plaintiffs under Rule 11 are appropriate, because I have granted summary

judgment on Ag Acceptance's counterclaim and will set damages after appropriate motion practice, any award of damages under Rule 11 would be duplicative. Ag Acceptance's motion for Rule 11 sanctions is granted but it is awarded no additional damages against Plaintiffs.

Therefore, Ag Acceptance's motion for summary judgment on Plaintiffs' claims in their Amended Petition is granted, and those claims are dismissed with prejudice; Ag Acceptance's motion for summary judgment on its counterclaim is granted, and it will file a motion for attorneys' fees and costs as set out above; Plaintiffs' motion for summary judgment in its favor on Ag Acceptance's counterclaim is denied; and Ag Acceptance's motion for Rule 11 sanctions is granted, but no additional damages will be awarded under Rule 11.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.