IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; <br> ROBERT WAYNE VEIGEL; <br> ELLA MARIE WILLIAMS VEIGAL; <br> VEIGEL FARMS, INC.; <br> VEIGEL CATTLE COMPANY; and <br> VEIGEL FARM PARTNERS, <br><br> Plaintiffs, <br><br> v. <br><br> AG ACCEPTANCE CORPORATION, <br><br> Defendant. | § § § § § § § § § § § § § § § | No. 1-16-cv-01036-WPL-KK <br><br> Transferred from <br> USDC NDTX (Amarillo) <br> No. 2:15-cv-236-J |

## DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

Pursuant to the Court's March 7, 2017 Order [Doc. 118], Defendant Ag Acceptance Corporation ("Defendant" or "Ag Acceptance") hereby submits its Motion for Attorney Fees and Costs (the "Motion"). This Motion is accompanied by the affidavit of counsel, which explains the hourly rates and fees charged, along with supporting invoices.

On March 7, 2017, the Court granted Ag Acceptance's Motion for Summary Judgment and ordered Ag Acceptance to submit evidence showing that the attorneys' fees claimed as damages are "reasonable." To determine the reasonableness of attorneys' fees, a court must begin by calculating the "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Assoc., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010).

Here, both the hourly rates charged and the number of hours expended by Reid Collins & Tsai LLP ("RCT"), Ag Acceptance's primary law firm for this litigation, were reasonable.[1] As the attached affidavit of lead counsel, Barbara Whiten Balliette, and the accompanying invoices with explanatory time entries show, the total of fees and expenses charged by RCT in litigating this case were $125,616.04.[2] As set forth in the Court's opinion, Ag Acceptance is entitled to recover this amount as damages for breach of the Friemel Settlement Agreement.

### A. Hourly Rate Is Reasonable

RCT's hourly rates for this matter were capped at $400. As set forth in the Balliette Affidavit, this billing rate is substantially below RCT's usual hourly rate; however, because of the lengthy relationship with this client and RCT's long involvement in litigation between the parties, RCT agreed to the capped hourly rate. This rate is commensurate with the hourly rate charged by other firms like RCT in the region in complex federal court litigation. As set out in the Balliette Affidavit, the rates charged by RCT attorneys and paralegals are reasonable.

### B. Hours Are Reasonable

The number of hours expended in this case by RCT (as reflected in the attached invoices) are reasonable, especially given the complex history of litigation between the parties and the Veigels' insistence on re-litigating matters in this case that were already resolved by other courts.

Some of the necessary work in this case over the past two years has included:

- Removal to federal court;

---

[1] As the time entries show, lawyers from three other firms (Cliff Walston, Richard Rowley, and Tom Riney) participated in the representation of Ag Acceptance in this lawsuit. These lawyers have represented Ag Acceptance in other litigation with the Veigels over the past decade. To simplify the fee analysis, Ag Acceptance requests as damages only the fees incurred by the RCT law firm.

[2] This number is different than previously set forth in other briefings. As the Balliette Affidavit explains, there are three reasons for this difference: (1) early invoices in this case were billed to a different matter number. Inadvertently, fees billed to the other matter number were not included in the prior calculation. They are included here for the Court's consideration; (2) some time entries have been redacted in their entirety because the work performed arguably did not relate to this case. The fees for those time entries are not included in the total calculation on the Fee Chart; and (3) a few time entries were added to the final invoice after submission of the prior filings.

- Motion to Transfer the case from New Mexico to Amarillo pursuant to 28 USC §1404 with related briefing;
- Preparing an answer to the lawsuit;
- Researching and drafting a breach of contract counterclaim;
- Initial disclosure responses and limited written discovery responses;
- Multiple discussions and negotiations regarding amendments of the lawsuit and prior litigation of issues;
- Research, drafting, and filing of a Rule 12(b)(6) Motion to Dismiss and related briefing on opening brief and reply;
- Discussions with opposing counsel regarding basis for factual allegations after intervening court rulings;
- Research, drafting, and filing of a Motion for Summary Judgment and related briefing on opening brief and reply while case was pending in Amarillo;
- Responding to counsel's Motion to Withdraw in Amarillo;
- Review and analysis of Amarillo Court's opinion and multiple discussions with opposing counsel regarding same;
- Status conference with New Mexico Court after transfer back;
- Analysis of the Veigels' Motion to Compel;
- Research, drafting, and filing of the Motion for Sanctions, preparing related briefing on opening brief and reply, discussions with opposing counsel regarding the basis for the sanctions motion prior to filing;
- Preparation of a second Motion for Summary Judgment in New Mexico;
- Responding to counsel's second Motion to Withdraw in New Mexico;
- Evaluating and exchanging potential settlement offers.

All of the matters above (as more fully described in the invoices on the attached Exhibits B1-B10) were necessary for an adequate representation of Ag Acceptance in this matter. It would not have been possible to eliminate any of the work Ag Acceptance was forced to undertake to defend itself in this case and to prosecute the counterclaim.

### C. Summary: Ag Acceptance Is Entitled to Recover All of Its Fees and Expenses

Ag Acceptance ultimately prevailed in this case, but only after two full years of litigation. As the Veigels have demonstrated repeatedly in this never-ending litigation saga, they have continued to reassert previously-resolved matters. Even contracts like the Friemel Settlement Agreement, which was supposed to limit the scope of additional lawsuits, do not deter the Veigels from continuing to pursue Ag Acceptance. The fees charged and hours expended by RCT to end this latest salvo against Ag Acceptance were objectively reasonable. Because the filing of this

lawsuit constitutes a breach of the Friemel Settlement Agreement, Ag Acceptance is entitled to recover as damages the fees it incurred to extract itself from the Veigels' unnecessary battle.

WHEREFORE, Defendant Ag Acceptance Corporation requests that the Court grant Defendant's Motion for Attorneys' Fees and Costs and award it $125,616.04 in damages. Ag Acceptance also requests all other relief to which Ag Acceptance may be entitled in law or equity.

Dated:  March 22, 2017                                         Respectfully submitted,

/s/ *Barbara Whiten Balliette*
Barbara Whiten Balliette (*pro hac vice*)
bballiette@rctlegal.com
**REID COLLINS & TSAI LLP**
1301 S. Capital of Texas Hwy, C-300
Austin, Texas 78746
T: 512-647-6100
F: 512-647-6129

Richard F. Rowley, II
r2@rowleylawfirm.com
**ROWLEY LAW FIRM LLC**
P.O. Box 790
Clovis, New Mexico 88102
T: 575-763-4457
F: 575-763-4450

*Counsel for Defendant*
*Ag Acceptance Corporation*

## CERTIFICATE OF SERVICE

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the District of New Mexico on March 22, 2017, using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Jeffrey A. Dahl
Justin B. Breen
**KELEHER & MCLEOD, P.A.**
P.O. Box AA
Albuquerque, NM 87103

Philip R. Russ
**LAW OFFICES OF PHILIP R. RUSS**
2700 S. Western St., Suite 1200
Amarillo, TX 79109

*Counsel for Plaintiffs*

                /s/ *Barbara Whiten Balliette*
                Barbara Whiten Balliette