IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TERRA PARTNERS; TERRA XXI, LTD.; | § | |
| ROBERT WAYNE VEIGEL; | § | |
| ELLA MARIE WILLIAMS VEIGAL; | § | |
| VEIGEL FARMS, INC.; | § | |
| VEIGEL CATTLE COMPANY; and | § | |
| VEIGEL FARM PARTNERS, | § | No. 1-16-cv-01036-WPL-KK |
| | § | |
| Plaintiffs, | § | Transferred from |
| | § | USDC NDTX (Amarillo) |
| v. | § | No. 2:15-cv-236-J |
| | § | |
| AG ACCEPTANCE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**AFFIDAVIT OF BARBARA WHITEN BALLIETTE
IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| TRAVIS COUNTY | § |

Before me, the undersigned notary, on this day personally appeared Barbara Whiten Balliette, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1.     "My name is Barbara Whiten Balliette.  I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.     I am an attorney licensed to practice in the State of Texas and admitted to this Court *pro hac vice*. I am admitted to practice in the Northern District of Texas where this was pending from July 24, 2015 to September 16, 2016.

3.     Defendant Ag Acceptance Corporation ("Ag Acceptance") retained my firm, Reid Collins & Tsai LLP ("RCT") to represent it in this suit brought by Plaintiffs (the "Veigels").  I

have personal knowledge of this case and all of the work performed. It was reasonable and necessary for Ag Acceptance to retain attorneys with RCT's level of knowledge and skill to represent it in this case.

4.      I graduated *cum laude* from Georgetown University Law Center in 1993 and began practicing in Dallas, Texas. I moved to Austin, Texas and have practiced law there since 1995. I have been a partner at RCT since its founding in 2009. Over my 23 years of practice, I have become familiar with the hourly fees charged by attorneys throughout Texas and, because I have always had a national litigation practice, in federal litigation throughout the country.

5.      I have personally represented Ag Acceptance and its affiliates in several state and federal lawsuits and other matters involving the Veigels since 2005 while at my present firm and a prior firm. My time entries on the attached invoices are indicated by the initial "BWB."

6.      Two RCT associate attorneys, Scott Saldana (initials "SDS" on the attached invoices) and Trey Arbuckle (initials "TGA" on the attached invoices) also worked on this case. As reflected on the attached invoices, they performed legal research and drafted legal memoranda and motions at my direction.

7.      Two paralegals worked on this case at various times, Mina Myers (initials "MNM") and Tina Stone (initials "TKS").  They (1) are qualified by education, experience, and training to perform the services required, (2) have knowledge of the legal system, principles, and procedures, (3) were supervised by an attorney, (4) performed tasks that are traditionally done by an attorney, and (5) performed services that were reasonable and necessary. Ms. Myers has over 17 years of experience as a paralegal and has worked on matters relating to the Veigels for 9 years. Ms. Stone has over 27 years of experience as a paralegal and has worked on various matters relating to the Veigels for over 12 years.

8.      Ag Acceptance agreed to compensate RCT for its work based on an hourly fee agreement. From 2014 to 2016, as a partner with over 20 years of experience in national litigation, my usual billing rate on hourly matters ranged from $625 to $775 per hour; however, RCT agreed that my billing rate for this case would be capped at $400 per hour. Other attorneys and paralegals were billed at their usual hourly rate as billed to other hourly clients. In this case, the billing rate for associate attorneys was $375 per hour. The billing rate for paralegals ranged from $170 to $225 over the years.

9.      Because I have represented Ag Acceptance in matters involving the Veigels since 2005, I have pre-existing knowledge of the complicated factual and legal history of the litigation and the prior court rulings and agreements between the parties. Because many of the issues in this particular case related to the prior litigation between the parties, it was much more efficient for me to perform the majority of the work in the case myself rather than assigning work to other attorneys with lower billing rates who would have to spend substantial time researching and understanding the history and effect of prior cases and settlements over the past twelve years of litigation.

10.     My substantially-reduced billing rate, combined with RCT's usual billing rates for other attorneys who worked on this case results in reasonable hourly rates equivalent to what is customarily charged in complex federal court litigation in the region for similar legal services. These rates are reasonable and customary for attorneys with similar experience, reputation, and ability, considering the type of controversy, the complexity of the case and facts, the time limitations imposed, and the results obtained. These rates are substantially lower than RCT's usual hourly rates.

11.     To date, RCT has billed Ag Acceptance a total of $125,616.04 in attorneys' fees, paralegal fees, and expenses for work specifically related to this lawsuit. Ex. A is a chart that

11.     To date, over the course of more than two years of litigation, RCT has billed Ag Acceptance a total of $125,616.04 in attorneys' fees, paralegal fees, and expenses for work specifically related to this lawsuit. Ex. A is a chart that accurately summarizes the fees and expenses billed by invoice and by time-keeper (the "Fee Chart").

12.     The supporting invoices are Exs. B-1 through B-10. These exhibits are true and correct copies of invoices RCT has submitted to Ag Acceptance for payment. The time entries on the invoices have been redacted to protect attorney client privilege. In some cases, time entries that were not specifically related to this particular case were included on an invoice. Those entries have been redacted in their entirety and the amounts charged have been deducted from the calculation of total charges, as summarized in the Fee Chart.

13.     The final calculation of fees is different than the amount set forth in prior filings. This is because of three reasons: (1) early invoices in this case were billed to a different matter number. Inadvertently, fees billed to this matter number were not included in the prior calculation. They are included here for the Court's consideration; (2) some time entries have been redacted in their entirety because the work performed arguably did not relate to this case. The fees for those time entries are not included in the total calculation on the Fee Chart; and (3) a few time entries were added to the final invoice after submission of the prior filings.

14.     After a thorough review of invoices in this matter, based on my experience as a federal court litigation attorney in Texas for more than twenty (20) years, the work performed by RCT in this case, as described in the attached invoices, was necessary, reasonable, and incurred in the prosecution or defense of this suit."

Barbara Whiten Balliette

Sworn to and subscribed before me by Barbara Whiten Balliette on March 22, 2017.



Notary Public in and for
the State of Texas

My commission expires:

6/23/2020

```
MINA NAPOLES MYERS
Notary Public, State of Texas
Comm. Expires 06-23-2020
Notary ID 8679095
```