THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRA PARTNERS; TERRA XXI, LTD.; ROBERT
WAYNE VEIGEL; ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.; VEIGEL CATTLE COMPANY;
and VEIGEL FARM PARTNERS,

    Plaintiffs,

v.                                                         No. 16-cv-01036 WPL/KK

AG ACCEPTANCE CORPORATION,

    Defendant.

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES [Doc. 119]

Plaintiffs, by and through their counsel, Keleher & McLeod, P.A. (Jeffrey A. Dahl and Justin B. Breen), hereby provide their Response in Opposition to Defendant Ag Acceptance Corporation's ("AAC") Motion For Attorney's Fees ("Motion") [Doc. 119].

    *I.*    *AAC cannot recover attorney's fees incurred in defending or prosecuting claims in this litigation as damages.*

In the Motion, AAC seeks attorney's fees for services provided during the course of this litigation as damages. [Motion, pages 2-3; Affidavit of Balliette Doc. 119-1 pages 3-4]. AAC's breach of contract claim is based on Texas law. [Motion For Summary Judgment, Doc. 96, page 13.]

Whether Texas law recognizes a particular basis for the recovery of attorney's fees is a question of law that is reviewed *de novo*. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 47 Tex. Sup. Ct. J. 386 (2004). Texas law distinguishes between recovery of attorneys' fees as actual damages and recovery of attorneys' fees incident to recovery of other actual damages. *Worldwide Asset Purchasing, L.L.C. v. Rent-A-Ctr. E., Inc.*, 290 S.W.3d 554, 570 (Tex. App. 2009). Attorney's fees

are ordinarily not recoverable as actual damages in and of themselves. *Worldwide Asset Purchasing*, 290 S.W.3d at 570. And a party is not entitled to attorneys' fees incident to recovery unless the party independently recovers actual damages. *Id.*; *see also In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013) ("While attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make a claimant whole, they are not, and have never been, damages."). Under Texas law, fees incurred in prosecuting or defending a claim, such as the fees at issue in the Motion, are not themselves damages that are recoverable in the action in which they were incurred.

Though Texas' rule of civil procedure, Section 38.001(8) provides for the recovery of attorney's fees in a suit on a contract (*see* Tex. Civ. Prac. & Rem. Code § 38.001(8)), a party generally may not recover attorney's fees on a breach of contract claim when the party fails to recover any actual damages. *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 201 (Tex. 2004). To the extent that the only fees sought by AAC are for the attorney and paralegal fees incurred in this litigation, such fees are not allowed under Texas law.

*Haubold v. Med. Carbon Research Inst., LLC*, No. 03-11-00115-CV, 2014 Tex. App. LEXIS 2863, (App. Mar. 14, 2014), an unpublished Texas opinion, appears on point. That case involved an employment dispute that resulted in the parties' entry into a settlement agreement through which the parties released all claims that they had against one another. [*Id.* 3-4.] Shortly thereafter, one of the parties filed another lawsuit against the other. The other party counterclaimed for breach of the settlement agreement and sought damages in the form of attorney's fees, as well as attorney's fees under Chapter 38 of Texas' Civil Practices and Remedies Code, for having to defend against the action. *Id.*

The party defending against the counterclaim (Haubold), argued that the counterclaimant (MCRI) was not entitled to attorney's fees on its breach of contract claim because MCRI did not establish any actual damages in addition to its attorney's fees and costs, as required under Chapter 38. See Tex. Civ. Prac. & Rem. Code § 38.001(8). *Id.* at 17. The court noted that "…because MCRI claimed no damages other than the attorney's fees it incurred in this suit as a result of Haubold's breach of the settlement agreement, MCRI is not entitled to its attorney's fees on either ground." *Id.* at 19-20. The court noted that Section 38.001 "…provides that a successful party in an action for breach of contract may recover reasonable attorney's fees in addition to the amount of a valid claim and costs." *Id.* at 20. But the court rejected the contention that attorney's fees incurred in the same case in which they are sought are recoverable as actual damages. *Id.* at 25.

Furthermore, Texas follows the American Rule and even attorney's fees incident to other actual damages are ordinarily not recoverable unless they are authorized by contract or statute. *MBM Fin. Corp. v. The Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). The Friemel Agreement, upon which the claim for attorney fees is based, does not have any attorney fees provision. [Exhibit B, Doc. 96-3.]

II. *AAC's requested attorneys' fees rates are not reasonable.*

If the Court is going to award any fees in this matter, it should not award all of the fees requested by AAC. The fees charged by AAC's counsel and paralegals are not reasonable in New Mexico Federal Court. *See* Affidavit of Jeffrey A. Dahl attached hereto. AAC did not substantively respond to any discovery served by Plaintiffs and there were no depositions in this matter. Nor were there any substantive hearings in the matter that would require significant preparation.

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-1021 JB/SCY,

2016 U.S. Dist. LEXIS 111460, at *28 (D.N.M. Aug. 22, 2016) citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar is "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *XTO Energy*, at 28. The party requesting attorney fees bears the burden of proving the reasonableness of (i) "the amount of hours spent on the case;" and (ii) "the appropriate hourly rates." *Id.* citing *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000).

In *XTO Energy*, Judge James Browning found that the $350 hourly rate requested did not align with rates charged in the District of New Mexico for similar "high-end" insurance litigation. Judge Browning reduced the requested amount from $350.00 per hour to $200.00 per hour. *Id.* at 30. Plaintiffs respectfully request that if the Court is to award any fees, the hourly rate of such fees be reduced substantially from the requested $400 capped rate charged by Ms. Balliette, and the $375 rate of her associate attorneys ("SDS" and "TGA") [Motion, page 2; Exhibit A to Motion], to what is more in line with rates charged in the District of New Mexico by partners and associate counsel. *See* Dahl Affidavit. ¶ 6. Plaintiffs also request that the rate of the two paralegals in the case ("MNM" and "TKS") be reduced from their rates of $180 and $225 to a rate more in line with paralegal rates in the District of New Mexico. *See* Dahl Affidavit. ¶ 6.

WHEREFORE, Plaintiffs respectfully request that the Motion be denied.

Respectfully submitted,

KELEHER & MCLEOD, P.A.
By: /s/Justin B. Breen
    Jeffrey A. Dahl
    Justin B. Breen
    Post Office Box AA
    Albuquerque, New Mexico 87103
    Telephone: (505) 346-4646
    E-Mail: jad@keleher-law.com
    E-Mail: jbb@keleher-law.com

## CERTIFICATE OF SERVICE

THIS HEREBY CERTIFIES that on April 5, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Barbara Whiten Balliette
Reid Collins & Tsai LLP
E-Mail: BBalliette@RCTLegal.com
*Lead Counsel for Ag Acceptance Corporation*

Thomas C. Riney
Riney & Mayfield LLP
E-Mail: TRiney@RineyMayfield.com
*Local Counsel for Ag Acceptance Corporation*

Richard F. Rowley II
Rowley Law Firm, L.L.C.
E-Mail: R2@RowleyLawFirm.com
*Lead Counsel for Ag Acceptance Corporation
[District of New Mexico]*

/s/Justin B. Breen
Justin Breen

4845-1860-8198, v. 2