IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRA PARTNERS; TERRA XXI, LTD.;
ROBERT WAYNE VEIGEL;
ELLA MARIE WILLIAMS VEIGEL;
VEIGEL FARMS, INC.;
VEIGEL CATTLE COMPANY; and
VEIGEL FARM PARTNERS,

        Plaintiffs,

v.                                CV 16-1036 WPL/CG

AG ACCEPTANCE CORPORATION,

        Defendant.

**ORDER DENYING MOTION FOR ATTORNEYS' FEES**

Subsequent to the summary judgment that I granted to Ag Acceptance Corporation on Terra Partners' claims and on its counterclaim against Terra Partners for breach of contract, Ag Acceptance filed a motion to recover the attorneys' fees and costs it has incurred in defending this case. (Doc. 119.) Terra Partners filed a response, arguing that Ag Acceptance is not entitled to recover the attorneys' fees it has incurred, and alternatively that the requested attorneys' fees rates are not reasonable.

The parties implicitly agree that Texas law governs whether Ag Acceptance is entitled to recover its attorneys' fees. Texas follows the American Rule that attorneys' fees are not generally recoverable by a prevailing litigant unless specifically "provided by contract or statute." *MBM Fin. Corp. v. Woodlands Operating Co*., 292 S.W.3d 660, 669 (Tex. 2009). Ag Acceptance contends that a long line of Texas state and federal court cases recognize that claims

for breach of a settlement agreement are an exception to the American Rule that parties are responsible for their own attorneys' fees in litigation, but this argument does not withstand close analysis. Texas recognizes two exceptions to the American Rule. The first exception allows the recovery of attorneys' fees where the breaching party's tort requires the other party to protect his interests by bringing or defending an action against a third party. *G.R.A.V.I.T.Y. Enters. v. Reece Supply*, 177 S.W.3d 537, 546-47 (Tex. App. 2005). The second exception allows recovery of attorneys' fees when a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. at 547 (quotation omitted).

The Friemel Agreement, the basis for Ag Acceptance's counterclaim against Terra Partners, does not provide for the recovery of attorney's fees in an action brought for breach of its terms. Further, neither exception to the American Rule applies in this case. Terra Partners' actions did not require Ag Acceptance to engage in litigation with a third party. And Ag Acceptance did not seek to recover attorneys' fees for tortious or wrongful acts. Instead, its counterclaim sought recovery for breach of contract, and it never attempted to prove that Terra Partners acted tortiously.

Chapter 38 of the Texas Civil Practices and Remedies Code allows a party to recover attorneys' fees in a breach of contract action as follows: "A person may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8) (West 2017). To recover fees under this statute, a litigant must both prevail on a breach of contract claim and recover damages. *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015). The requirement to recover damages "is implied from the statute's language: for a fee recovery to be 'in addition to the amount of a valid claim,' the claimant must recover some amount on that claim." *MBM Fin.*, 292

S.W.3d at 666 (quoting § 38.001(8)) (emphasis omitted). If a party prevails on a contract claim and recovers damages, the trial court has no discretion under § 38.001 to deny attorneys' fees. *Ventling*, 466 S.W.3d at 154.

Section 38.001 is not a model of clarity, which has led to conflicting cases from the Texas appellate courts on whether a party may recover attorneys' fees without the recovery of additional monetary damages when another party has breached a settlement agreement. In *Haubold v. Med. Carbon Research Inst., LLC*, 2014 WL 1018008 (Tex. App. Mar. 14, 2014) (unpublished), Haubold and his employer, Medical Carbon Research Institute (MCRI), entered into a settlement agreement to resolve all claims between them. Six weeks later Haubold filed suit against MCRI, and MCRI counterclaimed for breach of the settlement agreement and, as damages, sought its attorneys' fees. The trial court granted summary judgment to MCRI, and awarded MCRI the attorneys' fees it had incurred in handling the case. *Id.* at *3. In reversing the award of attorneys' fees, the appellate court noted the general rule that attorneys' fees are generally not recoverable as actual damages, and that attorneys' fees incident to other actual damages are ordinarily not recoverable unless they are authorized by contract or statute. *Id.* at *6. The settlement agreement did not provide for the recovery of attorneys' fees in an action brought for breach of its terms, so MCRI could not recover the attorneys' fees as the actual damages resulting from the breach of the settlement agreement. *Id.* n.5. The court further held that MCRI could not recover attorneys' fees under § 38.001 because there was no award of other damages as required by the statute. *Id.* at *6.

MCRI also argued that it was entitled to recover its attorneys' fees as actual damages because they were the natural, probable and foreseeable result of Haubold's breach of the settlement agreement. While the appellate court agreed that, as a general rule, actual damages

3

may be recovered when the loss is the natural, probable and foreseeable consequence of the defendant's conduct, it found no support for MCRI's contention that attorneys' fees incurred in the same case in which they are sought are recoverable as actual damages. *Id*. at *7. The court distinguished other Texas cases that had allowed the recovery of attorney's fees incurred in prior litigation, and reaffirmed that attorneys' fees incurred in defending or prosecuting a cause of action are not recoverable. *Id*. at *7-8.

A contrary result was reached in *Boyaki v. John M. O'Quinn & Assocs., LLC*, 2014 WL 4855021 (Tex. App. Sep. 30, 2014) (unpublished), which involved a dispute between two groups of lawyers as to the method for allocating attorneys' fees earned in another case. The O'Quinn group sued the Boyaki group over the fees, and the parties subsequently reached a settlement agreement. The parties later had disagreements over some of the terms of the agreement, and the O'Quinn group filed a motion for summary judgment to enforce the terms of the settlement agreement. The trial court granted summary judgment to the O'Quinn group and awarded the O'Quinn group its attorneys' fees. *Id*. at *3. The appellate court agreed that attorneys' fees can be awarded under § 38.001 when a party prevails on a claim for specific performance. *Id*. at *14. The court recognized that the Texas "courts of appeals are split on the issue of whether recovery of monetary damages is necessary to support a claim for attorney's fees under Chapter 38, or whether prevailing on a breach-of-contract claim and recovering relief by an order of specific performance of the contract is sufficient to support such an award." *Id.* at *13. Refusing to follow two other Texas courts of appeals that had denied the recovery of attorneys' fees absent a monetary recovery, the court held that relief in the form of specific performance of the contract constitutes actual damages to support a claim for attorneys' fees under the statute if the specific performance prevents actual loss to the aggrieved party. *Id*.

4

More recent cases continue the conflicting positions reached by the courts on this issue. *Compare Vianet Grp. PLC v. Tap Acquisition, Inc.*, 2016 WL 4368302, at *9 (N.D. Tex. Aug. 16, 2016) (unpublished) (following *Haubold* and requiring plaintiffs to recover damages to be entitled to attorneys' fees under § 38.001), *with Palavan v. McCulley*, 498 S.W.3d 134, 143 (Tex. App. 2016) (following *Boyaki* and awarding attorneys' fees to a party that obtained specific performance of a settlement agreement).

I believe that *Haubold* provides the correct analysis of this issue. Section 38.001 only allows recovery of attorneys' fees "in addition to" other damages. Ag Acceptance did not seek damages other than its attorneys' fees. Further, in granting summary judgment on the breach of contract counterclaim, I did not order specific performance of the Friemel Agreement. Specific performance, an equitable remedy, is a court order compelling a party to perform his duties under the contract, and is not a favored remedy. DAN B. DOBBS, THE LAW OF REMEDIES §§ 12.8, 12.8.1 (2d ed. 1993). It is most often used to enforce contracts to convey land or to arbitrate a dispute. *See In re Morris*, 260 F.3d 654, 667-68 (6th Cir. 2001); *Nemer Jeep-Eagle, Inc. v. Jeep-Eagle Sales Corp.*, 992 F.2d 430, 433-34 (2d Cir. 1993). Instead of ordering specific performance, which could require court supervision of the performance, I found that Terra Partners had breached the Friemel Agreement and granted summary judgment for Ag Acceptance on that basis.

The court in *Palavan* was correct when it stated that "[o]btaining specific performance of a contract can also make the party a prevailing party." 498 S.W.3d at 143. Yet being the prevailing party alone is not sufficient. "Recovery of damages on a claim has always been an element of a recovery of attorney's fees under section 38.001." *G.R.A.V.I.T.Y. Enters.*, 177

S.W.3d at 547. Because Ag Acceptance did not obtain other damages or specific performance of the Friemel Agreement, it cannot recover its attorneys' fees under § 38.001.

As a fallback position, Ag Acceptance seeks monetary sanctions under Federal Rule of Civil Procedure 11 because they are no longer duplicative of the damages awarded for breach of contract. As Ag Acceptance notes, Rule 11(c)(5) explicitly prohibits an award of monetary sanctions against a represented party for violations of Rule 11(b)(2), and requires that sanctions be imposed against the lawyer or law firm representing the party. The law firm representing Terra Partners moved to withdraw from this case twice, once while the case was pending in Texas and again when the case was transferred back to New Mexico. Ag Acceptance strenuously opposed the motion to withdraw both times, arguing that withdrawal of counsel would lead to frivolous pro se filings by Steve Veigel and would cause unacceptable delay in resolution of the case. Because Ag Acceptance successfully opposed the withdrawal of counsel, it would be unfair to award monetary sanctions against counsel for Terra Partners for failing to dismiss Terra Partners' case after it became clear the claims no longer had any merit.

It seems inequitable to deny Ag Acceptance its attorneys' fees, because they are the natural, probable and foreseeable consequence of Terra Partners' breach of the Friemel Agreement. But the Friemel Agreement does not provide for the recovery of attorneys' fees in the event of a breach of its provisions, and Texas law, which follows the American Rule on attorneys' fees, does not allow me to award them. Accordingly, Ag Acceptance's motion for attorneys' fees is denied. No later than 14 days after the entry of this order, Ag Acceptance may file a motion to recover its costs. Terra Partners may challenge those costs by motion filed within 7 days from the date the motion to recover costs is filed.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.